UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LIL' JOE RECORDS, INC., a Florida
corporation,

      Plaintiffs,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

      Defendants.
_____/

## COMPLAINT

Plaintiff, Lil' Joe Records, Inc., sues defendants, Mark Ross, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell, and alleges:

## JURISDICTION AND VENUE

1. This action arises under 28 USC § 2201, the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Lanham Act, 15 U.S.C. § 1501, *et seq.* This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367(a).

2. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391 because (i) a substantial part of the events or omissions giving rise to these claims occurred in this district, and (ii) a defendant is subject to this Court's personal jurisdiction with respect to the claims.

## The Parties

3. Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), is a Florida corporation.

4. Defendant, Mark Ross, is believed to be a citizen of the State of Alabama or the State of Florida and is subject to the jurisdiction of this Court by virtue of (i) operating, conducting, engaging in or carrying on a business or business venture in Florida, or (ii) engaging in substantial and not isolated activity within Florida.

5. Defendant, Christopher Wong Won, Jr., is a citizen of the State of Florida who resides in Broward County, Florida.

6. Defendant, Roderick Wong Won, is a citizen of the State of Florida who resides in Miami-Dade County, Florida.

7. Defendant, Leterius Ray, is a citizen of the State of Kansas and is subject to the jurisdiction of this Court by virtue of (i) operating, conducting, engaging in or carrying on a business or business venture in Florida, or (ii) engaging in substantial and not isolated activity within Florida.

8. Defendant, Anissa Wong Won, is a citizen of the State of Florida who resides in Miami-Dade County, Florida.

9. Defendant, Luther Campbell, is a citizen of the State of Florida who resides in Broward County, Florida.

**Background**

10. The *2 Live Crew* was a notorious rap group comprised of Luther Campbell, Chris Wong Won, Mark Ross and David Hobbs.

11. Christopher Wong Won is deceased. Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won purport to be his surviving children and possibly his heirs (although an estate has was opened, but never administered). (Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won are hereinafter collectively referred to as the "Wong Won Heirs.").

12. Prior to 1991, Christopher Wong Won, Mark Ross and David Hobbs were engaged as songwriters and musical performers at the instance and expense of Luke Records Inc. ("Luke Records"), who had the right to exercise creative control over the creations of the persons listed above. At no time did Christopher Wong Won, Mark Ross or David Hobbs obtain any ownership interest in their contributions, nor in the copyrights created and owned by Luke Records.

13. In or about 1991, Christopher Wong Won, Mark Ross, David Hobbs and Luther Campbell transferred all of their copyright rights to *2 Live Crew*'s music and trademark rights in *2 Live Crew*'s marks and cover designs to Luke Records. See 3 Contracts attached hereto as **Composite Exhibit A**. Said copyrights are interaliadescribed on Exhibit A and hereinafter called the "Works."

14. In 1991, Luther Campbell owned and was an employee of Luke Records.

15. In or about 1995, Luther Campbell and Luke Records became the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida which were jointly administered in Case No. 95-12785 BKG-RAM (the "Bankruptcy").

16. Pursuant to the Joint Plan of Reorganization in the Bankruptcy, all of the copyright rights to *2 Live Crew*'s music, compositions and trademark rights in *2 Live Crew*'s marks and cover designs, including the Works, were sold and transferred to Lil' Joe and it's owner, Joe Weinberger. "free and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on any of the masters or compositions" are due to Luther Campbell or Luke Records, and Luther Campbell who released among other claims and persons,

Lil' Joe and Weinberger for all claims, including "for royalties to be paid in the future" as a result of this transfer. See Joint Plan of Reorganization attached hereto as **Exhibit B**.

17. At no time did Christopher Wong Won, Mark Ross or Luther Campbell file a claim in the Bankruptcy Case, asserting they were entitled to or that they owned any of the Works or trademarks at issue.

18. In accordance with the order endorsing the sale, since 1996 Lil' Joe exclusively owned and have exploited all of the copyright rights to *2 Live Crew*'s music, compositions (including the "Works") and trademark rights in *2 Live Crew*'s marks and cover designs.

19. Christopher Wong Won did file a fraudulent trademark, which was extinguished by order of the United States District Court, dated October 22, 2002, a true and correct copy of which is attached as **Exhibit C**.

20. Christopher Wong Won, in settling claims asserted against him, agreed that Lil Joe, and Weinberger "own(ed) all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell" and further agreed that "he has no further claims to any royalties to any of the works owned by" Lil' Joe, Music pursuant to the document attached hereto as **Exhibit D**. As a result of that settlement, Christopher Wong Won further released Lil Joe, Music and Weinberger from, among other things, "[a]ll royalties, profits and other monies or payments at any time, directly or indirectly, due or to become due", "[a]ll rights to sue for infringements", and all rights to terminate.

21. In or about 2000, Mark Ross filed a bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama. In that case, an adversary proceeding was commenced by Lil' Joe against Mark Ross and, in settling that claim, Mark Ross acknowledged that, other than

4

writer's performance rights (which are not relevant to this proceeding), "he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. and (a related company) Lil Joe Wein Music, Inc. (not relevant to this case) and The 2 Live Crew name, which were previously owned by Luther Campbell and Luke Records…. Additionally, Debtor [, Mark Ross,] has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc." pursuant to the document attached hereto as **Exhibit E**. In addition, he relinquished or conveyed his revocation rights.

22.     At all times relevant, Luther Campbell was an employee of Luke Records, who conveyed all rights to the copyrights at issue in favor of Luke Records as an employee for hire and any royalty and other rights that he might have had were extinguished by virtue of the Bankruptcy order, the transfers and related documents escribed above..

23.     On January 23, 2003, a final judgment was entered in favor of Lil Joe and against Lawrence Wong Won interalia, permanently enjoining him from using the trademarks herein at issue.

24.     On June 24, 2003, Joseph Weinberger entered into a settlement agreement in Case No. 02-0548 in Miami Dade Cicuit Court with Christopher Wong Won, pursuant to which Christopher Wong Won again agreed that "there are no royalties owed to him from the Lil Joe Companies…and agree(d) he has no claims to any of the existing works owned by the Lil Joe Companies…and releases any claims whatsoever" (with respect to said works), and a copy of a general release was recorded of record with the U.S. Copyright Office on October 12, 2004.

25.     On August 16, 2006, a further injunction was entered in favor of Lil Joe versus Christopher Wong Won, prohibiting him from use of the trademarks at issue herein.

26. At all times relevant, Lil Joe registered the copyrights in and to the Works. The registrar of copyrights recorded the registrations.

27. On or about November 4, 2020, each of the Defendants provided notice that they were purporting to terminate their copyright grants in the Works pursuant to 17 U.S.C. §203, a true and correct copy of which is attached hereto as **Exhibit F** and hereinafter called the "Termination Notice." Defendants claimed to have a sufficient interest in the Works to legally exercise the rights of termination under the termination provisions of the Copyright Act. Said Termination Notice seeks to terminate the copyrights in the master recordings in the "Works," but no other copyrights. As demonstrated herein, they legally do not have the right to do so.

28. Plaintiff has retained the undersigned law firm and agreed to pay the resulting legal fees necessary to prosecute this action.

Count I – Declaratory Judgment (as to the Validity of the Termination Notice)

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 hereof.

30. A bona fide dispute exists between the parties regarding the Defendants' legal rights to terminate the grant of copyrights in the Works in favor of Plaintiffs pursuant to 17 USC §203

31. An actual and present justiciable controversy has arisen and now exists between the parties as to Defendants' legal rights and ability to terminate the grant of copyright rights to the Works, which have been transferred to and are owned by Plaintiff because, among other things, a) the requisite and proper notice has not been provided, b) they were works for hire which cannot be terminated, c) they are derivative works, d) Luther Campbell, Luke Records and Mark Ross bankruptcy orders extinguished any ability they might otherwise have to terminate,

e) Christopher Wong Won and Mark Ross each conveyed their termination rights to Plaintiff pursuant to written agreements and f) there is not a majority of those interested in the copyrights of the Works for a proper termination.

32. The parties are in doubt about their rights with respect to the termination of the copyright rights to the Works, which have been transferred to Plaintiffs.

33. There is a bona fide, actual, present, and practical need for the Court to declare whether defendants can terminate the copyright rights to the Works, which have been transferred to plaintiffs, whether defendants properly terminated any of those rights as set forth in the Termination Notice, and, if so, which of those copyright rights may and have be terminated.

34. All conditions precedent to this action have been performed, waived or have occurred.

WHEREFORE, Plaintiff, Lil' Joe Records, Inc., demand judgment in its favor and against defendants, Mark Ross, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell, declaring that defendants cannot or have not properly terminated the copyright rights to the Works as described in the Termination Notice, which have been transferred to Plaintiff and are owned by Lil' Joe Records and, if any can be terminated, which of those copyright rights may and have been terminated, and granting all other relief this Court deems just and appropriate.

### Count II – Federal Trademark Infringement Against The Wong Heirs

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1, 2, 6 and 11 through 18 hereof.

7

36. On March 25, 1995 and April 17, 2017, United States Trademark Registration Nos.: 74653484 and 5178535 ("Registration") for the mark "2 Live Crew" (the "Trademark") was legally and duly issued and renewed to Lil' Joe.

37. The Registration is valid and subsisting.

38. The Wong Won Heirs used the Trademark or any reproduction, counterfeit, copy or colorable imitation of the Trademark in commerce in connection with his personal performances including signs or advertisement used in commerce in connection with the sale, offering for sale, distribution or advertising of his personal performances without Lil' Joe's consent.

39. Such use is likely to cause confusion, mistake or deceive as to the ownership, origin or sponsorship of such unauthorized use.

40. Such actions have caused, are causing and will continue to cause irreparable harm to Lil' Joe for which it is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

41. By reason of the foregoing acts, the Wong Won Heirs are liable to Lil' Joe for trademark infringement pursuant to 15 U.S.C. § 1114, *et seq*.

42. The Wong Won Heirs owes Lil' Joe compensatory damages, trebling of any damages for use of any counterfeit mark, costs and attorneys' fees due to the exceptional nature of this case pursuant to 15 U.S.C. §1117.

43. Lil' Joe is obligated to pay its attorneys a reasonable fee for their service.

44. All conditions precedent to the filing of this action have been performed, waived, or have occurred.

WHEREFORE, Plaintiff, Lil' Joe Records Inc., demands judgment in its favor and against the Defendants, the Wong Won Heirs, awarding injunctive relief against further

infringement and for compensatory damages, trebled for any use of a counterfeit mark, plus interest, a reasonable attorneys' fee, cost of suit and all other relief this Court deems just and appropriate.

### Count III – False Designation of Origin Against the Wong Won Heirs

45. Plaintiff repeats and realleges the allegations contained in paragraphs 1, 2, 6 and 11 through 18 hereof.

46. On March 25, 1995 and April 17, 2017, United States Trademark Registration Nos.: 74653484 and 5178535 ("Registration") for the mark "2 Live Crew" (the "Trademark") was legally and duly issued and renewed to Lil' Joe.

47. The Registration is valid and subsisting.

48. The Wong Won Heirs are using the Trademark or any reproduction, counterfeit, copy or colorable imitation of the Trademark in commerce in connection with his personal performances without Lil' Joe's consent.

49. Such use is likely to cause confusion, mistake or deceive as to the affiliation, connection or association of the Wong Won Heirs with Lil' Joe or as to the ownership, origin, sponsorship or approval of the Wong Won Heirs' services or commercial activities.

50. Such actions have caused, are causing and will continue to cause irreparable harm to Lil' Joe for which it is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

51. By reason of the foregoing acts, the Wong Won Heirs are liable to Lil' Joe for false designation of origin pursuant to 15 U.S.C. § 1125.

52. The Wong Won Heirs owe Lil' Joe compensatory damages, trebling of any damages for use of any counterfeit mark, costs and attorneys' fees due to the exceptional nature of this case pursuant to 15 U.S.C. 1117.

53. Lil' Joe is obligated to pay its attorneys a reasonable fee for their service.

54. All conditions precedent to the filing of this action have been performed, waived, or have occurred.

WHEREFORE, plaintiff, Lil' Joe Records, Inc., demands judgment in its favor and against the defendants, the Wong Won Heirs, awarding injunctive relief against further infringement and for compensatory damages, trebled for any use of a counterfeit mark, plus interest, a reasonable attorneys' fee, cost of suit and all other relief this Court deems just and appropriate.

### Count IV – Florida Trademark Infringement Against the Wong Won Heirs

55. Plaintiff repeats and realleges the allegations contained in paragraphs 1, 2, 6 and 11 through 18 hereof.

56. On March 25, 1995 and April 17, 2017, United States Trademark Registration Nos.: 74653484 and 5178535 ("Registration") for the mark "2 Live Crew" (the "Trademark") was legally and duly issued and renewed to Lil Joe.

57. The Registration is valid and subsisting.

58. The Wong Won Heirs are using the Trademark or any reproduction, counterfeit, copy or colorable imitation of the Trademark in commerce in connection with his personal performances including signs or advertisement used in commerce in connection with the sale, offering for sale, distribution or advertising of his personal performances without Lil' Joe's consent.

59. Such use is likely to cause confusion, mistake or deceive as to the ownership, origin or sponsorship of such unauthorized use.

60. By reason of the foregoing acts, the Wong Won Heirs are liable to Lil' Joe for trademark infringement pursuant to Fla. Stat § 495.131.

61. Such actions have caused, are causing and will continue to cause irreparable harm to Lil' Joe for which it is entitled to injunctive relief pursuant to Fla. Stat § 495.141.

62. The Wong Won Heirs owe Lil' Joe compensatory damages, trebling of any damages for use of any counterfeit mark, costs and attorneys' fees due to the exceptional nature of this case pursuant to Fla. Stat. §495.141.

63. Lil' Joe is obligated to pay its attorneys a reasonable fee for their service.

64. All conditions precedent to the filing of this action have been performed, waived, or have occurred.

WHEREFORE, plaintiff, Lil' Joe Records, Inc., demands judgment in its favor and against the defendants, the Wong Won Heirs, awarding injunctive relief against further infringement and for compensatory damages, trebled, plus interest, a reasonable attorneys' fee, cost of suit and all other relief this Court deems just and appropriate.

Count V – Common Law Trademark Infringement Against the Wong Won Heirs

65. Plaintiff repeats and realleges the allegations contained in paragraphs 1, 2, 6 and 11 through 18 hereof.

66. On March 25, 1995 and April 17, 2017, United States Trademark Registration Nos.: 74653484 and 5178535 ("Registration") for the mark "2 Live Crew" (the "Trademark") was legally and duly issued and renewed to Lil' Joe.

67. The Registration is valid and subsisting.

68. The Wong Won Heirs are using the Trademark or any reproduction, counterfeit, copy or colorable imitation of the Trademark in commerce in connection with his personal

11

performances including signs or advertisement used in commerce in connection with the sale, offering for sale, distribution or advertising of his personal performances without Lil' Joe's consent.

69. Such use is likely to cause confusion, mistake or deceive as to the ownership, origin or sponsorship of such unauthorized use.

70. The Wong Won Heirs owe Lil' Joe compensatory damages plus costs.

71. All conditions precedent to the filing of this action have been performed, waived, or have occurred.

WHEREFORE, plaintiff, Lil' Joe Records, Inc., demands judgment in its favor and against the defendants, the Wong Won Heirs, for compensatory damages plus interest, cost of suit and all other relief this Court deems just and appropriate.

### Count VI – Federal Trademark Infringement Against Mark Ross

72. Plaintiff repeats and realleges the allegations contained in paragraphs 1, 2, 5, 11, 12 and 14 through 18 hereof.

73. On March 25, 1995 and April 17, 2017, United States Trademark Registration Nos.: 74653484 and 5178535 ("Registration") for the mark "2 Live Crew" (the "Trademark") was legally and duly issued and renewed to Lil' Joe.

74. The Registration is valid and subsisting.

75. Mark Ross is using the Trademark or any reproduction, counterfeit, copy or colorable imitation of the Trademark in commerce in connection with his personal performances including signs or advertisement used in commerce in connection with the sale, offering for sale, distribution or advertising of his personal performances without Lil' Joe's consent.

76. Such use is likely to cause confusion, mistake or deceive as to the ownership, origin or sponsorship of such unauthorized use.

77. Such actions have caused, are causing and will continue to cause irreparable harm to Lil' Joe for which it is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

78. By reason of the foregoing acts, Mark Ross is liable to Lil' Joe for trademark infringement pursuant to 15 U.S.C. § 1114, *et seq*.

79. Mark Ross owes Lil' Joe compensatory damages, trebling of any damages for use of any counterfeit mark, costs and attorneys' fees due to the exceptional nature of this case pursuant to 15 U.S.C. §1117.

80. Lil' Joe is obligated to pay its attorneys a reasonable fee for their service.

81. All conditions precedent to the filing of this action have been performed, waived, or have occurred.

WHEREFORE, plaintiff, Lil' Joe Records, Inc., demands judgment in its favor and against the defendant, Mark Ross, awarding injunctive relief against further infringement and for compensatory damages, trebled for any use of a counterfeit mark, plus interest, a reasonable attorneys' fee, cost of suit and all other relief this Court deems just and appropriate.

### Count VII – False Designation of Origin Against Mark Ross

82. Plaintiff repeats and realleges the allegations contained in paragraphs 1, 2, 5, 11, 12 and 14 through 18 hereof.

83. On March 25, 1995 and April 17, 2017, United States Trademark Registration Nos.: 74653484 and 5178535 ("Registration") for the mark "2 Live Crew" (the "Trademark") was legally and duly issued and renewed to Lil' Joe.

84. The Registration is valid and subsisting.

85. Mark Ross is using the Trademark or any reproduction, counterfeit, copy or colorable imitation of the Trademark in commerce in connection with his personal performances without Lil' Joe's consent.

86. Such use is likely to cause confusion, mistake or deceive as to the affiliation, connection or association of Mark Ross with Lil' Joe or as to the ownership, origin, sponsorship or approval of Mark Ross' services or commercial activities.

87. Such actions have caused, are causing and will continue to cause irreparable harm to Lil' Joe for which it is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

88. By reason of the foregoing acts, Mark Ross is liable to Lil' Joe for false designation of origin pursuant to 15 U.S.C. § 1125.

89. Mark Ross owes Lil' Joe compensatory damages, trebling of any damages for use of any counterfeit mark, costs and attorneys' fees due to the exceptional nature of this case pursuant to 15 U.S.C. 1117.

90. Lil' Joe is obligated to pay its attorneys a reasonable fee for their service.

91. All conditions precedent to the filing of this action have been performed, waived, or have occurred.

WHEREFORE, plaintiff, Lil' Joe Records, Inc., demands judgment in its favor and against the defendant, Mark Ross, awarding injunctive relief against further infringement and for compensatory damages, trebled for any use of a counterfeit mark, plus interest, a reasonable attorneys' fee, cost of suit and all other relief this Court deems just and appropriate.

### Count VIII – Florida Trademark Infringement Against Mark Ross

92. Plaintiff repeats and realleges the allegations contained in paragraphs 1, 2, 5, 11, 12 and 14 through 18 hereof.

93. On March 25, 1995 and April 17, 2017, United States Trademark Registration Nos.: 74653484 and 5178535 ("Registration") for the mark "2 Live Crew" (the "Trademark") was legally and duly issued and renewed to Lil' Joe.

94. The Registration is valid and subsisting.

95. Mark Ross is using the Trademark or any reproduction, counterfeit, copy or colorable imitation of the Trademark in commerce in connection with his personal performances including signs or advertisement used in commerce in connection with the sale, offering for sale, distribution or advertising of his personal performances without Lil' Joe's consent.

96. Such use is likely to cause confusion, mistake or deceive as to the ownership, origin or sponsorship of such unauthorized use.

97. By reason of the foregoing acts, Mark Ross is liable to Lil' Joe for trademark infringement pursuant to Fla. Stat § 495.131.

98. Such actions have caused, are causing and will continue to cause irreparable harm to Lil' Joe for which it is entitled to injunctive relief pursuant to Fla. Stat § 495.141.

99. Mark Ross owes Lil' Joe compensatory damages, trebling of any damages for use of any counterfeit mark, costs and attorneys' fees due to the exceptional nature of this case pursuant to Fla. Stat. §495.141.

100. Lil' Joe is obligated to pay its attorneys a reasonable fee for their service.

101. All conditions precedent to the filing of this action have been performed, waived, or have occurred.

WHEREFORE, plaintiff, Lil' Joe Records, Inc., demands judgment in its favor and against the defendant, Mark Ross, awarding injunctive relief against further infringement and for

compensatory damages, trebled, plus interest, a reasonable attorneys' fee, cost of suit and all other relief this Court deems just and appropriate.

### Count IX – Common Law Trademark Infringement Against Mark Ross

102. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 and it further alleges:

103. On March 25, 1995 and April 17, 2017, United States Trademark Registration Nos.: 74653484 and 5178535 ("Registration") for the mark "2 Live Crew" (the "Trademark") was legally and duly issued and renewed to Lil' Joe.

104. The Registration is valid and subsisting.

105. Mark Ross is using the Trademark or any reproduction, counterfeit, copy or colorable imitation of the Trademark in commerce in connection with his personal performances including signs or advertisement used in commerce in connection with the sale, offering for sale, distribution or advertising of his personal performances without Lil' Joe's consent.

106. Such use is likely to cause confusion, mistake or deceive as to the ownership, origin or sponsorship of such unauthorized use.

107. Mark Ross owes Lil' Joe compensatory damages plus costs.

108. All conditions precedent to the filing of this action have been performed, waived, or have occurred.

### Count X – Copyright Infringement Against Mark Ross

109. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 hereof and it further alleges:

110. This is a count for copyright infringement versus Mark Ross with respect to the copywritten album and Work owned by Plaintiff, pursuant to 17 USC §101 *et seq.*

111. Plaintiff is the owner of the following copyrights:

   i. VA 1-129-759 2 Live Is What We Are

   ii. VA 1-129-779 As Nasty As They Wanna Be

   iii. VA 1-141-129 Banned In The USA

   iv. VA 1-144-201 Sports Weekend (As Nasty As They Wanna Be Part II)

   v. VA 1-144-230 Shake A Lil' Somethin'

   vi. VA 1-108-305 The 2 Live Crew Goes To The Movies

   vii. VA 1-144-202 The 2 Live Crew Live In Concert

All of which being duly registered in the U.S. Copyright Office, which has issued 7 certificates of registration, which are attached hereto as **Composite Exhibit G**. (hereinafter "Plaintiff's VA Copyrights")

112. Defendant, Mark Ross, has copied, disseminated and distributed infringing copies of Plaintiff's VA Copyrights in commerce, knowingly, in violation of Plaintiff's exclusive ownership in the VA Copyrights.

113. As a direct and proximate result of Defendant, Mark Ross' infringement of Plaintiff's VA Copyrights, Plaintiff has been damaged.

WHEREFORE, plaintiff, Lil' Joe Records, Inc., demands judgment in its favor and against the defendant, Mark Ross, for injunctive relief, damages as to be determined pursuant to 17 USC §504 and attorneys' fees pursuant to 17 USC §505, and all other relief this Court deems just and appropriate.

October 21, 2021

**WOLFE LAW MIAMI, P.A.**
*Counsel for Lil' Joe Records Inc.*
Latitude One Building
175 SW 7th Street, Suite 2410

                                              Miami, Florida 33131
                                              Telephone: 305-384-7370
                                              Facsimile: 305-384-7371

                                        By: __*/s/ Richard C. Wolfe*__
                                                RICHARD C. WOLFE
                                                Florida Bar No. 355607