# EXHIBIT D

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 02-05481 CA 25

JOSEPH WEINBERGER,

    Plaintiff/Counter Defendant,

vs.

CHRISTOPHER WONG WON, et al.,

    Defendants/Cross Defendants.
_____/

## SETTLEMENT AGREEMENT

Terms of the Settlement Agreement due on June 24, 2003, to be documented and amounts to be paid within fifteen (15) days of today.

1.    As between HFC and WEINBERGER,  WEINBERGER agrees to pay HFC Two Hundred Thirty Thousand ($230,000.00) Dollars in return for which HFC will assign all right, title and interest in the Promissory Note and Mortgage with the Wong Wons to Weinberger without recourse.

2.    As between HFC, Weinberger and the Wong Wons, HFC and Weinberger agree to accept a Deed in Lieu of Foreclosure executed by Mr. and Mrs. Wong Won retaining mortgage liens on the subject property. The Wong Wons agree to surrender possession of the property upon execution of the Deed in Lieu. There is no tenant in possession. The Wong Wons will commit no waste on its property.  HFC and Weinberger agree to seek no personal judgment against the Wong Wons and agree not to report the matter to any credit agency.

3.    As between Weinberger and Christopher Wong Won, Lil' Joe Records, Inc.

and Lil' Joe Wein Music, Inc. ("Lil' Joe Companies"), these will exchange general releases of any and all claims whatsoever through this date. Wong Won agrees that the Lil' Joe Companies own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell. Christopher Wong Won releases any claims whatsoever to those works and to any works created for the Lil' Joe Companies.

4.    Wong Won agrees that there are no royalties owed to him from the Lil' Joe Companies. Wong Won agrees he has no future claims to any royalties to any of the existing works owned by the Lil' Joe Companies.

5.    Lil' Joe Records agrees to license the trademark "The 2 Live Crew" to Christopher Wong Won for a period of three (3) years renewable by Wong Won for three (3) year terms thereafter. The license shall be solely for live performances. Wong Won shall have no right to re-record any works of the Lil' Joe Companies under the license. The fees for the license shall be $100.00 per performance payable fourteen (14) days after the performance. An additional condition of the license is that there will be no criminal felony conviction of Mr. Wong Won during its term. The license is cancelable upon default in payment or upon felony conviction.

6.    In the event there should be a reunion of the original members of The 2 Live Crew, (Christopher Wong Won, Luther Campbell, David Hobbs and Mark Ross) Mr. Wong Won will have the right of first refusal, exercisable within fifteen (15) days of notice to join on the same terms and conditions as the other performers provided that all four agree to participate. Any notice may be to Douglas Stratton.

7.    The Lil' Joe Companies agree they have no claim for any future recording

obligation of Christopher Wong Won.

8.      This Agreement is confidential and pursuant to Section 44.102 and each party agrees to the application of that Statute.

9.      HFC, by telephone conference, authorized S. Alan Stanley, Esquire to execute this Settlement Agreement on its behalf.

10.     In the event that Weinberger defaults under the terms of this Settlement Agreement with HFC, he agrees that the Note and Mortgage hold by HFC shall be deemed to be held to be superior in all respects to the Note and Mortgage that he holds on the subject real property.

Dated this _24_ day of June, 2003.

                                        HFC

_____                 By _____
JOSEPH WEINBERGER                       S. ALAN STANLEY, Esquire
                                        on its behalf

_____                 _____
CHRISTOPHER WONG WON,                   ROBBIE WONG WON, Individually
Individually

Lil' JOE WEIN MUSIC, INC.               Lil' JOE RECORDS, INC.

By _____              By _____
JOSEPH WEINBERGER, President            JOSEPH WEINBERGER, President

_____                 _____
KEVIN O'GRADY, ESQUIRE,                 DOUGLAS D. STRATTON, ESQUIRE
Attorney for JOSEPH WEINBERGER          Attorney for CHRISTOPHER WONG WON
                                        and ROBBIE WONG WON

PAGE 3/7 * RCVD AT 7/14/2003 10:52:52 AM [Eastern Daylight Time] * SVR:FTLFAX/9 * DNIS:4087 * CSID: * DURATION (mm-ss):02-50

Jul 14 03 10:52a                                                                                    p.3

Return to: (enclose self-addressed stamped envelope)

Name:  Kevin O'Grady

Address:
        P.O. Box 1900
        Fort Lauderdale, Florida  33302

This Instrument Prepared by: Kevin J. O'Grady
        Ruden, McClosky, Smith
        Schuster & Russell, P.A.
        200 East Broward Boulevard
        15th Floor
        Fort Lauderdale, Florida  33301

Grantee S.S. No._____ (Name)
Grantee S.S. No._____ (Name)

SPACE ABOVE THIS LINE FOR PROCESSING DATA

SPACE ABOVE THIS LINE FOR PROCESSING DATA

Property Appraiser's
Parcel Identification No. 30-2002-003-0200

# *Special Warranty Deed* (STATUTORY FORM-SECTION 689.02, F.S.)

**This Indenture,** Made this 8 day of July, 2003, **BETWEEN** Christopher Wong-Won and Robbie Wong-Won, his wife, of the County of Miami Dade, State of Florida, grantor*, and Joseph Weinberger whose post office address is 6157 NW 167th Street, Suite F-17, of the County of Miami-Dade, State of Florida, grantee*,

*Witnesseth,* That said grantor, for and in consideration of the sum of TEN DOLLARS ($10.00), and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in Miami Dade County, Florida, to wit:

LOT 8, BLOCK 9, COUNTRY CLUB OF MIAMI ESTATES, SECTION THREE, according to the Plat thereof, as recorded at Plat Book 77, at Page 44, of the Public Records of Miami-Dade County, Florida.

FTL:1059787:1                                          1

PAGE 4/7 * RCVD AT 7/14/2003 10:52:52 AM [Eastern Daylight Time] * SVR:FTLFAX/9 * DNIS:4087 * CSID: * DURATION (mm-ss):02-50

Jul 14 '03 10:52a                                                                                    p.4

Street Address: 6740 Royal Melbourn Drive, Hialeah, Miami-Dade County, Florida 33015

This conveyance is subject to:

1.  Real property taxes and assessments for the years 2002 and subsequent years..

2.  Mortgage between Christopher Wong-Won and Robbie Wong-Won and Joseph Weinberger, dated October 6, 1995 and recorded at Official Records Book 17039, Page 1649. It is the express intention of grantor by his execution of this Deed and the express intention of the grantee by acceptance and recordation of this Deed that this Mortgage shall not merge into the estate created by this deed but, rather, said Mortgage shall remain in full force and effect until otherwise satisfied of record.

3.  Mortgage between Christopher Wong-Won and Robbie Wong-Won and Banc One Financial Services, Inc. dated November 17, 1988, recorded in Official Records Book 18356, Page 4421 and assignment of said Mortgage to Household Finance Corporation III by assignment recorded July 18, 2000 in Official Records Book 19198, Page 4943 and subsequent assignment to Joseph Weinberger of July 2003 to be recorded contemporaneously with this Deed. It is the express intention of the grantor by his execution of this Deed and the express intention of the grantee by his acceptance and recordation of this Deed that this Mortgage shall not merge into the estate created by this Deed but, rather, said Mortgage shall remain in full force and effect until otherwise satisfied of record.

4.  Terms, conditions, restrictions and easements appearing on the Plat of the Country Club of Miami Estates, Section III, a subdivision according to the plat thereof and recorded in Plat Book 77, Page 4 of the Public Records of Miami-Dade County, Florida and surveyor's affidavit of Donald W. MacIntosh pertaining to the plat recorded June 11, 1968 under Clerk File No. 68R99686 and in Official Records Book 5978, Page 589.

FTL:1059787:1

PAGE 5/7 * RCVD AT 7/14/2003 10:52:52 AM (Eastern Daylight Time) * SVR:FTLFAX/9 * DNIS:4087 * CSID: * DURATION (mm-ss):02-60
JUL 14 U3 10:52a                                                                                        p.5

5.  Terms, conditions, restrictions, obligations and assessments created by Declaration of Protective Covenants recorded in Official Records Book 3987, Page 489.

6.  Agreement between Country Club of Miami and Leonard J. Nichols the UM Carrier as Trustees, said Agreement dated December 30, 1971 and recorded in Official Records Book 7509, Page 791.

7.  Terms, conditions, covenants, restrictions, obligations and assessments created by Second Revised Declaration of Protective Covenants recorded under Clerk File No. 81R321868 and in Official Records Book 11302, Page 701 and Third Revised Declaration of Protective Covenants recorded in Official Records Book 14024, Page 1929.

8.  Memorandum and Ordinance No. 77-18 recorded in Official Records Book 9651, Page 1547.

9.  Resolution No. R-726-91 pertaining to assessments known as Country Club of Miami Golf Course and Acquisition/Refurbishment Special Taxing District recorded July 22, 1991 in Official Records Book 15116, Page 3084.

And said grantor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

* "Grantor" and "grantee" are used for singular or plural, as context requires.

PAGE 6/7 * RCVD AT 7/14/2003 10:52:52 AM [Eastern Daylight Time] * SVR:FTLFAX/9 * DNIS:4087 * CSID: * DURATION (mm-ss):02-50

JUl 14 U3 1U:52a                                                                                              p.6

*In Witness Whereof*, Grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered
in our presence:

_____                      _____ (L. S.)
Witness Signature                                     CHRISTOPHER WONG-WON

DOUGLAS D STRATTON
Printed Name

_____
Witness Signature

TIMOTHY HOGLE
Printed Name

_____                      _____ (L. S.)
Witness Signature                                     ROBBIE WONG-WON

DOUGLAS D. STRATTON
Printed Name

_____
Witness Signature

TIMOTHY HOGLE
Printed Name

PAGE 7/7 * RCVD AT 7/14/2003 10:52:52 AM [Eastern Daylight Time] * SVR:FTLFAX/9 * DNIS:4087 * CSID: * DURATION (mm-ss):02-50

Jul 14 03 10:52a                                                                          p.7

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF Miami Dade )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, the foregoing instrument was acknowledged before me by CHRISTOPHER WONG-WON, who is personally known to me or who has produced _____ as identification.

    WITNESS my hand and official seal in the County and State last aforesaid this 12 day of July , 2003.

_____
Notary Public State of Florida at Large

DOUGLAS D STRATTON
_____
Typed, printed or stamped name of Notary Public

My Commission Expires:

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF Miami Dade )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, the foregoing instrument was acknowledged before me by ROBBIE WONG-WON, who is personally known to me or who has produced _____ as identification.

    WITNESS my hand and official seal in the County and State last aforesaid this 12 day of July , 2003.

_____
Notary Public State of Florida at Large

DOUGLAS D STRATTON
_____
Typed, printed or stamped name of Notary Public

My Commission Expires:

OFFICIAL NOTARY SEAL
DOUGLAS D STRATTON
COMMISSION NUMBER
DD165469
MY COMMISSION EXPIRES
NOV. 19,2006

FTL:1059787:1

5