# EXHIBIT E



V3510 D288

UNITED STATES BANKRUPTCY COURT
NORTHERN  DISTRICT OF ALABAMA
EASTERN DIVISION

In re:                                                    Chapter 7

MARK D. ROSS,                                             Case No. 00-43637-JSS-7

        Debtor.
_____/

Lil' Joe Records,

        Plaintiff,                                        Adv. Proc. No. AP01-40186

vs.

Mark D. Ross,

        Defendant
_____/

## SETTLEMENT AGREEMENT

The Settlement Agreement (hereinafter "Settlement Agreement") entered into as of this 10th day of ~~July~~ *August*, 2001, by and between Plaintiff, Lil' Joe Records, Inc. (hereinafter "Lil' Joe Records" or "Plaintiff"), and Mark D. Ross (hereinafter "Debtor"), (Lil' Joe Records and the Debtor collectively referred to as "the Parties").

This Settlement Agreement is entered into on the basis of the following recitals of fact:

### RECITALS

WHEREAS on November 22, 2000, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

WHEREAS shortly thereafter, Rocco J. Leo was appointed the duly qualified Chapter 7 Trustee.

A TRUE AND CORRECT COPY
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
BY: *Melinda J. Wilson*
DEPUTY CLERK

::ODMA\GRPWISE\DOMAIN.PO.PO Library:123756.1



Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

WHEREAS on April 3, 2001, Lil' Joe Records filed an adversary proceeding against the Debtor objecting to the Debtor's discharge and to determine certain debts owed to Lil' Joe Records to be non-dischargeable under 11 U.S.C. § 523 (a) and §727(a).

WHEREAS the Debtor admits that the Plaintiff is entitled to a judgment of non-dischargeability in the amount of $75,000.00 and Plaintiff has agreed to voluntarily dismiss the causes of action objecting to the Debtor's discharge.

WHEREAS in lieu of litigating the adversary proceeding, the Parties have mutually agreed to resolve the adversary proceeding pursuant to the terms and conditions of this Settlement Agreement to avoid the costs and risks associated with further litigation.

NOW THEREFORE, in consideration of the terms and conditions stated below and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree and stipulate as follows:

1.    **Correctness of Recitals.**    The recitals written above are true and correct and incorporated herein and are material provisions of this Settlement Agreement.

2.    **Advice of Counsel.**   The Parties to this Settlement Agreement acknowledge that they have received the advice of independent legal counsel. The Parties executing this Agreement do so with the full knowledge of its significance and with the express intent of effecting its legal consequences.

3.    **Settlement of Claims**.  In settlement of the Adversary Proceeding, the Parties agree to the following:

V3510 D288   Page 2

::ODMA\GRPWISE\DOMAIN.PO.PO Library:123756.1



Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

  a.  The Debtor consents to the entry of a judgment of non-dischargeability against the Debtor in the amount of $75,000.00, in the form attached hereto and incorporated herein by reference, (the "Judgment") for which sum let execution issue.

  b.  Moreover, the Debtor agrees that he will not individually, or in concert with other members of the former The 2 Live Crew, use either the name "The 2 Live Crew" or some substantially similar name such as "Formally The 2 Live Crew" or a similar group name such as, but not limited to, "The Crew" or use either part or all of the initials of The 2 Live Crew or a similar name.

  c.  Also, the Debtor agrees not to re record or sample (or use the same samples used in any albums previously recorded by The 2 Live Crew) any recordings previously made by The 2 Live Crew without the express written consent of Lil' Joe Records, which consent may be withheld for any reason.

  d.  The Debtor agrees not to record in any entertainment media or sound recording with all or any one or more of the original artists of The 2 Live Crew, Chris Wong Won, Luther Campbell or David Hobbs without the express written consent from Lil' Joe Records, which consent may be withheld for any reason.

  e.  The Debtor agrees not to interfere with any business relationships between any third parties, (including but not limited to Sterling Brooks), and Lil' Joe Records, including but not limited to, providing any such third parties any information concerning Joseph Weinberger personally, Lil' Joe Records, or any employees of Lil' Joe Records that may prejudice the reputation of such entities in the community. If required to provide such information under a valid court order

V3510 D288   Page 3

3

::ODMA\GRPWISE\DOMAIN.PO.PO Library:123756.1



Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

or subpoena, the Debtor shall provide the undersigned with adequate notice to interpose an objection, if necessary.

      f.    The Debtor consents to the entry of an injunction without a bond for any and all misconduct in violation of the above by recording, sampling, using the name The 2 Live Crew, or recording with all or any one or more of the members of The 2 Live Crew as described in paragraphs 3(b) ,(d) and (e), without express written consent from Lil' Joe Records.

      g.    Debtor acknowledges that, other than his writer's performance rights with Broadcast Music, Inc. ("BMI") in the United States, he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. and Lil Joe Wein Music, Inc. and The 2 Live Crew name which were previously owned by Luther Campbell and Luke Records/Pac Jam Publishing as Debtor was previously paid in full for these rights by Luther Campbell and Luke Records, Inc. in 1992. Additionally, Debtor has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc.

      h.    The parties agree that this document may be recorded in the public records.

      i.    In the event of any non-compliance with the provisions set forth in paragraph 3(a) through (f) of this Settlement Agreement, Lil' Joe Records shall be entitled to an amended non-dischargeable judgment in the amount of $600,000.00, the amount of damages affiliated with rejection of the Exclusive Recording Agreement, by filing an ex parte motion to amend the judgment together with an affidavit of non-payment except that Lil' Joe Records shall not be entitled to an amended judgment if it has agreed to compromise and settle the amount of the judgment and satisfied the judgment in connection therewith.

V3510 D288  Page 4

4

::ODMA\GRPWISE\DOMAIN.PO.PO Library:123756.1



Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

j.      The Debtor may satisfy the amount of the Judgment or the Amended Judgment and pay such additional amounts to be negotiated by the parties in good faith if the Debtor, in concert with Luther Campbell, David Hobbs, and Christopher Wong Won, perform and deliver one The 2 Live Crew reunion album for Lil' Joe Records' exclusive use and distribution before the year 2005 provided album is deemed satisfactory to Lil' Joe Records.  This right may be assigned by Lil' Joe Records to any third party within its discretion.

k.      In consideration of the foregoing, Lil' Joe Records agrees to voluntarily dismiss its causes of action against the Debtor under 11 U.S.C. §727.

4.      **Court Approval.**    The Settlement Agreement is expressly conditioned upon Bankruptcy Court approval.  The Parties shall promptly seek the entry of an order approving the Settlement Agreement and dismissing the Adversary Proceeding with prejudice from the Bankruptcy Court (the "Approval Order").

5.      **Best Efforts.**   The Parties shall use their best efforts to obtain an Approval Order. Without limiting the foregoing, none of the Parties hereto shall take, or cause any persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such Approval Order.

6.      **Jurisdiction.**   The Bankruptcy Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and shall have exclusive jurisdiction to resolve any disputes or controversies in connection therewith.

7.      **Fax Counterparts.**   This Settlement Agreement may be executed in separate counterparts and facsimile signatures may be sent with originals to follow.

5



Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

8.    **Entire Stipulation.**   This Settlement Agreement constitutes the entire agreement among the parties hereto and supercedes all prior stipulations, understandings, negotiations and discussions, both written and oral, among the Parties hereto with respect to the subject matter hereof, all of which prior stipulations, understandings, negotiations and discussions, both written and oral, are merged into this Settlement Agreement.

9.    **Time is of Essence**.   Time is of the essence under this Settlement Agreement and each of the transactions contemplated to be consummated hereunder.

10.    **No Oral Modifications**.   No waiver or modification of a term or condition of this Settlement Agreement shall be valid or binding, unless it is in writing and executed by each of the Parties to the Settlement Agreement and approved by the Bankruptcy Court.

11.    **Binding Effect.**   This Settlement Agreement shall be jointly and severally binding upon the Parties hereto and their respective relatives, heirs, executors, administrators, trustees, beneficiaries, predecessors, successors, assigns, members, affiliated and related entities, officers, directors, agents, servants, employees, representatives, attorneys and insurers.  Furthermore, this agreement shall inure to the benefit of the Parties hereto and their respective relatives, heirs, executors, administrators, trustees, beneficiaries, predecessors, successors, assigns, members, affiliated and related entities, officers, directors, agents, servants, employees, representatives, attorneys and insurers.

12.    **Costs and Attorneys' Fees.**   The Parties hereto acknowledge and agree that each of them shall bear his or its own costs, expenses and attorneys' fees arising out of or connected with the negotiation, drafting and execution of this Settlement Agreement, as well as the prosecution and/or defense of the contested matter or adversary proceeding herein.  In the event, however, that

V3510 D288  Page 6

6

::ODMA\GRPWISE\DOMAIN.PO.PO Library:123756.1



Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

any action is brought by any party hereto to enforce this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in connection therewith.

    13.   **Governing Law.**  This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of Florida without regard to conflict of law principles thereunder.

    IN WITNESS THEREOF, the undersigned parties have executed this Settlement Agreement this _10th_ day of August, 2001.

Lil' Joe Records, Inc.

By: _____
    Joseph Weinberger, President

_____
Mark D. Ross
Debtor/Defendant

::ODMA\GRPWISE\DOMAIN.PO.PO Library:123756.1

V3510 D288 Page 7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:                                                    Chapter 7

MARK D. ROSS,                                             Case No. 00-43637-JSS-7

     Debtor.
_____ /

Lil' Joe Records,

     Plaintiff,                                          Adv. Proc. No. AP01-40186

vs.

Mark D. Ross,

     Defendant
_____ /

## AGREED NONDISCHARGEABLE FINAL JUDGMENT AGAINST MARK D. ROSS

THIS MATTER came before the Court on Plaintiff's Motion for Entry of Nondischargeable Final Judgment against the Defendant, Mark D. Ross. The Court, having reviewed the Motion and being duly advised in the premises and having found there is no just reason for delay, the Court determines that there is an express direction for the entry of a final judgment against Defendant, Mark D. Ross. Therefore, it is

ORDERED as follows:

1.    Plaintiff, Lil' Joe Records, shall have and recover from Defendant, Mark D. Ross, $75,000.00 for which amount let execution issue forthwith.



::ODMA\GRPWISE\DOMAIN.PO.PO Library:126739.1

V3510 D288   Page 8

Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

2.    The full amount of this judgment $75,000.00 is hereby declared to be non-dichargeable.

3.    The Defendant's last known address is Mark D. Ross, 601 Shorter Avenue, Attalla, AL 35954 and his Social Security Number is 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.

4.    Plaintiff, Lil' Joe Records, Inc., last know address is 6157 NW 167th Street, F-17 Miami, FL 33015.

5.    The Court reserves jurisdiction to enter any further orders or take any other actions that may be necessary in connection with this matter.

DONE AND ORDERED in the Northern District of Alabama on _____, 2001.


_____
HONORABLE JAMES S. SLEDGE
UNITED STATES BANKRUPTCY JUDGE

Copies furnished to:
Frank P. Terzo, Esquire
John W. Jennings, Esquire
Mark D. Ross

V3510 D288   Page 9

::ODMA\GRPWISE\DOMAIN.PO.PO Library:126739.1

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

**DOCUMENT COVER SHEET**
For Recordation of Documents
UNITED STATES COPYRIGHT OFFICE

DATE OF RECORDATION
(Assigned by Copyright Office)    ~~APR - 8 2004~~

MAY 1 2 2004
Month    Day    Year

Volume 3570    Page 289

Volume _____    Page _____

FUNDS RECEIVED _____

Do not write above this line.

To the Register of Copyrights:

*Please record the accompanying original document or copy thereof.*

FOR OFFICE USE ONLY

**1** Name of the party or parties to the document spelled as they appear in the document (List up to the first three)

Mark D. Ross

aka Marquis Ross, aka Mark Ross

**2** Date of execution and/or effective date of the accompanying document

(month)    (day)    (year)

**3** Completeness of document
☒ Document is complete by its own terms.
☐ Document is not complete. Record "as is."

**4** Description of document
☒ Transfer of Copyright
☐ Security Interest
☐ Change of Name of Owner
☐ Termination of Transfer(s) [Section 304]
☐ Shareware
☐ Life, Identity, Death Statement [Section 302]
☐ Transfer of Mask Works
☒ Other Certification of Judgment, Amended Final Judgment and Permanent Injunction, Consent Judgment and Settlement Agreement

**5** Title of first work as given in the document    See Addendum herewith

**6** Total number of titles in document _____

**7** Amount of fee calculated
$ 430.00

**8** Fee enclosed
☐ Check
☐ Money Order

☒ Fee authorized to be charged to :
Copyright Office    DA081523
Deposit Account number

Account name    LIL' JOE WEIN MUSIC, INC.

**9** Affirmation*: I hereby affirm to the Copyright Office that the information given on this form is a true and correct representation of the accompanying document. This affirmation will not suffice as a certification of a photocopy signature on the document.
(Affirmation *must* be signed even if you are also signing Space 10.)

Signature

Date    April 8, 2004

Phone Number    (305) 362-8900 / (305) 822-1122    Fax Number

**10** Certification*: Complete this certification in addition to the Affirmation if a photocopy of the original signed document is substituted for a document bearing the actual signature.
NOTE: This space *may not* be used for an official certification.
I certify under penalty of perjury under the laws of the United States of America that the accompanying document is a true copy of the original document.

Signature    LIL' JOE WEIN MUSIC, INC.

Duly Authorized Agent of:
Date    April 8, 2004

Recordation will be mailed in window envelope to this address:

Name▼
LIL' JOE WEIN MUSIC, INC.

Number/Street/Apt▼
6157 N.W. 167th Street, F-17

City/State/ZIP▼
Miami, Florida  33015

**YOU MUST:**
• Complete all necessary spaces
• Sign your Cover Sheet in Space 9
**SEND ALL 3 ELEMENTS TOGETHER:**
1. Two copies of the Document Cover Sheet
2. Check/money order payable to *Register of Copyrights*
3. Document
**MAIL TO:**
Library of Congress, Copyright Office
Documents Recordation Section, LM-462
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

*Knowingly and willfully falsifying material facts on this form may result in criminal liability. 18 U.S.C. §1001.

Rev: June 2002—20,000   Web Rev: June 2002   ♲ Printed on recycled paper

U.S. Government Printing Office: 2000-461-113/20,021



# Certificate of Recordation

This is to certify that the attached document was recorded
in the Copyright Office on the date and in the place shown below.

This certificate is issued under the seal of the
United States Copyright Office.

DATE OF RECORDATION

12May04

| VOLUME | DOC. NO. |
|---|---|
| 3510 | 289 |

| VOLUME | DOC. NO. |
|---|---|

*Marybeth Peters*

Register of Copyrights and
Associate Librarian for Copyright Services



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

|                              |   |                              |
|------------------------------|---|------------------------------|
| In re MARK D. ROSS,          | : | Case No.: 00 43637 JSS7      |
|                              | : | Chapter 7                    |
| Debtor,                      | : |                              |
|                              | : |                              |
| LIL' JOE RECORDS, Inc.       | : | Adv. Proc. No.: 01 40186 JSS |
|                              | : |                              |
| :Plaintiff,                  | : |                              |
|                              | : |                              |
| vs.                          | : |                              |
|                              | : |                              |
| MARK D. ROSS,                | : |                              |
|                              | : |                              |
| Defendant.                   | : |                              |

FEB 0 5 2003

ENTERED ................
UNITED STATES
BANKRUPTCY COURT
ANNISTON, ALA.
BH
DEPUTY CLERK

A TRUE AND CORRECT COPY
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
BY Melina J Wilson
DEPUTY CLERK

### AMENDED FINAL JUDGMENT
### and
### PERMANENT INJUNCTION

THIS CAUSE having come on to be heard by this Court on January 15, 2003, on the

Rule to Show Cause issued by this Court on November 26, 2002, argument of counsel having

been heard, evidence having been taken and the Court being fully advised in the premises, it is

hereby:

ADJUDGED:

1.      On or about August 10, 2001, the Plaintiff in this adversary, Lil' Joe Records, Inc.

and the Debtor, Mark D. Ross, entered into a Settlement Agreement executed by the parties and

submitted to the Court for approval by Motion dated August 16, 2001.

2.      On September 17, 2001, after proper notice and opportunity to be heard, this

Court entered its Consent Judgment (docketed September 21, 2001), which, *inter alia*, ordered

and decreed that the terms and conditions of the Settlement Agreement were incorporated in the

Court's Consent Judgment by reference. Paragraph 3(b) through (d) of the Settlement Agreement provided, and the Court, by reference, ordered:

> b. Moreover, the Debtor agrees that he will not individually, or in concert with other members of the former The 2 Live Crew, use either the name "The 2 Live Crew" or some substantially similar name such as "Formally The 2 Live Crew" or a similar group name such as, but not limited to "The Crew" or use either part or all of the initials of The 2 Live Crew or a similar name.

> c. Also, the Debtor agrees not to record or sample (or use the same samples used in any albums previously recorded by The 2 Live Crew) any recordings previously made by The 2 Live Crew without the express written consent of Lil' Joe Records, which consent may be withheld for any reason.

> d. The Debtor agrees not to record in any entertainment media or sound recording with all or any one or more of the original artists of The 2 Live Crew, Chris Wong Won, Luther Campbell or David Hobbs without the express written consent from Lil' Joe Records, which consent may be withheld for any reason.

3. Movant, Lil' Joe Records, Inc. has proven that, subsequent to entering of the Consent Judgment, Debtor Ross has performed musical acts with former "The 2 Live Crew" member David Hobbs. Debtor Ross did so knowingly in violation of the Consent Judgment.

4. Furthermore, Movant has proven that Debtor Ross participated in authoring, registering with the performing arts society Broadcast Music, Inc., and recording thirteen (13) musical compositions with David Hobbs during the year 2002. Debtor Ross did so in knowing violation of the Consent Judgment.

5. Furthermore, Movant Lil Joe Records, Inc. has proven that the recordings by Mark Ross made with former "The 2 Live Crew" member David Hobbs, have been publicly sold on a CD recording marked "DJ Mr. Mixx of the original 2 Live Crew".

V3510 D289 Page 2

6.     Mark D. Ross admitted to his performance with former "The 2 Live Crew" member David Hobbs, his writing, registration, recording, public sale and live performance in knowing contravention of this Court's Consent Judgment.

WHEREFORE, IT IS ORDERED AND ADJUDGED

A.     Pursuant to the terms of the Settlement Agreement as adopted by this Court's Consent Judgment, Judgment is hereby entered in favor of Lil' Joe Records, Inc. against Mark D. Ross in the amount of SIX HUNDRED THOUSAND and 00/100 ($600,000) DOLLARS and that sum is hereby DECLARED NON-DISCHARGEABLE pursuant to 11 U.S.C. § 523(a)(2).

B.     Furthermore, Debtor Mark D. Ross is PERMANENTLY ENJOINED from:

1.     Individually, or in concert with other members of the former The 2 Lice Crew, using either the name "The 2 Live Crew" or some substantially similar name such as "Formally The 2 Live Crew" or a similar group name such as, but not limited to "The Crew" or use either part or all the initials of The 2 Live Crew or a similar name.

2.     Rerecording or sampling (or using the same samples used in any albums previously recorded by The 2 Live Crew) any recordings previously made by the The 2 Live Crew without the express written consent of Lil' Joe Records, which consent may be withheld for any reason.

3.     Recording in any entertainment media or sound recording with all or any one or more of the original artists of The 2 Live Crew, Chris Wong Won, Luther Campbell or David Hobbs without the express written consent from Lil' Joe Records, which consent may be withheld for any reason.

3

4.      Interfering with any business relationships between any third parties, (including but not limited to Sterling Brooks), and Lil' Joe Records, including but not limited to, providing any such third parties any information concerning Joseph Weinberger personally, Lil' Joe Records, or any employees of Lil' Joe Records that may prejudice the reputation of such entities in the community.  If required to provide such information under a valid court order or subpoena, the Debtor shall provide Lil' Joe Records, Inc. with adequate notice to interpose an objection if necessary.

C.      All terms of the Settlement Agreement and Consent Order remain in full force and effect except as specifically amended herein.

H.      It is further ordered and directed that the Clerk of this Court shall send a copy of this Judgment through the United States Mail to each of the following (which shall be sufficient service and notice hereof):

The Plaintiff; the Defendant, and their respective counsel.

DONE   AND   ORDERED   in   Anniston,   Alabama   this _____ day of _____, 2003.

_____
James S. Sledge, United States Bankruptcy Judge

COPIES MAILED TO ALL
PARTIES STATED IN ORDER
2-5-03

Copies Furnished:

Lil' Joe Records, Inc.
6157 NW 167th Street
Suite F-17
Miami, FL  33015

Mark D. Ross


SSAN:  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

Kevin J. O'Grady, Esquire
Ruden, McClosky, Smith, Schuster & Russell, P.A.
200 East Broward Boulevard
P.O. Box 1900
Fort Lauderdale, FL  33301
**Attorneys for Lil' Joe Records, Inc.**

Jay M. Spillane, Esquire
Fox & Spillane, LLP
1880 Century Park East, Suite 1114
Los Angeles, CA  90067
**Attorneys for Mark D. Ross**

Harry Long, Esquire
P.O. Box 1468
Anniston, AL  36202
**Attorney for Mark D. Ross**

V3510 D289   Page 5

# United States Bankruptcy Court

## Northern District of Alabama, Eastern Division

IN RE:

LIL' JOE RECORDS                                    }        ADV. PROCEEDING #01-40186
                                                    }        BK. CASE #00-43637
                              DEBTOR(S)             }        CHAPTER 7
                                                    }
LIL' JOE RECORDS                                    }
                                                    }
                              PLAINTIFF(S)          }
                                                    }
VS                                                  }
                                                    }
MARK D. ROSS                                        }
                                                    }
                              DEFENDANT(S)          }

### CERTIFICATION OF JUDGMENT

I, Richard K. Mauk, Acting Clerk of the above-named Court do hereby certify the annexed to be a true and correct copy of the original judgment entered in the above entitled proceeding on February 5, 2003, as it appears of record in this office, and that no notice of appeal from the said judgment has been filed in this office and the time for appeal commenced to run on February 5, 2003.

(Seal)

{Seal of the U.S. Bankruptcy Court}

Richard K. Mauk, Acting Clerk
Clerk, U. S. Bankruptcy Court

By: _Barbara Haynes_
Deputy Clerk

Date of issuance:  April 22, 2003

V3510 D289   Page 6

**When no notice of appeal from the judgment has been filed, insert "no notice of appeal from the said judgment has been filed in this office and the time for appeal commenced to run on *[insert date]* upon the entry of the judgment".  If an appeal was taken, insert "a notice of appeal from the said judgment was filed in this office on *[insert date]* and the judgment was affirmed by mandate of the Appellate Court issued *[insert date]*" or "a notice of appeal from the said judgment was filed in this office on *[insert date]* and the appeal was dismissed by the Appellate Court on *[insert date]*".

A TRUE AND CORRECT COPY
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
BY _Melinda Wilson_
DEPUTY CLERK