UNITED STATEHS DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC., a Florida corporation,

        Plaintiffs,

v.

MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON and LUTHER CAMPBELL,

        Defendants,

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Plaintiff/Counter-Defendant, LIL' JOE RECORDS, INC. ("Plaintiff"), by and through undersigned counsel, files it's answer and affirmative defenses to the counterclaim filed by Defendants/Counter-Plaintiffs, MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON and LUTHER CAMPBELL, as follows:

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admitted that certain counter-plaintiffs, Luther Campbell, Christopher Wong Won, Jr., Roderick Wong Won and Anissa Wong Won reside in this district; otherwise denied.

7. Admit.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Admit.

16. Admit it is a general statement of the Copyright Act; denied that it applies here.

17. Denied.

18. Admit/Deny as indicated in 1-17 above.

19. Admit.

20. Denied.

21. Denied.

22. Admit.

23. Denied.

24. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Counter-Plaintiffs are not entitled to terminate the transfers of copyright in favor of Counter-Defendant as a matter of fact and for each of the reasons set forth in the underlying complaint.

### Second Affirmative Defense

Counter-Plaintiffs failed to give proper and timely notice as mandated by Section 203 of the Copyright Act, which precludes their entitlement to terminate the transfers.

### Third Affirmative Defense

Counter-Plaintiffs, Campbell and Ross were artists for hire, which precludes their claim to terminate the copyright transfers.

### Fourth Affirmative Defense

Counter-Plaintiffs (who purport to be the heirs of Christopher Wong Won) are subject to the defenses that Christopher Wong Won (now deceased) could not terminate the copyright transfers because he was an artist for hire.

### Fifth Affirmative Defense

Counter-Plaintiffs' claims are not ripened as to each of the copyrights at issue in that 35 years have not passed since the assignment which were made separately.

### Sixth Affirmative Defense

Counter-Plaintiffs' claims are barred due to a lack of standing.

### Seventh Affirmative Defense

Counter-Plaintiffs' claims are barred in that they (or as to Wong Won heirs or their predecessor in interest, Christopher Wong Won) did renegotiate their contracts and upon doing so, started the running of a new period, and the requisite 35-year period has not run, meaning Counter-Plaintiffs' claims are premature.

### Eighth Affirmative Defense

Each of the Counter-Plaintiffs have waived and relinquished their right to terminate the transfer of the copyrights by the acts described in the underlying complaint.

**Ninth Affirmative Defense**

The works in question are collective and/or derivative works, which is not subject to Section 203 terminations.

WHEREFORE having answered the counterclaims, Counter-Defendant demands judgment in it's favor together with an award of attorneys' fees and costs.

Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Plaintiff/Counter-Defendant*
Latitude One Offices
175 SW 7th Street, Suite 2410
Miami, FL 33130
Phone:  305-384-7370
Fax:     305-384-7371

By: */s/ Richard C. Wolfe*
RICHARD C. WOLFE
Florida Bar No.: 355907
rwolfe@wolfelawmiami.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on Friday, February 25, 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.