UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC., a Florida
corporation,

        Plaintiffs,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

        Defendants,
_____/

## JOINT DISCOVERY PLAN AND CONFERENCE REPORT

Plaintiff, LIL' JOE RECORDS INC. ("Plaintiff"), and Defendants, Mark Ross, Christopher Wong Won Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell (the "Defendants") (collectively the "Parties"), having conducted a Scheduling Conference on March 8, 2022, pursuant to Rule 26(f) and 16(b), Fed.R.Civ.P. and Local Rule 16.1.B, S.D. Fla. L.R., file their Joint Discovery Plan and Joint Scheduling Report and proposed Order addressing discovery and other pretrial issues.

    **I.**    **CASE TRACK PURSUANT TO S.D. FLA. L.R. 16.1(A)(2)**

The Parties believe this track should be placed on the Standard Track.

    **II.**    **REPORT OF THE PARTIES' CONFERENCE PURSUANT TO FED.R.CIV.P.26(F)**

    **A) Nature and basis of the parties' claims and defenses:**

**Plaintiff's Statement:**

Plaintiff seeks declaratory judgment as to the validity of the termination notice in compliance with sec 203 of the Copyright Act, Trademark Infringement under federal, state and common law, False designation of Origin under the Lanham Act, and Copyright Infringement.

Pursuant to a Joint Plan of Reorganization in the Bankruptcy Court and order from 1995, all of the copyright rights to *2 Live Crew*'s music, compositions and trademark rights in *2 Live Crew*'s marks and cover designs, including the Works at issue in this case, were sold and transferred to Plaintiff "free and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on any of the masters or compositions" are due to Luther Campbell or Luke Records, and Luther Campbell who released among other claims and persons, Lil' Joe and Weinberger for all claims, including "for royalties to be paid in the future" as a result of this transfer. Plaintiffs have enjoyed those rights since 1995. Recently, Defendants have infringed upon those rights and have wrongfully and without factual or legal support sought to terminate Plaintiff's rights pursuant to section 203 of the copyright act.

**Defendants' Statement:**

**Defendants are artists who created and performed a number of seminal musical works. They seek an adjudication of their rights in those works and a confirmation that the notice of termination that they served pursuant to 17 USC 203 is valid and beyond challenge. To the extent that Plaintiff have averred that Defendants violated certain copyrights, trademarks, or other intellectual property assets held by Plaintiff, Defendants deny all such claims and note for the Court that Plaintiff has alleged no actual act or conduct that**

putatively gives rise to the infringement claims at issue. **Defendants intend to seek costs and attorneys' fees in connection with the successful pursuit of its rights under 17 USC 203 and their defeat of Plaintiff's intellectual property claims.**

**Possibility for a prompt settlement or resolution of the case:** The parties will engage in informal settlement negotiations and will agree to continuously explore in good faith the possibility of settlement with Defendants. **Arrangement for the disclosures required by Fed.R.Civ.P. 26(a)(1):**

Plaintiff and Defendants will serve their Initial Disclosures by **April 8, 2022.**

B) **Proposed discovery plan indicating the parties' views and proposals concerning:**

1) *Changes in timing, form or requirements under Rule 26(a), Fed.R.Civ.P.:*

    Subject to the information produced in their Initial Disclosures and other developments, the parties reserve the right to request an order modifying the discovery limitations otherwise applicable, as necessary and appropriate.

2) *Subjects on which discovery may be needed, when discovery should be completed, and how discovery should be conducted:* The parties believe that discovery will be necessary as to all claims and defenses.

3) *What changes should be made in limitations on discovery under the federal and local rules:* The parties respectfully reserve the right to seek a modification of discovery limitations as proposed above, and the parties will attempt to confer with each other on this matter as

    discovery progresses.

  4) ***Other orders that should be entered by the Court under Fed.R.Civ.P. 26(c) or 16(b) and (c):*** The parties may submit a proposed Protective Order to the Court under Rule 26(c) that will address, among other things, issues of confidentiality and privilege.

**III. REPORT OF THE PARTIES' CONFERENCE AND PROPOSED TIME LIMITS PURSUANT TO RULE 16.1.B.(2), S.D. Fla. L.R.:**

**Discovery Plan outline and other pre-trial deadlines:**

 **A) Likelihood of Settlement:** The parties endeavor to pursue a settlement as this action progresses.

 **B) Likelihood of Appearance of Additional Parties:** Unlikely

 **C) Proposed Time Limits to:**

  1) ***Join Parties and Amend Pleadings:***

   a) The Parties proposes the deadlines provided in Attachment "A" to the Order Requiring Discovery and Scheduling Conference.

   b) The Parties agree the deadlines provided in Attachment "A" to the Order Requiring Discovery and Scheduling Conference.

  2) ***File and Hear Motions:***

   a) The Parties agree that all dispositive pretrial motions and memoranda of law can be filed and served no later than February 23, 2023

   b) The parties agree that all motions *in limine* can be filed and served in accordance with Rule 16.1(J), S.D. Fla. L.R. (they shall be filed and served no later than five (5) days prior to the

        pretrial conference, or in the event there is no pretrial conference, five (5) days prior to calendar call).

   3) **Complete Discovery:**

      a) The Parties agree all discovery can be completed by **February 6, 2023.**

**D)** **Proposal for the formulation and simplification of issues:** Should it become necessary, counsel will meet to discuss any proposals for the formulation and simplification of issues.

**E)** **The necessity or desirability of amendments to the pleadings:** It is possible that the parties will need to amend the pleadings to add additional claims.

**F)** **Possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence:** Should it become necessary, counsel will meet to discuss stipulations regarding the authenticity of documents and the need for advance rulings form the court on the admissibility of evidence.

**G)** **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:** Should it become necessary, counsel will meet to discuss suggestions for the avoidance of unnecessary proof and cumulative evidence.

**H)** **Suggestions for the advisability of referring matters to a magistrate judge or master:** The parties agree that discovery matters and non-

dispositive motions may be referred to the magistrate assigned to the case.

I) **Preliminary estimate of the time required for trial:** The parties anticipate a three to four day trial.

J) **Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

Plaintiff proposes the deadlines provided in Attachment "A" to the Order Requiring Discovery and Scheduling Conference.

Defendants request that the trial be set in or about April, 17, 2023, or in the alternative at least sixty (60) days after the deadline for filing dispositive motions.

K) **Any other information that might be helpful to the court in setting the case for status or pretrial conference:**

Plaintiff proposes the deadlines provided in Attachment "A" to the Order Requiring Discovery and Scheduling Conference.

Mediation shall be completed by no later than March 17, 2023.

**PROPOSED PRETRIAL DEADLINES**

| DEADLINES | EVENT |
|---|---|
| **April 8, 2022** | Deadline to exchange initial disclosures |
| **June 15, 2022** | Deadline for Joinder of Additional Parties and Motions to Amend |
| **August 15, 2022** | Deadline to File Written Lists containing the names and addresses of all fact witnesses intended to be call at trial |
| **January 3, 2023** | Deadline to disclose the identity of expert witnesses and to exchange expert witness summaries/reports pursuant to Rule 26 (a)(2) Fed. R. Civ. P. Rebuttal disclosures are permitted and shall comply with the deadline set forth in Rule 26(a)(2)(C)(ii), Fed. R. Civ. P. |
| **January 23, 2023** | Deadline to complete fact and expert discovery |
| **February 23, 2023** | Deadline for the filing of all dispositive motions. |

| February 23, 2023 | Deadline for the filing of pretrial motions, including motions *in limine* and *Daubert* motions. |
|---|---|
| April 3, 2023 | Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) S.D. Fla., and pretrial disclosures pursuant to Rule 26(1)(3), Fed. R. Civ. P. including witness lists intended to be called at trial<br>Deadline to file proposed jury instructions pursuant to Local Rule 16.1(k) |
| April 12, 2023 | Calendar Call |
| April 17, 2023 | Two week trial period commences (3 to 4 estimated days for trial) |

Dated: March 10, 2022

| *Attorneys for Plaintiff/Counter-Defendant Lil Joe Records, Inc.*<br><br>/s/ Richard C. Wolfe<br>Florida Bar No: 355607<br>rwolfe@wolfelawmiami.com<br>WOLFE LAW MIAMI PA<br>175 SW 7th Street, Suite 2410<br>Miami, Florida 33130<br>Telephone: (305) 384-7370 | *Attorneys for Defendants Mark Ross, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell*<br><br>/s/Joel Rothman<br>Florida Bar No.98220<br>joel.rothman@sriplaw.com<br>SRIP LAW PA<br>21301 Powerline Road, Ste 100<br>Boca Raton, FL 33433<br>Telephone: (5611) 504-4335 |
|---|---|

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2022, I filed the foregoing document with the Clerk of the Court via CM/ECF and the CM/ECF system, which will send a notice of electronic filing to all counsel and parties of record.