UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Plaintiff, Lil' Joe Records, Inc. ("Lil Joe"), hereby responds to the Counterclaim [DE 12] as follows:

### Answer

1.    Lil Joe admits the allegations contained in paragraphs 1, 2, 4, 5, 7, 10, 14, 15, 19, 20, 22 and 23 of the Counterclaim.

2.    As to the allegations contained in paragraph 3 of the Counterclaim, Lil Joe admits that this Court has federal question jurisdiction, but denies that any state law claims are asserted in the Counterclaim over which this Court might have supplemental jurisdiction.

3.    Lil Joe is without knowledge of the truth or falsity of the allegations contained in paragraphs 7 and 24 of the Counterclaim.

4.    Lil Joe denies the allegations contained in paragraph 8 of the Counterclaim, as it is the only counter-defendant, and therefore could not act for or in conjunction with another counter-

defendant, and further denies that it violated any of the counter-plaintiffs' rights or caused them any damages.

5.  As to the allegations contained in paragraph 9 of the Counterclaim, Lil Joe admits that this is an action for declaratory relief, but denies that counter-plaintiffs validly exercised a right of termination.

6.  The allegations contained in paragraphs 11 and 16 of the Counterclaim are statements of law to which no response is required.

7.  As to the allegations contained in paragraph 12 of the Counterclaim, Lil Joe admits that counter-plaintiffs provided notice of their termination of the copyrights and that a copy of that notice, which speaks for itself, is attached, but denies that counter-plaintiffs validly exercised a right of termination.

8.  Lil Joe denies the allegations contained in paragraphs 13, 17 and 21 of the Counterclaim.

**Affirmative Defenses**

First Affirmative Defense

9.  Chris Wong Won, Mark Ross and David Hobbs transferred all of their copyright rights to *2 Live Crew*'s music and trademark rights in *2 Live Crew*'s marks and cover designs to Luke Records, Inc. ("Luke Records"), which was owned by Luther Campbell.

10. Subsequently, Luther Campbell and Luke Records became the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida which were jointly administered (the "Bankruptcy").

11. Pursuant to the Joint Plan of Reorganization in the Bankruptcy, which was confirmed by order of the Bankruptcy court, all of the copyright rights to *2 Live Crew*'s music,

2

compositions and trademark rights in *2 Live Crew*'s marks and cover designs were transferred to Lil' Joe and Joseph Weinberger "free and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on any of the masters or compositions" are due to Luther Campbell or Luke Records, and Luther Campbell released, among others, Lil' Joe and Joseph Weinberger, including "for royalties to be paid in the future" as a result of this transfer.

12. As a result of the foregoing, counter-plaintiffs are barred from claiming that they have any rights in the copyrights at issue, including, but not limited to, any right to terminate any grant of ownership in any of the copyrights at issue, by virtue of res judicata.

### Second Affirmative Defense

13. Lil Joe repeats the allegations contained in paragraphs 9 through 11 hereof.

14. As a result of the foregoing, counter-plaintiffs are barred from claiming that they have any rights in the copyrights at issue, including, but not limited to, any right to terminate any grant of ownership in any of the copyrights at issue, by virtue of collateral estoppel.

### Third Affirmative Defense

15. Lil Joe repeats the allegations contained in paragraphs 9 through 11 hereof.

16. The foregoing representations of material fact are contrary to the position asserted by the counter-plaintiffs in this action.

17. Lil' Joe relied on the foregoing representations and changed its position to its detriment in reliance on them by acquiring and subsequently protecting and exploiting the copyrights at issue.

18. As a result of the foregoing, counter-plaintiffs are estopped from claiming that they have any rights in the copyrights at issue, including, but not limited to, any right to terminate any grant of ownership in any of the copyrights at issue.

### Fourth Affirmative Defense

19. Lil Joe repeats the allegations contained in paragraph 9 through 11 hereof.

20. Subsequently, Mark Ross filed a bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama. In that bankruptcy, an adversary proceeding was commenced by Lil' Joe against Mark Ross and, in settling that claim, which settlement was approved by the Court in that bankruptcy proceeding, Mark Ross acknowledged that, other than writer's performance rights which are not relevant to this proceeding, "he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. and Lil Joe Wein Music, Inc. and The 2 Live Crew name which were previously owned by Luther Campbell and Luke Records [and] has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc."

21. As a result of the foregoing, counter-plaintiffs are barred from claiming that they have any rights in the copyrights at issue, including, but not limited to, any right to terminate any grant of ownership in any of the copyrights at issue, by virtue of res judicata.

### Fifth Affirmative Defense

22. Lil Joe repeats the allegations contained in paragraphs 9 through 11 and 20 hereof.

23. As a result of the foregoing, counter-plaintiffs are barred from claiming that they have any rights in the copyrights at issue, including, but not limited to, any right to terminate any grant of ownership in any of the copyrights at issue, by virtue of collateral estoppel.

### Sixth Affirmative Defense

24. Lil Joe repeats the allegations contained in paragraphs 9 through 11 and 20 hereof.

25. The foregoing representations of material fact are contrary to the position asserted by the counter-plaintiffs in this action.

26. Lil' Joe relied on the foregoing representations and changed its position to its detriment in reliance on them by acquiring and subsequently protecting and exploiting the copyrights at issue.

27. As a result of the foregoing, counter-plaintiffs are estopped from claiming that they have any rights in the copyrights at issue, including, but not limited to, any right to terminate any grant of ownership in any of the copyrights at issue.

Seventh Affirmative Defense

28. On or about June 24, 2003, Joseph Weinberger, HFC, Christopher Wong Won, Robbie Wong Won, Lil' Joe and Lil' Joe Records, Inc. entered into a Settlement Agreement in *Joseph Weinberger v Christopher Wong Won*, Eleventh Judicial Circuit Court Case No. 02-05481 CA 25 in which Christopher Wong Won agreed that Lil' Joe and Lil' Joe Wein Music, Inc. "own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell. Christopher Wong Won releases any claims whatsoever to those works and to any works created for [Lil Joe and Lil' Joe Wein Music, Inc. Christopher] Wong Won agrees that he has no future claims to any royalties to any of the existing works owned by [Lil Joe Lil' Joe Wein Music, Inc.]

29. The foregoing representations of material fact are contrary to the position asserted by the counter-plaintiffs in this action.

30. Lil' Joe relied on the foregoing representations and changed its position to its detriment in reliance on them by acquiring and subsequently protecting and exploiting the copyrights at issue.

31. As a result of the foregoing, counter-plaintiffs are estopped from claiming that they have any rights in the copyrights at issue, including, but not limited to, any right to terminate any grant of ownership in any of the copyrights at issue.

### Eighth Affirmative Defense

32. The Counterclaim fails to state a claim upon which relief can be granted to the extent it is based upon conduct occurring after the filing of this action.

### Ninth Affirmative Defense

33. The counter-plaintiffs contend that the copyright at issue is invalid, Answer and Counterclaim at p. 11, ¶ 122 (Eighth Affirmative Defense), thereby judicially estopping them from asserting in the Counterclaim that they have any rights in the copyrights at issue, including, but not limited to, any right to terminate any grant of ownership in any of the copyrights at issue.

WHEREFORE, counter-defendant, Lil' Joe Records, Inc., requests that this Court enter a judgment on the Counterclaim in its favor and against the counter-plaintiffs, Mark Ross, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell, award costs and attorneys' fees pursuant 17 USC §505 in favor of counter-defendant, Lil' Joe Records, Inc., and against counter-plaintiffs, Mark Ross, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell, and grant all other relief this Court deems just and appropriate.

**WOLFE LAW MIAMI, P.A.**
Latitude One Building, Suite 2410
175 SW 7th Street
Miami, Florida 33131
Telephone: 305-384-7370
RWolfe@wolfelawmiami.com

By: _____
RICHARD C. WOLFE
Florida Bar No. 0355607

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100

/s/ Richard C. Wolfe
Richard C. Wolfe

7