UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

    Defendants.

_____/

## REPLY TO AFFIRMATIVE DEFENSES

Plaintiff, Lil' Joe Records, Inc. (Lil' Joe"), replies to the affirmative defenses [DE 12] of defendants, Mark Ross, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell, as follows:

First Avoidance

1. Chris Wong Won, Mark Ross and David Hobbs transferred all of their copyright rights to *2 Live Crew*'s music and trademark rights in *2 Live Crew*'s marks and cover designs to Luke Records, Inc. ("Luke Records"), which was owned by Luther Campbell.

2. Subsequently, Luther Campbell and Luke Records became the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida which were jointly administered (the "Bankruptcy").

3. Pursuant to the Joint Plan of Reorganization in the Bankruptcy, which was confirmed by order of the Bankruptcy court, all of the copyright rights to *2 Live Crew*'s music,

compositions and trademark rights in *2 Live Crew*'s marks and cover designs were transferred to Lil' Joe and Joseph Weinberger "free and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on any of the masters or compositions" are due to Luther Campbell or Luke Records, and Luther Campbell released, among others, Lil' Joe and Joseph Weinberger, including "for royalties to be paid in the future" as a result of this transfer.

4. As a result of the foregoing, defendants are barred from asserting their eighth affirmative defense that the copyright at issue is invalid by virtue of res judicata.

## Second Avoidance

5. Lil Joe repeats the allegations contained in paragraphs 1 through 3 hereof.

6. As a result of the foregoing, defendants are barred from asserting their eighth affirmative defense that the copyright at issue is invalid by virtue of collateral estoppel.

## Third Avoidance

7. Lil Joe repeats the allegations contained in paragraphs 1 through 3 hereof.

8. The foregoing representations of material fact are contrary to the position asserted by the defendants in their eighth affirmative defense.

9. Lil' Joe relied on the foregoing representations and changed its position to its detriment in reliance on them by acquiring and subsequently protecting and exploiting the copyrights at issue.

10. As a result of the foregoing, defendants are estopped from asserting their eighth affirmative defense that the copyright at issue is invalid.

## Fourth Avoidance

11. Lil Joe repeats the allegations contained in paragraph 1 through 3 hereof.

12. Subsequently, Mark Ross filed a bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama. In that bankruptcy, an adversary proceeding was commenced by Lil' Joe against Mark Ross and, in settling that claim, which settlement was approved by the Court in that bankruptcy proceeding, Mark Ross acknowledged that, other than writer's performance rights which are not relevant to this proceeding, "he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. and Lil Joe Wein Music, Inc. and The 2 Live Crew name which were previously owned by Luther Campbell and Luke Records [and] has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc."

13. As a result of the foregoing, defendants are barred from asserting their eighth affirmative defense that the copyright at issue is invalid by virtue of res judicata.

Fifth Avoidance

14. Lil Joe repeats the allegations contained in paragraphs 1 through 3 and 12 hereof.

15. As a result of the foregoing, defendants are barred from asserting their eighth affirmative defense that the copyright at issue is invalid by virtue of collateral estoppel.

Sixth Avoidance

16. Lil Joe repeats the allegations contained in paragraphs 1 through 3 and 12 hereof.

17. The foregoing representations of material fact are contrary to the position asserted by the defendants in their eighth affirmative defense.

18. Lil' Joe relied on the foregoing representations and changed its position to its detriment in reliance on them by acquiring and subsequently protecting and exploiting the copyrights at issue.

19. As a result of the foregoing, defendants are estopped from asserting their eighth affirmative defense that the copyright at issue is invalid.

### Seventh Avoidance

20. On or about June 24, 2003, Joseph Weinberger, HFC, Christopher Wong Won, Robbie Wong Won, Lil' Joe and Lil' Joe Records, Inc. entered into a Settlement Agreement in *Joseph Weinberger v Christopher Wong Won*, Eleventh Judicial Circuit Court Case No. 02-05481 CA 25 in which Christopher Wong Won agreed that Lil' Joe and Lil' Joe Wein Music, Inc. "own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell. Christopher Wong Won releases any claims whatsoever to those works and to any works created for [Lil Joe and Lil' Joe Wein Music, Inc. Christopher] Wong Won agrees that he has no future claims to any royalties to any of the existing works owned by [Lil Joe Lil' Joe Wein Music, Inc.]

21. The foregoing representations of material fact are contrary to the position asserted by the defendants in their eighth affirmative defense.

22. Lil' Joe relied on the foregoing representations and changed its position to its detriment in reliance on them by acquiring and subsequently protecting and exploiting the copyrights at issue.

23. As a result of the foregoing, defendants are estopped from asserting their eighth affirmative defense that the copyright at issue is invalid.

### Eighth Avoidance

24. The defendants' contention in their eighth affirmative defense that the copyright at issue is invalid judicially estopps them from asserting in the Counterclaim that they have any rights in the copyrights at issue, including, but not limited to, any right to terminate any grant of ownership in any of the copyrights at issue.

<u>Ninth Avoidance</u>

25. The defendants' contention in their fourteenth affirmative defense that there was fraud and/or other defect in the assignment of the copyrights at issue is barred because the time to appeal the court orders pursuant to which that assignment was made has long passed and this affirmative defense is an impermissible forum to challenge those orders.

**WOLFE LAW MIAMI PA**
175 SW 7th Street, Suite 2410
Miami, Florida 33130
P: 305.384.7370
F: 305.384.7371
Email: rwolfe@wolfelawmiami.com

By:   /s/ Richard C. Wolfe___
        Richard C. Wolfe, Esq.
        Florida Bar No.: 355607

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100

/s/ Richard C. Wolfe
Richard C. Wolfe