# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LIL' JOE RECORDS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:21-CV-23727-DPG |
| | ) |
| MARK ROSS; et al., | ) |
| | ) |
| Defendants. | ) |

## STIPULATION CONCERNING
## CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER

Upon agreement of the parties, Plaintiff and Defendnats hereby stipulate and agree to this Stipulation Concerning Confidentiality and Stipulated Protective Order (the "Stipulation and Protective Order"). After reviewing this submission, the Court hereby Orders, pursuant to Fed. R. Civ. P. 26(c), that:

1.  Purpose of this Order. During the course of the present litigation, any party, and, to the extent that the parties seek discovery from non-party witnesses, such non-party witnesses, may produce certain documents and/or information which contain or include trade secrets or other confidential research, development, or commercial information, or documents containing personal information of any parties or non-parties ("Confidential Material").

2. <u>Scope of this Order.</u>  This Stipulation and Protective Order shall govern all methods for the exchange of Confidential Material, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, electronically stored information ("ESI"), and information produced in any other form (including computer code) in response to discovery conducted in this case.

3. <u>Definition of "Document."</u>  As used in this Stipulation and Protective Order, the term "document" shall be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).

4. <u>Designation of Confidential Material.</u>  Information which a disclosing party in good faith considers to be its Confidential Material may be marked or designated with the legend "CONFIDENTIAL."

5. <u>Legend Attached to Confidential Material</u>.  Any legend attached or imprinted on Confidential Material shall not be removed (except during such time as is actually necessary to copy Confidential Material pursuant to this Stipulation and Protective Order, but only if such legend prevents completely copying such information) and any copy of Confidential Material shall have attached to or imprinted on it at all times a prominent and legible legend which contains the same statement contained in the legend, if any, which was attached to the Confidential Material when it was furnished.

6. <u>Inadvertent Production.</u> If Confidential Material is inadvertently produced without the legend attached, or with an incorrect designation attached, such document shall be treated as Confidential Material from the time the producing party advises the other parties in writing that such material should be so designated. The producing party shall also provide all parties with an appropriately-labeled replacement. The receiving parties shall either return promptly or destroy the unmarked or incorrectly-designated documents.

7. <u>Subsequent Designation</u>. Nothing contained in this Stipulation and Protective Order shall prohibit a party from designating any document, thing, testimony and/or information as Confidential Material subsequent to its first disclosure or production; provided, however, that any such subsequent designation (a) must be in writing; (b) must specifically identify the document, thing, testimony and/or information so designated; (c) shall not have any retroactive effect; and (d) shall only apply to the treatment and disclosure of such documents, things, testimony or information by the receiving party after such written designation is received by the receiving party. Where the producing party designates information or materials as Confidential Material pursuant to this Paragraph, the receiving party shall immediately retrieve the information or materials, and any copies thereof, from any persons not authorized to hold them under this Stipulation and Protective Order.

8. <u>Disputes Concerning Designations</u>.  A party may object to the designation of particular material or information as Confidential Material by serving its written objections on the party who designated the material or information as confidential, specifically identifying the material or information to which the objections are directed, and detailing the grounds for the objections.  If such objections cannot be resolved by the parties, the objecting party shall move, within fourteen days of the date that the parties agree in writing that they have concluded their good faith efforts to resolve the dispute over confidentiality, for a determination by the Court as to whether the designated material constitutes Confidential Material.  The burden in any such proceeding shall be on the designating party to prove that the material or information is entitled to protection under this Stipulation and Protective Order as Confidential Material.  Disputed material shall remain Confidential Material under the terms of this Stipulation and Protective Order until the Court rules on such a motion.

9. <u>Recipients of Confidential Material</u>.  Confidential Material may be disclosed only to the following persons:

    (a)    the Court;

    (b)    the parties to this action;

    (c)    the attorneys of record for the parties;

    (d)    members of the staff of the attorneys of record for the parties (including secretaries and other employees as well as

        paralegals, law clerks, and similar persons working under contract for, and under the supervision of, said attorneys);

(e)     independent experts or consultants, not regularly employed by or associated with any party, who are retained by the attorneys of record for any party to render technical or expert advice or to give testimony in this action;

(f)     any trial or deposition witness;

(g)     any other person agreed to by the parties in writing; and

(h)     any person who is indicated on the face of the document to have been an author, recipient, or addressee of the document.

10.     <u>Disclosure By Recipients</u>.  Any recipient of Confidential Material shall not disclose the Confidential Material to any person to whom disclosure is not authorized by the terms of this Stipulation and Protective Order.

11.     <u>Unauthorized Disclosure.</u>  If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under the Stipulation and Protective Order, that party must immediately: (a) notify the designating party in writing of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Confidential Material, and (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order and request that they abide by it.

12.     <u>Written Confirmation</u>.  Before any Confidential Material is disclosed to any person described in Paragraphs 9(e), 9(f), or 9(g), the attorney making the disclosure shall (a) explain to the potential recipient the terms of this Stipulation

and Protective Order; (b) provide such person with a copy of this Stipulation and Protective Order and request that they read it; (c) advise such person that the Confidential Material is subject to this Stipulation and Protective Order and may not be disclosed to any other person; and (d) have such person execute a written confirmation in the form of Exhibit A hereto.  The attorney making the disclosure shall retain the original of such confirmations.  During the course of this litigation, if any party believes that Confidential Material is being disclosed in violation of this Stipulation and Protective Order, such party's attorneys may request to receive the originals of all such confirmations executed to date, and within ten days of such request, the attorney making the disclosure shall deliver all such confirmations to the attorney who requested them.  The original of any confirmation shall be retained by the attorney who obtained it for one year after the termination of this litigation (as described in Paragraph 19 below).

13.     Filing with the Court.  If a party receiving Confidential Material intends to submit to the Court a document, pleading or memorandum which includes or purports to reproduce any information designated CONFIDENTIAL, such filing party shall, pursuant to Local Rule 5.5(C), file a motion for leave to file the information under seal.  The filing party shall not publicly file with the Court such Confidential Material until the Court has ruled upon such motion for leave to file the information under seal.  If the Court declines to grant the motion for leave

to file the information under seal, the filing party may publicly file the Confidential Material with the Court, but shall, in good faith, limit the scope of the disclosure of Confidential Material to only such information as is reasonably necessary under the circumstances and shall for all other purposes maintain the material as Confidential Material in accordance with all other provisions of this Stipulation and Protective Order.  A party that intends to submit to the Court a document, pleading or memorandum which includes any information that the filing party itself has designated as CONFIDENTIAL may move the Court for leave to file the information under seal at any time.  Pursuant to Local Rule 5.5(D), the party who files information under seal must also file a redacted version that will become part of the public filing unless (1) a person could infer from the redacted version the substance or import of the information that called for sealing the original, or (2) the redacted version would include so little information that publicly filing it would serve no purpose.

      14.    <u>Use of Confidential Material</u>.  Any Confidential Material disclosed during this litigation may be used by the receiving party only for purposes concerning the prosecution or defense of this litigation, and may not be used for any other purpose (including, without limitation, any business, commercial, competitive, development, or research purpose).

15. <u>Storage of Confidential Material</u>. Any attorney and all other persons in receipt of Confidential Material shall maintain all Confidential Material in a filing cabinet, briefcase, or other secure, enclosed storage receptacle except when the Confidential Material is in active, immediate use.

16. <u>Depositions</u>. Any attorney may designate deposition testimony and exhibits as Confidential Material (a) during the taking of any deposition, or (b) after the conclusion of any deposition in accordance with Paragraph 7 above. Upon designation as Confidential Material, the deposition transcript, or portion of such, containing the Confidential Material and the exhibits so designated shall be marked in accordance with Paragraphs 4-5 of this Stipulation and Protective Order. The deposition transcript, copies thereof, and the substance or contents of the oral testimony and exhibits so designated as Confidential Material shall in all respects be treated by the attorneys for the parties as Confidential Material, and shall not be disclosed or filed with the Court except in accordance with the terms of this Stipulation and Protective Order. Any attorney may also request that all persons other than the deponent, the reporter, counsel and the individuals specified in Paragraph 9 hereof leave the deposition room during the confidential portion of the deposition.

17. <u>Designation by Non-Parties.</u> To the extent that the parties seek discovery from non-party witnesses, all provisions of this Stipulation and

Protective Order shall govern any information that such non-party witnesses produce and designate as Confidential Material under this Stipulation and Protective Order.

      18.    <u>No Acknowledgment</u>.  Nothing in this Stipulation and Protective Order shall be taken as or constitute (a) an indication or acknowledgment by the party receiving any Confidential Material that such information, documents, testimony, or things are in fact confidential or are entitled to confidential treatment, or (b) a waiver of the right of either party to move the Court for a protective order prohibiting the disclosure of testimony, information, documents or things on the grounds that such testimony, information, documents or things are so highly confidential and proprietary that they may not be produced or disclosed even subject to the provisions of this Stipulation and Protective Order.

      19.    <u>Return of Confidential Material</u>.  Within ninety days after the final conclusion of this litigation, each party will return to the producing party all Confidential Material, including:  all copies, notes, renderings, compilations, recordings, lists, microfilms, or other references thereof or thereto, and copies of all confirmations referred to in Paragraph 12 above.  Attorneys' work product containing, concerning, referring to, or reflecting Confidential Material may be destroyed in lieu of being returned.  This Stipulation and Protective Order shall continue in effect after the conclusion of this litigation, subject to further order of

the Court.  For purposes of this Paragraph, the final conclusion of this litigation as to any party may be by settlement, by a judgment that has become non-appealable, or by final disposition on appeal.

20. <u>No Waiver of Objections</u>.  Nothing contained in this Stipulation and Protective Order shall affect the right, if any, of any party to make any other type of objection, claim, and/or other response to any document or information, or request for any document or information.  This Stipulation and Protective Order shall not be construed as a waiver by any party of any legally cognizable privilege or objection to withhold any document or information, or of any right which any party may have to assert such privilege or objection at any stage of the proceeding.

21. <u>Other Remedies</u>.  The entry of this Stipulation and Protective Order is without prejudice to the rights of either party to move for relief from any of its provisions, or to seek or agree to different or additional protection, or to seek or agree to further disclosures for any particular material or information.

22. <u>Governing Law</u>.  Any dispute arising out of this Stipulation and Protective Order, including those concerning any written confirmations referenced in Paragraph 12 above, shall be construed according to Florida law and the parties consent to exclusive jurisdiction in the United States District Court for the Southern District of Florida for any disputes arising out of this Stipulation and Protective Order.

23. <u>Full Force and Effect</u>.  This Stipulation and Protective Order, until it is endorsed by the Court, and even if it is never endorsed by the Court, shall be deemed to be an enforceable agreement between the parties.

The parties, through their respective counsel, expressly agree to the terms of this Stipulation and Protective Order and consent to its form and entry.

| PLAINTIFF: | DEFENDANTS: |
|---|---|
| By its attorneys, | By their attorneys, |
| */s/ Richard Wolfe* | */s/ Joel B. Rothman* |
| Richard Wolfe, Esq. FL Bar No. 355607 | Joel B. Rothman FL Bar No. 98220 |
| WOLFE LAW MIAMI, P.A. | SRIPLAW |
| 175 SW 7th Street, Suite 2410 | 21301 Powerline Road, Suite 100 |
| Miami, Florida 33131 | Boca Raton, Florida 33433 |
| rwolfe@wolfelawmiami.com | (561) 404-4350 |
| (305) 384-7370 | joel.rothman@sriplaw.com |
| June 30, 2022 | June 30, 2022 |

**TO ENTER AS AN ORDER OF THE COURT THIS** __11th__ **DAY OF** __July__**, 2022:**

By: _____
United States District Court for the
Southern District of Florida

# EXHIBIT A
## (ACKNOWLEDGEMENT CONCERNING CONFIDENTIALITY)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LIL' JOE RECORDS, INC.,       ) | |
|                                  ) | |
|       Plaintiff,       ) | |
|                                  ) | |
| v.       ) | CASE NO. 1:21-CV-23727-DPG |
|                                  ) | |
| MARK ROSS; et al.,       ) | |
|                                  ) | |
|       Defendants.       ) | |

## **ACKNOWLEDGEMENT CONCERNING CONFIDENTIALITY**

I hereby acknowledge that I have read a copy of the Stipulation Concerning Confidentiality and Stipulated Protective Order (the "Stipulation and Protective Order") entered in the action presently pending in the United States District Court for the Southern District of Florida entitled *Lil' Joe Records, Inc. v. Mark Ross; et al.,* Civil Action No. 1:21-CV-23727-DPG, that I understand the terms thereof and agree to be bound by its terms, and that I submit myself to the jurisdiction of the United States District Court for the Southern District of Florida, wherever I may be, for the enforcement of this Stipulation and Protective Order and for sanctions of violations thereof.

Signed under the penalty of perjury this ___ day of _____, _____.

By: _____
Name: _____