UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

      Plaintiffs

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

      Defendants
_____/

**MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT I
FOR DECLARATORY JUDGMENT AS TO THE VALIDITY
OF THE COPYRIGHT TERMINATION NOTICE**

Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), moves this Court pursuant to Fed. R.Civ. P. 56 for the entry of a Partial Summary Judgment in its favor and against defendants, Mark Ross, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell, as to Count I for declaratory relief as to the validity of the copyright termination notice, and as grounds therefore states:

**The Issue**

The Defendants[1] are 3 of 4 members of the group 2 *Live Crew* or their successor in interest. All of 2 *Live Crew's* members transferred to Luke Records, Inc., their copyright rights to works by *2 Live Crew* through various contract and bankruptcy proceedings these copyrights were transferred Lil' Joe and its principal, Joseph Weinberger ("Weinberger"). Defendants now want to

---

[1] For purposes of this analysis, the Christopher Wong Won heirs are deemed 1 defendant.

terminate that transfer. In order to termination of a prior grant of joint copyrights, a majority of the transferors must so elect. As shown herein for multiple reasons the Defendants cannot properly assert termination rights. First, by virtue of their bankruptcy proceedings, all intangible rights, including the right to terminate a copyright transfer, are no longer the debtors' property (in this case Luther Campbell, Luke Records, Inc. f/k/a Skyywalker Records, Inc. ("Luke Records") and Mark Ross property.

Second, none of the Defendants possess termination rights because they were each "Artists for Hire" as defined by the Copyright Act.

Thus, since the appropriate people have not elected to, and provided notice of the copyright termination, it is ineffective as a matter of law.

Luther Campbell, Christopher Wong Won, Jr. and Mark Ross have released any interest they have in the copyrights which they had transferred. Finally, the notice of copyright termination provided does not contain all of the requisite information. For all of these reasons, Lil' Joe is entitled (as a matter of law) to a declaration that (i) Luther Campbell, Luke Records and Mark Ross no longer possess the capacity to terminate the transfer of any copyright they had an interest in prior to their respective bankruptcy, (ii) Luther Campbell, Christopher Wong Won, Jr. and Mark Ross have released any interest they have in the copyrights at issue so they cannot terminate any transfer of it, (iii) all of Defendants were artists for hire, therefore they hold no termination rights; and (iv) the copyright termination notice at issue is ineffective to terminate the copyrights assigned to Lil' Joe.

## Summary Judgment Standard

"Summary Judgment may be granted when there are '... no genuine issues as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Schubot v.*

*McDonalds Corp.*, 757 F. Supp. 1351, 1355 (S.D. Fla. 1990); *see also* Fed. R. Civ. P. 56(c). "The mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is material to an issue affecting the outcome of the case." *Chapman v AI Transport,* 229 F.3d 1012, 1023 (11th Cir. 2000). "A fact is material if it is an essential element of the cause of action." *Schubot*, 757 F. Supp. at 1355. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is not material if, "no matter how it is resolved, it does not affect the Court's findings as a matter of law." *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1427 (S.D. Fla. 1996). "The Supreme Court has held that this standard is met if the moving party demonstrates that there is 'an absence of evidence to support the non-moving party's case.'" *Hall v. Burger King Corp.*, 912 F.Supp. 1509, 1516 (S.D. Fla. 1995)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

"Once a moving party has sufficiently supported its motion for summary judgment, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Hall*, 912 F.Supp. at 1516 (quoting *Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir. 1995) which in turn was quoting *Chanel, Inc. v. Italian Activewear, Inc.,* 931 F.2d 1472, 1477 (11th Cir. 1991)). "The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial." *Gordon v Target Corp.,* 2008 WL 2557509 *4 (S.D. Fla. June 23, 2008)(citing *Celotex Corp. v Catrett*, 477 U.S. 317, 322-323 (1986)); *Brown v Crawford,* 906 F.2d 667, 670 (11th Cir. 1990). "The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other

facts immaterial and requires the court to grant the motion for summary judgment." *Gordon,* 2008 WL 2557509 at *4.

"Speculation does not create a genuine issue of fact; indeed, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v Dillard's, Inc.,* 419 F.3d 1169, 1181 (11th Cir. 2005). "The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able to reasonably to find for the nonmovant." *Gordon,* 2008 WL 2557509 at *4 (citing *Anderson*, 477 U.S. at 249-252). Stated differently, a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue of fact.'" *Matsushita Electric Industrial Co., Ltd. v Zenith Radio Corp.,* 475 U.S. 574, 587 (1985).

"Summary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Hall*, 912 F.Supp. at 1517 (citing *Celotex*, 477 U.S. at 327). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. … If the evidence is merely colorable … or is not significantly probative … summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted). Because this standard is met, partial summary judgment in Lil' Joe's favor is mandated on Count I, declaring that defendants cannot and have not properly terminated the transfer to Lil' Joe and Weinberger of the copyright rights to *2 Live Crew*'s music.

### Facts

*2 Live Crew* was a notorious rap group comprised of 4 members: Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs. Statement of Material Facts in Support of

Moton for Partial Summary Judgment as to Count I for Declaratory Relief as to the Validity of the Copyright Termination Notice ("Statement") at p. 1, ¶ 1. Christopher Wong Won is deceased. Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won purport to be Christopher Wong Won's surviving children and heirs. Statement at pp. 1-2, ¶ 2. David Hobbs has not joined in the attempt at termination.

Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs transferred all of their copyright rights to *2 Live Crew*'s music and trademark rights in *2 Live Crew*'s marks and cover designs to Luke Records pursuant to various recording artists agreements[2]. Statement at pp. 2-3, ¶ 3. In the agreements transferring all of their copyright rights to *2 Live Crew*'s music to Luke Records, each of Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs agreed that all masters recorded by them, and all reproductions therefrom are Luke Records' property so that, among other things, Luke Records could copyright them as "employer-for-hire of such sound recordings…." Statement at pp. 2-3, ¶ 3. Their acknowledgment of "employee for hire" status is accurate, as each of them was an employee of Luke Records and *2 Live Crew*'s music was prepared within the scope of their employment. Statement at pp. 2-3, ¶ 3.

In 1995 (years after Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs transferred all of their copyright rights to *2 Live Crew*'s music and trademark rights in *2 Live Crew*'s marks and cover designs to Luke Records), Luther Campbell and Luke Records became the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida which were jointly administered (the "Luke Bankruptcy"). Statement at p. 4, ¶

---

[2] In Defendant's Termination Notice, Defendants claim they transferred the rights pursuant to recording agreements dated in 1987. But as set forth therein, those agreement do not support Defendants' position, because the agreements are undated, and no specific copyrights are defined therein.

5

4. Pursuant to the Joint Plan of Reorganization in the Luke Bankruptcy, all of the copyright rights to *2 Live Crew*'s music and compositions (the "2 Live Crew Copyrights") and trademark rights in *2 Live Crew*'s marks and cover designs were transferred to Lil' Joe and its owner, Joseph Weinberger, "free and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on any of the masters or compositions" are due to Luther Campbell or Luke Records, and Luther Campbell released, among others, Lil' Joe and Weinberger including "for royalties to be paid in the future" as a result of this transfer. Statement at p. 4, ¶ 5. At no time did Christopher Wong Won, Mark Ross or David Hobbs file a claim in the Luke's Bankruptcy Case asserting that they owned or were entitled to any rights to any of the 2 Live Crew Copyrights transferred to Lil' Joe and Weinberger. Statement at p. 4, ¶ 6. The 2 Live Crew Copyrights were not abandoned back to Luther Campbell and/or Luke Records. Statement at p. 5, ¶ 7.  Lil Joe has enjoyed these copyrights ever since.

In 2002, Christopher Wong Won was sued by Weinberger. Statement at p. 5, ¶ 8. Christopher Wong Won, in settling these claims, agreed that Lil' Joe "own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell", "releases any claims whatsoever to those works", and further agreed that "he has no further claims to any royalties to any of the works owned by" Lil' Joe. Statement at p. 5, ¶ 8. As a result of that settlement, Christopher Wong Won further released Lil Joe and Weinberger from, among other things, "[a]ll royalties, profits and other monies or payments at any time, directly or indirectly, due or to become due", "[a]ll rights to sue for infringements", and all rights to terminate. Statement at p. 5, ¶ 8.

6

On November 22, 2000, Mark Ross filed a bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama (the "Ross Bankruptcy"). Statement at p. 5, ¶ 9. In the Ross Bankruptcy, an adversary proceeding was commenced by Lil' Joe against Mark Ross and, in settling that claim, Mark Ross acknowledged that, other than writer's performance rights (which are not relevant to this proceeding), "he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. … and The *2 Live Crew* name which were previously owned by Luther Campbell and Luke Records…. Additionally, Debtor [(Mark Ross)] has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc." Statement at pp. 5-6, ¶ 9.

On or about November 4, 2020, each of the Defendants provided notice that they were purporting to terminate their copyright grants in the 2 *Live Crew* Copyrights pursuant to 17 U.S.C. §203 (the "Termination Notice."). Statement at p. 6, ¶ 10.

## **Declaration That Termination Of The Copyright Transfer Is Ineffective**

Since there were 4 members of 2 *Live Crew,* there must be 3 members seeking termination. As shown herein, none of the Defendants have valid termination rights.  Luther Records, Luther Campbell and Mark Ross lost their termination rights in their bankruptcy.  Mark Ross and Christopher Wong Won relinquished their termination right in settlement agreements with Lil' Joe and Luke Campbell, Christopher Wong Won and Mark Ross were each "artist" for "hire" and thus they have no rights of termination.  For all of these reasons, the Termination Notice is ineffective.

(i) Luther Campbell's And Mark Ross' Bankruptcies Divested Them Of Any Interest They Have In The 2 Live Crew Copyrights Including Any Ability To Terminate The Transfer Of The 2 Live Crew Copyrights

"In the case of any work <u>other than a work made for hire</u>, the exclusive or nonexclusive crew members, grant of a transfer or license of copyright or of any right under a copyright … is subject to termination under the following conditions…" **17 USC §203 (a)** (emphasis added). "In the case of a grant executed by two or more authors of a joint work, <u>termination of the grant may be effected by a majority of the authors who executed it</u>…." **17 USC §203 (a)(1)** (emphasis added)**.**

Since the grant of the 2 *Live Crew* Copyrights to Lil' Joe and Weinberger, which are the rights sought to be terminated, was by Luther Campbell and Luke Records by virtue of the Luke Bankruptcy, then the termination must be effected by those holding the rights of Luther Campbell and Luke Records (both being necessary to create the requisite majority). 17 USC §203 (a)(1)). That did not occur for two reasons.

First, quite simply, Luke Records did not join in the Termination Notice.

Second, any legal or equitable interest that Luther Campbell and Luke Records had in the 2 *Live Crew* Copyrights, whatever they are, remain the property of their bankruptcy estates represented by their bankruptcy trustee. "A debtor's bankruptcy petition creates a legal fiction known as a 'bankruptcy estate' into which the debtor (or trustee appointed to run the debtor's estate) places all of his assets.' … 'All the 'legal or equitable interests' the debtor had in his property pre-petition become property of the bankruptcy estate and are represented by the bankruptcy trustee.'" *Cardwell v Bankruptcy Estate of Joel Spivey (In re Douglas Asphalt Co.),* 483 BR 560, 571 (Bankr. S.D. Ga. 2012)(citation omitted); *Russ v Jackson County School Board,* 530 F.Supp. 3d 1074, 1079 (N.D. Fla. 2021)("When a debtor files a [bankruptcy] petition, his assets, with specified exemptions, are immediately transferred to a bankruptcy estate."); 11 USC §541(a)(1). Bankruptcy Code "Section 541(a)(1) 'is all-encompassing, and Congress meant for it to be construed commensurately.'" *Russ,* 530 F.Supp 3d at 1079. "The Bankruptcy Code

8

defines a bankrupt's estate broadly to encompass all kinds of property, including intangibles…." *Id.* at 1080.

"Under section 541(a)(1), the debtor's bankruptcy estate is comprised of 'all legal or equitable interests of the debtor in property as of the commencement of the case.' 11 USC §541(a)(1). Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition." *Russ,* 530 F.Supp 3d at 1079-80. "A debtor's failure to list a claim or cause of action 'on a bankruptcy schedule leaves that interest in the bankruptcy estate.'" *Id.* at 1082. "Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code." *Id.* The 2 Live Crew Copyrights were not abandoned by the bankruptcy trustees back to Luther Campbell and Luke Records. To the contrary they were transferred to Lil' Joe. Statement at p. 5, ¶ 7. "After the bankruptcy case has been closed, 'property of the estate that is not administered in the bankruptcy proceedings remains the property of the estate.'" *Russ,* 530 F.Supp 3d at 1082. Consequently, as a result of the Luke Bankruptcy, whatever interest Luther Campbell and Luke Records had in the 2 *Live Crew* Copyrights, including, but not limited to, any termination rights, are not theirs to exercise.

"Because a Chapter 7 debtor forfeits his prepetition assets to the estate, only the Chapter 7 trustee, not the debtor, has standing to pursue" that asset. *Russ,* 530 F.Supp 3d at 1082. "A bankruptcy 'trustee, as representative of the bankruptcy estate, is the only proper party in interest, and is the only party' who can pursue these interests. *Id.* Accordingly, it is the trustee of the Luke Bankruptcy, not Luther Campbell, who can elect to terminate the 2 *Live Crew* Copyrights.

In the event that the grant of the 2 *Live Crew* Copyrights is deemed to have been provided by Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs, the Termination Notice would likewise be ineffective. To be valid, the Termination Notice would require the assent of 3 of the 4 members of 2 *Live Crew* in order to constitute a majority. 17 USC §203 (a)(1). The Termination Notice is signed by Luther Campbell, Mark Ross and the representatives of the deceased Christopher Wong Won. As previously discussed, Luther Campbell no longer possesses that right to exercise it. *Supra* at pp 7-8. Mark Ross suffers from the same infirmity due to the Ross Bankruptcy. *Id.* No matter how you cut it, the Termination Notice is ineffective.

"[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 USC §2201(a). "The purpose behind the Declaratory Judgment Act is to afford a form of relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Rozier v Hartford Insurance Co. of the Midwest,* 2014 U.S. Dist. LEXIS 166461 * 10 (S.D. Fla. Dec. 1, 2014). Declaratory relief is justified when "it will serve a useful purpose to clarify and settle the parties' rights." *Id.* Here, declaratory relief will resolve the parties' dispute over whether the Termination Notice is effective to terminate the transfer of the 2 *Live Crew* Copyrights. Defendants acknowledge that declaratory relief is appropriate, having sought it themselves on the same question. Answer and Counterclaim [DE 12] at pp. 13-17.

    (ii)    <u>Luther Campbell, Christopher Wong Won And Mark Ross Have Released Any Interest They Have In The 2 *Live Crew* Copyrights So They Cannot Terminate Any Transfer Of It</u>

Each of Luther Campbell, Christopher Wong Won and Mark Ross released any claim "for royalties to be paid in the future" as a result of the transfer of the *2 Live Crew* Copyrights, Statement at pp. 3-4, ¶ 5 (Luther Campbell), "[a]ll royalties, profits and other monies or payments

10

at any time, directly or indirectly, due or to become due in connection with, relating to or in respect of" the *2 Live Crew* Copyrights, Statement at p. 5, ¶ 8 (Christopher Wong Won), and "no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. and Lil Joe Wein Music, Inc. and The 2 Live Crew name which were previously owned by Luther Campbell and Luke Records [and] has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc", Statement at p. 5, ¶ 9 (Mark Ross). "A release is an outright cancellation or discharge of the entire obligation…." *Rosen v Florida Ins. Guaranty Association,* 802 So. 2d 291, 295 (Fla. 2001); *In re: Stein Mart, Inc.,* 629 B.R. 516, 523 (Bankr. M.D. Fla. 2021). Having released any right to the 2 *Live Crew* Copyrights and the royalties therefrom, each of Luther Campbell, Christopher Wong Won and Mark Ross have "outright cancel[ed] or discharged" anything related to the 2 Live Crew Copyrights, therefore extinguishing any ability to terminate their transfer which would recover rights or royalties they have relinquished.

    (iii)    <u>The *2 Live Crew* Copyrights Were Each Works Made For Hire Whose Transfer Cannot Be Terminated</u>

The transfer of a copyright in a "work made for hire" is not subject to termination. 17 USC §203(a)("In the case of any work <u>other than a work made for hire</u>…."); *Ennio Morricone Music Inc. v Bixio Music Group Ltd.,* 936 F.3d 69, 73 (2nd Cir. 2019). "A 'work made for hire' is … a work prepared by an employee within the scope of his or her employment…." 17 USC §101. This requirement to qualify a work as a 'work made for hire' is straightforward and easy to apply. *Ennio,* 936 F.3d at 73.

Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs each agreed in the recording contracts at issue that the 2 *Live Crew* Copyrights were works made for hire. Statement at p. 2, ¶ 3. Their acknowledgment is accurate, as each of them was an employee of Luke Records and the 2 *Live Crew* Copyrights were prepared within the scope of their

11

employment. Statement at pp. 2-3, ¶ 3. "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 USC §201(b).

      (iv)    <u>Even If The Defendants Could Terminate The Transfer Of The *2 Live Crew* Copyrights, The Termination Notice Is Defective</u>.

A notice of termination pursuant to 17 U.S.C. §203 "must include a clear identification of", among other things, "[t]he date of execution of the grant being terminated and, if the grant covered the right of publication of a work, the date of publication of the work under the grant." 37 CFR 201.10(b)(2)(iii). "Clear identification" of this information "requires a complete and unambiguous statement of facts in the notice itself, without incorporation by reference of information in other documents or records." 37 CFR 201.10(b)(3). The Termination Notice fatally neglects to include this necessary information.[3]

## **CONCLUSION**

For the foregoing reasons, this Court should enter a partial summary judgment in favor of Lil' Joe Records, Inc. and against Mark Ross, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell, and declaring that (i) Luther Campbell, Luke Records, Inc. and Mark Ross no longer possess the capacity to terminate any copyright they had an interest in prior to their respective bankruptcy, (ii) Luther Campbell, Christopher Wong Won and Mark Ross have released any interest they have in the copyrights at issue so they cannot terminate any transfer of it, (iii) the copyrights at issue are works made for hire which cannot be terminated, and, for the foregoing and other reasons, (iv) defendants have not terminated the

---

[3] To the extent that Defendants rely upon a undated contract effective 1/1/87, that contract cannot support the termination rights because it is undated and there is no description of the Copyrights being transferred *See* Sec 201.10 (b) (2) (111).

transfer to Lil' Joe Records, Inc. and Joe Weinberger of the copyright rights to *2 Live Crew*'s music by the Termination Notice.

                WOLFE LAW MIAMI PA
                175 SW 7th Street, Suite 2410
                Miami, Florida 33130
                P: 305.384.7370
                F: 305.384.7371
                Email: rwolfe@wolfelawmiami.com

      By:   /s/ Richard C. Wolfe
                Richard C. Wolfe, Esq.
                Florida Bar No.: 355607

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

    Scott Burroughs, Esq.
    DONIGER BURROUGHS
    603 Rose Avenue
    Venice, California 95692
    scott@donigerlawfirm.com

    Joel Rothman, Esq.
    SRIP LAW
    21301 Powerline Road, Suite 400
    Boca Raton, Florida 33433
    Joel@sriplaw.com

                          /s/ Richard C. Wolfe
                          Richard C. Wolfe