UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

      Plaintiffs

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

      Defendants

_____/

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT I**
**FOR DECLARATORY JUDGMENT AS TO THE VALIDITY**
**OF THE COPYRIGHT TERMINATION NOTICE**

Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), pursuant to S.D. Fla. L.R. 56.1 hereby provides

this statement of material facts supporting its Motion for Partial Summary Judgment as to Count I

for Declaratory Judgment as to the Validity of the Copyright Termination Notice as follows:

      1.    *2 Live Crew* was a notorious rap group comprised of Luther Campbell, Christopher

Wong Won, Mark Ross and David Hobbs. Answer and Counterclaim [DE 12] at p. 14, ¶ 9;

Affidavit of Joseph Weinberger in Support of Motion for Partial Summary Judgment as to Count

I for Declaratory Judgment as to the Validity of the Copyright Termination Notice ("Affidavit")

at p. 2, ¶ 3.

      2.    Christopher Wong Won is deceased. Christopher Wong Won, Jr., Roderick Wong

Won, Leterius Ray and Anissa Wong Won purport to be his surviving children and heirs. Answer

and Counterclaim [DE 12] at p. 2, ¶ 11; Affidavit at p. 2, ¶ 4. Neither Christopher Wong Won, Jr.,

Roderick Wong Won, Leterius Ray nor Anissa Wong Won deny that they are Christopher Wong Won's surviving child or grandchild, but are "without sufficient information" to admit or deny. Defendant Christopher Wong Won, Jr.'s Responses to Plaintiff's First Set of Requests for Admission, Defendant Roderick Wong Won's Responses to Plaintiff's First Set of Requests for Admission; Defendant Leterius Ray's Responses to Plaintiff's First Set of Requests for Admission and Defendant Anissa Wong Won's Responses to Plaintiff's First Set of Requests for Admission (Request No. 1).

3.      Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs transferred all of their copyright rights to *2 Live Crew*'s music and trademark rights in *2 Live Crew*'s marks and cover designs to Luke Records, Inc. f/k/a Skyywalker Records, Inc. ("Luke Records"). Complaint Ex A [DE 1-2] (Exclusive Recording Agreement dated April 1991, between Luke Records, Inc. and Chris Wong Won, Exclusive Recording Agreement dated April 1991, between Luke Records, Inc. and Mark Ross and David Hobbs, Exclusive Recording Agreement dated February 1991, between Luke Records, Inc. and Mark Ross, Chris Wong Won, David Hobbs and Luther Campbell); Affidavit at p. 2, ¶ 5. Each of Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs agreed that Luke Records "shall own all master recordings embodying the performance of Artist made hereunder and all derivatives of the same; and [Luke Records] shall further own all of the performances of Artist embodies in said master recordings and derivatives thereof" and Luke Records "shall have the right to assign and otherwise transfer such copyrights to any third party, free and clear of any claim by Artist or any person, firm or corporation, deriving any rights from Artist." Affidavit at p. 2, ¶ 5 (found in the Recording Agreement between Skyywalker Records, Inc. and Luther Campbell, David Hobbs, Chris Wong Won and Marquis

2

Ross (the "Recording Agreement") at §2(d)). They also acknowledged that their sound recordings are works for hire, Complaint Ex A [DE 1-2] (found in each of the Exclusive Recording Agreements at §5(c)); Affidavit at p. 2, ¶ 5 (found in the Recording Agreement at §§4-5), which Luke Records could copyright as "employer-for-hire of such sound recordings", Complaint Ex A [DE 1-2] (found in each of the Exclusive Recording Agreements at §5(c)). Their acknowledgment is accurate, as each of them was an employee of Luke Records and *2 Live Crew*'s music was prepared within the scope of their employment. Affidavit at p. 2, ¶ 5; Affidavit of Herman Moskowitz in Support of Motion for Partial Summary Judgment as to Count I for Declaratory Judgment as to the Validity of the Copyright Termination Notice. Defendants cannot challenge this, as they profess to be "without sufficient information to admit or deny" requests asking them to "[a]dmit that Chris Wong Won, Mark Ross and David Hobbs did not obtain any ownership interest in their contributions or copyrights created and owned by Luke Records", "[a]dmit that in or about 1991, Chris Wong Won, Mark Ross and David Hobbs transferred all of their copyright rights to 2 Live Crew's music and trademark rights in 2 Live Crew's marks and cover designs to Luke Records" and "[a]dmit that Luther Campbell was an employee of Luke Records." Defendant Luther Campbell's Responses to Plaintiff's First Set of Requests for Admission, Defendant Mark Ross' Responses to Plaintiff's First Set of Requests for Admission, Defendant Christopher Wong Won, Jr.'s Responses to Plaintiff's First Set of Requests for Admission, Defendant Roderick Wong Won's Responses to Plaintiff's First Set of Requests for Admission, Defendant Leterius Ray's Responses to Plaintiff's First Set of Requests for Admission and Defendant Anissa Wong Won's Responses to Plaintiff's First Set of Requests for Admission (collectively the "Defendants Responses to Request for Admissions")(Request Nos. 4, 5 & 7).

4.      In 1995 (years after Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs transferred all of their copyright rights to *2 Live Crew*'s music and trademark rights in *2 Live Crew*'s marks and cover designs to Luke Records), Luther Campbell and Luke Records became the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida which were jointly administered (the "Luke Bankruptcy"). Affidavit at p. 2, ¶ 6.  Defendants, even Luther Campbell himself, are "without sufficient information to admit or deny this…." Defendants Responses to Request for Admissions (Request No. 8).

5.      Pursuant to the Joint Plan of Reorganization in the Luke Bankruptcy, all of the copyright rights to *2 Live Crew*'s music and compositions and trademark rights in *2 Live Crew*'s marks and cover designs were transferred to Lil' Joe and Joseph Weinberger ("Weinberger") "free and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on any of the masters or compositions" are due to Luther Campbell or Luke Records, and Luther Campbell released, among others, Lil' Joe and Weinberger, including "for royalties to be paid in the future" as a result of this transfer. Complaint Ex B [DE 1-3] (Joint Plan of Reorganization in Luke Bankruptcy), Affidavit at p. 3, ¶ 7. Defendants are "without sufficient information to admit or deny this…." Defendants Responses to Request for Admissions (Request Nos. 9, 10 & 11).

6.      At no time did Christopher Wong Won, Mark Ross or David Hobbs file a claim in the Luke Bankruptcy asserting that they owned or were entitled to any rights appurtenant to any of the 2 Live Crew copyrights transferred to Lil' Joe and Weinberger. Affidavit at p. 3, ¶ 8. Defendants are "without sufficient information to admit or deny this" as to Christopher Wong Won or Mark Ross. Defendants Responses to Request for Admissions (Request Nos. 12 & 13).

7.      The 2 Live Crew copyrights transferred to Lil' Joe and Weinberger were not abandoned back to Luther Campbell and/or Luke Records. Affidavit at p. 3, ¶ 9.

8.      In 2002, Weinberger sued Christopher Wong Won. Affidavit at p. 3, ¶ 10. Christopher Wong Won, in settling the claims asserted against him, agreed that Lil' Joe "own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell", "releases any claims whatsoever to those works", and further agreed that "he has no further claims to any royalties to any of the works owned by" Lil' Joe. Affidavit at pp. 3-4, ¶ 10 (Settlement Agreement in *Joseph Weinberger v Christopher Wong Won,* Eleventh Judicial Circuit Court, Miami-Dade County, Florida, Case No 02-05481 CA 25). As a result of that settlement, Christopher Wong Won further released Lil' Joe and Weinberger from, among other things, "[a]ll royalties, profits and other monies or payments at any time, directly or indirectly, due or to become due", "[a]ll rights to sue for infringements", and all rights to terminate. Affidavit at p. 4, ¶ 10 (release filed with U.S. Copyright Office).

9.      On November 22, 2000, Mark Ross filed a bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama (the "Ross Bankruptcy"). Affidavit at p. 4, ¶ 11. In the Ross Bankruptcy, an adversary proceeding was commenced by Lil' Joe against Mark Ross and, in settling that claim Mark Ross acknowledged that, other than writer's performance rights which are not relevant to this proceeding, "he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. and Lil Joe Wein Music, Inc. and The 2 Live Crew name which were previously owned by Luther Campbell and Luke Records.... Additionally, Debtor [( Mark Ross)] has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc." Affidavit at p. 4, ¶ 11. Defendants, even Mark Ross himself, are "without sufficient

information to admit or deny this….." Defendants Responses to Request for Admissions (Request No. 19).

10.     On or about November 4, 2020, each of the defendants provided notice that they were purporting to terminate their copyright grants pursuant to 17 U.S.C. §203. Answer and Counterclaim [DE 12] at p. 15, ¶ 12.

<div style="margin-left:40%">

WOLFE LAW MIAMI PA
175 SW 7th Street, Suite 2410
Miami, Florida 33130
P: 305.384.7370
F: 305.384.7371
Email: rwolfe@wolfelawmiami.com

By:     /s/ Richard C. Wolfe
          Richard C. Wolfe, Esq.
          Florida Bar No.: 355607

</div>

<div style="text-align:center">

CERTIFICATE OF SERVICE

</div>

I hereby certify that on September 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100

<div style="margin-left:50%">

/s/ Richard C. Wolfe
Richard C. Wolfe

</div>