# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CHAPTER 11

CASE NO.

In re

LUKE RECORDS, INC.,

  Debtor.

FILED
MIAMI, FLORIDA
MAR 2̶2̶ 1996
CLERK, UNITED STATES
BANKRUPTCY COURT
SO. DIST. OF FLORIDA

CHAPTER 11

CASE NO. 95-12785-BKC-RAM

In re

LUTHER CAMPBELL,

  Debtor.

## ORDER CONFIRMING JOINT PLAN OF REORGANIZATION

  THIS CAUSE came before the Court on Wednesday, March 20, 1996 at 10:00 a.m. and Friday, March 22, 1996 at 1:00 p.m. upon the confirmation hearing of the Joint Plan of Reorganization (the "Plan") proposed by Luke Records, Inc., debtor in possession ("Luke Records"), Luther Campbell, debtor in possession (together with Luke Records, the "Debtors") and the Official Committee of Unsecured Creditors of Luke Records in the above-captioned Chapter 11 cases. The Court having read and considered the Plan, the Letter of Intent (the "Letter of Intent") attached as Exhibit "A" to the Plan, and the accompanying Disclosure Statement, the Affidavit of the Debtors, the proposed amendment to the

Distribution Agreement (as hereinafter defined), the H-Town Agreement (as hereinafter defined), the accommodation letter dated March 18, 1996 from James P.S. Leshaw to Frank P. Terzo (the "Accommodation Letter"), pursuant to which RED Distribution, Inc. ("RED") has agreed to modify the timing of its receipt of payments under the Letter of Intent and Plan, having heard and considered the argument and proffers of counsel on the record at the hearing, and otherwise being duly advised in the premises, the Court hereby finds and determines as follows:

A.  The solicitation of acceptances from holders of claims and interests has been made in the manner required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and prior Orders of this Court.

B.  The sale of the Debtors' assets to Joseph Weinberger and Lil' Joe Records, Inc. (together, "Weinberger") pursuant to the terms of the Plan and the Letter of Intent is in the best interest of each of the Debtors' estates. The Letter of Intent and all transactions contemplated thereby are a necessary and integral part of the Plan. Weinberger is an independent third-party purchaser and the Letter of Intent was negotiated in good faith and at arms'-length.

C.  The sale of the Debtors' assets to Luther Campbell ("Campbell") pursuant to the terms of the Letter of Intent is in the best interest of each of the Debtors' estates.

2

D. Weinberger and Campbell are good faith purchasers as that term is used in 11 U.S.C. § 363(m) and are entitled to all of the protection of a good faith purchaser pursuant thereto.

E. The Plan has been proposed in good faith and not in any manner forbidden by law.

F. The H-Town Agreement is in the best interest of each of the Debtors' estates.

Accordingly, it is hereby,

ORDERED AND ADJUDGED as follows:

1. The Plan complies with the applicable provisions of title 11 of the United States Code.

2. The proponents of the Plan have complied with the applicable provisions of title 11 of the United States Code.

3. The Plan has been proposed in good faith and not by any means forbidden by law.

4. Any payments made or to be made by the proponents of the Plan, by the Debtors, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the bankruptcy court as reasonable.

5. The proponents of the Plan have disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtors, affiliates of the Debtors participating in a joint plan with the Debtors, or a successor to the Debtors under

the Plan. The appointment to, or continuance in, such offices of such individuals, is consistent with the interest of creditors and equity security holders and with public policy, and the proponents of the Plan have disclosed the identity of any insider that would be employed or retained by the reorganized Debtors and the nature of any compensation for such insiders.

6. There are no governmental or regulatory commissions with jurisdiction, after confirmation of the Plan, over the rates of the Debtors.

7. Each impaired class of claims or interests has accepted the Plan. Section 1111(b)(2) of the Bankruptcy Code is not applicable.

8. Except to the extent the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that (A) with respect to a claim of a kind specified in Section 507(a)(1) or 507(a)(2) of the Bankruptcy Code, on the Effective Date of the Plan, the holder of such claim would receive on account of such claim cash equal to the allowed amount of such claim; (B) with respect to a class of claims of a kind specified in Sections 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of the Bankruptcy Code, each holder of a claim of such class will receive deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim. With respect to a claim of a kind specified in Section 507(a)(8) of the Bankruptcy Code the holder of such claim will receive on account of such claim deferred cash payments over a period not exceeding six

4

years after the date of assessment of such claim, of a value as of the Effective Date of the Plan equal to the allowed amount of such claim.

9.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors under the Plan, except to the extent that such liquidation is contemplated with respect to Luke Records.

10. All fees payable under Section 1930 of Title 28 have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan.

11. There are no "retiree benefits" as that term is defined in Section 1114 of the Bankruptcy Code.

12. The Plan complies with all the requirements of 11 U.S.C. § 1129.

13. The Liquidating Trustees shall make all payments required to be made under the Plan (as modified by the Accommodation Letter) on the Effective Date of the Plan, and shall pay all postconfirmation fees payable pursuant to 28 U.S.C. 11 U.S.C. § 1930. Jonathan K. Winer, Esq., counsel for Luke Records, and Jay Gamberg and Mark Cohen, counsel for Luther Campbell, shall file Motions for Decrees Closing Cases within sixty (60) days after the Effective Date of the Plan. Failure to timely file said Reports will result in the imposition of sanctions, which may include the return of attorneys' fees.

14.   Subject to satisfaction of the terms and conditions of the Plan and Letter of Intent, the Agreement dated August 26, 1994 (as amended, the "Distribution Agreement") between RED Distribution, Inc. ("RED") and Luke Records is hereby further amended in accordance with the terms of the amendment dated March 19, 1996 (the "Amendment") between Weinberger and RED, and the Distribution Agreement, as amended by the Amendment, shall be assumed pursuant to Section 365(a) of the Bankruptcy Code and assigned to Lil' Joe Records, Inc. ("Lil' Joe") pursuant to Section 365(f) of the Bankruptcy Code. The Distribution Agreement and the Amendment are a necessary and integral part of the Plan.

15.   Frank P. Terzo is hereby appointed Liquidating Trustee for the estate of Luke Records. Richard Wolfe is hereby appointed Liquidating Trustee for the estate of Luther Campbell (together with Frank Terzo, the "Liquidating Trustees").

16.   Each of the releases provided for in the Plan is hereby approved as reasonable.

17.   Luther Campbell has failed to make the election provided for in paragraph I A 13 of the Letter of Intent. As such, each of the assets provided for therein shall be transferred to Weinberger in accordance with the terms of the Letter of Intent.

18.   The Creditors' Committee has been unable to sell the H-Town Hard Assets. Accordingly, the provisions of paragraph V C 1 c (i)-(iv) of the Letter of Intent are applicable and the parties are required to comply with the terms thereof.

19. The Plan is hereby modified to the extent set forth in this paragraph. The Plan, as modified hereby, is the Plan. None of the modifications provided for herein adversely affects the treatment of any creditor under the Plan. Accordingly, no additional disclosure, solicitation or notice is required.

A. In addition to the other assets to be transferred to Weinberger under the terms of the Plan and the Letter of Intent, Luke Records is hereby directed to transfer and assign to Weinberger its UPC vendor number and alternate vendor number, and all of its right, title and interest in and to each contract rejected pursuant to Section 365 of the Bankruptcy Code, subject to the Liquidating Trustees' right to assert defenses, recoupment or setoff.

B. Paragraph I O and IV F of the Letter of Intent is hereby deleted in its entirety and replaced with the following language:

> On or before March 28, 1996, Luke Records or Luther Campbell as the case may be shall, at the sole cost and expense of Weinberger, transport all original documents, inventory, artwork, DATS and masters to a location selected by Weinberger and acceptable to Frank Terzo. Frank Terzo shall be given the only key to such location, but shall permit reasonable inspection by Weinberger until the closing hereunder. The parties shall use good faith to accomplish the purpose of this provision.

7

C.   Paragraph I W of the Letter of Intent is hereby deleted in its entirety and replaced with the following language:

> On or before March 27, 1996, Weinberger shall deposit into an interest bearing trust account at Semet Lickstein, the sum of $80,000 towards the purchase price set forth in paragraph V above.

D.   Paragraph I V of the Letter of Intent is hereby modified such that all funds to be paid by Weinberger thereunder shall be deposited into the trust account of Coll, Davidson, Carter, et al no less than one day before the Effective Date of the Plan, and shall be released on the Effective Date, subject to the terms and conditions of the Letter of Intent.

E.   Paragraph IV C 1 and 2 of the Letter of Intent are hereby deleted in their entirety and replaced with the following language:

> 1.   Within one day after the Confirmation Order becomes a Final Order, the sum of $100,000 is to be deposited into Jay Gamberg's trust account. Such funds shall be released to the Luke Records Liquidating Trustee on the Effective Date, subject to the terms and conditions of the Letter of Intent.
>
> 2.   Within one day after the Confirmation Order becomes a Final Order, the sum of $100,000 plus the costs described in paragraph a.(1) shall be deposited into Jay Gamberg's trust account. Such funds shall be released to the Luther Campbell Liquidating Trustee on the Effective Date, subject to the terms and conditions of the Letter of Intent.

8

F. The reference to "five (5)" in paragraph VI L of the Letter of Intent is hereby deleted and replaced with "twelve (12)".

G. The reference to "five (5)" in paragraph I 13 of the Plan is hereby deleted and replaced with "twelve (12)."

H. Paragraph V D 2c 3 and 4 of the Letter of Intent are hereby deleted in their entirety.

I. The following language shall be added as Paragraph I Z of the Letter of Intent:

> Z. The accounts receivable from INDI and its affiliates ("INDI") listed on schedule B to the Letter of Intent shall be conveyed to the Luke Records Liquidating Trustee, and the Luke Records Liquidating Trustee shall pay to Weinberger 20% of the cash proceeds (net of fees and costs) received by the Luke Records Liquidating Trustee from any lawsuit brought by the Luke Records Liquidating Trustee against INDI. Any inventory recovered in such action will also be turned over immediately to Weinberger pursuant to paragraph I 4 of this Letter.

J. Section I 14 of the Plan is hereby deleted in its entirety and replaced with the following language:

> 14. "Final" means, with respect to any order, decree or judgment of any court, that such order, decree or judgment is no longer subject to rehearing, as to which no motion for rehearing is

9

then pending, and which is not subject to a stay.

K. Paragraphs VI(A)(4)(n) and VII(A)(4)(n) of the Plan is hereby deleted in its entirety and replaced with the following language:

> (n) The Trustee shall not be personally liable to the trust or to the holder of any claim, future claim or interest, except for such of his own acts as shall constitute bad faith, willful misconduct, or willful disregard of his duties except as aforesaid, the Trustee shall be entitled to be exonerated and indemnified from time to time from the trust assets against any and all losses, claims, costs, expenses and liabilities arising out of or in connection with the trust assets or the affairs of the trust. The foregoing provisions of this section shall also extend to the employees, representatives and agents of the trust, as the case may be.

L. Paragraph VII.A.4.m of the Plan is hereby deleted in its entirety and replaced with the following language:

> m. The Liquidating Individual Trustee shall receive reasonable compensation for his services based upon a reasonable hourly rate.

20. The Letter of Intent and the Plan as modified by this Order are hereby APPROVED and CONFIRMED and the parties are authorized and directed to perform thereunder.

21. The Agreement dated March 22, 1996, including the exhibits thereto (the "H-Town Agreement"), by and among RED, Luke Records, the Official Committee of Unsecured Creditors of Luke Records, Darryl Lynn Jackson, Solomon Conner and Delando Omigo Conner (collectively p/k/a "H-Town") is hereby approved in its entirety pursuant to Federal Rule of Bankruptcy Procedure 9019. The H-Town Agreement is a necessary and integral part of the Plan. The Exclusive Recording Agreement between Luke Records and H-Town, dated February 9, 1993 (as amended, the "H-Town Recording Agreement"), shall survive this bankruptcy case to the full extent provided for in the H-Town Agreement. 80% of the sum payable by H-Town pursuant to Paragraph 2 of the H-Town Agreement shall inure to the benefit of the Luke Records Liquidating Trustee. The remaining 20% of the proceeds of the sum payable by H-Town pursuant to Paragraph 2 of the H-Town Agreement shall inure to the benefit of the Luther Campbell Liquidating Trustee.

22. The Debtors and the Liquidating Trustees are hereby authorized and directed to comply with the terms of the Plan and the Letter of Intent, and are authorized and directed to execute and deliver any and all documents as may be reasonably necessary to comply with the terms of the Plan and the Letter of Intent.

23. Except for the Distribution Agreement and the H-Town Recording Agreement (as modified by the H-Town Agreement), all executory contracts and unexpired leases of the Debtors are hereby rejected pursuant to Section 365(a) of the Bankruptcy Code. Parties to such rejected contracts and leases are directed to file

proofs of claim for rejection damages within thirty days after the date hereof, or be forever barred from asserting such claims.

24. Weinberger and Campbell are good faith purchasers as that term is used in 11 U.S.C. § 363(m), and are entitled to all of the protection of good faith purchasers pursuant thereto.

25. The transfer of assets from Pac Jam Publishing, Inc. is fair and reasonable and supported by valid consideration.

26. All the assets to be transferred under the Plan, the Letter of Intent or this Order shall, except as otherwise expressly provided for in the Plan, the Letter of Intent or the Amendment, be transferred free and clear of any interest in such property of an entity other than the Debtors.

27. Upon entry of this Order, the Debtors shall immediately transfer all funds in their respective debtor in possession accounts to the applicable Liquidating Trustee, without prejudice to Luke Records' right to claim use of a portion of these funds for expenses already incurred; provided that at least $5,000 of such funds shall be available for distribution pursuant to the terms of the Plan and Letter of Intent.

28. The issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer under the Plan, the Letter of Intent, the Distribution Agreement, the Amendment, or the H-Town Agreement may not be taxed under any law imposing a stamp tax or a similar tax.

29. If the transactions contemplated by the Letter of Intent and the Plan are not closed on or before 15 days after entry

of this Order, upon motion made by any party in interest, *or on the Court's own motion,* the Court shall consider whether to vacate this Order pursuant to Federal Rule of Civil Procedure 60(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 9024. Nothing in this paragraph shall impair the ability of the parties to close the transactions contemplated by the Letter of Intent or the Plan while such a motion is pending, affect the application of Section 363(m) of the Bankruptcy Code to the transactions contemplated by the Plan or Letter of Intent, or otherwise affect the "substantial consummation" of the Plan.

30. If Weinberger fails to post the $80,000 deposit required by Paragraph I W of the Letter of Intent as modified herein, and the transactions contemplated by the Plan and Letter of Intent are not consummated as a result of the fault of Weinberger, then no earlier than the thirteenth day following entry of this Order, the Court shall enter a judgment against Weinberger in the amount of $80,000.

31. Notwithstanding anything to the contrary contained in the Plan or Letter of Intent, Weinberger shall be responsible for payment of RED's unrecouped balance accruing on and after the day that is seven days before the closing of the transactions contemplated by the Plan and Letter of Intent, and the Luke Records Estate and Liquidating Trustee shall be responsible for the payment of RED's unrecouped balance accruing before such date.

32. Campbell is discharged from any debt that arose before the date of confirmation of the Plan, and any debt of a kind

13

specified in 11 U.S.C. § 502(g), (h) or (i), except as provided in the Plan, Letter of Intent or this Order. Any judgment obtained in any court other than this Court is null and void as a determination of personal liability of Campbell for debts dischargeable under 11 U.S.C. § 523 unless determined by order of this Court to be nondischargeable.

33. The parties shall act in good faith to consummate the transactions contemplated by the Plan and Letter of Intent.

34. The Court shall retain jurisdiction in accordance with the terms of the Plan and the Letter of Intent.

35. This Order shall be deemed to be entered immediately upon the issuance thereof, and the Clerk of the Court is hereby directed to enter this Order on the docket as of the date hereof.

DONE AND ORDERED in Miami, Southern District of Florida, this 22nd day of March, 1996.

ROBERT A. MARK
U.S. Bankruptcy Judge

Copies furnished to:

James P.S. Leshaw, Esq.
Frank P. Terzo, Esq.
Howard Berlin, Esq.
Jay Gamberg, Esq.
Marc Cohen, Esq.
Jonathan K. Winer, Esq.
Yale Fishman, Esq.
United States Trustee

[Attorney Winer is directed to mail a conformed copy of this Order to all creditors and other interested parties in the Luke Records

14

case, and attorney Gamberg is directed to mail a conformed copy of this Order to all creditors and other interested parties in the Luther Campbell case, as their names and addresses appear on the Debtors' mailing matrices immediately upon receipt of same and file a Certificate of Service with the Court.]



15