# EXHIBIT 70

JUN-24-2003 TUE 04:53 PM                FAX NO.                                P. 02
JUN-24-2003  15:23   FROM-WAMPLER BUCHANAN WALKER    +3055778545    T-678  P.002/004  F-614

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 02-05481 CA 25

JOSEPH WEINBERGER,

    Plaintiff/Counter Defendant,

vs.

CHRISTOPHER WONG WON, et al.,

    Defendants/Cross Defendants.

_____/

## SETTLEMENT AGREEMENT

Terms of the Settlement Agreement due on June 24, 2003, to be documented and amounts to be paid within fifteen (15) days of today.

1.     As between HFC and WEINBERGER, WEINBERGER agrees to pay HFC Two Hundred Thirty Thousand ($230,000.00) Dollars in return for which HFC will assign all right, title and interest in the Promissory Note and Mortgage with the Wong Wons to Weinberger without recourse.

2.     As between HFC, Weinberger and the Wong Wons, HFC and Weinberger agree to accept a Deed in Lieu of Foreclosure executed by Mr. and Mrs. Wong Won retaining mortgage liens on the subject property. The Wong Wons agree to surrender possession of the property upon execution of the Deed in Lieu. There is no tenant in possession. The Wong Wons will commit no waste on its property. HFC and Weinberger agree to seek no personal judgment against the Wong Wons and agree not to report the matter to any credit agency.

3.     As between Weinberger and Christopher Wong Won, Lil' Joe Records, Inc.

<div style="writing-mode: vertical-rl;">21363 PG 3923</div>

RECEIVED  JUN-24-2003  15:07    FROM-306 577 9645    TO-WAMPLER BUCHANAN WAL    PAGE 002

RECEIVED  JUN-24-2003  15:28    FROM-           TO-WAMPLER BUCHANAN WAL    PAGE 002



JUN-24-2003 TUE 04:54 PM          FAX NO.                          P. 03

JUN-24-2003  15:24   FROM-WAMPLER BUCHANAN WALKER         ·  +3055778545        T-678  P.003/004  F-614

and Lil' Joe Wein Music, Inc. ("Lil' Joe Companies"), these will exchange general releases of any and all claims whatsoever through this date.  Wong Won agrees that the Lil' Joe Companies own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell. Christopher Wong Won releases any claims whatsoever to those works and to any works created for the Lil' Joe Companies.

4. Wong Won agrees that there are no royalties owed to him from the Lil' Joe Companies. Wong Won agrees he has no future claims to any royalties to any of the existing works owned by the Lil' Joe Companies.

5. Lil' Joe Records agrees to license the trademark "The 2 Live Crew" to Christopher Wong Won for a period of three (3) years renewable by Wong Won for three (3) year terms thereafter. The license shall be solely for live performances. Wong Won shall have no right to re-record any works of the Lil' Joe Companies under the license. The fees for the license shall be $100.00 per performance payable fourteen (14) days after the performance. An additional condition of the license is that there will be no criminal felony conviction of Mr. Wong Won during its term. The license is cancelable upon default in payment or upon felony conviction.

6. In the event there should be a reunion of the original members of The 2 Live Crew, (Christopher Wong Won, Luther Campbell, David Hobbs and Mark Ross) Mr. Wong Won will have the right of first refusal, exercisable within fifteen (15) days of notice to join on the same terms and conditions as the other performers provided that all four agree to participate. Any notice may be to Douglas Stratton.

7. The Lil' Joe Companies agree they have no claim for any future recording

RECEIVED   JUN-24-2003  16:07      FROM-805 577 8545        TO-WAMPLER BUCHANAN WAL    PAGE 003

RECEIVED   JUN-24-2003  15:28      FROM-                    TO-WAMPLER BUCHANAN WAL    PAGE 003

Case 1:21-cv-23727-DPG   Document 63-3   Entered on FLSD Docket 09/07/2022   Page 4 of 4

obligation of Christopher Wong Won.

8.     This Agreement is confidential and pursuant to Section 44.102 and each party agrees to the application of that Statute.

9.     HFC, by telephone conference, authorized S. Alan Stanley, Esquire to execute this Settlement Agreement on its behalf.

10.    In the event that Weinberger defaults under the terms of this Settlement Agreement with HFC, he agrees that the Note and Mortgage hold by HFC shall be deemed to be held to be superior in all respects to the Note and Mortgage that he holds on the subject real property.

Dated this ___24___ day of June, 2003.

HFC

_____                    By _____
JOSEPH WEINBERGER                              S. ALAN STANLEY, Esquire
                                               on its behalf

_____                    _____
CHRISTOPHER WONG WON,                          ROBBIE WONG WON, Individually
Individually

Lil' JOE WEIN MUSIC, INC.                    LIl' JOE RECORDS, INC.

By _____                 By _____
JOSEPH WEINBERGER, President                   JOSEPH WEINBERGER, President

_____                    _____
KEVIN O'GRADY, ESQUIRE.                         DOUGLAS D. STRATTON, ESQUIRE
Attorney for JOSEPH WEINBERGER                  Attorney for CHRISTOPHER WONG WON
                                               and ROBBIE WONG WON

21363PG3925

