# EXHIBIT 72

V3510 D288



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:  Chapter 7

MARK D. ROSS,  Case No. 00-43637-JSS-7

    Debtor.
_____/

Lil' Joe Records,

    Plaintiff,  Adv. Proe. No. AP01-40186

vs.

Mark D. Ross,

    Defendant
_____/

## SETTLEMENT AGREEMENT

    The Settlement Agreement (hereinafter "Settlement Agreement") entered into as of this 10th day of ~~July~~ August, 2001, by and between Plaintiff, Lil' Joe Records, Inc. (hereinafter "Lil' Joe Records" or "Plaintiff"), and Mark D. Ross (hereinafter "Debtor"), (Lil' Joe Reeords and the Debtor colleetively referred to as "the Parties").

    This Settlement Agreement is entered into on the basis of the following recitals of fact:

## RECITALS

    WHEREAS on November 22, 2000, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

    WHEREAS shortly thereafter, Rocco J. Leo was appointed the duly qualified Chapter 7 Trustee.

A TRUE AND CORRECT COPY
U.S. BANKRUPTCY COURT

ODMA\GRPWISE\DOMAIN PO.PO Library 125756 1

Lil Joe docs 00164



V3510 D288 Page 1

Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

WHEREAS on April 3, 2001, Lil' Joe Records filed an adversary proceeding against the Debtor objecting to the Debtor's discharge and to determine certain debts owed to Lil' Joe Records to be non-dischargeable under 11 U.S.C. § 523 (a) and §727(a).

WHEREAS the Debtor admits that the Plaintiff is entitled to a judgment of non-dischargeability in the amount of $75,000.00 and Plaintiff has agreed to voluntarily dismiss the causes of action objecting to the Debtor's discharge.

WHEREAS in lieu of litigating the adversary proceeding, the Parties have mutually agreed to resolve the adversary proceeding pursuant to the terms and conditions of this Settlement Agreement to avoid the costs and risks associated with further litigation.

NOW THEREFORE, in consideration of the terms and conditions stated below and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree and stipulate as follows:

1. **Correctness of Recitals.** The recitals written above are true and correct and incorporated herein and are material provisions of this Settlement Agreement.

2. **Advice of Counsel.** The Parties to this Settlement Agreement acknowledge that they have received the advice of independent legal counsel. The Parties executing this Agreement do so with the full knowledge of its significance and with the express intent of effecting its legal consequences.

3. **Settlement of Claims.** In settlement of the Adversary Proceeding, the Parties agree to the following:

2

ODMA\GRPWISE\DOMAIN.PO.PO Library:123256.1

Lil Joe docs 00165

Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

    a.    The Debtor consents to the entry of a judgment of non-dischargeability against the Debtor in the amount of $75,000.00, in the form attached hereto and incorporated herein by reference, (the "Judgment") for which sum let execution issue.

    b.    Moreover, the Debtor agrees that he will not individually, or in concert with other members of the former The 2 Live Crew, use either the name "The 2 Live Crew" or some substantially similar name such as "Formally The 2 Live Crew" or a similar group name such as, but not limited to, "The Crew" or use either part or all of the initials of The 2 Live Crew or a similar name.

    c.    Also, the Debtor agrees not to re record or sample (or use the same samples used in any albums previously recorded by The 2 Live Crew) any recordings previously made by The 2 Live Crew without the express written consent of Lil' Joe Records, which consent may be withheld for any reason.

    d.    The Debtor agrees not to record in any entertainment media or sound recording with all or any one or more of the original artists of The 2 Live Crew, Chris Wong Won, Luther Campbell or David Hobbs without the express written consent from Lil' Joe Records, which consent may be withheld for any reason.

    e.    The Debtor agrees not to interfere with any business relationships between any third parties, (including but not limited to Sterling Brooks), and Lil' Joe Records, including but not limited to, providing any such third parties any information concerning Joseph Weinberger personally, Lil' Joe Records, or any employees of Lil' Joe Records that may prejudice the reputation of such entities in the community. If required to provide such information under a valid court order

V3510 D288 Page 3

3

ODMA\GRPWISE\DOMAIN PO PO Library 123256 1

Lil Joe docs 00166



Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

or subpoena, the Debtor shall provide the undersigned with adequate notice to interpose an objection, if necessary.

  f. The Debtor consents to the entry of an injunction without a bond for any and all misconduct in violation of the above by recording, sampling, using the name The 2 Live Crew, or recording with all or any one or more of the members of The 2 Live Crew as described in paragraphs 3(h) ,(d) and (e), without express written consent from Lil' Joe Records.

  g. Debtor acknowledges that, other than his writer's performance rights with Broadcast Music, Inc. ("BMI") in the United States, he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. and Lil Joe Wein Music, Inc. and The 2 Live Crew name which were previously owned by Luther Campbell and Luke Records/Pae Jam Publishing as Debtor was previously paid in full for these rights by Luther Campbell and Luke Records, Inc. in 1992. Additionally, Debtor has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc.

  h. The parties agree that this document may be recorded in the public records.

  i. In the event of any non-compliance with the provisions set forth in paragraph 3(a) through (f) of this Settlement Agreement, Lil' Joe Records shall be entitled to an amended non-dischargeable judgment in the amount of $600,000.00, the amount of damages affiliated with rejection of the Exclusive Recording Agreement, by filing an ex parte motion to amend the judgment together with an affidavit of non-payment except that Lil' Joe Records shall not be entitled to an amended judgment if it has agreed to compromise and settle the amount of the judgment and satisfied the judgment in connection therewith.

4

ODMA\GRPWISE:DOMAIN.PO.PO Library 123756 1

V3510 D288 Page 4

Lil Joe docs 00167

Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

j.  The Debtor may satisfy the amount of the Judgment or the Amended Judgment and pay such additional amounts to be negotiated by the parties in good faith if the Debtor, in concert with Luther Campbell, David Hobbs, and Christopher Wong Won, perform and deliver one The 2 Live Crew reunion album for Lil' Joe Records' exclusive use and distribution before the year 2005 provided album is deemed satisfactory to Lil' Joe Records. This right may be assigned by Lil' Joe Records to any third party within its discretion.

k.  In consideration of the foregoing, Lil' Joe Records agrees to voluntarily dismiss its causes of action against the Debtor under 11 U.S.C. §727.

4.  **Court Approval.** The Settlement Agreement is expressly conditioned upon Bankruptcy Court approval. The Parties shall promptly seek the entry of an order approving the Settlement Agreement and dismissing the Adversary Proceeding with prejudice from the Bankruptcy Court (the "Approval Order").

5.  **Best Efforts.** The Parties shall use their best efforts to obtain an Approval Order. Without limiting the foregoing, none of the Parties hereto shall take, or cause any persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such Approval Order.

6.  **Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and shall have exclusive jurisdiction to resolve any disputes or controversies in connection therewith.

7.  **Fax Counterparts.** This Settlement Agreement may be executed in separate counterparts and facsimile signatures may be sent with originals to follow.

5

ODMA\GRPWISE\DOMAIN.PO.PO Library:123756.1

V3510 D283 Page 5

Lil Joe docs 00168

Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

8. **Entire Stipulation.** This Settlement Agreement constitutes the entire agreement among the parties hereto and supercedes all prior stipulations, understandings, negotiations and discussions, both written and oral, among the Parties hereto with respect to the subject matter hereof, all of which prior stipulations, understandings, negotiations and discussions, both written and oral, are merged into this Settlement Agreement.

9. **Time is of Essence.** Time is of the essence under this Settlement Agreement and each of the transactions contemplated to be consummated hereunder.

10. **No Oral Modifications.** No waiver or modification of a term or condition of this Settlement Agreement shall be valid or binding, unless it is in writing and executed by each of the Parties to the Settlement Agreement and approved by the Bankruptcy Court.

11. **Binding Effect.** This Settlement Agreement shall be jointly and severally binding upon the Parties hereto and their respective relatives, heirs, executors, administrators, trustees, beneficiaries, predecessors, successors, assigns, members, affiliated and related entities, officers, directors, agents, servants, employees, representatives, attorneys and insurers. Furthermore, this agreement shall inure to the benefit of the Parties hereto and their respective relatives, heirs, executors, administrators, trustees, beneficiaries, predecessors, successors, assigns, members, affiliated and related entities, officers, directors, agents, servants, employees, representatives, attorneys and insurers.

12. **Costs and Attorneys' Fees.** The Parties hereto acknowledge and agree that each of them shall bear his or its own costs, expenses and attorneys' fees arising out of or connected with the negotiation, drafting and execution of this Settlement Agreement, as well as the prosecution and/or defense of the contested matter or adversary proceeding herein. In the event, however, that

6

.ODMA\GRPWISE\DOMAIN.PO.PO Library 123756 :

Lil Joe docs 00169

V3510 D288 Page 6

Case No. 00-43637-JSS-7
Adv. Proc. No. AP01-40186

any action is brought by any party hereto to enforce this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in connection therewith.

13.  **Governing Law.**  This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of Florida without regard to conflict of law principles thereunder.

IN WITNESS THEREOF, the undersigned parties have executed this Settlement Agreement this __10th__ day of August, 2001.

Lil' Joe Records, Inc.

By: _____
Joseph Weinberger, President

_____
Mark D. Ross
Debtor/Defendant

V3510 D238 Page 7

7

ODMA\GRPWISE\DOMAIN.PO.PO_Library:123756.1

Lil Joe docs 00170