# EXHIBIT 76

V3514 D948
Page 1

Return to: (enclose self-addressed stamped envelope)

Name:

Address:
    P.O. Box 1900
    Fort Lauderdale, Florida 33302

This Instrument Prepared by:

Address: Kevin J. O'Grady, Esquire
    Ruden, McClosky, Smith,
    Schuster & Russell, P.A.
    200 East Broward Boulevard
    15th Floor
    Fort Lauderdale, Florida 33301

**GENERAL RELEASE**

V3514 D948



SPACE ABOVE THIS LINE FOR PROCESSING DATA     SPACE ABOVE THIS LINE FOR RECORDING DATA

# *Know All Men By These Presents:*

That I/We, ROBBIE WONG WON and CHRISTOPHER WONG WON, first party, for and in consideration of the sum of Ten and 00/100 Dollars ($10.00), or other valuable considerations, received from or on behalf of JOSEPH WEINBERGER, LIL' JOE RECORDS, INC., LIL' JOE WEIN MUSIC, INC., second party, the receipt whereof is hereby acknowledged,

    (Wherever used herein the terms "first party" and "second party" shall include singular and plural, heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.)

    *Hereby* remise, release, acquit, satisfy, and forever discharge the said second party of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which said first party ever had, now has, or which any personal representative, successor, heir or assign of said first party, hereafter can, shall or may have, against said second party, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of these presents including, but not limited to, any and all claims that were or could have been raised in that case *Weinberger v. Wong Won*, Case No. 02-05481 CA 25.

    Furthermore, and without limiting the generality of this Release, first party, to the extent first party had any such rights, for good and variable consideration, the receipt of which is hereby acknowledged, hereby irrevocably transfers and assigns to Lil' Joe Records, Inc., its affiliated and/or associated companies, the worldwide copyrights in and to the musical compositions and master recordings listed on Schedule "A" annexed hereto and made a part hereof (hereinafter referred to as the "Works"), and all of the right, title and interest of the first party, vested and contingent therein

FTL:1057731:1            1            Lil Joe docs 00754

V3514 D948
Page 2

and thereto, including, without limitation, the title, use of lyrics thereof, and all arrangements and derivative works thereof, and any and all other rights and thereto throughout the entire world under any law, statute, treaty or regulation heretofore or hereafter enacted together with all claims, demands and causes of action for use of the Works or infringements of the copyrights therein or any other legal or equitable right of use or ownership thereof in any and all fields now or hereafter existing throughout the world by any means of technology now known or hereafter devised. Further, and without limiting the generality of this Release, first party hereby assigns all rights, title and interest in

1. All

   (a) literary, dramatic, musical dramatic-musical and artistic works of authorship consisting of words and/or music;

   (b) sound recordings, as that term is defined in Section 101 of the United States Copyright Law (17 U.S.C. 101), and all devices, things, contrivances and objects, now known or hereafter developed, serving to reproduce sound recordings of the sounds embodied thereon, in whole or in part, including but without limitation vinyl/phonograph records, audio tapes, digital compact cassette tapes, digital audio tapes, minidisk recordings and CD-ROM, CD-I and CD Plus recordings; and

   (c) all illustrations, designs, artwork and materials, and all copies thereof

owned on the date hereof or acquired after the date hereof, in whole or in part; directly or indirectly, by first party, or in respect of which first party, on the date hereof, exercised or had or claimed, or after the date hereof, exercises, has or claims, in whole or in part, directly or indirectly, a right of ownership or control or a right to receive income (collectively, the "Works") including, but without limitation, the Works listed on Schedule "A" attached hereto and made a part hereof.

2. All present and future copyrights, registrations, therefor, revisions thereof, and renewals and extensions of copyrights in the Works in all countries of the world.

3. All rights to secure and register copyrights in the Works in all countries of the world, and all rights to renew or extend the same from time to time.

4. All royalties, profits and other monies or payments at any time, directly or indirectly, due or to become due in connection with, relating to or in respect of, the Works as a result of first party's ownership thereof, whether due from or payable by or through record companies, licensees, performers, publishers, agents, musical societies, performing rights societies, other collecting agencies, or governmental or quasi-governmental agencies, or otherwise subject to the payment of all writers', recording artists', illustrators' and other third party royalties and administration fees in accordance with the Assigned Agreements (as defined below) and standard industry practice.

5. All rights to sue for infringements of any and all rights in the Works, past, present, and future.

6. Each present and future license agreement for the production, public presentation, communication, synchronization, reproduction, distribution, adaptation, display or performance of

V3514 D948
Page 3

the Works or any portion thereof, for the conversion thereof from one form to another, for the making or reproducing of any device, thing, contrivance or object by means of which the Works may be reproduced, sold, distributed, performed, delivered or otherwise commercially exploited, or for the authorization of any of the foregoing activities, all sublicense and further sublicense agreements then, now or hereafter existing thereunder and all other agreements, then or now existing or thereafter or hereafter created, relating to the transfer of any rights to all or a portion of the Works or the copyrights referred to in clause 2 above, and any and all additions, extensions, renewals, supplements or other modifications thereof, and all agreements under which, or pursuant to which first party acquired any rights or interest in and to the Works, or all or any part thereof, (collectively, the "Assigned Agreements"), including without limitation, (a) all rights of first party to receive monies due and to become due under or pursuant to the Assigned Agreements, whether as advances, royalties or otherwise and whether recoupable or nonrecoupable, (b) all rights of first party to receive proceeds of any insurance, indemnity, warranty or guaranty with respect to the Assigned Agreements, (c) all claims of first party for damages arising out of or for breach of or default under the Assigned Agreements, (d) all rights of first party to terminate the Assigned Agreements, to perform thereunder and to compel performance and otherwise exercise all remedies thereunder, and (e) all phonorecords, as that term is defined in section 101 of the United States Copyright Law (17 U.S.C. 101) of the works returned to first party, or any agent, assignee, licensee or representative of first party, by any record company or retail or wholesale distributor of phonorecords.

   7.   All accounts, contract rights, goods, inventory, documents and general intangibles (as such terms are used in the Florida Uniform Commercial Code) relating to or arising out of the Works and the right with respect to returns of any of the foregoing, the Assigned Agreements, and all proceeds of any of the foregoing.

   8.   All product, proceeds, substitutions and replacements of the foregoing.

Without limiting the above, Christopher Wong Won retains solely the right to receipt of performance royalties as co-writer, where applicable, from and through BMI with no obligation on second party.

*In Witness Whereof*, we have hereunto set our hands and seals this _____ day of ___JULY___, A.D., 2003.

Signed, sealed and delivered in presence of:

_____        _____ (L. S.)
Witness Signature                                                 ROBBIE WONG WON

__DOUGLAS D. STRATTON__
Printed Name

_____
Witness Signature

__TIMOTHY HOGLE__
Printed Name

Lil Joe docs 00756

V3514 D948
Page 4

_____        _____(L. S.)
Witness Signature                          CHRISTOPHER WONG WON

DOUGLAS D STRATTON
_____
Printed Name

_____
Witness Signature

TIMOTHY HOGLE
_____
Printed Name

Lil Joe docs 00757

FTL:1057731:1                              4

V3514 D948
Page 5

STATE OF FLORIDA )
) SS:
COUNTY OF MIAMI DADE )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, the foregoing instrument was acknowledged before me by ROBBIE WONG WON, who is personally known to me or who has produced _____ as identification.

WITNESS my hand and official seal in the County and State last aforesaid this 12 day of July, 2003

_____
Notary Public State of Florida at Large

DOUGLAS D STRATTON
Typed, printed or stamped name of Notary Public

[Notary Seal: OFFICIAL NOTARY SEAL, COMMISSION NUMBER DD165469, MY COMMISSION EXPIRES NOV. 19, 2006]

My commission expires:

STATE OF FLORIDA )
) SS:
COUNTY OF MIAMI DADE )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, the foregoing instrument was acknowledged before me by CHRISTOPHER WONG WON, who is personally known to me or who has produced _____ as identification.

WITNESS my hand and official seal in the County and State last aforesaid this 12 day of July, 2003.

_____
Notary Public State of Florida at Large

DOUGLAS D STRATTON
Typed, printed or stamped name of Notary Public

My Commission Expires:

[Notary Seal: OFFICIAL NOTARY SEAL, DOUGLAS D STRATTON, COMMISSION NUMBER DD165469, MY COMMISSION EXPIRES NOV. 19, 2006]

FTL:1052241:1

5

Lil Joe docs 00758