UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| LIL' JOE RECORDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON, AND LUTHER CAMPBELL, <br><br> Defendants. | CASE NO.: 1:21-CV-23727-DPG |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Defendants, through their undersigned counsel, hereby move to strike, Plaintiff, Lil' Joe Records, Inc.'s, NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE AS TO COUNTS II, III, IV AND V ("Notice of Dismissal"), filed at Dkt. No. 64 on January 31, 2023. The Notice of Dismissal should be rejected by the Court and stricken for the reasons set forth below.

### A.   The Notice of Dismissal is improper because Defendants have filed answers

Plaintiff's filing of the Notice of Dismissal violated the Federal Rules. A "plaintiff may only dismiss an action without a court order by filing a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment." *Essex Gardens v. Atain Specialty Ins. Co.*, No. 18-22232, 2019 WL 1316993, at *1 (S.D. Fla. Jan. 7, 2019) (emphasis by Court), citing Fed. R. Civ. P. 41(a)(1)(A). Here, Defendants have filed both answers *and* a summary judgment motion. The Notice of Dismissal is thus wholly improper.

It is settled that a "voluntary dismissal without prejudice is not a matter of right." *Fisher v. P.R. Marine Mgmt, Inc.*, 940 F.2d 1502, 1502–03 (11th Cir.19991) (citation omitted). At this juncture in the case, the action "may be dismissed by the plaintiff without order of court" only by filing a "stipulation of dismissal signed by all parties who have appeared in the action. *Negron v. City of Miami Beach, Fla.*, 113 F.3d 1563, 1571 (11th Cir. 1997), citing Fed.R.Civ.P. 41(a)(1)(A)(ii) (edited to add "(A)" to the statutory citation). The "rule is clearly stated: a voluntary dismissal by stipulation is applicable only if all the parties sign off on it." Id. Plaintiff failed to file a stipulation and Defendants did not "sign off on" a stipulation. And Plaintiff did not, nor could it, seek an order from the Court to dismiss the action as set forth in the Notice of Dismissal. The Notice of Dismissal must be rejected and stricken.

**B.      The Notice of Dismissal is improper because Defendants have filed a summary judgment motion**

The Notice of Dismissal also must be rejected and stricken because Defendants have filed a summary judgment motion challenging Counts II-V, which are the very Counts that Plaintiff now seeks to dismiss without prejudice. It is beyond dispute that once a "defendant files a motion for summary judgment, Fed.R.Civ.P. 41(a)(1) does not permit a voluntary dismissal without a Court Order, unless all parties who have appeared sign a stipulation of dismissal." *Hernandez v. Starbucks Coffee Co.*, No. 09-60073-CIV, 2011 WL 2728459, at *1 (S.D. Fla. June 29, 2011), report and recommendation adopted, No. 09-60073-CIV, 2011 WL 2710772 (S.D. Fla. July 8, 2011). Here, Defendants' summary judgment motion is pending and they have not signed a stipulation dismissing Counts II-V or any other claim. The Notice of Dismissal was thus improper.

**C.      The Notice of Dismissal is improper because it purports to be without prejudice and does not address the costs and attorneys' fees incurred to date**

The Notice of Dismissal also improperly seeks to dismiss Counts II-V *without* prejudice, which would not operate as a decision on the merits, and which would allow those claims to be refiled at a later date. The Court's ruling on Defendants' pending summary judgment motion will address Counts II-V on the merits and will constitute a final adjudication.

The Notice of Dismissal also fails to address the costs and fees issue. In this Circuit, "[a] plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986) (citations omitted). "Considerable litigation expense" has been incurred here because "discovery ha[s] proceeded" and depositions have been taken. See Id.

The parties have also fully briefed summary judgment motions and are in the process of preparing their trial documents. It is clear that "considerable litigation expense" has been incurred. So owing, at least "some fees and costs **must** be borne by Plaintiff[.]" *Essex Gardens*, 2019 WL 1316993, at *2 (emphasis added). Yet, the Notice of Dismissal does not address reimbursement of costs and fees.

Given that Plaintiff conceded Defendants' challenges to Counts II-V in Defendants' summary judgment motion, it is respectfully submitted that the Court adjudicate Counts II-V on the merits and in Defendants' favor. Defendants will then move for costs and fees under 17 U.S.C. § 505, 15 U.S.C. § 1117(a), and other applicable law.

C.  **The Notice of Dismissal must be rejected or stricken**

In light of the above, it is respectfully submitted that the Notice of Dismissal be rejected or stricken. While Defendants agree that Counts II-V are meritless, Plaintiff may not now dismiss

them without prejudice. Instead, the Counts should be adjudicated in Defendants' favor as part of the Court's summary judgment ruling.

DATED: January 31, 2023                    Respectfully submitted,

/s/ Joel Rothman
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

SCOTT ALAN BURROUGHS
(admitted *pro hac vice*)
**DONIGER / BURROUGHS**
237 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com

*Counsel for Defendants*