UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

    Defendants
_____/

**MOTION TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, AND EVIDENTIARY OBJECTIONS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR LEAVE TO FILE A SUR-REPLY, AND TO STRIKE ADDITIONAL MATERIAL FACTS**

Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), hereby moves this Court to strike the Reply in Support of Motion for Summary Judgment [DE 62](the "Reply"), Response to Plaintiff's Evidentiary Objections in Support of their Motion for Summary Judgment [DE 62-14]("Response"), and Evidentiary Objections in Support of their Motion for Summary Judgment [DE 62-13]("Objections") filed by Defendants, Mark Ross ("Ross"), Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell ("Campbell"), or, alternatively, for leave to file a sur-reply, and to strike the additional material facts in the Response to Plaintiff's Response to Statement of Material Facts in Support of Defendants' Motion for Summary Judgment [DE 62-1], as follows:

Defendants' reply exceeds the page limit

A reply memorandum is limited to 10 pages. S.D.Fla. L.R. 7.1(c)(2). "The local rules promulgated under Rule 83 of the Federal Rules of Civil Procedure have the force of law. … One purpose of the local rules is to aid in the administration of justice by requiring motions for summary judgment to be properly briefed." *Living Legends Retirement Center, Inc. v Lexington Ins. Co.,* U.S. Dist. LEXIS 50813 *2-3 (S.D. Fla. May 20, 2005). "[S]trict, consistent, 'bright-line' enforcement is essential to obtaining compliance with the rules and to ensuring that long-run aggregate benefits in efficiency inure to district courts" *Id.* at *3.

In reply to Lil' Joe's Response to Defendants' Motion for Summary Judgment [DE 58], defendants filed the 11 page Reply, 5 page Response, and 20 page Objections – 36 pages. Incorporating portions of other court papers to avoid page limits is impermissible. *Happy Tax Franchising, LLC v. Hill*, 2021 U.S. Dist. LEXIS 107354 *9 n3 (S.D. Fla. June 7, 2021). It is appropriate to strike those filings "with the effect, if not the intent, of evading the" local rule page limitations. *Norvartis Consumer Health Inc. v Elan Transdermal Technologies, Inc.,* 209 F.R.D. 507, 508 (S.D. Fla. 2002).

The Response and Objections elaborate on an argument defendants begin to make in the Reply (at p. 3), that facts presented by Lil' Joe in opposition cannot be considered by this Court, Response at pp. 2-6, Objections at pp. 8-8. For instance, Lil' Joe's Response to Defendants' Motion for Summary Judgment [DE 58]("Lil' Joe's Response") at p. 19 pointed out that "Campbell and Ross could not recall the terms of the purported oral contract…."[1] So that there is no dispute that

---

[1] Defendants concede that there are inconsistencies between Campbell's and Ross' depositions and declarations. Response at p 5. As defendants acknowledge, to be used to prevent summary judgment, the discrepancy must be explained. *Tippens v Celotex Corp.,* 805 F.2d 949, 954 (11th Cir. 1986). Nowhere do defendants provide any such explanation from Campbell or Ross (there is no affidavit or declaration from either of them proffering any explanation), all

defendants are addressing this very same specific argument from Lil' Joe's Response, not in their Reply but in their separate Response, defendants cite to this precise statement. Response at p. 2 (citing to "Plt. Opp. at 19, Section VII"). Defendants further explicitly continue an argument they begin in the Reply at p. 3, concerning Allen Jacobi's affidavit, in the Objections (citing in the Reply at p. 3 to "See, Evid. Obj. pg 8 Section E."). These arguments belong in, and are part of, the defendants' reply, but because defendants did not have sufficient room to elaborate to the length they desired, they simply created additional court documents, the Response and Objections, to evade the page restriction. By contrast, Lil' Joe challenged facts presented by defendants in support of their request for summary judgment, and did so within the allotted pages.[2]

"Courts in this Circuit have stated that they may strike pleadings for violating local rule page limitations." *Living Legends,* U.S. Dist. LEXIS 50813 *3-4. In *Living Legends,* a 21 page reply, "more than double the amount of pages allowed under Local Rule 7.1(c)(2), was stricken. Defendants reply is almost twice as long as the reply in *Living Legends*, more than three times the page limit, so the Reply, Response and Objections should be stricken.

<u>Defendants' reply includes new arguments</u>

A "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial

---

defendants provide is the unsubstantiated supposition from their counsel. Response at pp. 5-6. "Statements and arguments of counsel are not evidence." *Dawley v NF Energy Savings Corp. of America*, 2008 WL 53624 * 2 (M.D. Fla. Jan. 2, 2008)(citing *United States v Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990).

[2]    It is curious to note that defendants acknowledge that "a discrepancy between a party's former and latter testimony goes to the weight … of the evidence." Response at p. 5 (citing *Dinkins v Charoen Pokphand USA, Inc.,* 133 F.Supp. 2d 1237, 1248 (M.D. Ala. 2001)). Defendants apparently forget that evidence cannot be weighed in considering summary judgment. *Warrior Tombigbee Transportation Co., Inc. v M/V Nan Fung,* 695 F.2d 1294, 1299 (11th Cir. 1983).

memorandum of law." S.D.Fla. L.R. 7.1(c)(1). It "may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence." *Baltzer v Midland Credit Management, Inc.,* 2014 U.S. Dist. LEXIS 107262 *3 (S.D. Fla. Aug. 5, 2014). Where, as here, "[i]n Reply, Defendant raises a new argument not raised in its Motion [, b]ecasue it is improper for Defendant to raise this new argument in its Reply brief, the argument will not be considered." *Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012). New arguments are not considered because they prejudice the non-moving party. *TCC Air Services, Inc. v. Schlesinger*, 2009 U.S. Dist. LEXIS 21010 * 14 (S.D. Fla. March 5, 2009).

Defendants raise, for the very first time, the statute of limitations, laches, estoppel, and lack of standing to support their contention that the copyrights at issue were transferred by the 1990 Agreements, as defendants contend, and not the 1991 Contracts, as Lil Joe asserts. Reply at p. 4. Putting aside for a second that these are defenses to Lil' Joe's claim, Answer and Counterclaim [DE 12] at pp. 10-11, ¶¶ 120 (sixth affirmative defense – laches and statute of limitations), 126 (twelfth affirmative defense – estoppel) & 127 ( thirteenth affirmative defense – lack of ownership), and were never pled as part of the defendants' claim for which they now seek summary judgment, *id.* at pp. 13-18, by failing to raise them in their motion for summary judgment, defendants precluded Lil' Joe from addressing them. "[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the nonmovant an opportunity to respond." *Baltzer,* 2014 U.S. Dist. LEXIS 107262 *7. Lil' Joe's inability to address these arguments is particularly egregious because they just don't apply here.

Defendants also contend for the first time that because there was no present value to the termination rights at the time of Campbell's and Ross' bankruptcies, they were not assets of their respective bankruptcy estates. Reply at p. 6.

Defendants additionally object to the use of the October 26, 2002, deposition of Joseph Weinberger, the transcript of which they themselves used in support of their request for summary judgment. Declaration of Scott Alan Burroughs in Support of Motion for Summary Judgment [DE 53-7] at pp. 14-15, ¶ 69; Defendants Statement of Material Facts in Support of Defendants' Motion for Summary Judgment [DE 53-1] at p. 8, ¶ 44. Not only does this circumvent the page limitations, but it also violates the time limitation on submitting this discovery dispute, which in this circumstance was November 23, 2022. S.D. Fla. L.R. 26.1 (g)(2)(A)(iii)(28 days after completion of the deposition).

Each of these new arguments must be disregarded. *Foley*, 849 F. Supp. 2d at 1349; *TCC Air Services,* 2009 U.S. Dist. LEXIS 21010 * 14. In the event this Court elects not to disregard these new arguments, then Lil' Joe should be granted leave to file a sur-reply. *Ramos v U.S. Dept. of Agriculture,* 2022 U.S. Dist. LEXIS 87759 *2 (S.D. Fla. May 13, 2022)("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting them leave to file a sur-reply."). Lil' Joe's proposed sur-reply is attached hereto as Exhibit A.

<u>Defendants add new facts to their statement of material facts</u>

When an opponent's statement of material facts asserts additional material facts that the opponent contends serve to defeat the motion for summary judgment, then "[t]he movant shall respond to any additional facts asserted in the opponent's Statement of Material Facts…." S.D.

Fla. L.R. 56.1(a)(3). Lil' Joe's Response to Statement of Material Facts in Support of Defendants' Motion for Summary Judgment and Statement of Additional Material Facts [DE 59], does contain additional material facts. Defendants are therefore entitled to respond to them.

Defendants, however, also added 4 pages containing 15 additional material facts of their own. Response to Plaintiff's Response to Statement of Material Facts in Support of Defendants' Motion for Summary Judgment [DE 62-1] at pp. 8-11, ¶¶ 58-72. There is no authorization for these additional material facts (likely because if it did litigants would go on forever adding and responding to additional facts), so they should be stricken. S.D. Fla. L.R. 56.1(c)("If a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement….").

## Conclusion

For the foregoing reasons, this Court should (i) to strike the defendants' Reply in Support of Motion for Summary Judgment [DE 62], Response to Plaintiff's Evidentiary Objections in Support of their Motion for Summary Judgment [DE 62-14], and Evidentiary Objections in Support of their Motion for Summary Judgment [DE 62-13], or, alternatively, grant Lil Joe Records, Inc. leave to file a sur-reply, and (ii) strike the additional material facts in the defendants' Response to Plaintiff's Response to Statement of Material Facts in Support of Defendants' Motion for Summary Judgment [DE 62-1].

        WOLFE LAW MIAMI PA
        175 SW 7th Street, Suite 2410
        Miami, Florida 33130
        P: 305.384.7370
        F: 305.384.7371
        Email: rwolfe@wolfelawmiami.com

        By:   /s/ Richard C. Wolfe
                Richard C. Wolfe, Esq.
                Florida Bar No.: 355607

CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

/s/ Richard C. Wolfe
Richard C. Wolfe