UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

    Defendants.
_____/

## **PLAINTIFF'S MOTION IN LIMINE**

Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), moves this Court for the entry of an order precluding introduction of certain argument and evidence at trial and as grounds therefore states:

### Motion in Limine Standard

"The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Smith v. Royal Caribbean Cruises, Ltd.*, 2014 U.S. Dist. LEXIS 151212 *1-2 (S.D. Fla. Oct. 10, 2014). They "arise out of 'the district court's inherent authority to manage the course of trials'" and "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of the trial." *Royale Green Condominium Assoc., Inc. v Aspen Specialty Ins. Co.,* 2009 U.S. Dist. LEXIS 66064 * 3 (S.D. Fla. July 24, 2009). It is a motion to restrict or eliminate evidence." *Royal Indemnity Co. v Liberty Mutual Fire Insurance Co.,* 2008 U.S. Dist. LEXIS 44417 *2 (S.D. Fla. June 5, 2008).

Matters To Be Excluded

Defendants should be precluded from presenting evidence, eliciting testimony or making any reference to:

(1) <u>An alleged oral contract</u>

Defendants contend that there was a verbal agreement among the members of *2 Live Crew* and it was pursuant to this verbal agreement that the copyrights at issue were transferred to Luke Records, Inc. ("Luke Records"). "In order that there be a contract, the parties must have a definite and distinct intention, common to both, and without doubt or difference." *Holloway v Gutman,* 707 So. 2d 356, 357 (Fla. 5th DCA 1998). "A party seeking to establish the existence of an oral contract has a burden of to present evidence which preponderates by the greater weight." *Metropolitan Dade County v Estate of Hernandez,* 591 So. 2d 1124 (Fla. 3rd DCA 1992). If "there is no competent and substantial evidence that the parties agreed on the essential terms of the contract", then "there was no enforceable oral contract." *Id* at 1124-25.

Reference to this purported oral agreement should be excluded because the defendants do not know the date it was reached or its terms. Transcript of November 1, 2022, deposition of Luther Campbell, a copy of the referenced portions of which is attached hereto as Exhibit A ("Campbell Transcript") at pp. $22^1$ & $23\text{-}25^2$; Transcript of November 4, 2022, deposition of Mark Ross, a

---

[1] Q. What were the terms of the verbal contract?
A. I don't recall the specific verbal terms of the contract….

[2] Q. You had a verbal contract before 1987?
A. I don't recall-I don't recall the date that I had a verbal contract.
…
Q. And what was the royalty that was agreed to in this verbal agreement?
A. I don't recall the royalties. Whatever they was being paid.
Q. What was the term of the contract?
A. The term of the contract? The verbal contract?
Q. Yes.
A. I don't recall the terms of the verbal contract.

copy of the referenced portions of which is attached hereto as Exhibit B ("Ross Transcript") at pp. 7-8[3] & 34[4]; Transcript of November 4, 2022, deposition of Leterius Ray, a copy of the referenced portions of which is attached hereto as Exhibit C ("Ray Transcript") at p. 66[5]. Because "there is no competent and substantial evidence that the parties agreed on the essential terms of the contract", then "there [is] no enforceable oral contract" *Metropolitan Dade County,* 591 So. 2d at 1124-25.

(2) <u>Whatever Christopher Wong Won's children know is hearsay</u>

Defendants stipulated that Leterius Ray's deposition testimony would be binding on each of Christopher Wong Won's children. Ray Transcript at pp. 7-8. Whatever they know about the copyrights at issue or Christopher Wong Won's relationship with Lil' Joe comes from what

---

    Q.    How were they to be paid pursuant to this verbal contract?
    A.    I don't recall how they were being paid.
    …
    Q.    Okay. And where was this verbal contract reached?
    A.    I don't recall where it was reached.
    Q.    Were you in the studio, in a restaurant, were you somewhere?
    A.    I don't recall where it was reached.
    Q.    Is it correct to say that other than what you have just testified, you can't recall any of the other terms of the alleged verbal contract?
    A.    I don't recall at this time.

[3] Q.    Do you recall if that oral agreement discussed or involved who would own the copyrights?
    A.    I don't recall.

[4] Q.    And where was this verbal agreement reached?
    A.    I can't recall.

[5] Q.    Now, previously I had asked you about the so-called oral agreement that your father had with Luther Campbell regarding 2 Live Crew. Okay? Are you—did he tell you or do you have knowledge of any of the terms of that so-called oral agreement?
    A.    I don't recall. I was-I wasn't there. I just-I just know that the, you know, the '87 agreement or the one entered with Skywalker was to cover it.

Christopher Wong Won told them. Ray Transcript at p. 25[6].  That is inadmissible hearsay. *United States v Fields,* 327 Fed. Appx. 133, 135 (11th Cir. 2009); Fed. R.Evid. 801(c) & 802.

(3)   Allen Jacobi

Allen Jacobi ("Jacobi") was a lawyer hired by Luke Records to prepare contracts between Luke Records and its artists (the "1991 Contracts"). Campbell, Luke Records' sole-owner and CEO, Campbell Transcript at p. 9[7], does not recall this contract, Campbell Transcript at pp. 80-

---

[6] Q.   Okay. And I'm asking you. Other than what you spoke with your father, do you have any personal knowledge of anything else involving the 2 Live Crew copyrights or your father's relationship with Lil' Joe Records?
   A.   Just our conversations.
   Q.   With your father, correct?
   A.   Correct.

[7] Q.   And are you-were you the sole owner of Luke Skyywalker Records, Inc.
   A.   Yes.

81[8], Jacobi preparing it, Campbell Transcript at pp. 17[9], 63-64[10], 67[11], 72[12] & 81[13], or any other lawyer who might have prepared it, Campbell Transcript at p. 17[14].

Knowing that Jacobi will testify that Campbell asked him to prepare the 1991 Contracts, which are the agreements Lil" Joe contends transferred the copyrights at issue, and that Campbell told Jacobi that there were no prior contracts between Luke Records and the members of *2 Live Crew*, and with no basis to dispute it, defendants have decided to just attack Jacobi. First, Campbell made unsubstantiated allegation of malpractice by Jacobi. Campbell Transcript at 73[15]. No

---

[8] Q.  So what memory of anything do you have regarding this April 1991 contract between Luke Records and Mark Ross and David Hobbs?
 A.  I don't recall.

[9] Q.  Did Allen Jacobi prepare contracts between Luke Skyywalker, Skyywalker Records of Luke Records and any of your artists?
 A.  I don't recall.

[10] Q.  And do you recall that a lawyer maned Allen Jacobi prepared this contract?
 A.  I don't recall what lawyer prepared the contract.

[11] Q.  Does this refresh your recollection that Allen Jacobi was the lawyer who represented your company with respect to this contract?
 A.  I don't recall who represented me in this contract.

[12] Q.  I am going to specifically ask you, do you recall hiring Allen Jacobi to prepare this document, which included a Schedule A that transferred all of the copyrights at issue in this case to Luke Records?
 A.  I don't recall.

[13] Q.  So is it fair to say you don't know if Allen Jacobi prepared it?
 A.  I don't recall.

[14] Q.  Are you aware of any other lawyer other than Allen Jacobi who might have prepared contracts between Luke Skyywalker, Skyywalker Records and/or Luke Records and any of your artists?
 A.  I don't recall at this time.

[15] THE WITNESS:  I don't understand that question, but I sued Allen Jacobi for malpractice. And I don't even recall what I sued him for malpractice for. So I am pretty sure it probably was down the lines of whatever malpractice he committed.
 Q.  And whatever happened in that case?

5

determination was even made in that case that Jacobi committed malpractice. *Luther Campbell v Allen Jacobi,* Eleventh Judicial Circuit Court, Miami-Dade County, Florida, Case No. 1992-12252-CA-01. Second, defendants have intimated that they will seek to introduce evidence of a bar complaint against Jacobi. Lil' Joe is unaware of any bar complaint against Jacobi which resulted in any finding of impropriety, let alone any relevant to this case. Florida Bar complaints are inadmissible unless relevant to the claim at issue or probative of credibility or character for truthfulness. *Maharaj v. Geico Casualty Co.*, 2015 U.S. Dist. LEXIS 65217 (S.D. Fla. May 18, 2015).

"The Federal Rules of Evidence discourage the admission of extrinsic evidence to prove or disprove issues which are collateral to the subject matter of the case." *United States v Russell,* 717 F.2d 518, 520 (11th Cir. 1983). Granting a motion in limine to preclude this evidence about Jacobi is warranted. *King v Premier Fire Alarms & Integration System, Installation Div., Inc.,* 2021 WL 7540775 (S.D. Fla. Dec. 1, 2021). *King* involved a FLSA claim and a motion in limine to preclude reference to another FLSA claim. *Id.* at *1. The motion was granted to preclude reference to the other lawsuit because it "present[s] a serious risk of confusing the issues in this case and wasting time." *Id.* at *3. Even if there was some limited relevance, "any such marginal relevance is substantially outweighed by the danger of unfair prejudice to Defendants and the risk of creating a mini-trial about the differences between the pending case and this one." *Id.* The same is true of Jacobi's phantom malpractice and inconsequential bar complaints.

---

    A.    I don't recall.
    Q.    Did he make any payment to you?
    A.    I don't recall.

**(4)      Joseph Weinberger**

Lacking facts or law on its side, Campbell has chosen to make false statements to the public about Lil' Joe's principal, Joseph Weinberger ("Weinberger"). Lil' Joe anticipates that Campbell will seek to inject into the trial false unsubstantiated assertions that Weinberger (a) referred Campbell to Nicholas Manzini, who committed malpractice in a lawsuit in favor of Peter Jones, who was represented by Lil' Joe's present counsel, Richard C. Wolfe, in which a judgment was entered against Luke Records which caused Luke Records' bankruptcy, *The Book of Luke* at pp. 217-220, a copy of the referenced portions of which is attached hereto as Exhibit D, (b) inappropriately became a creditor, assisted, provided information to or induced Luke Records' creditors to commence bankruptcy proceedings against Luke Records, *The Book of Luke* at pp. 222-226, (c) any perceived irregularities in the sale of the copyrights at issue in the Luke Records/Campbell bankruptcy proceedings, *The Book of Luke* at pp. 227-228, or (d) that this "was a deliberate attempt to sabotage my business and drive me into bankruptcy," *The Book of Luke* at p. 230. Why Luke Records or Campbell went bankrupt is of no concern in this case – it has no relevance to the question whether the defendants possess termination rights and, if so, have they properly exercised them. *United States v Riquene,* 552 Fed. Appx. 940, 943 (11th Cir. 2014); Fed. R.Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). "Irrelevant evidence is not admissible." *Riquene,* 552 Fed. Appx. at 943; Fed. R.Evid. 402. Further, Campbell executed a General Release in favor of Weinberger in 1995 and again in 2002.

The Luke Records/Campbell bankruptcy occurred over 25 years ago. The remaining defendants were creditors in those proceedings. If they had any quarrel, the time to raise them was

7

long ago, not now in these proceedings, so these collateral matters should not be injected into this case. *Russell,* 717 F.2d at 520; *King,* 2021 WL 7540775 at *3.

Even if marginally relevant, "[a] district court may exclude relevant evidence under Rule 403 if 'its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." *Holley v. Carnival Corp.*, 2021 U.S. Dist. LEXIS 219636 *3 (S.D. Fla. Nov. 15, 2021). Campbell's unsubstantiated belief that the world is stacked up against him, if admitted, would simply play on the heartstrings of the jury in an effort to convince them that he was somehow taken advantage of, they should have sympathy for him and reward him with rights the law does not support, diverting their attention from the questions it must answer. It "present[s] a serious risk of confusing the issues in this case and wasting time." *King,* 2021 WL 7540775 at *3. Even if there was some limited relevance, "any such marginal relevance is substantially outweighed by the danger of unfair prejudice … and the risk of creating a mini-trial about the differences between the pending case and this one." *Id.*

If this evidence is offered to address character, it is inadmissible. "Rule 404(b) … protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character." *Huddleston v. United States*, 485 U.**S.** 681, 687, 108 **S.** Ct. 1496, 99 L. Ed. 2d 771 (1988); *Siplin v. Carnival Corp.*, 2018 U.S. Dist. LEXIS 118893 *3 (S.D. Fla. July 17, 2018). "Under the Federal Rules of Evidence, evidence of other crimes, wrongs, or acts is inadmissible character evidence that may not be used to prove a person's propensity to act." *United States v. Williams*, 527 F.3d 1235, 1247 (11th Cir. 2008). It is a "well-settled principle that evidence of a person's character is usually not admissible for the purpose of proving that the person acted in conformity with his character on a particular occasion." *Reyes v. Missouri Pacific R. Co.*,

589 F.2d 791, 793 (5th Cir. 1979). "If the evidence is introduced for the purpose of showing that a person acted in accordance with his character on a given occasion, then the evidence is inadmissible unless it falls within one of the exceptions noted in Rule 404." *Id.* at 794.

(5) How BMG reacted to the termination notice

Lil' Joe expects that defendants will seek to introduce evidence concerning how the current owner of the composition copyrights, BMG, responded to the termination notice. This too is irrelevant, *Riquene,* 552 Fed. Appx. at 943; Fed. R.Evid. 401 & 402, will improperly divert this case into extrinsic evidence purely collateral to the subject matter here, *Russell,* 717 F.2d at 520; *King,* 2021 WL 7540775 at *3, and any "marginal relevance is substantially outweighed by the danger of unfair prejudice … and the risk of creating a mini-trial about the differences between the pending case and this one", *King,* 2021 WL 7540775 at *3.

(6) What Lil' Joe has earned from the copyrights

Lil' Joe anticipates that defendants will attempt to present testimony regarding the monies Lil' Joe has earned from the copyrights at issue (not because defendants claim any right to any of those royalties, but for sympathy). This too is irrelevant, *Riquene,* 552 Fed. Appx. at 943; Fed. R.Evid. 401 & 402, and will improperly divert this case into extrinsic evidence purely collateral to the subject matter here, *Russell,* 717 F.2d at 520; *King,* 2021 WL 7540775 at *3, and any "marginal relevance is substantially outweighed by the danger of unfair prejudice", *King,* 2021 WL 7540775 at *3.

## Conclusion

For the reasons set forth herein, Lil' Joe Records, Inc. respectfully asks this Honorable Court to grant its Motion in Limine precluding the defendants from presenting evidence of, eliciting testimony or making any reference to any of the foregoing matters at trial.

           WOLFE LAW MIAMI PA
           175 SW 7th Street, Suite 2410
           Miami, Florida 33130
           P: 305.384.7370
           F: 305.384.7371
           Email: rwolfe@wolfelawmiami.com

          By: /s/ Richard C. Wolfe
             Richard C. Wolfe, Esq.
             Florida Bar No.: 355607

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

           /s/ Richard C. Wolfe
           Richard C. Wolfe