**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| LIL' JOE RECORDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON, AND LUTHER CAMPBELL, <br><br> Defendants. | **CASE NO.:  1:21-CV-23727-DPG** |

**DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 11**

**[BURROUGHS DECLARATION AND PROPOSED ORDER SUBMITTED HEREWITH]**

**TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants Mark Ross, Luther Campbell, Anissa Wong Won, Christopher Wong Won, Jr., Roderick Wong Won, and Leterius Rey (collectively "Defendants"),through their undersigned counsel, hereby move for sanctions under Fed.R.Civ.P. 11 ("Rule 11") against Plaintiff, Lil' Joe Records, Inc., in connection with its filing of a NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE AS TO COUNTS II, III, IV AND V ("Notice of Dismissal"), which violated Federal Rule of Civil Procedure 41, *et seq*. See Dkt. No. 64, filed on January 31, 2023. Defendants have moved to strike the Notice of Dismissal. See Dkt. No. 65 ("Motion to Strike"). Defendants have also requested, as part of the telephonic meet-and-confer process, that Plaintiff withdraw the Notice of Dismissal. Plaintiff has refused to do so. Defendants provided notice during the meet-and-confer that they would be moving for sanctions under Rule 11 because of this refusal and served a copy of this Motion on Plaintiff on February 3, 2023. This motion should be granted, as follows:

  **A. Lil' Joe should be sanctioned under Rule 11 for filing the Notice of Dismissal**

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir.2003) (citation and quotation omitted). Rule 11(b) states, in relevant part, that "[b]y presenting to the court a pleading, written motion, or other paper[,] ... an attorney" certifies to the best of his knowledge that: (1) the pleading is not being presented for an improper purpose; (2) the "legal contentions are warranted by existing law or by a nonfrivolous argument" to change existing law; and (3) "the factual contentions have evidentiary support or ... will likely have evidentiary support after ... discovery." *McDonald v. Emory Healthcare Eye Ctr*., 391 F. App'x

851, 852 (11th Cir. 2010). Lil' Joe's Notice of Dismissal is exactly the type of "costly meritless maneuver" that Rule 11 was promulgated to prevent. Plaintiff's Notice of Dismissal purports to dismiss, without prejudice, claims that should instead be adjudicated in Defendants' favor, with prejudice and on the merits, as argued in Defendants' pending summary judgment motion. Lil' Joe's counsel, in presenting the Notice of Dismissal, violated his obligation to not take positions with the Court unless they are "warranted by existing law or a nonfrivolous argument" to change the law. The Notice of Dismissal absolutely violates existing law and Rule 11 sanctions are thus appropriate.

Following the passage of the 21-day safe harbor set forth in Rule 11(c)(2), and the Plaintiff's chance to respond on the issue, the Court "may impose an appropriate sanction" on Plaintiff's counsel. *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir.1997) (per curiam) (sanctions available after party against whom sanctions are sought is given an opportunity to respond before imposition of Rule 11 sanctions). Defendants served their Rule 11 Motion on Plaintiff's counsel on February 3, 2023. See Burroughs Decl. ¶2. Plaintiff failed to withdraw the Notice of Dismissal. Plaintiff's filing of the Notice of Dismissal violates Rule 11 as set forth hereinbelow.

1. **The Notice of Dismissal was improper because Defendants have filed answers**

As set forth in Defendants' Motion to Strike, Plaintiff's filing of the Notice of Dismissal violated the Federal Rules. See Dkt. 65. A "plaintiff may only dismiss an action without a court order by filing a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment. *Essex Gardens v. Atain Specialty Ins. Co.*, No. 18-22232, 2019 WL 1316993, at *1 (S.D. Fla. Jan. 7, 2019)(emphasis by Court), citing Fed. R. Civ. P. 41(a)(1)(A). Here, Defendants have filed both answers *and* a summary judgment motion. The

Notice of Dismissal is thus not warranted by existing law and in fact clearly violates the Federal Rules of Civil Procedure.

It is settled that a "voluntary dismissal without prejudice is not a matter of right." *Fisher v. P.R. Marine Mgmt, Inc.*, 940 F.2d 1502, 1502–03 (11th Cir.19991)(citation omitted). At this juncture in the case, the action "may be dismissed by the plaintiff without order of court" only by filing a "stipulation of dismissal signed by all parties who have appeared in the action. *Negron v. City of Miami Beach, Fla.*, 113 F.3d 1563, 1571 (11th Cir. 1997), citing Fed.R.Civ.P. 41(a)(1)(A)(ii)(edited to add "(A)" to the statutory citation). The "rule is clearly stated: a voluntary dismissal by stipulation is applicable only if all the parties sign off on it." Id. Plaintiff failed to file a stipulation and Defendants never "signed off on" such a stipulation. The Notice of Dismissal violates an unequivocal Federal Rule and seeks to obtain an inappropriate strategic advantage. It was thus "presented for an improper purpose" in violation of Rule 11. Fed.R.Civ.P. 11(b).

2. **The Notice of Dismissal is improper because Defendants have filed a summary judgment motion**

The Notice of Dismissal also violates Rule 11 because Defendants have filed a summary judgment motion challenging Counts II-V, which are the very Counts that Plaintiff seeks to dismiss without prejudice via the Notice of Dismissal. It is beyond dispute that once a "defendant files a motion for summary judgment, Fed.R.Civ.P. 41(a)(1) does not permit a voluntary dismissal without a Court Order, unless all parties who have appeared sign a stipulation of dismissal." *Hernandez v. Starbucks Coffee Co.*, No. 09-60073-CIV, 2011 WL 2728459, at *1 (S.D. Fla. June 29, 2011), report and recommendation adopted, No. 09-60073-CIV, 2011 WL 2710772 (S.D. Fla. July 8, 2011). Here, Defendants' summary judgment motion is pending and they have not executed

a stipulation dismissing Counts II-V or any other claim. The Notice of Dismissal was thus not warranted by the law or a "nonfrivolous" attempt to change the law. Fed.R.Civ.P. 11(b).

    **B.    Rule 11 sanctions should issue**

In light of the above, Rule 11 sanctions are appropriate. Rule 11 motions are not meant to be filed without material evidence of a clear violation of the Federal Rules or a failure to abide by binding precedent but both bases exist here. Plaintiff's filing violates Fed.R.Civ.P. 41 and the precedential cases interpreting that statute. Rule 11 states that if a "motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, **shall** impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." Fed.R.Civ.P. 11 (emphasis added). In addition to attorneys' fees, "monetary sanctions serve the purposes of Rule 11 and may be imposed as sanctions for Rule 11 violations in appropriate cases so long as they are imposed in accordance with due process." *Donaldson v. Clark*, 819 F.2d 1551, 1557–58 (11th Cir. 1987). And the Court may impose any other "appropriate" sanctions, in its discretion. Fed.R.Civ.P. 11.

Plaintiff's filing of its Notice of Dismissal violates Rule 11 and as such it is respectfully submitted that the Court should (a) order that Plaintiff pay Defendants' fees as incurred in connection with their Motion to Strike and the instant motion in an amount to be set upon application after briefing is complete; (b) impose a monetary sanction on Plaintiff in an amount subject to the Court's discretion; and (c) adjudge Plaintiff Counts II-V to be frivolous for purposes of Defendants' motion to recover their attorneys fees as incurred in defending against those claims, under the Copyright Act and other relevant law.

Defendants' counsel certifies that he conferred via telephone with Plaintiff's counsel on February 2, 2023 regarding the relief sought in the motion in a good faith effort to resolve the issues. Burroughs Decl. ¶2. During the conference, Defendants' counsel requested that the Notice of Dismissal be withdrawn, and indicated that he would be forced to serve a Rule 11 motion if it was not withdrawn. Id. Plaintiff's counsel declined to withdraw the Notice of Dismissal, requiring service of this motion. Id.

DATED: February 3, 2023                    Respectfully submitted,

/s/  Scott Alan Burroughs
SCOTT ALAN BURROUGHS
(admitted *pro hac vice*)
scott@donigerlawfirm.com
**DONIGER / BURROUGHS**
237 Water Street, First Floor
New York, New York 10038
(310) 590-1820

JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on February 3, 2023 a true and correct copy of the foregoing document was submitted to the Clerk of Court CM/ECF System to all parties listed on the ECF Service List.

/s/ Scott Alan Burroughs
Scott Alan Burroughs