UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON, AND LUTHER CAMPBELL,

    Defendants.

CASE NO.:  1:21-CV-23727-DPG

**DEFENDANTS' OPPOSITION TO MOTION TO STRIKE**

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION

Plaintiff, Lil' Joe Records, Inc.'s ("Lil' Joe"), motion should be denied. Defendants' reply brief is 10 pages long and complies with S.D.Fla. L.R. 7.1(c)(2) and all applicable rules.

**A.     Defendants complied with the Local Rules**

Plaintiff relies on S.D.Fla. L.R. 7.1(c)(2) in support of its motion but fails to cite to its language. The statutory text makes clear that Defendants' reply is compliant. The rule states that "a motion and its incorporated memorandum of law" shall  "not exceed ten (10) pages."  S.D.Fla. L.R. 7.1(c)(2). Defendants' memorandum of law in support of its reply is 10 pages. While the cover page adds a page, the "following items do not count toward page limitations for purposes of this rule and any other rules or orders setting forth page limitations: title pages preceding the first page of text, tables of contents, tables of citations, "request for hearing" sections, signature pages, certificates of good faith conferences, and certificates of service." Id. And, notably, the statute applies only to the motion and the "memorandum of law" and does not apply to ancillary documents like proposed orders, declarations, evidentiary objections, and the like. Defendants' reply complies with the applicable rules.

Plaintiff relies on *Novartis Consumer Health Inc. v. Elan Transdermal Techs., Inc.*, 209 F.R.D. 507, 508 (S.D. Fla. 2002) in support of its argument but that case is inapposite because it involved the filing of "four separate motions for summary judgment totaling sixty (60) pages in length[.]" Plaintiff also relies on *Happy Tax Franchising, LLC v. Hill*,  but that case involved the improper incorporation "by reference" of arguments from a "response to Moving Defendants' prior dismissal motion"  No. 19-24539-CIV, 2021 WL 3811041, at *3 (S.D. Fla. June 7, 2021), *report and recommendation adopted sub nom. Happy Tax Franchising, LLC v. JL Hill Grp., LLC*, No. 19-24539-CIV, 2021 WL 3793050 (S.D. Fla. Aug. 26, 2021). Defendants have not

filed multiple summary judgment motions or attempted to incorporate by reference portions of prior documents. The evidentiary objections do not make legal arguments relating to the substance of Plaintiff's or Defendants' claims, but instead specifically challenge particular items of evidence that Plaintiff improperly relied upon in its brief. And Defendants have already filed a 15-page response to the evidentiary objections. See Dkt. No. 69. Plaintiff cites no case that states that evidentiary objections, responses thereto, or other properly filed ancillary documents violate the rule. The motion should be denied.

### B.  The reply does not improperly raise new arguments

Plaintiff also argues that Defendants raised the laches, estoppel, standing, and the statute of limitation defenses for the first time in their reply, but that argument fails because Defendants raised the laches argument (Motion, pg. 20) and standing argument (Motion, pg. 6) in its opening brief. Defendants also raised the statute-of-limitations argument in its opening brief (Motion, pgs. 17-18) and asserted that Plaintiff is "estopped" from making certain arguments in that brief. Motion, pg. 14. Plaintiff also objects to Defendants' argument that the bankruptcy did not divest Defendants' of their termination rights, but that issue is also embraced in the opening brief. See Motion, §IV(B). As such, no "new" arguments were improperly raised in the reply.

Even if Defendants had raised these issues for the first time in their reply, they are not claims but defenses, as Plaintiff concedes. And each was properly raised in response to, and to defeat, the arguments that Plaintiff made in its Opposition. For example, Lil' Joe argues in its Opposition that Skyywalker Records did not own in 1990 the copyrights for the albums at issue. Defendants responded by pointing out Skyywalker Records' assertion of copyright ownership in 1990 and the three-year statute that applies to copyright ownership claims and ran from the date of that assertion. *See Ediciones Musicales Y Representaciones Internacionales, S.A. v. San*

*Martin*, 582 F. Supp. 2d 1358, 1360 (S.D. Fla. 2008)("any copyright ownership claim would be subject to the three-year statute of limitations."), citing *Barksdale v. Robinson*, 211 F.R.D. 240, 245 (S.D.N.Y.2002). This argument directly responded to a position taken by Lil' Joe in its Opposition and was thus appropriate.

Even if Defendants' responses to Plaintiff's Opposition arguments could constitute "new facts and argument," a district court may consider an "issue even if it was raised in a reply brief." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001). To be sure, a district court "may grant summary judgment on any legal ground the record supports." Id., citing 6 James W. Moore, Walter J. Taggart and Jeremy C. Wicker, Moores Federal Practice ¶ 56.14[1] (1994). Defendants argued positions that were first raised in its opening brief and properly responded to arguments made in Plaintiff's Opposition. The motion should be denied.

### C. Defendants' challenges to the admissibility of Plaintiff's evidence were well-taken

Plaintiff also takes issue with Defendants' objections to the Weinberger deposition transcript. But, for the reasons set forth in Defendants' evidentiary objections, that testimony should be excluded to the extent noted in the objections. There is no requirement that a party make a discovery motion in order to challenge the admissibility of testimony. Indeed, Weinberger, in refusing to testify in regard to disputed subjects, ran afoul of "Rule 37(c), which is a "self-executing sanction for failure to make a disclosure[.]" *Barron v. Fed. Rsrv. Bank of Atlanta*, 129 F. App'x 512, 519 (11th Cir. 2005). It is settled that a "party that without substantial justification fails to disclose information required by Rule 26(a)" is "not permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed" unless the failure to disclose was "harmless." Id., citing Fed.R.Civ.P. 37(c)(1). And there is no

need for a discovery order to issue before the evidence is excluded. Given the self-executing nature of the sanction, and Plaintiff's failure to disclose its testimony on the disputed subjects, any testimony on those subject must now be excluded.

### D. The new facts in the Statement were appropriate

Plaintiff cites to no portion of the Local Rules that states a party may not add facts relevant to a reply brief to the Statement of Facts. While the Rule does not specifically state that such facts may be added, it does not preclude them either, and in situations like this one such facts may assist the court in deciding the issues before it. Defendants' 15 additional facts were appropriate because they addressed facts relevant to Defendants' response to Plaintiff's opposition. It is respectfully submitted that they be reviewed or, at most, that the challenged facts be removed and the rest of the document considered.

Dated: March 14, 2023                                  Respectfully submitted,

                                                       */s/  Scott Alan Burroughs*
                                                       SCOTT ALAN BURROUGHS
                                                       (admitted *pro hac vice*)
                                                       **DONIGER / BURROUGHS**
                                                       237 Water Street, First Floor
                                                       New York, New York 10038
                                                       (310) 590-1820
                                                       scott@donigerlawfirm.com

                                                       JOEL B. ROTHMAN
                                                       Florida Bar Number:  98220
                                                       joel.rothman@sriplaw.com
                                                       **SRIPLAW, P.A.**
                                                       21301 Powerline Road
                                                       Suite 100
                                                       Boca Raton, FL  33433
                                                       561.404.4350 – Telephone
                                                       561.404.4353 – Facsimile

                                                       *Counsel for Defendants*