UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

    Defendants
_____/

## REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE

Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), hereby files this reply to Defendants' Opposition to Moton to Strike [DE 81]("Opposition") as follows:

Defendants Reply in Support of Motion for Summary Judgment [DE 62](the "Reply"), Response to Plaintiff's Evidentiary Objections in Support of their Motion for Summary Judgment [DE 62-14]("Response"), and Evidentiary Objections in Support of their Motion for Summary Judgment [DE 62-13]("Objections"), should be stricken because (i) they constitute a reply in excess of the page limit, and (ii) they include new arguments. Motion to Strike Defendants' Reply, etc. [DE 68] at pp. 2-5, or, alternatively, Lil' Joe should be granted leave to file a sur-reply. Also, the additional material facts in the Response to Plaintiff's Response to Statement of Material Facts in Support of Defendants' Motion for Summary Judgment [DE 62-1] should be stricken because it is not allowed. Motion to Strike Defendants' Reply, etc. [DE 68] at pp. 2-5. As discussed below, each of the arguments in the Opposition proffers no basis to preclude this relief.

<u>Defendants' have not complied with the local rules because the reply exceeds the page limit</u>

In replying to support their motion for summary judgment, defendants filed three separate papers: the Reply, the Response and the Objections. These papers in the aggregate far exceed the 10 page limit. S.D.Fla. L.R. 7.1(c)(2). Defendants in their Opposition solely focus on the Reply, which is at the 10-page limit, arguing that they can also file the Response and Objections, which elaborate on arguments made in the Reply, Motion to Strike Defendants' Reply, etc. [DE 68] at pp. 2-3, as a subterfuge to exceed the 10-page limit.

Defendants say there is no prohibition against "ancillary documents like … evidentiary objections." Opposition at pp. 2-3. To the contrary S.D. Fla. L.R. 7.1(c)(1) explicitly says "No further or additional memoranda of law shall be filed and served without prior leave of Court." It is appropriate to strike filings "with the effect, if not the intent, of evading the" local rule page limitations. *Norvartis Consumer Health Inc. v Elan Transdermal Technologies, Inc.,* 209 F.R.D. 507, 508 (S.D. Fla. 2002). That is, hammer on the proverbial nail, precisely what defendants have impermissibly done by filing the Reply, Response and Objections.

Defendants ignore that "Courts in this Circuit have stated that they may strike pleadings for violating local rule page limitations." *Living Legends Retirement Center, Inc. v Lexington Ins. Co.,* U.S. Dist. LEXIS 50813 *3-4 (S.D. Fla. May 20, 2005). They try to distinguish *Happy Tax Franchising, LLC v. Hill*, 2021 U.S. Dist. LEXIS 107354 *9 n3 (S.D. Fla. June 7, 2021), by pointing out that it "involved the improper incorporation 'by reference'", Opposition at p. 2, but that is part of what defendants did to exceed the page limitation[1], Motion to Strike Defendants'

---

[1] Defendants say they "have not … attempted to incorporate by reference portions of prior documents." Opposition at pp. 2-3. To the contrary, Defendants continue an argument they begin in the Reply at p. 3, concerning Allen Jacobi's affidavit, in the Objections (explicitly citing in the Reply at p. 3 to "See, Evid. Obj. pg 8 Section E.").

Reply, etc. [DE 68] at pp. 2-3. Defendants acknowledge that in their Objections they "specifically challenge particular items of evidence the Plaintiff improperly relied upon in its brief." Opposition at p. 3. That brief was Lil Joe's Response to Defendants' Motion for Summary Judgment [DE 58]. The place to "challenge" those items in this "brief" is in the reply, not in the separate Objections as a way to exceed the page limit, S.D. Fla. L.R. 7.1(c)(1).

### Defendants' improperly raise new arguments

Defendants do not contest that their reply "may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence." *Baltzer v Midland Credit Management, Inc.,* 2014 U.S. Dist. LEXIS 107262 *3 (S.D. Fla. Aug. 5, 2014). They also do not contest that when "[i]n Reply, Defendant raises a new argument not raised in its Motion [, b]ecause it is improper for Defendant to raise this new argument in its Reply brief, the argument will not be considered." *Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012). New arguments are not considered because they prejudice the non-moving party. *TCC Air Services, Inc. v. Schlesinger*, 2009 U.S. Dist. LEXIS 21010 * 14 (S.D. Fla. March 5, 2009).

Defendants also do not challenge that they impermissibly raised for the first time in their reply a new argument, that because there was no present value to the termination rights at the time of Luther Campbell's and Mark Ross' bankruptcies they were not assets of their respective bankruptcy estates. Having admittedly raised a new argument, the reply must be stricken or Lil' Joe granted leave to address it.

At to their remaining new arguments, what defendants did was search for the words "laches", "statute of limitations" and "estoppel" in their Motion for Summary Judgment [DE 53]

and argue that just because the word was said the argument advanced in their reply was made. Opposition at p. 3. Defendants are wrong. Defendants point out their mention on page 20 of their Motion for Summary Judgment [DE 53] that "Plaintiff's claims come too late and are barred by laches." That argument, however, had nothing to do with when an action questioning the attempted termination of the copyrights at issue must be commenced, but the timeliness of Lil' Joe's independent trademark and copyright claims. Likewise, defendants refer to pages 17-18 of their Motion for Summary Judgment [DE 53] to show that the statute of limitations was mentioned. There, they argued that "Plaintiff's argument that the works were 'for hire' is barred by the statute of limitations." Again, defendants' did not previously raise the timeliness of the declaratory judgment action.[2] Defendants reference to estoppel at page 14 of their Motion for Summary Judgment [DE 53] also addressed whether the works were made for hire, not the timeliness of the declaratory judgment action. It is defendants' failure to previously make these arguments that preclude them from first raising them in their reply. *Baltzer,* 2014 U.S. Dist. LEXIS 107262 at *3; *Foley,* 849 F. Supp. 2d at 1349.

Recognizing that these matters were not previously raised, defendants seek to excuse that on their status as defenses rather than claims. Opposition at p. 3. There is no affirmative defense exception to the prohibition against waiting until a reply to make an argument. Allowing such an exception, or any exception, is illogical as it prevents a party opposing a motion from addressing it. *TCC*, 2009 U.S. Dist. LEXIS 21010 at * 14.

---

[2] The declaratory judgment examines a termination notice in November 2020. If defendants' argument was accurate, then Lil' Joe could not challenge when the copyrights were transferred, to ensure that the termination notice terminates the appropriate transfer, because the statute of limitations would have expired in 1993, 2 years before the copyrights were even transferred to Lil' Joe.

Again recognizing that these matters were not properly raised, defendants contend that this Court can nonetheless consider them, citing *Glenn K. Jackson Inc. v Roe,* 273 F.3d 1192 (9th Cir. 2001). In *Jackson* the Ninth Circuit held that a district court in the Northern District of California could consider an argument even though not raised until a reply brief. *Id.* at 1202. *Jackson* does not indicate whether the Northern District of California's local rule[3] contained the same admonition that "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition" as contained in S.D. Fla. Local Rule 7.1 (c)(1) which applies here. While the Ninth Circuit in *Jackson* paid no heed to the Southern District of Florida's local rules, defendants do not have that liberty. "The local rules promulgated under Rule 83 of the Federal Rules of Civil Procedure have the force of law. … One purpose of the local rules is to aid in the administration of justice by requiring motions for summary judgment to be properly briefed." *Living Legends,* U.S. Dist. LEXIS 50813 at *2-3. "[S]trict, consistent, 'bright-line' enforcement is essential to obtaining compliance with the rules and to ensuring that long-run aggregate benefits in efficiency inure to district courts" *Id.* at *3. While the Northern District of California is free to implement whatever protocols it deems appropriate, this Court has imposed a "strict[] limit[]" on the contents of a reply, S.D. Fla. Local Rule 7.1 (c)(1), which limitation is subject to "strict, consistent, 'bright-line' enforcement", *Living Legends,* U.S. Dist. LEXIS 50813 at *3.

"[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the nonmovant an opportunity to respond." *Baltzer,* 2014 U.S. Dist. LEXIS 107262 *7; *Ramos v U.S. Dept. of Agriculture,* 2022 U.S. Dist. LEXIS 87759 *2 (S.D. Fla. May 13, 2022)("If the movant raises arguments for the first

---

[3] Lil' Joe's counsel has not been able to locate the Norther District of California local rules in effect at the time.

time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting them leave to file a sur-reply."). This Court can, like in *Jackson,* consider an argument first raised in defendants' reply, but to do so it must give Lil' Joe an opportunity to respond (which Lil' Joe has requested an opportunity to do IF this Court elects to consider the defendants' arguments. Motion to Strike Defendants' Reply, etc. [DE 68] at p. 5).

Defendants reliance on *Ediciones Musicales Y Representaciones Internacionales, S.A. v San Martin,* 582 F.Supp. 2d 1358 (S.D. Fla. 2008), is misplaced. First of all, it does not even address the ability to raise new matters in a reply. What it does address, the statute of limitations applicable to a copyright claim, does not help defendants. There is no dispute that the limitations period is three years, as *Ediciones* says, 582 F.Supp. 2d at 1360. When the issue is whether a Section 203 notice of termination is valid, like here, the claim accrues on the date of the notice of termination. *Baldwin v EMI Feist Catalog, Inc.,* U.S. Dist. LEXIS 201053 *7 (S.D. Fla. Dec. 11, 2012); Report and Recommendation on the Parties' Motions for Summary Judgment [DE 96], *Finch v Casey,* U.S. Dist. Ct. So. Dist. Fla. Case No. 22-20144-CIV-GAYLE/TORRES. The notice of termination here is dated November 4, 2020, Complaint [DE 1] at p. 6, ¶ 27; Motion for Summary Judgment and Request for Oral Argument [DE 53] at p. 3, and the complaint here was filed on October 21, 2021, Complaint [DE 1], well within the limitations period.

<u>Defendants' objection to the Weinberger deposition is untimely</u>

Defendants contest Joseph Weinberger's inability to answer questions posed of him at deposition because defendants refused to provide him with a complete copy of documents they were asking him questions about despite his repeated requests for them to do so. Response to Defendants' Evidentiary Objections in Support of Their Motion for Summary Judgment [DE 69]

at pp. 2-4. S.D. Fla. L.R. 26.1 "shall govern discovery disputes." S.D. Fla. L.R. 26.1 (g)(1). "A party *must* submit any discovery dispute to the Court by service of a motion … within the time periods…." S.D. Fla. L.R. 26.1 (g)(2)(A)(emphasis added). "[F]or a discovery dispute relating to a deposition that has been completed, a party *shall* submit the dispute within twenty-eight (28) days of the last day of testimony in the deposition giving rise to the dispute…." S.D. Fla. L.R. 26.1 (g)(2)(A)(ii) (emphasis added). Despite these clear mandatory pronouncements, defendants do not believe that they were required to raise this discovery dispute by motion or that they had to do so within the time allotted. Not surprising, defendants do not cite to any authority supporting their contention that these rules don't apply to them.

In the face of this, defendants cite to *Barron v Federal Reserve Bank of Atlanta,* 129 Fed. Appx. 512 (11th Cir 2005). *Barron* does not help them at all. "Barron argues that the district court should have struck the declarations of Dennis Blass and Andre Anderson because he was not provided with the subject of the discoverable information that Blass and Anderson had in support of FRBA's claims as required by Fed. R.Civ. P. 26(a)(1)(A). Without this information, Barron alleges that the declarations should have been struck under Fed. R.Civ. P. 37(a)…." *Id.* at 518. This is not the issue raised here. Right off the bat it is patently obvious that any issue regarding questions posed at Joseph Weinberger's deposition do not arise under Rules 26(a)(1) or 37.

As the Eleventh Circuit recognized in *Barron,* "[u]nder Fed. R.Civ. P. 26(a), a party must provide the other parties with, *inter alia,* 'the name and, if known, the address and telephone number of each individual likely to have discoverable information…." 129 Fed. Appx. at 519. *Barron* further observed that "*if* a party fails to make a disclosure under Rule 26(a), 'any other party may move to compel disclosure and for appropriate sanctions.'" *Id.* (emphasis added). "*If* a party fails to provide information or *identify a witness as required by Rule 26(a)* or (e), the party

7

is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is *harmless*."[4] Fed. R.Civ. P. 37(c)(1)(emphasis added). As the foregoing explicitly states, the sanction in Rule 37(c)(1) only applies if a witness was not disclosed in a party's Rule 26(a) initial disclosure. Joseph Weinberger was identified in Lil' Joe's Rule 26(a) initial disclosure. Plaintiff's Rule 26 Disclosures [DE 20]. For precisely this same reason, Barron's request in *Barron* to strike Anderson's and Blass's declarations was denied because they were identified in FRBA's Rule 26 initial disclosure. 129 Fed. Appx. at 519. Just like in *Barron,* defendants are not entitled to the "self-executing" sanction in Rule 37(c)(1) because the prerequisite to it was not met, Joseph Weinberger was disclosed in Lil' Joes' Rule 26(a) initial disclosure.

Defendants' further argument that they are not required to make a discovery motion to address the perceived shortcomings in Joseph Weinberger's deposition, Opposition at pp. 4-5, is simply inaccurate. Initial disclosure, which is required by Fed. R.Civ. P. 26(a)(1), is independent of discovery, which is addressed in Fed. R.Civ. P. 26(b). When "a deponent fails to answer a question asked under Rule 30", which is what defendants contend occurred, "[a] party seeking discovery may move for an order compelling an answer…." Fed. R. Civ. P. 37(a)(3). That is the remedy defendants could have pursued – but admittedly did not (probably because there is no merit to their complaint, they are the sole cause why their questions were not answered, which could have simply been resolved by doing what Joseph Weinberger repeatedly requested throughout his deposition, and what defendants are required to do, show him the documents defendants were asking questions about).

---

[4] Even IF Joseph Weinberger had not been identified in Lil' Joe's Rule 26 initial disclosure, it would have been harmless because defendants clearly knew of Joseph Weinberger and took his deposition. *Barron,* 129 Fed. Appx. at 518.

<u>Defendants add new facts to their statement of material facts</u>

S.D. Fla. L.R. 56.1 sets forth the procedure for statements of material facts concerning a motion for summary judgment. It plainly provides for the movant's statement of material facts, the opponent's, and the movant's reply to the opponents. No other statement of material facts is authorized. It is likely that this schematic was established to give the movant, who has the burden, the last word.

Despite this, defendants acknowledge that they added 4 pages containing 15 additional material facts of their own after Lil' Joe's reply. Opposition at p. 5. Defendants argue that they should be allowed to do so because S.D. Fla. L.R. 56.1 "does not preclude them" from doing so. Opposition at p. 5. Defendants are wrong. S.D. Fla. L.R. 56.1(c) prohibits, and provides consequences, "[i]f a party files and serves any Statement of Material Facts that does not comply with this rule…." Those consequences are: "the Court may strike the Statement, require immediate compliance, grant relief to any opposing party for any prejudice arising from non-compliant statement or response, or enter other sanctions that the Court deems appropriate." Defendants cannot simply do as they wish.

<u>Conclusion</u>

For the foregoing reasons, this Court should (i) to strike the defendants' Reply in Support of Motion for Summary Judgment [DE 62], Response to Plaintiff's Evidentiary Objections in Support of their Motion for Summary Judgment [DE 62-14], and Evidentiary Objections in Support of their Motion for Summary Judgment [DE 62-13], or, alternatively, grant Lil Joe Records, Inc. leave to file a sur-reply, and (ii) strike the additional material facts in the defendants' Response to Plaintiff's Response to Statement of Material Facts in Support of Defendants' Motion for Summary Judgment [DE 62-1].

        WOLFE LAW MIAMI PA
        175 SW 7th Street, Suite 2410
        Miami, Florida 33130
        P: 305.384.7370
        F: 305.384.7371
        Email: rwolfe@wolfelawmiami.com

By:   /s/ Richard C. Wolfe
      Richard C. Wolfe, Esq.
      Florida Bar No.: 355607

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

        /s/ Richard C. Wolfe
        Richard C. Wolfe