# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LIL' JOE RECORDS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 1:21-CV-23727-DPG |
| | ) |
| MARK ROSS; et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS'
EVIDENTIARY OBJECTIONS**

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants, Mark Ross, Luther Campbell, Anissa Wong Won, Christopher Wong Won, Jr., Roderick Wong Won, and Leterius Rey ("Defendants"), hereby reply to Plaintiff, Lil' Joe Records, Inc.'s ("Lil' Joe"), response to Defendant's Evidentiary Objections as made in connection with evidence submitted by Plaintiff in connection with its Opposition to Defendants' Motion for Summary Judgment.

### A.      Joseph Weinberger

Weinberger's testimony must be excluded because he refused to testify at his deposition, was legal counsel to one or more of the Defendants, and lacks personal knowledge of issues on which he testifies.

#### 1.      Refusal to testify

Weinberger, at deposition, refused to testify regarding the contracts that are the crux of this case. As such, he cannot now offer testimony relevant to these agreements. It is settled that the Court may preclude a party "from later offering trial testimony on any of the topics for which the corporate representative was unable to provide adequate deposition testimony[.]" *Wausau Underwriters Ins. Co. v. Danfoss, LLC,* 310 F.R.D. 683, 687 (S.D. Fla.), aff'd, 310 F.R.D. 689 (S.D. Fla. 2015)(granting motion). Here, Lil' Joe was not just unable to testify but flat-out refused to do so.[1] It should be barred from entering any testimony regarding the 1990 Agreement, the 1991 Agreements, how they were kept, or how they were interpreted or enforced.

Plaintiff argues that Defendants were required to burden this Court with a discovery motion in order to compel Plaintiff to testify on these subjects. But that is not the law. To the contrary, the sanction is "self-executing" in that it "may be imposed **without the filing of a motion** under Rule 37(a)." *Ellingsen v. Hartford Ins. Co. of the Midwest*, No. 8:14-CV-3164-T-35JSS, 2016 WL 1367223, at *1 (M.D. Fla. Apr. 6, 2016)(emphasis added), citing Fed. R. Civ. P. 37(c)(1), Advisory Committee Notes to 1993 Amendment. Here, Lil' Joe acted at its own risk

---

[1] To make matters worse, Lil' Joe's counsel refused to turn on his Zoom camera while Lil' Joe was questioned on the record during the deposition. Despite this refusal to appear onscreen, Lil' Joe's counsel insisted on remaining in the same room as the deponent. This was highly inappropriate and is itself sufficient grounds to preclude the testimony.

when refusing to testify regarding the contracts. It cannot now, after discovery has closed, introduce such testimony.

Moreover, Plaintiff has not shown that it was unable to testify about the documents at the time of the deposition. The "burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Notably, while Plaintiff complains that the documents being asked about at deposition were too long (they were not particularly long, and they were documents from Plaintiff's own files, and Plaintiff was familiar with their terms), it fails entirely to explain why that length made it impossible to provide *any* testimony as to the documents. Indeed, Plaintiff's owner refused to answer *any* questions regarding the contracts, not just those that would have required him to review specific language in the agreements. He categorically refused to answer questions relating to his understanding and interpretation of the agreements and it would be highly prejudicial for him to now be able to offer such testimony given that Defendants were deprived of the opportunity to cross-examine him on, and otherwise investigate, that subject matter.

The Federal Rules provide "for a variety of sanctions for a party's failure to comply with its Rule 30(b)(6) obligations, ranging from the imposition of costs to **preclusion of testimony** and even entry of default. *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 690 (S.D.Fla., 2012)(emphasis added), citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 269 (2d Cir.1999) (affirming order precluding witness five witnesses from testifying at trial)(remaining citations omitted). Put another way, Lil' Joe's principal's refusal to "answer is itself an answer which will bind the corporation at trial." Id., citing *Fraser Yachts Fla., Inc. v. Milne*, No. 05–21168–CIV–JORDAN, 2007 WL 1113251, at *3 (S.D.Fla. Apr. 13, 2007); *Chick–fil–A v. ExxonMobil Corp.,* No. 08–61422–CIV, 2009 WL 3763032, at *13 (S.D.Fla. Nov. 10, 2009). Lil' Joe, in refusing to testify on these topics at deposition, is now bound by this refusal and should "not be allowed effectively to change its answer by introducing evidence at trial" or summary judgment. Id., citing *Ierardi v. Lorillard*, No. 90–7049, 1991 WL 158911 (Aug. 13, 1991) (E.D.Pa. 1991, at *4). This is particularly true here given that Lil' Joe's principal testified in regard to topics he believed would assist his case, while refusing to testify on the contracts at issue, which doom his case. *Sciarretta v. Lincoln Nat. Life Ins. Co*., 778 F.3d 1205, 1213 (C.A.11  2015)("Preparing a designated corporate witness with only the self-serving half of the

story that is the subject of his testimony is not an act of good faith.")

### 2. Privilege

The attorney-client privilege protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance. *In re Grand Jury* (G.J. No. 87–03–A), 845 F.2d 896, 897 (11th Cir.1988). Weinberger represented Defendant Campbell as well as his record label. He cannot now exploit knowledge he obtained in that capacity to deprive Campbell of his termination rights.

### 3. Personal knowledge

Weinberger has no knowledge of the agreements (oral or written) that the members of 2 Live Crew entered into with Campbell's record label. And he has no personal knowledge of the members of 2 Live Crew's working relationship with the label. While he may have become involved with a different Campbell label later, he has no basis at all to testify regarding the oral and written agreements at issue in this case.

## B. Allen Jacobi

Jacobi was Defendant Campbell's attorney *and* represented his record label. The substance of his affidavit addresses subject matter that was clearly part of Jacobi's legal representation of Campbell. The privilege "belongs solely to the client" and must be invoked unless waived. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir.), opinion modified on reh'g, 30 F.3d 1347 (11th Cir. 1994). Jacobi's testimony must be excluded because it discloses privileged communications.

Plaintiff argues that Campbell's lawsuit for malpractice destroyed the privilege but the very case it cites makes clear the frivolity of the argument. In *Ferrari v. Vining*, cited by Plaintiff, the Court held that "in suing an attorney for legal malpractice, the client's waiver of attorney-client privilege **is limited to the malpractice action**, and the defendant/attorney may reveal confidential information relating to his representation **only to the extent necessary to defend himself**." 744 So. 2d 480, 482 (Fla. Dist. Ct. App. 1999). Indeed, as "stated in the Comment to Rule 4–1.6, Rules Regulating the Florida Bar, "[i]f a lawyer is called as a witness to give testimony concerning a client, absent waiver by the client, rule 4–1.6(a) **requires the lawyer to invoke the privilege** when it is applicable." Id. (emphasis added). The attorney-client

privilege precludes the Jacobi testimony.

### C.      Herman Moskowitz

Moskowitz has no personal knowledge to support his testimony. Plaintiff notes that his affidavit states that it is based on personal knowledge but then fails to establish what, if any, personal knowledge he possessed or how he came to possess that knowledge. While his affidavit stated that it relied on certain records, no records were attached. And even if he was a Certified Public Accountant that worked with one of Defendant's records labels, that would not provide him a foundation to testify about legal questions like employment status, work-for-hire, and whether a contract applied to a particular musical work. His testimony must be excluded

### D.      Conclusion

For the foregoing reasons, Defendants respectfully request that the challenged evidence be excluded.

Dated: March 20, 2023

Respectfully submitted,

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
(admitted *pro hac vice*)
DONIGER / BURROUGHS
237 Water Street, First Floor
New York, New York 10038
(310) 590 – 1820
scott@donigerlawfirm.com

-*with*-

Angela M. Nieves, Esq.
Florida Bar No. 1032760
Joel B. Rothman, Esq.
Florida Bar No. 98220
SRIP LAW
21301 Powerline Road, Suite 100
Boca Raton, Florida 3343
(561) 404-4350
angela.nieves@sriplaw.com
joel.rothman@sriplaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 20, 2023, a true and authentic copy of the foregoing was submitted to the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: _/s/ Scott Alan Burroughs_
Scott Alan Burroughs