# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR SANCTIONS
PURSUANT TO FEDERAL RULE 11 VERSUS DEFENDANTS
AND THEIR COUNSEL**

Plaintiff, LIL JOE RECORDS ("Plaintiff"), by and through undersigned counsel, files this Federal Rule 11 Motion for Sanctions against Defendants, MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON and LUTHER CAMPBELL ("Defendants") and their attorneys, Scott Burroughs, Esq., and the law firm of Doniger Burroughs, and in support thereof states as follows:

### I.    OVERVIEW

Defendants have no facts nor law supporting their claim to valid Section 203 termination because: 1) they failed to make a proper notice within the applicable window; they cannot show that they (3 of 4 members of the group 2 Live Crew) have proper rights because 2 members (Ross and Campbell) each filed for bankruptcy and hence they lost their rights of termination;

and 3) all members of 2 Live Crew were artists-for-hire and thus, they have no termination rights. For any one of these 3 reasons, Defendants have no valid rights to terminate the transfer of copyrights made in 1991.

## II.   FACTS

1. *2 Live Crew* was a notorious rap group comprised of Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs. Answer and Counterclaim [DE 12] at p. 14, ¶ 9; Affidavit of Joseph Weinberger in Support of Motion for Partial Summary Judgment as to Count I for Declaratory Judgment as to the Validity of the Copyright Termination Notice ("Affidavit") at p. 2, ¶ 3.

2. Christopher Wong Won is deceased. Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won purport to be his surviving children and heirs. Answer and Counterclaim [DE 12] at p. 2, ¶ 11; Affidavit at p. 2, ¶ 4. Neither Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray nor Anissa Wong Won deny that they are Christopher Wong Won's surviving child or grandchild, but are "without sufficient information" to admit or deny. Defendant Christopher Wong Won, Jr.'s Responses to Plaintiff's First Set of Requests for Admission, Defendant Roderick Wong Won's Responses to Plaintiff's First Set of Requests for Admission; Defendant Leterius Ray's Responses to Plaintiff's First Set of Requests for Admission and Defendant Anissa Wong Won's Responses to Plaintiff's First Set of Requests for Admission (Request No. 1).

3. Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs transferred all of their copyright rights to *2 Live Crew*'s music and trademark rights in *2 Live Crew*'s marks and cover designs to Luke Records, Inc. f/k/a Skyywalker Records, Inc. ("Luke Records"). Complaint

Ex A [DE 1-2] (Exclusive Recording Agreement dated April 1991, between Luke Records, Inc. and Chris Wong Won, Exclusive Recording Agreement dated April 1991, between Luke Records, Inc. and Mark Ross and David Hobbs, Exclusive Recording Agreement dated February 1991, between Luke Records, Inc. and Mark Ross, Chris Wong Won, David Hobbs and Luther Campbell); Affidavit at p. 2, ¶ 5. Each of Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs agreed that Luke Records "shall own all master recordings embodying the performance of Artist made hereunder and all derivatives of the same; and [Luke Records] shall further own all of the performances of Artist embodies in said master recordings and derivatives thereof" and Luke Records "shall have the right to assign and otherwise transfer such copyrights to any third party, free and clear of any claim by Artist or any person, firm or corporation, deriving any rights from Artist." Affidavit at p. 2, ¶ 5 (found in the Recording Agreement between Skyywalker Records, Inc. and Luther Campbell, David Hobbs, Chris Wong Won and Marquis Ross (the "Recording Agreement") at §2(d)). They also acknowledged that their sound recordings are works for hire, Complaint Ex A [DE 1-2] (found in each of the Exclusive Recording Agreements at §5(c)); Affidavit at p. 2, ¶ 5 (found in the Recording Agreement at §§4-5), which Luke Records could copyright as "employer-for-hire of such sound recordings", Complaint Ex A [DE 1-2] (found in each of the Exclusive Recording Agreements at §5(c)). Their acknowledgment is accurate, as each of them was an employee of Luke Records and *2 Live Crew*'s music was prepared within the scope of their employment. Affidavit at p. 2, ¶ 5; Affidavit of Herman Moskowitz in Support of Motion for Partial Summary Judgment as to Count I for Declaratory Judgment as to the Validity of the Copyright Termination Notice. Defendants cannot challenge this, as they profess to be "without sufficient information to admit or deny" requests asking them

to "[a]dmit that Chris Wong Won, Mark Ross and David Hobbs did not obtain any ownership interest in their contributions or copyrights created and owned by Luke Records", "[a]dmit that in or about 1991, Chris Wong Won, Mark Ross and David Hobbs transferred all of their copyright rights to 2 Live Crew's music and trademark rights in 2 Live Crew's marks and cover designs to Luke Records" and "[a]dmit that Luther Campbell was an employee of Luke Records." Defendant Luther Campbell's Responses to Plaintiff's First Set of Requests for Admission, Defendant Mark Ross' Responses to Plaintiff's First Set of Requests for Admission, Defendant Christopher Wong Won, Jr.'s Responses to Plaintiff's First Set of Requests for Admission, Defendant Roderick Wong Won's Responses to Plaintiff's First Set of Requests for Admission, Defendant Leterius Ray's Responses to Plaintiff's First Set of Requests for Admission and Defendant Anissa Wong Won's Responses to Plaintiff's First Set of Requests for Admission (collectively the "Defendants Responses to Request for Admissions")(Request Nos. 4, 5 & 7).

4. In 1995 (years after Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs transferred all of their copyright rights to *2 Live Crew*'s music and trademark rights in *2 Live Crew*'s marks and cover designs to Luke Records), Luther Campbell and Luke Records became the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida which were jointly administered (the "Luke Bankruptcy"). Affidavit at p. 2, ¶ 6. Defendants, even Luther Campbell himself, are "without sufficient information to admit or deny this…." Defendants Responses to Request for Admissions (Request No. 8).

5. Pursuant to the Joint Plan of Reorganization in the Luke Bankruptcy, all of the copyright rights to *2 Live Crew*'s music and compositions and trademark rights in *2 Live Crew*'s marks and cover designs were transferred to Lil' Joe and Joseph Weinberger ("Weinberger") "free

and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on any of the masters or compositions" are due to Luther Campbell or Luke Records, and Luther Campbell released, among others, Lil' Joe and Weinberger, including "for royalties to be paid in the future" as a result of this transfer. Complaint Ex B [DE 1-3] (Joint Plan of Reorganization in Luke Bankruptcy), Affidavit at p. 3, ¶ 7. Defendants are "without sufficient information to admit or deny this…." Defendants Responses to Request for Admissions (Request Nos. 9, 10 & 11).

6. At no time did Christopher Wong Won, Mark Ross or David Hobbs file a claim in the Luke Bankruptcy asserting that they owned or were entitled to any rights appurtenant to any of the 2 Live Crew copyrights transferred to Lil' Joe and Weinberger. Affidavit at p. 3, ¶ 8. Defendants are "without sufficient information to admit or deny this" as to Christopher Wong Won or Mark Ross. Defendants Responses to Request for Admissions (Request Nos. 12 & 13).

7. The 2 Live Crew copyrights transferred to Lil' Joe and Weinberger were not abandoned back to Luther Campbell and/or Luke Records. Affidavit at p. 3, ¶ 9.

8. In 2002, Weinberger sued Christopher Wong Won. Affidavit at p. 3, ¶ 10. Christopher Wong Won, in settling the claims asserted against him, agreed that Lil' Joe "own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell", "releases any claims whatsoever to those works", and further agreed that "he has no further claims to any royalties to any of the works owned by" Lil' Joe. Affidavit at pp. 3-4, ¶ 10 (Settlement Agreement in *Joseph Weinberger v Christopher Wong Won,* Eleventh Judicial Circuit Court, Miami-Dade County, Florida, Case No 02-05481 CA 25). As a result of that settlement, Christopher Wong Won further released Lil' Joe and Weinberger from,

among other things, "[a]ll royalties, profits and other monies or payments at any time, directly or indirectly, due or to become due", "[a]ll rights to sue for infringements", and all rights to terminate. Affidavit at p. 4, ¶ 10 (release filed with U.S. Copyright Office).

9. On November 22, 2000, Mark Ross filed a bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama (the "Ross Bankruptcy"). Affidavit at p. 4, ¶ 11. In the Ross Bankruptcy, an adversary proceeding was commenced by Lil' Joe against Mark Ross and, in settling that claim Mark Ross acknowledged that, other than writer's performance rights which are not relevant to this proceeding, "he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. and Lil Joe Wein Music, Inc. and The 2 Live Crew name which were previously owned by Luther Campbell and Luke Records…. Additionally, Debtor [( Mark Ross)] has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc." Affidavit at p. 4, ¶ 11. Defendants, even Mark Ross himself, are "without sufficient information to admit or deny this…." Defendants Responses to Request for Admissions (Request No. 19).

10. At no time did the bankruptcy trustees of the Mark Ross bankruptcy estate or the Luther Campbell bankruptcy estate transfer to Mark Ross or Luther Campbell the Section 203 rights of termination.

11. On or about November 4, 2020, each of the defendants provided notice that they were purporting to terminate their copyright grants pursuant to 17 U.S.C. §203 pursuant to an undated recording agreement "made effective in 1987." Answer and Counterclaim [DE 12] at p. 15, ¶ 12.

### III. MEMORANDUM OF LAW

A. **Standard For Motion**

Rule 11(b), Federal Rules of Civil Procedure, imposes a duty upon attorneys to refrain from filing or pursuing frivolous claims. *Rueter v. Merrill Lynch*, 440 F.Supp.2d 1256, 1266 (N.D. Ala.2006). Rule 11 stresses the need for prefiling inquiry. *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir.1992). A court has discretion to award Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Here, Defendants and their counsel filed counterclaims asserting their rights to Section 203 terminations, based upon a valid notice made on November 4, 2020.

## IV. THE "MADE EFFECTIVE 1987" CONTRACT WHICH PURPORTS TO SUPPORT COUNTER-PLAINTIFFS' NOTICE OF TERMINATION PURSUANT TO SECTION 203 IS MANUFACTURED AND/OR FRAUDULENT AND THEREFORE NO VALID NOTICE WAS MADE

The Defendants-Counter-Plaintiffs have asserted termination of the copyrights at issue in this case pursuant to Section 203 of the Copyright Act. Their reliance upon same is premised upon a contract which cannot support a notice of termination because it is: 1) not dated and no particular copyrights are described therein; and 2) that contract purportedly is made effective January 1, 1987 and it purports to be between the 4 members of the group (of 2 Live Crew) and Skyywalker Records, Inc, a company which was then operating at 3050 Biscayne Boulevard, Suite 307. Hence, the contract is not genuine.

Moreover, the original company was "Luke Skyywalker Records, Inc"; but then it changed its name 3 years later in 1990 to "Skyywalker Records, Inc." and then changed again to Luke Records Inc. Second, no company … Luke Skyywalker Records, nor any other iteration was

operating at 3050 Biscayne Blvd in 1987. Finally, Plaintiffs are aware of statements made by both Luther Campbell and Mark Ross that there was no contract in 1987, only in 1991; after the album titled "Nasty as They Wanna Be" came out. This is supported by the affidavits Allen Jacobi and Joseph Weinberger attached hereto.

For all of the foregoing reasons, the contract cannot support Defendants/Counter-Plaintiffs' claim that they made a timely notice of termination within the applicable window pursuant to Section 203 of the Copyright Act.

**V. BECAUSE THERE WERE 4 MEMBERS OF 2 LIVE CREW, A NOTICE OF TERMINATIONS REQUIRES 3 TO JOIN IN, EACH HOLDING VALID RIGHTS.**

David Hobbs, one of the 4 members of 2 Live Crew, has not joined in the termination. Neither Mark Ross nor Luther Campbell possess termination rights; because their bankruptcy trustee did not assign to them such rights following the filing of their bankruptcy, as more fully described in Plaintiff's Motion for Summary Judgment. Hence, there are no facts nor law supporting Defendants' claims that the Section 203 termination rights were properly exercised by a majority of the transferors.

**VI. EACH OF THE MEMBERS OF 2 LIVE CREW WERE EMPLOYEES FOR HIRE AND AS SUCH, THEY HAVE NO RIGHTS UNDER SECTION 203 TO TERMINATE THE TRANSFERS MADE IN THE 1991 CONTRACTS AS SET FORTH IN THE AFFIDAVITS OF JOSEPH WEINBERGER, HERMAN MOSKOWITZ, WHICH REFERENCED THE 1991 RECORDING AGREEMETN (REGARDING THE MEMBERS OF 2 LIVE CREW AS ARTISTS FOR HIRE) TOGETHER WITH THE TAX, PAYROLL AND IRS RECORDS OF LUKE RECORDS**

### V. CONCLUSION

For any one of 3 reasons, Defendant have not properly asserted Section 203 termination rights; because:

a) The notice of termination relied upon a so-called effective 1987 contract which is not a valid effective and genuine contract in which copyrights were transferred.

b) Ross and Campbell (representing 2 of the 4 members of 2 Live Crew) do not have any Section 203 termination rights as a result of filing for personal bankruptcy.

c) All 4 members of 2 Live Crew were artists-for-hire and as such do not hold termination rights.

## VERIFICATION

On _____, the undersigned counsel attempted to meet and conferred with Scott Burroughs, Esq., counsel for the Defendants/Counter-Plaintiffs, in an attempt to resolve the issues raised herein and the parties were unable to reach an agreement.

Respectfully submitted,

**WOLFE LAW MIAMI, P.A**.
*Counsel for Plaintiff Lil Joe Records*
175 SW 7 Street, Suite 2410
Miami, Florida 33130
Telephone: (305) 384.7370
Facsimile: (305) 384.7371

_____
RICHARD WOLFE, ESQ.
Fla. Bar No: 0355607
rwolfe@wolfelawmiami.com

## SERVICE LIST

I hereby certify that on November \_\_\_, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.