**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON, AND LUTHER CAMPBELL,

    Defendants.

**CASE NO.: 1:21-CV-23727-DPG**

## DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 11 MOTION

## **MEMORANDUM OF LAW**

Plaintiff, Lil' Joe Records, Inc.'s ("Lil' Joe") has violated Federal Rule of Civil Procedure 11. And in its opposition it does not argue otherwise. Instead, it argues that its violation of the Federal Rules is a "relatively minor issue" and fails to provide any justification for violating the letter and intent of the Federal Rules.

Lil' Joe included a number of frivolous claims in its complaint. The evidence for these claims was so lacking that Lil' Joe failed to oppose Defendants' motion for summary judgment as it related to *all* claims in Lil' Joes complaint other than Count I, which seeks Declaratory Judgment. After Defendants advised the Court of this failure, Lil' Joe quickly filed a Notice of Dismissal of three of the frivolous claims. But it did so without a proper stipulation as required by Fed.R.Civ.P. 41 and he did so "without prejudice" in an attempt to preserve the claims and impede Defendants' ability to recover their costs and fees.

During the meet-and-confer session relating to this motion, Plaintiff's counsel maintained that its Notice of Dismissal was proper and that he had violated no Federal Rule. He later refused to withdraw the Notice of Dismissal unless Plaintiff enter into a stipulation related to the dismissal. Plaintiff's counsel has *at no point* filed a Notice of Withdrawal or otherwise sought to remove the violative Notice of Dismissal from the docket. Indeed, *to this day*, and following the expiry of the 21-day safe harbor, the Notice of Dismissal remains unaddressed on the Court's Docket.

Plaintiff violated Rule 11 by "signing, filing, [and] submitting," a Notice of Dismissal that violated Federal Rule of Civil Procedure 41. See Fed. R. Civ. P. 11(b). Defendants served a copy of this motion on Plaintiff "to allow [Plaintiff] to withdraw the challenged document(s)."

*White v. Brenner, No*. 6:10-CV-134-ORL-28, 2011 WL 4633783, at *8 (M.D. Fla. Aug. 30, 2011), report and recommendation adopted, No. 6:10-CV-134-ORL-28, 2011 WL 4633703 (M.D. Fla. Oct. 5, 2011), citing 5A Wright & Miller, Federal Practice and Procedure, § 1337.2 (2010). But Plaintiff to date has not withdrawn the improper Notice.

Plaintiff's conduct is thus sanctionable under Rule 11 because it was and is wholly unreasonable. The "standard for testing conduct under amended Rule 11 is 'reasonableness under the circumstances[.]'" *Royal Palm Vill. Residents, Inc. v. Slider*, No. 8:19-CV-874-CEH-SPF, 2021 WL 8201620, at *3 (M.D. Fla. Aug. 2, 2021), report and recommendation adopted in part, rejected in part, No. 8:19-CV-874-CEH-SPF, 2021 WL 4190958 (M.D. Fla. Sept. 15, 2021), citing United States v. Milam, 855 F.2d 739, 743 (11th Cir. 1988), quoting *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987). A Court should examine "whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." Id, citing *In re Engle Cases*, 283 F. Supp. 3d 1174, 1211 (M.D. Fla. 2017) (citations omitted). And, notably "[b[ad faith is **not** necessarily required to constitute a violation of Rule 11." Id.(emphasis added), citing id. Here, it was plainly unreasonable for Plaintiff to file a Notice of Dismissal seeking to dismiss without prejudice certain of its claims.

Plaintiff does not argue that its filing of the Notice of Dismissal was a good-faith mistake or that its counsel misunderstood the statute or that its filing was appropriate under any interpretation of the law. It makes no argument that Rule 11 does not apply or that its filing was warranted under the law. To the contrary, in its opposition references only "a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones[.]" *Royal Palm Vill. Residents, Inc*., 2021 WL 8201620, at *5 , citing *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (citations and internal

quotations omitted). Plaintiff's filing of the Notice of Dismissal was without justification and there is no basis for Plaintiff's refusal to withdraw the document. Plaintiff knowingly filed the Notice of Dismissal in an attempt to obtain a strategic advantage and shockingly, even after the meet-and-confer regarding this motion, the safe-harbor service of this motion, and the filing of this motion, Plaintiff has maintained its refusal to withdraw the document. Finally, when given a chance to justify the challenged misconduct, Plaintiff failed entirely to present any colorable position. Sanctions are thus appropriate, and it is respectfully submitted that this motion should be granted.

DATED: March 27, 2023                               Respectfully submitted,

/s/  Scott Alan Burroughs
SCOTT ALAN BURROUGHS
(admitted *pro hac vice*)
**DONIGER / BURROUGHS**
237 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com

JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendants*

5

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that on March 27, 2023 a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorneys of record via the CM/ECF system.

                                              */s/ Scott Alan Burroughs*
                                              Scott Alan Burroughs