UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

      Plaintiff,

v.

MARK ROSS, *et al.,*
,

      Defendants.
_____/

### REPLY TO OPPOSITION TO MOTION IN LIMINE

Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), hereby files this reply to Defendants' Opposition to Motions in Limine [DE 88](the "Opposition") as follows:

(1) <u>An alleged oral contract</u>

Defendants contend that there was a verbal agreement among the members of *2 Live Crew* and it was pursuant to this verbal agreement that the copyrights at issue were transferred to Luke Records, Inc. ("Luke Records"). Defendants do not contest that they have the burden of showing that this contract exists and if "there is no competent and substantial evidence that the parties agreed on the essential terms of the contract", then "there was no enforceable oral contract." *Metropolitan Dade County v Estate of Hernandez,* 591 So. 2d 1124, 1124-25 (Fla. 3rd DCA 1992). They also do not deny that the Copyright Act mandates that verbal agreements to transfer a copyright act are not enforceable.  Lil' Joe seeks to exclude the defendants' testimony about this supposed verbal contract because each of the defendants unequivocally testified <u>that they don't know when this agreement was reached or its terms.</u> Motion in Limine [DE 70] at pp. 2-3, n 1-5.

Defendants complain that, to exclude their testimony this Court must "weigh evidence." Opposition at p. 3. There is no evidence to weigh, defendants' unequivocally and unanimously acknowledge that they do not know the date the purported oral agreement was reached or its terms. Motion in Limine [DE 70] at pp. 2-3, n 1-5.

<u>The Case Cited By Defendants Do Not Support Denial Of A Limitation On This Evidence.</u>

In *Centre Hill Courts Condo. A'ssn., Inc. v Rockhill Ins. Co.,* 2020 WL 496065 *7-8 (S.D. Fla. Jan. 30, 2020), a defendant sought to preclude admission of a plaintiff's prior proofs of loss in an insurance claim. "Defendant presents no viable arguments why any evidence of Plaintiff's prior proof of loss statements are inadmissible here." *Id.* That is not the situation here, Lil' Joe has shown why this is inadmissible, because there is no conflicting; evidence, what defendants proffer is insufficient. The defendant also sought to preclude plaintiff's experts being used as a conduit to introduce otherwise inadmissible evidence. *Id.* at *2. This request was defective because it did not identify the testimony it sought to preclude. *Id.* Lil Joe, to the contrary, has identified the precise testimony. Motion in Limine [DE 70] at pp. 2-3, n 1-5.

*Whidden v Roberts,* 334 F.R.D. 321 (N.D. Fla. 2020), is completely off base. There a party file a motion in limine to compel the court to "accept" certain evidence. *Id.* at 322-23. It is in this context that the *Whidden* court observed that a motion in limine is not a vehicle to obtain a substantive ruling, to resolve factual disputes or weigh evidence. *Id.* at 324. Lil' Joe is not asking this Court to "weigh" any evidence. In *Bowers v NCAA,* 563 F. Supp.2d 508, 531 (D. N.J. 2008), an order was sought to preclude the NCAA from contesting Plaintiff's claim that Bowers was disabled. That is the substantive issue *Bowers* declined to address on a motion in limine, a question not present here.

(2) <u>Whatever Christopher Wong Won's children know is hearsay</u>

Christopher Wong Won's children do not dispute that whatever they know about the copyrights at issue or the relationship with Lil' Joe comes from what Christopher Wong Won told them. Motion in Limine [DE 70] at pp. 3-4, n 6. Defendants don't dispute that this is hearsay, but they argue it would not be offered for the truth of the matter asserted or is a business record. Opposition at p.4. Neither assertion is supported.  Defendants.do not proffer how this would be offered for something other than the truth of the matter asserted.

Similarly far-fetched is the proposition that items found at Christopher Wong Won's house following his death, are admissible as a business records. As defendants acknowledge, admission of a business records requires predicate testimony. Opposition at pp. 5-6; Fed. R.Civ. P. 803(6)(A)-(C). This predicate is not, and cannot be, provided. This predicate must be "shown by the testimony of the custodian or other qualified witness", Opposition at p. 6; Fed. R.Civ. P. 803(6)(D). "[S]omeone who is knowledgeable about the procedures used to create the alleged business records must testify." *United States v Butler,* 635 Fed. Appx. 585, 589 (11th Cir. 2015). "A qualified witness is one who can explain the system of record keeping and vouch that the requirements of Rule 803(6) are met." *Carrizosa v Chiquita Brands International, Inc.,* 47 F.4th 1278, 1299 (11th Cir. 2022). Christopher Wong Won's children did not see these items until after he died, so they cannot possibly qualify.

Defendants desperate attempt to salvage this testimony by claiming that it is admissible to show Christopher Wong Won's state of mind pursuant to Fed. R.Evid. 803(3) is another lost cause. "Before a statement can be admitted under Rule 803(3) to show the declarant's then existing state of mind, the declarant's state of mind must be a relevant issue." *T. Harris Young & Associates, Inc. v Marquette Electronics, Inc.,* 931 F.2d 816, 828 (11th Cir. 1991). Christopher Wong Won's

3

state of mind is not at issue here. Under the guise of state of mind, "THY tried to use the out of court statements that 'Marquette said …' to prove that 'Marquette said …'" *Id.* That is exactly what defendants seek to do here. "The prohibition against such use of statements 'is necessary to avoid the virtual destruction of the hearsay rule.'" *Id.*

(3)  <u>Collateral Testimony About Allen Jacobi Should Be Excluded</u>

Lil' Joe seeks to preclude Luther Campbell's unsubstantiated allegation of malpractice by Allen Jacobi and a purported bar complaint against Allen Jacobi. Motion in Limine [DE 70] at pp 5-6. Defendants simply ignore this-tacitly acknowledging that it has no place in this case. Instead, Defendants contend that whatever Allen Jacobi will testify to is privileged. Opposition at pp. 6-7. How Defendants know what Allen Jacobi will be asked, they do not say (and they did not take his deposition to proffer any such question to this Court). What we do know is that any claim of privilege as to Allen Jacobi's testimony is not well founded, because Defendants do not hold that privilege.

Allen Jacobi prepared an agreement for Luke Records. An attorney's client is the holder of the attorney-client privilege. *Maplewood Partners, L.P. v Indian Harbor Ins. Co.,* 295 F.R.D. 550, 584 (S.D. Fla. 2013). Any privilege regarding Allen Jacobi's communications concerning work he performed in preparing a contract for Luke Records as Luke Records' counsel belongs to Luke Records. *Express Homebuyers USA, LLC v WBH Marketing, Inc.,* 2018 U.S. Dist. LEXIS 236473 *4 (S.D. Fla. Feb. 9, 2018)("it is well established that the attorney-client privilege is available … to corporate entities.").

> "Because application of the attorney-client privilege obstructs the truth-seeking process, it must be narrowly construed." … The burden is on the proponent of the privilege. … The existence of the privilege must be established by the proponent by a preponderance of the evidence. … "A party seeking to pierce the privilege need only establish a *prima facie* showing, the burden shifts back to the proponent to establish, by a preponderance of the evidence, that the privilege is not waived.

*Id.* at *5 (citations omitted).

Luke Records was voluntarily dissolved on December 1, 2010 (a copy of the articles of dissolution are attached hereto as Exhibit 1). "[W]hen a corporation ceases to exist, it can no longer assert privilege." *Express Homebuyers,* 2018 U.S. Dist. LEXIS 236473 at *5 (applying federal common law, which is used when the cause of action is a federal claim, *id.* at * 5 n 4, which is the situation here); *In re Fundamental Long Term Care, Inc.,* 2012 Bankr. LEXIS 4843 *27 (Bankr. M.D. Fla. Oct. 9, 2012)("a dissolved corporation does not have the right to assert the attorney-client privilege. The same is true for companies that-while not formally dissolved-have ceased operating."). Even if Luke Records was reinstated, it would not change this result. *Express Homebuyers,* 2018 U.S. Dist. LEXIS 235473 at *7.

To be privileged, a communication must be confidential. A communication which has been disclosed to third parties does "not meet the definition of 'confidential' communications and are not subject to the attorney-client privilege" *Jenney v. Airdata Wiman, Inc.,* 846 So. 2d 664, 667 (Fla. 2nd DCA 2003). Campbell has publicly stated in his book, *The Book of Luke*, that

> 2 Live Crew never had a contract. There was no written agreement between the group and the label. … It was only after *Banned in the U.S.A.* came out and went gold that those guys started getting worries that they'd get left behind. They came to me before *Sports Weekend* and said, "We want a contract." A short while later we drew one up and signed it.

*The Book of Luke* at p. 191, a copy of which is attached hereto as Exhibit 2. Having already disclosed it to the public, any communication with Allen Jacobi that "2 Live Crew never had a contract. There was no written agreement between the group and the label" is no longer privileged. *Jenney,* 846 So. 2d at 667.

(4)     Testimony Why Luke Records Filed Bankruptcy Should Be Excluded

Defendants first claim that Luke Records filed for bankruptcy because attorney Nicholas Manzini committed malpractice and then claim that "Weinberger's involvement in the malpractice committed by Nicholas Manzini and the rest of the process by which Luke Records was pushed into bankruptcy is highly relevant to this case, as the rights at issue were obtained by Weinberger via those bankruptcy proceedings." Objection at p. 7. What allegedly happened to cause Luke Records' 1995 bankruptcy has no relevance to the question whether the defendants possess termination rights and, if so, have they properly exercised them. *United States v Riquene,* 552 Fed. Appx. 940, 943 (11th Cir. 2014); Fed. R.Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). "Irrelevant evidence is not admissible." *Riquene,* 552 Fed. Appx. at 943; Fed. R.Evid. 402. Defendants do not even try to show how this is relevant. Assume, for sake of argument, that Joseph Weinberger was the worst lawyer ever and he intentionally caused Luke Records bankruptcy, that has no bearing on whether or not defendants transferred their copyrights at issue to Luke Records (something the defendants uniformly agree occurred years before Luke Records bankruptcy), whether the defendants were employees for hire, whether they lost their section 203 termination rights in their personal bankruptcies, and whether they properly identified the agreement in which they assigned those copyrights in their termination notice.

Defendants cite to *Tompkins v Lil' Joe Records, Inc.,* 2003 WL 25719229 (S.D. Fla. Dec. 3, 2003), which doesn't help them at all. There the plaintiff "claims that the Weinberger kept and maintained inaccurate royalty accounting records for the plaintiff and others, and that said defendant had engaged in pre-and post-bankruptcy fraud resulting in claims of theft and other improper activity." *Id.* at * 1. "The motions now before the Court seek to bar the use of testimony

6

and evidence that, plaintiff claims, would prove such charges." *Id.* The *"*Motion *In Limine* to Preclude Evidence or Testimony Regarding Alleged Malpractice or Malfeasance Claims by Luther Campbell or Luke Records Against Defendant Weinberger is GRANTED. Such evidence is irrelevant and highly prejudicial as to facts not involved specifically in this cause." *Id.* In other words, the same evidence defendants want to present here, 25 years later and eons after the statute of limitations has expired, was precluded on a motion in limine.

Luke Records' bankruptcy occurred over 25 years ago. The remaining defendants were creditors in those proceedings. If they had any quarrel, the time to raise them was long ago, not now in these proceedings, so these collateral matters should not be injected into this case to create a side show. "The Federal Rules of Evidence discourage the admission of extrinsic evidence to prove or disprove issues which are collateral to the subject matter of the case." *United States v Russell,* 717 F.2d 518, 520 (11th Cir. 1983). *King v Premier Fire Alarms & Integration System, Installation Div., Inc.,* 2021 WL 7540775 (S.D. Fla. Dec. 1, 2021). *King* involved a FLSA claim and a motion in limine was to preclude reference to another FLSA claim. Because it "present[s] a serious risk of confusing the issues in this case and wasting time." *Id.* at *3. Even if there was some limited relevance, "any such marginal relevance is substantially outweighed by the danger of unfair prejudice to Defendants and the risk of creating a mini-trial about the differences between the pending case and this one." *Id.* The same is true of any question why or how Luke Records filed bankruptcy-there is no dispute that it did and that the copyrights at issue were transferred to Lil Joe in those bankruptcy proceedings by court approved order.

Even if marginally relevant, "[a] district court may exclude relevant evidence under Rule 403 if 'its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative

7

evidence." *Holley v. Carnival Corp.*, 2021 U.S. Dist. LEXIS 219636 *3 (S.D. Fla. Nov. 15, 2021). Campbell's unsubstantiated belief that the world is stacked up against him, if admitted, would simply play on the heartstrings of the jury in an effort to convince them that he was somehow taken advantage of, they should have sympathy for him and reward him with rights the law does not support, diverting their attention from the questions it must answer. It "present[s] a serious risk of confusing the issues in this case and wasting time." *King,* 2021 WL 7540775 at *3.

(5) <u>Joseph Weinberger's Inability To Answer Questions At Deposition Because Defendants Refused To Give Him The Documents They Were Questioning Him About, Is Not Grounds To Exclude His Testimony</u>

Defendants argued that Joseph Weinberger cannot testify about matters he was asked about at deposition but could not respond because he was not shown the document he was being questioned about. This has no place in the Opposition.

This issue was raised in, among other places, defendants' Evidentiary Objections in Support of Their Motion for Summary Judgment [DE 62-13] and addressed in Lil' Joe's Response to Defendants' Evidentiary Objections in Support of Their Motion for Summary Judgment [DE 69]. Simply put, depositions are conducted as if they were testimony at trial, *Horton v Maersk Line, Ltd.,* 294 F.R.D. 690, 696 (S.D. Ga. 2013)("the examination and cross-examination of a deponent proceed as they would at trial…."), and there is no doubt that this Court would not countenance a witness being asked questions about a document, especially lengthy ones, without having been provided the document.

(6) <u>How BMG Reacted To The Termination Notice Given To Them Should Be Excluded</u>

BMG is the current owner of the composition copyrights to the 2 Live Crew recordings, having purchased them from Lil Joe. Defendants gave BMG a termination Notice, likewise, given to Lil Joe. Defendants say, "BMG did not challenge the termination notice…." Opposition at p.

10. Defendants claim that this "is evidence that Defendants created the songs at issue and terminated its transfer of the copyright for those songs and that the transfer was sufficient to provide notice and terminate the rights at issue." *Id*. However, the time for BMG to challenge the termination notice to them has not expired. 17 USC §507(b); *Baldwin v EMI Feist Catalog, Inc.,* U.S. Dist. LEXIS 201053 *7 (S.D. Fla. Dec. 11, 2012)( When the issue is whether a Section 203 notice of termination is valid, like here, the claim accrues on the date of the notice of termination); Report and Recommendation on the Parties' Motions for Summary Judgment [DE 96], *Finch v Casey,* United States Dist. Ct. So. Dist. Fla. Case No. 22-20144-CIV-GAYLE/TORRES (same as *Baldwin*). Why BMG has taken the path is has to date and what BMG will do in the future is anyone's guess. Perhaps BMG is not earning enough from the copyrights to care, maybe it is just riding Lil' Joe's coattails to see what happens in this case, maybe it will file its own action tomorrow, or perhaps its beliefs are wrong-they have not let anyone in on these secrets so nobody knows what their silence means.

One thing BMG's silence does not do is prove or disprove whether or not the termination notice at issue is effective because (i) Luther Campbell's and Mark Ross' bankruptcies divested them of their section 203 termination rights, (ii) Luther Campbell was an employee for hire who therefore has no section 203 termination rights, or (iii) it claims the copyrights were transferred pursuant to a "1990 agreement" when that is not how the copyrights were transferred. Consequently, it is irrelevant and inadmissible, *Riquene,* 552 Fed. Appx. at 943; Fed. R.Evid. 401 & 402, and will improperly divert this case into extrinsic evidence purely collateral to the subject matter here, *Russell,* 717 F.2d at 520; *King,* 2021 WL 7540775 at *3. Even if relevant, any "marginal relevance is substantially outweighed by the danger of unfair prejudice…." *King,* 2021 WL 7540775 at *3.

(7) <u>What Lil' Joe Has Earned From The Copyrights Is Likewise Properly Excluded</u>

Defendants want to present evidence that "Lil' Joe has profited greatly from the Defendants' artistry…." Opposition at p. 10. Defendants do not seek to present this evidence because they claim any right to any of those monies, but for sympathy. So attenuated is this evidence that defendants do not even try to establish any relevance. Because this is irrelevant it is inadmissible, *Riquene,* 552 Fed. Appx. at 943; Fed. R.Evid. 401 & 402, will improperly divert this case into extrinsic evidence purely collateral to the subject matter here, *Russell,* 717 F.2d at 520; *King,* 2021 WL 7540775 at *3, and any "marginal relevance is substantially outweighed by the danger of unfair prejudice", *King,* 2021 WL 7540775 at *3.

To address this item of evidence, defendants cite *Soto v GEICO Indemnity Co.,* 2014 WL 3644247 (M.D. Fla. July 21, 2014). The court in *Soto* recognized that a motion in limine is appropriate "to avoid the introduction of damaging evidence which may irretrievably affect the fairness of the trial." *Id.* at *1. That is precisely what Lil' Joe asks this court to do. Evidence should be excluded when it "is clearly inadmissible for any purpose." *Id.* In *Soto* the non-moving party made an effort to show how the evidence at issue was admissible. *Id.* at *2-4. When the non-moving party's efforts to show how the evidence was admissible were unsuccessful, the motion in limine was granted. *Id.* Here, defendants do not even try to show how this evidence is admissible.

## CONCLUSION

For the reasons set forth herein, Lil' Joe Records, Inc. respectfully asks this Honorable Court to grant its Motion in Limine [DE 70].

    WOLFE LAW MIAMI PA
175 SW 7th Street, Suite 2410
Miami, Florida 33130
P: 305.384.7370
F: 305.384.7371
Email: rwolfe@wolfelawmiami.com

By:   /s/ Richard C. Wolfe
Richard C. Wolfe, Esq.
Florida Bar No.: 355607

CERTIFICATE OF SERVICE

I hereby certify that on April __, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

/s/ Richard C. Wolfe
Richard C. Wolfe