UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

      Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

      Defendants
_____/

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

**PROPOSED JURY INSTRUCTION NO. 1**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a

lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

*2 Live Crew* was a notorious rap group comprised of 4 members: Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs. Luther Campbell, Mark Ross and Christopher Wong Won's children, Christopher Wong Won Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won, are the defendants in this case. All of *2 Live Crew's* members

3

transferred to Luke Records, Inc. their copyright rights to *2 Live Crew*'s music Luke Records, Inc. subsequently went bankrupt, and in its bankruptcy proceedings transferred these copyright rights to *2 Live Crew*'s music to Lil' Joe Records, Inc., which is the plaintiff in this case.

Under certain circumstances, a transfer of a copyright may be terminated by the authors. Luther Campbell, Mark Ross and Christopher Wong Won's children want to terminate the transfer of the copyright rights to *2 Live Crew*'s music. You will address certain questions regarding the defendants' efforts to terminate the copyright transfer which I will explain that in greater detail.

Burden of proof:

Lil' Joe Records, Inc. has the burden of proving its case by what the law calls a "preponderance of the evidence." That means Lil' Joe Records, Inc. must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Lil' Joe Records, Inc. and the evidence favoring Mark Ross, Christopher Wong Won Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won on opposite sides of balancing scales, Lil' Joe Records, Inc. needs to make the scales tip to its side. If Lil' Joe Records, Inc. fails to meet this burden, you must find in favor of .

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Luther Campbell, Mark Ross and Christopher Wong Won's children have also brought a claim concerning the termination of the copyright transfer called a counterclaim. On that claim, Luther Campbell, Mark Ross and Christopher Wong Won's children have the same burden of proof that Lil' Joe Records, Inc. has for its claim.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, we will consider the plaintiff's claims. In doing so the plaintiff will present its witnesses and ask them questions. After the plaintiff questions the witness, the defendants may ask the witness questions – this is called "cross-examining" the witness. Then the defendants will present its witnesses, and the plaintiff may cross-examine them. After that we will consider the defendant's claim. In doing so the defendants will present their witnesses and ask them questions. After the defendants question the witness, the plaintiff may cross-examine them. Then the plaintiff will present its witnesses, and the defendants may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 1.1

**PROPOSED JURY INSTRUCTION NO. 2**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 1.4

**PROPOSED JURY INSTRUCTION NO. 3**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 1.5

**PROPOSED JURY INSTRUCTION NO. 4**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.1

**PROPOSED JURY INSTRUCTION NO. 5**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.2.2

**PROPOSED JURY INSTRUCTION NO. 6**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.3

**PROPOSED JURY INSTRUCTION NO. 7**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.4

**PROPOSED JURY INSTRUCTION NO. 8**

In this case it is the responsibility of the party bringing any claim to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

There are multiple claims in this case, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claims by a preponderance of the evidence, you should find for the party against whom the claim was asserted as to that claim.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.7.1

**PROPOSED JURY INSTRUCTION NO. 9**

In order to transfer a copyright, there must be a writing signed by the person or entity transferring the copyright. This means that a copyright cannot be transferred by an oral agreement.

You must first determine how the copyrights to *2 Live Crew's* music was transferred by *2 Live Crew's* members, Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs, to Luke Records, Inc. The defendants claim this was done pursuant to a Recording Agreement between Skyywalker Records, Inc, Luther Campbell, David Hobbs, Chris Wong Won and Marquis Ross which is undated but which they claim was signed in 1990. Lil Joe Records, Inc claims this was done pursuant to three agreements signed in April 1991: an Exclusive Recording Agreement dated April _, 1991, between Luke Records, Inc. and Chris Wong Won, an Exclusive Recording Agreement dated April _, 1991, between Luke Records, Inc., Mark Ross and David Hobbs, and an Exclusive Recording Agreement dated April _, 1991, between Luke Records, Inc. and Luther Campbell.

If you find based on the greater weight of the evidence that the copyrights to *2 Live Crew*'s music were transferred by *2 Live Crew's* members, Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs, to Luke Records, Inc. pursuant to a Recording Agreement between Skyywalker Records, Inc, Luther Campbell, David Hobbs, Chris Wong Won and Marquis Ross which is undated but which they claim was signed in 1990, then you must indicate that on your verdict form by answering the question "How were the copyrights to *2 Live Crew*'s music transferred by *2 Live Crew's* members, Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs, to Luke Records, Inc.?" by checking the line next to "pursuant to a Recording Agreement between Skyywalker Records, Inc, Luther Campbell, David Hobbs, Chris Wong Won and Marquis Ross which is undated but which they claim was signed in 1990."

Alternatively, if you find based on the greater weight of the evidence that the copyrights to *2 Live Crew*'s music were transferred by *2 Live Crew's* members, Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs, to Luke Records, Inc. pursuant to the three agreements signed in April 1991: an Exclusive Recording Agreement dated April _, 1991, between Luke Records, Inc. and Chris Wong Won, an Exclusive Recording Agreement dated April _, 1991, between Luke Records, Inc., Mark Ross and David Hobbs, and an Exclusive Recording Agreement dated April _, 1991, between Luke Records, Inc. and Luther Campbell, then you must indicate that on your verdict form by answering the question "How were the copyrights to *2 Live Crew*'s music transferred by *2 Live Crew's* members, Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs, to Luke Records, Inc.?" by checking the line next to "pursuant to the three agreements signed in April 1991: an Exclusive Recording Agreement dated April _, 1991, between Luke Records, Inc. and Chris Wong Won, an Exclusive Recording Agreement dated April _, 1991, between Luke Records, Inc., Mark Ross and David Hobbs, and an Exclusive Recording Agreement dated April _, 1991, between Luke Records, Inc. and Luther Campbell."

You must next determine whether the copyrights to *2 Live Crew's* music was also transferred by *2 Live Crew's* members, Luther Campbell, Christopher Wong Won, and Mark Ross, to Lil' Joe Records, Inc. after the transfer to Luke Records, Inc. Lil' Joe Records, Inc. claims that Luther Campbell did this as part of the plan of reorganization in his bankruptcy, that Christopher

Wong Won did this in settling a lawsuit, and Mark Ross did this in settling an adversary proceeding in his bankruptcy.

If you find based on the greater weight of the evidence that the copyrights to *2 Live Crew*'s music were also transferred Luther Campbell to Lil' Joe Records, Inc. as part of the plan of reorganization in his bankruptcy, then you must indicate that on your verdict form by answering the question "Were the copyrights to *2 Live Crew*'s music also transferred by Luther Campbell to Lil' Joe Records, Inc. as part of the plan of reorganization in his bankruptcy?" by checking the line next to the word "Yes." If you find based on the greater weight of the evidence that the copyrights to *2 Live Crew*'s music were not also transferred Luther Campbell to Lil' Joe Records, Inc. as part of the plan of reorganization in his bankruptcy, then you must indicate that on your verdict form by answering the question "Were the copyrights to *2 Live Crew*'s music also transferred by Luther Campbell to Lil' Joe Records, Inc. as part of the plan of reorganization in his bankruptcy?" by checking the line next to the word "No."

If you find based on the greater weight of the evidence that the copyrights to *2 Live Crew*'s music were also transferred Christopher Wong Won to Lil' Joe Records, Inc. in settling *Weinberger v Christopher Wong Won,* Eleventh Judicial Circuit Court Case No. 02-05481 CA 25, then you must indicate that on your verdict form by answering the question "Were the copyrights to *2 Live Crew*'s music also transferred by Christopher Wong Won to Lil' Joe Records, Inc. in settling *Weinberger v Christopher Wong Won,* Eleventh Judicial Circuit Court Case No. 02-05481 CA 25?" by checking the line next to the word "Yes." If you find based on the greater weight of the evidence that the copyrights to *2 Live Crew*'s music were not also transferred Christopher Wong Won to Lil' Joe Records, Inc. in settling *Weinberger v Christopher Wong Won,* Eleventh Judicial Circuit Court Case No. 02-05481 CA 25, then you must indicate that on your verdict form by answering the question "Were the copyrights to *2 Live Crew*'s music also transferred by Christopher Wong Won to Lil' Joe Records, Inc. in settling *Weinberger v Christopher Wong Won,* Eleventh Judicial Circuit Court Case No. 02-05481 CA 25?" by checking the line next to the word "No."

If you find based on the greater weight of the evidence that the copyrights to *2 Live Crew*'s music were also transferred Mark Ross to Lil' Joe Records, Inc. in settling an adversary proceeding in his bankruptcy, then you must indicate that on your verdict form by answering the question "Were the copyrights to *2 Live Crew*'s music also transferred by Mark Ross to Lil' Joe Records, Inc. in settling an adversary proceeding in his bankruptcy?" by checking the line next to the word "Yes." If you find based on the greater weight of the evidence that the copyrights to *2 Live Crew*'s music were not also transferred Mark Ross to Lil' Joe Records, Inc. in settling an adversary proceeding in his bankruptcy, then you must indicate that on your verdict form by answering the question "Were the copyrights to *2 Live Crew*'s music also transferred by Mark Ross to Lil' Joe Records, Inc. in settling an adversary proceeding in his bankruptcy?" by checking the line next to the word "No."

Authorities:  17 USC §204

**PROPOSED JURY INSTRUCTION NO. 10**

You will also determine whether *2 Live Crew*'s music which is subject to the copyrights which were transferred are works made for hire as to Luther Campbell. To prove that *2 Live Crew*'s music were a work for hire by Luther Campbell, Lil' Joe Records, Inc. must prove one of the following:

First, that Luther Campbell, created *2 Live Crew*'s music which is subject to the copyrights which were transferred within the scope of his employment, and Luke Records, Inc. didn't sign a written document giving the copyright to Luther Campbell.

Or second, that Luke Records, Inc. specifically ordered or commissioned *2 Live Crew*'s music which is subject to the copyrights which were transferred for use on an album, and Luke Records, Inc and Luther Campbell signed a written document confirming that the work was to be considered a work made for hire.

You should consider the following factors to determine whether Luther Campbell was Luke Records, Inc.'s employee or an independent contractor when *2 Live Crew*'s music which is subject to the copyrights which were transferred was created:

• Luke Records, Inc.'s right to control the way the work was accomplished. The less control Luke Records, Inc. exercised, the more likely it is that Luther Campbell was an independent contractor.

• The skill required to create the work. The more skills required of Luther Campbell, the more likely it is that he was an independent contractor.

• The source of the instruments and tools. The more Luther Campbell was required to use his own tools and instruments to create the work, the more likely it is that he was an independent contractor.

• The location of the work. The more Luther Campbell worked at Luke Records, Inc.'s offices/work site, the more likely it is that he was an employee.

• The duration of the relationship between the parties. The longer Luther Campbell worked for Luke Records, Inc., the more likely it is that he was an employee.

• Whether Luke Records, Inc. has the right to assign additional projects to Luther Campbell. The more ability Luther Campbell had to refuse additional work from Luke Records, Inc., the more likely it is that he was an independent contractor.

• The extent of Luther Campbell's discretion over when and how long to work. The more control Luther Campbell had over his working schedule, the more likely it is that he was an independent contractor.

• The method of payment. The more Luther Campbell worked for one-time project fees or on commission, the more likely it is that he was an independent contractor.

• Luther Campbell's role in hiring and paying assistants. The more Luther Campbell hired and paid for his own assistants, the more likely it is that he was an independent contractor.

• Whether the work is part of Luke Records, Inc.'s regular business. The more the creation of the work was a regular part of Luke Records, Inc.'s business, the more likely it is that Luther Campbell was an employee.

• Whether Luke Records, Inc. is a business. If Luke Records, Inc. was not a business, Luther Campbell was more likely an independent contractor.

• The provision of employee benefits. The more Luther Campbell participated in benefit plans Luke Records, Inc. provided (such as pensions or insurance), the more likely it is that he was an employee.

• Luther Campbell's tax treatment. If Luke Records, Inc. didn't withhold taxes from payments to Luther Campbell, he was more likely an independent contractor.

No single factor should be considered conclusive on its own. And some factors may not apply to the circumstances in this case. Nonetheless, five of these factors should be given more weight in the analysis, because they will usually be highly probative of the true nature of the employment relationship: they are Luke Records, Inc.'s right to control the way the work was accomplished, Luther Campbell's tax treatment, the skill required to create the work, the provision of employee benefits, and whether Luke Records, Inc. has the right to assign additional projects to Luther Campbell.

  If you find based on the greater weight of the evidence that Luther Campbell created *2 Live Crew*'s music within the scope of his employment with Luke Records, Inc., then you must indicate that on your verdict form by answering the question " Did you find that Luther Campbell created *2 Live Crew*'s music within the scope of his employment?" by checking the line next to the word "Yes." If you find based on the greater weight of the evidence that Luther Campbell did not create *2 Live Crew*'s music within the scope of his employment with Luke Records, Inc., then you must indicate that on your verdict form by answering the question " Did you find that Luther Campbell created *2 Live Crew*'s music within the scope of his employment?" by checking the line next to the word "No."

  If you find based on the greater weight of the evidence that Luke Records, Inc. specifically ordered or commissioned *2 Live Crew*'s music which is subject to the copyrights which were transferred, then you must indicate that on your verdict form by answering the question "Was *2 Live Crew*'s music specially ordered or commissioned for use on an album?" by checking the line next to the word "Yes." If you find based on the greater weight of the evidence that Luke Records, Inc. did not specifically ordered or commissioned *2 Live Crew*'s music which is subject to the copyrights which were transferred, then you must indicate that on your verdict form by answering the question "Was *2 Live Crew*'s music specially ordered or commissioned for use on an album?" by checking the line next to the word "No."

      If you find based on the greater weight of the evidence that Luke Records, Inc. and Luther Campbell signed a written document confirming that the work was to be considered a work made for hire, then you must indicate that on your verdict form by answering the question "Did Luke Records, Inc. and Luther Campbell expressly agree in a signed, written document that *2 Live Crew*'s music was to be considered a work made for hire?" by checking the line next to the word "Yes." If you find based on the greater weight of the evidence that Luke Records, Inc and Luther Campbell did not sign a written document confirming that the work was to be considered a work made for hire, then you must indicate that on your verdict form by answering the question "Did Luke Records, Inc. and Luther Campbell expressly agree in a signed, written document that *2 Live Crew*'s music was to be considered a work made for hire?" by checking the line next to the word "No."

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 9.15; *Horror Inc. v Miller,* 15 F.4th 232 (2nd Cir. 2021).

**PROPOSED JURY INSTRUCTION NO. 11**

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.8.2

**PROPOSED JURY INSTRUCTION NO. 12**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.9