UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

      Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

      Defendants
_____/

## PRETRIAL STIPULATION

Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), and Defendants, Mark Ross ("Ross"), Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell ("Campbell"), hereby file this pretrial stipulation pursuant to this Court's Scheduling Order Setting Civil Trial, etc. [D.E. 17] and S.D. Fla. Local Rule 16.1(e) as follows:

**1.    A short concise statement of the case by each party in the action.**

**Plaintiff:**

*2 Live Crew* was a notorious rap group comprised of Campbell, Christopher Wong Won, Ross and David Hobbs. Christopher Wong Won is deceased. Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won are his children.

Each of the members of *2 Live Crew* transferred all of their copyright rights to *2 Live Crew*'s music and compositions to Luke Records, Inc. f/k/a Luke Skyywalker Records, Inc. f/k/a/

CASE NO.: 1:21-CV-23727-DPG

Skyywalker Records, Inc. ("Luke Records"). Campbell was the sole owner, President and CEO of Luke Records.

After the *2 Live Crew* copyrights were transferred, Campbell and Luke Records, Inc. became the subject of bankruptcy proceedings. Pursuant to the court approved Joint Plan of Reorganization in that bankruptcy, all of the copyright rights to *2 Live Crew*'s music and compositions were transferred to Lil' Joe and its owner, Joseph Weinberger. Neither Christopher Wong Won, Ross nor David Hobbs filed a claim in that bankruptcy asserting that they owned or were entitled to any rights to any of the *2 Live Crew* copyrights transferred to Lil' Joe. None of the *2 Live Crew* copyrights were abandoned back to Campbell or Luke Records.

Subsequently, Ross filed bankruptcy. In that bankruptcy, Ross acknowledged he has no rights in any of the recordings owned by Lil' Joe. None of the *2 Live Crew* copyrights were abandoned back to Ross.

Christopher Wong Won, in settling a lawsuit against him, released any claims whatsoever to the copyrights transferred to Lil' Joe and further agreed that he has no further claims to any royalties to any of the works owned by Lil' Joe.

Defendants seek to terminate their transfer of the copyrights in *2 Live Crew's* music pursuant to an agreement allegedly entered into in 1990 in accordance with 17 USC §203. To do so, a majority of the members of *2 Live Crew* must serve a proper termination notice. Lil' Joe says this was not done because (i) Campbell and Ross were divested of their termination rights in their bankruptcies, (ii) the members of *2 Live Crew*, at a minimum Campbell, were employees of Luke Records, Inc. such that *2 Live Crew*'s music was works for hire which are not subject to

2

termination, (iii) the copyrights were not transferred pursuant to the agreement allegedly entered into in 1990 but contracts entered into in 1991.

**Defendants**:

Defendants Mark Ross ("Ross"), Luther Campbell ("Campbell"), and the deceased Christopher Wong Won  ("Won") (collectively "2 Live Crew") are three of the four original members of the band 2 Live Crew. From 1986 to 1989, 2 Live Crew wrote and recorded five albums  ("Subject Albums").

The members of 2 Live Crew, at the time they recorded each of the Subject Albums, had an oral agreement when they went into the studio about how the rights, including copyrights, for those albums would be treated. The parties performed under that oral agreement between 1986 and 1990. Specifically, they recorded the Subject Albums, Campbell's label Skyywalker Records a/k/a Luke Skyywalker Records, Inc. ("Skyywalker Records ") released them, and the label paid the group from the release of the Subject Albums.

The Subject Albums bore the logo and company and copyright information for Skyywalker Records under the name the entity bore at the time of release. And when copyright and obscenity lawsuits relating to the Subject Albums were waged in court, Skyywalker Records was a party to those actions, which would only possible if it had ownership of the albums' copyrights. At no time between 1986 and 1990 did any of the members of 2 Live Crew, or anyone else for that matter, claim that any entity or individual other than Skyywalker Records held the Subject Album's copyrights.

In or around 1990, 2 Live Crew executed a written agreement with Skyywalker Records memorializing the parties' oral agreement ("1990 Agreement"). The 1990 Agreement states an effective date of January 1, 1987 and was signed in 1990 when the members of 2 Live Crew decided to memorialize their oral agreement in writing. This is the only written agreement in the record under which the Subject Albums could have been recorded and transferred.  Lil' Joe Records, Inc., ("Lil' Joe") has had the 1990 Agreement in its files since the early 2000s and, before this litigation, never took any steps to challenge its validity or veracity. No other written agreement between 2 Live Crew and Luke Records refers to or covers the Subject Albums. While 2 Live

3

Crew entered into an agreement with Luke Records in 1991, that agreement was after the completion of the Subject Albums and does not reference or relate to said albums in any way.

Skyywalker Records held the copyrights for the Subject Albums per the 1990 Agreement at all relevant times until it, along with Campbell, declared bankruptcy in 1995. Ultimately, through the bankruptcy process, Plaintiff, Lil' Joe, obtained the copyrights in the Subject Albums.

Li'l Joe did not obtain via bankruptcy or settlement proceedings any interest in Defendants' termination rights. Such rights were not vested at the time of those proceedings, are inalienable per the clear text of the statute and are personal to the author or heir and thus will not pass in bankruptcy.

On November 4, 2020, 2 Live Crew served a notice (the "Notice") terminating the original copyright grants to Skyywalker Records under 17 USC 203, which allows an artist to terminate a transfer and reclaim their copyrights from the current rightsholders after 35 years. Lil' Joe received the termination notice, and now challenges its validity.

Defendants have satisfied the statutory requirements for terminating the 1990 Agreement and the oral agreements it memorializes. First, 2 Live Crew sent the written Notice to all possible rights holders, including Lil' Joe, via first-class mail (return receipt requested) and when possible electronic mail. Second, a majority three of the four original 2 Live Crew membership interests joined in the termination. Third, the Notice was sent on November 4, 2020 over two years before the earliest date of effective termination (November 7, 2022) and less than 10 years from the last date of effective termination (May 1, 2024). Fourth, the grant at issue covered the right of publication, and therefore, the notice of termination provides a date of effective termination for each of the Subject Albums which is over 35 years from the date of publication and within the 5-year window beginning on December 1, 2021. Finally, a copy of the Notice was recorded in the Copyright Office before the effective date of termination. As such, Defendants' Notice effectively terminated the 1990 Agreement, a memorialization of the earlier oral agreement.

**2.      The basis of federal jurisdiction.**

28 U.S.C. §§ 1331 and 1338(a).

**3.      The pleadings raising the issues.**

4

CASE NO.: 1:21-CV-23727-DPG

Complaint [DE 1]; Answer and Counterclaim [D.E. 12]; Answer and Affirmative Defenses to Counterclaim [D.E. 21]; Reply to Affirmative Defenses [DE 22].

**4.      A list of all undisposed of motions or other matters requiring action by the Court.**

a.   Motion for Partial Summary Judgment as to Count I for Declaratory Judgment as to the Validity of the Copyright Termination Notice [DE 30].

b.   Motion to Deem Admitted all Additional Material Facts [DE 53].

c.    Defendants' Motion for Summary Judgment and Request for Oral Argument [DE 53].

d.   Defendants' Motion to Strike Plaintiff's notice of Voluntary Dismissal Without Prejudice [DE 65].

e.   Motion to Strike Defendants' Reply in Support of Their Motion for Summary Judgment, Response to Plaintiff's Evidentiary Objections in Support of Their Motion for Summary Judgment, and Evidentiary Objections in Support of Their Motion for Summary Judgment or, Alternatively, for Leave to File a Sur-reply, and to Strike Additional Material Facts [DE 68].

f.   Plaintiff's Motion in Limine [DE 70].

g.   Defendants' Motion in Limine [DE 71].

h.   Defendants' Motion for Sanctions Pursuant to Fed.R. Civ. P. 11 [DE 79].

i.   Defendants' contemplated Motion for Attorneys' Fees Pursuant to Fed.R.Civ.P 11 for defeating Plaintiff's Fed.R.Civ.P 11 Motion [DE 78]

**5.      A concise statement of uncontested facts which require no proof at trial, with reservations, if any:**

5

CASE NO.: 1:21-CV-23727-DPG

a.  *2 Live Crew* was a rap group comprised of Campbell, Christopher Wong Won ("Chris"), Ross and David Hobbs ("Hobbs").

b.  Chris is deceased.

c.  Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won are Chris's surviving children.

d.  Campbell was the sole owner of Luke Skyywalker Records and Luke Records.

e.  The copyrights subject of the Notice are for the following five albums: *2 Live Crew Is What We Are, Move Somethin', Move Somethin' (Clean), As Nasty as They Wanna Be,* and *As Clean as They Wanna Be.*

f.  Joseph Weinberger is the sole owner of Lil' Joe.

*g.*  Attached to the Complaint as Exhibit E is a true and correct copy of a notice dated November 4, 2020, by each of the defendants (the "Notice").

**6.  A statement in reasonable detail of issues of fact which remain to be litigated at trial:**

a.  Was Campbell an employee of Luke Records such that *2 Live Crew*'s music was a work for hire (defendants are not competent to testify whether or not Campbell was an employee since they profess to be "without sufficient information to admit or deny" a request asking them to "[a]dmit that Luther Campbell was an employee of Luke Records." Defendant Luther Campbell's Responses to Plaintiff's First Set of Requests for Admission, Defendant Mark Ross' Responses to Plaintiff's First Set of Requests for Admission, Defendant Christopher Wong Won, Jr.'s Responses to Plaintiff's First Set of Requests for Admission, Defendant Roderick Wong

CASE NO.: 1:21-CV-23727-DPG

Won's Responses to Plaintiff's First Set of Requests for Admission, Defendant Leterius Ray's

Responses to Plaintiff's First Set of Requests for Admission and Defendant Anissa Wong Won's

Responses to Plaintiff's First Set of Requests for Admission)

      b.  Was Luke Records voluntarily dissolved on December 1, 2020.

      c.  If the *2 Live Crew* members were employees of Luke Records, did the members of

*2 Live Crew* create the albums *2 Live Crew Is What We Are, Move Somthin', Move Somethin'*

*(Clean), As Nasty as They Wanna Be,* and *As Clean as They Wanna Be* within the scope of their

employment.

      d.  How did the members of *2 Live Crew* transfer the copyrights at issue to Luke

Skyywalker Records n/k/a Luke Records.

      e.  Was the Defendants' termination notice valid.

      f.  Was the Defendants' termination notice made pursuant to the agreement by which

the members of *2 Live Crew* transferred the copyrights at issue to Luke Records.

      g.  Did Campbell, Christopher Wong Won, Ross and David Hobbs transfer all of their

copyright rights to *2 Live Crew*'s music and trademark rights in *2 Live Crew*'s marks and cover

designs to Luke Records.

      h.  In 1995 (years after Campbell, Christopher Wong Won, Ross and David Hobbs

transferred all of their copyright rights to *2 Live Crew*'s music to Luke Records), did Campbell

and Luke Records became the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for

the Southern District of Florida which were jointly administered, *In re: Luke Records, Inc. &*

*Luther Campbell,* United States Bankruptcy Court, Southern District of Florida Case Nos. 95-

11447-BKC-RAM and 95-12794-BKC-RAM (the "Luke Bankruptcy").

CASE NO.: 1:21-CV-23727-DPG

i. Were, pursuant to the court approved Joint Plan of Reorganization in the Luke Bankruptcy, all of the copyright rights to *2 Live Crew*'s music were transferred to Lil' Joe and its owner, Joseph Weinberger ("Weinberger"), "free and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on any of the masters or compositions" are due to Campbell or Luke Records, and Campbell released, among others, Lil' Joe and Weinberger including "for royalties to be paid in the future" as a result of this transfer.

j. Did Christopher Wong Won, Ross or David Hobbs file a claim in the Luke Bankruptcy asserting that they owned or were entitled to any rights to any of the *2 Live Crew* copyrights transferred to Lil' Joe and Weinberger.

k. Were the copyright rights to *2 Live Crew*'s music abandoned back to Campbell and/or Luke Records in the Luke Bankruptcy.

l. Did Luke Records own the copyrights at issue until the Luke Bankruptcy.

m. Has Luke Records signed a document giving the copyrights at issue to Campbell, Christopher Wong Won, Ross or David Hobbs.

n. Did Ross, on November 22, 2000, file a bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama (the "Ross Bankruptcy").

o. In the Ross Bankruptcy, was an adversary proceeding was commenced by Lil' Joe against Ross, *Lil' Joe Records v Mark D. Ross (In re: Mark D. Ross),* United States Bankruptcy Court, Northern District of Alabama Adversary Proceeding No AP01-40186 (the "Ross Adversary").

CASE NO.: 1:21-CV-23727-DPG

p.   In a Settlement Agreement in the Ross Adversary, did Ross acknowledged that, other than writer's performance rights (which are not relevant to this proceeding), "he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. … and The 2 Live Crew name which were previously owned by Luther Campbell and Luke Records…. Additionally, Debtor [( Mark Ross)] has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc."

q.   Was an Amended Final Judgment and Permanent Injunction entered in the Ross Adversary.

r.   Were the copyright rights to *2 Live Crew*'s music abandoned back to Ross in the Ross Bankruptcy.

s.   Was Christopher Wong Won was sued by Lil Joe. *Lil' Joe Records, Inc. v Christopher Wong Won,* United States District Court for the Southern District of Florida Case No. 02-22629-CIV-KING and was a Final Default Judgment as to Lawrence Wong Won and Permanent Injunction entered in that action.

t.   Was Christopher Wong Won was sued by Weinberger. *Weinberger v Christopher Wong Won,* Eleventh Judicial Circuit Court Case No. 02-05481 CA 25 and, in a Settlement Agreement entered in that action, did Christopher Wong Won agree that Lil' Joe "own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell", "releases any claims whatsoever to those works", and further agreed that "he has no further claims to any royalties to any of the works owned by" Lil' Joe. As a result of that settlement, Christopher Wong Won further released Lil Joe and Weinberger

from, among other things, "[a]ll royalties, profits and other monies or payments at any time, directly or indirectly, due or to become due" and "[a]ll rights to sue for infringements…."

u.  Was Luke Skyywalker Records, Inc. renamed Skyywalker Records, Inc. which was then renamed Luke Records, Inc.

v.  Were the albums "As Nasty As They Wanna Be" and "As Clean As They Wanna Be" recorded in studios owned by Luke Records.

w.  Were the albums "The 2 Live Crew Is What We Are" and "Move Somethin'" recorded in studios arranged for and paid for by Luke Records.

x.  Did the albums *The 2 Live Crew is What We Are*, *Move Somethin'* and *As Nasty As They Wanna Be* bore the logo and copyright notice for Luke Skyywalker Records.

*y.*  Was the Notice recorded in the Copyright Office before the effective date of termination.

*z.*  Did the bankruptcy proceeding involving Defendants documents include any documents that reference any copyright  "termination rights."

*aa.* Did the 1991 agreement between certain of the parties reference the albums at issue in this case.

*bb.* Did the termination rights accrue until Defendants' service of the termination notice.

cc. Has any party to the agreement executed by certain Defendants in 1990 that relates to the copyrights at issue disputed that said agreement confirmed a prior oral understanding that the group members transferred copyrights to the record label owned by Campbell.

CASE NO.: 1:21-CV-23727-DPG

dd. Did 2 Live Crew send the written Notice to all possible rights holders, including Lil' Joe, via first-class mail (return receipt requested) and when possible electronic mail.

ee. Did a majority three of the four original 2 Live Crew membership interests join in the termination.

ff. Was the Notice was sent on November 4, 2020 over two years before the earliest date of effective termination (November 7, 2022) and less than 10 years from the last date of effective termination (May 1, 2024).

gg. Did the grant at issue cover the right of publication, and therefore, the notice of termination provide a date of effective termination for each of the Subject Albums which is over 35 years from the date of publication and within the 5-year window beginning on December 1, 2021.

hh. Was a copy of the Notice recorded in the Copyright Office before the effective date of termination.

ii. Did BMG also receive a termination notice from Defendants and challenge that notice. (plaintiff disputes relevance)

jj. Has the time for BMG to challenge the Notice expired.

kk. Does anybody know what BMG intends to do or why it has done what is has to date.

ll. Are termination rights alienable.

**7.     A concise statement of issues of law on which there is agreement.**

a. "In the case of a grant executed by two or more authors of a joint work, termination of the grant may be effected by a majority of the authors who executed it…." 17 USC §203 (a)(1).

11

CASE NO.: 1:21-CV-23727-DPG

b.   "A 'work made for hire' is … a work prepared by an employee within the scope of his or her employment…." 17 USC §101.

c.   "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 USC §201(b).

d.   Thirteen non-exclusive factors are considered in determining whether someone is an employee for "work for hire" purposes. *Cmty For Creative Non Violence v Reid,* 490 US 730, 737 (1989); *Horror Inc. v Miller,* 15 F.4th 232 (2nd Cir. 2021).

e.   These factors are not to be applied "in a mechanistic fashion" there is "no direction concerning how the factors were to be weighed." *Horror,* 15 F.4th at 248.

f.   A notice of termination pursuant to 17 U.S.C. §203 "must include a clear identification of", among other things, "[t]he date of execution of the grant being terminated and, if the grant covered the right of publication of a work, the date of publication of the work under the grant." 37 CFR 201.10(b)(2)(iii). "Clear identification" of this information "requires a complete and unambiguous statement of facts in the notice itself, without incorporation by reference of information in other documents or records." 37 CFR 201.10(b)(3).

g.   "[I]n interpreting a statute a court should always turn first to one, cardinal cannon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what is says there." *Connecticut National Bank v Germain,* 503 U.S. 249, 253-54, 112 S.Ct. 1146 (1992).

12

CASE NO.: 1:21-CV-23727-DPG

h.   A Court must "follow the text of the statute", *Unicolors, Inc. v H&M Hennes & Mauritz, L.P.,* 142 S.Ct. 941, 946 (2022), by "examin[ing] the language of the provision itself", *Korman v HBC Florida, Inc.,* 182 F.3d 1291, 1295 (11th Cir. 1999).

i.   "When the words of a statute are unambiguous, then the first canon is also the last: 'judicial inquiry is complete.'" *Connecticut Nat'l.*, 503 U.S. at 254.

j.   An agreement is a mutual understanding between two parties about their relative rights and duties involving the exchange of consideration. Black's Law Dictionary, 8th Ed., 2004; Corbin on Contracts §1.9.

k.   "It is not the business of courts to rewrite statutes…." *Korman,* 182 F.3d at 1296.

l.   "[I]nterpretation of section 203 requires no rewriting. We take the provisions as Congress wrote it, and neither add words to nor subtract them from it." *Korman,* 182 F.3d at 1296.

m.   The Copyright Act requires transfers to be in writing except a transfer by operation of law. 17 USC §204(a).

n.   This "writing" requirement "can be satisfied by an oral assignment later ratified or confirmed by a written memorandum of the transfer." *Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995).

o.   A "copyright 'vests' in the author…." *Rodriguez v Rodriguez,* 218 F.3d 432, 425 (5th Cir. 2000). "'To vest' means to give an immediate, fixed right of present or future enjoyment…." *Id.* at 436.

8.   **A concise statement of issues of law which remain for determination by the Court:**

CASE NO.: 1:21-CV-23727-DPG

    a.  The issues set forth in the parties' respective summary judgment motions, which remain pending.

    b.  Did Campbell and Ross divest themselves of termination rights pursuant to 17 U.S.C. §203 in their respective bankruptcy.

    c.  The termination right set forth at 17 U.S.C. § 203 does not "become vested" until "the date the notice of termination has been served[.]" 17 U.S.C.A. § 203 (b)(2). And "regardless of the effective date, under § 203(b)(2)," the "future rights that will revert upon termination of the grant become vested on the date the notice of termination has been served." Baldwin v. EMI Feist Catalog, Inc., No. 11-81354-CIV, 2012 WL 13019195, at *2 (S.D. Fla. Dec. 11, 2012) (emphasis added by Court, internal quotations removed).

    d.  Under the Copyright Act that a grantor cannot validly "convey more than he owns[.]" Davis v. Blige, 505 F.3d 90, 99 (2d Cir. 2007).

    e.  Section 541(c)(2) of the Bankruptcy Code "places a boundary on property of the estate in accordance with applicable nonbankruptcy law" so that a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." In re Hilsen, 405 B.R. 49, 56 (Bankr. E.D.N.Y. 2009)(emphasis added), citing 11 U.S.C. § 541(c)(2), Taft v. O'Connell (In re Taft), 184 B.R. 189, 190 (E.D.N.Y.1995); see also In re Davis, 110 B.R. 573, 574–75 (Bankr. M.D. Fla. 1989)("Section 541(c)(2) of the Code requires that the property which is subject to restriction on a transfer of a beneficiary interest of a debtor is a trust which is enforceable under nonbankruptcy law to be recognized and is equally enforceable in a case filed under Title 11.")

14

f.   Per 17 U.S.C.§ 203 (a)(5), "Termination of the grant may be effected notwithstanding any agreement to the contrary, including an agreement to make a will or to make any future grant.").

g.   Only an artist or their heir can exercise the termination right. See 17 U.S.C.A. § 203(a)(1).

h.   "The 1976 Act requires that the parties agree before the creation of the work that it will be a work made for hire." See *Playboy Enterprises, Inc. v. Dumas*, 53 F.3d 549, 559 (2d Cir. 1995)

i.   A work-for-hire agreement must be executed **before** the creation of the work claimed as a work-for-hire. *Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 412-13 (7th Cir. 1992)(adopted a bright-line rule requiring that the parties must sign the work-for-hire agreement before the work is created in order for the agreement to be valid.).

j.   "Sound recordings" are not included in the list of works that can be "specially commissioned" works for hire under the plain reading of 17 U.S.C. § 101. *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1097 (N.D. Cal. 2002)

k.   Company owners are not necessarily employees. See *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 450 (2003) ("The mere fact that a person has a particular title—such as partner, director, or vice president—should not necessarily be used to determine whether he or she is an employee or a proprietor[.]"); *Solon v. Kaplan*, 398 F.3d 629 (7th Cir. 2005) (owner was as not an employee for purposes of Title VII); *Lemon v. Myers Bigel, P.A.*, No. 19-1380, 2021 WL 161978 (4th Cir. 2021)(same); *von Kaenel v.*

CASE NO.: 1:21-CV-23727-DPG

*Armstrong Teasdale, LLP*, 943 F.3d 1139 (8th Cir. 2019) (owners was not an employee for purposes of the ADEA).

l.   A "worker can be both an employee and an independent contractor concurrently for one employer." *Leevson v. Aqualife USA Inc.*, 770 F. App'x 577, 582 (2d Cir. 2019)

m.   Section 203 of the Copyright Act places a "restriction on the transfer of a beneficial interest of the debtor" and must be enforced. 11 U.S.C. § 541(c)(2). "Applicable nonbankruptcy law" means "precisely what it says: all laws, state and federal, under which a transfer restriction is enforceable." *In re Moore*, 907 F.2d 1476, 1477 (4th Cir. 1990).

n.   "The commencement of a [bankruptcy] case … creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case…." 11 U.S.C. §541(a)(1).

o.   Termination rights pursuant to 17 USC §203 are not among these "exceptions." 11 USC §541(b) & (c).

p.   The Bankruptcy Code explicitly provides that, except for an exclusion for trust benefits (which does not apply here), "an interest of the debtor in property becomes property of the estate … notwithstanding any provision in … applicable nonbankruptcy law … that restricts or conditions transfer of such interest by the debtor…." 11 USC §541(c)(1)(A).

q.   The transfer restriction in section 203 of the copyright act is "applicable nonbankruptcy law… that restricts or conditions transfer of such interest by the debtor" as referred to in 11 USC §541(c)(1)(A).

CASE NO.: 1:21-CV-23727-DPG

r.   "The filing of a petition creates a bankruptcy estate consisting of all the debtor's assets and rights." *Mission Product Holdings, Inc. v Tempnology, LLC,* 139 S.Ct. 1652, 1658 (2019).

s.   "A debtor's bankruptcy petition creates a legal fiction known as a 'bankruptcy estate' into which the debtor (or trustee appointed to run the debtor's estate) places all of his assets.' … 'All the 'legal or equitable interests' the debtor had in his property pre-petition become property of the bankruptcy estate and are represented by the bankruptcy trustee.'" *Cardwell v Bankruptcy Estate of Joel Spivey (In re Douglas Asphalt Co.),* 483 BR 560, 571 (Bankr. S.D. Ga. 2012)(citation omitted); *Russ v Jackson County School Board,* 530 F.Supp. 3d 1074, 1079 (N.D. Fla. 2021)("When a debtor files a [bankruptcy] petition, his assets, with specified exemptions, are immediately transferred to a bankruptcy estate."); 11 USC §541(a)(1).

t.   The creation of this bankruptcy estate and transfer of all of the debtor's assets to it occurs "upon commencement of a bankruptcy case…." *Schwab v Reilly,* 560 U.S. 770, 774 & 785 (2009).

u.   "As the Supreme Court has noted, 'Congress intended a broad range of property to be included in the estate." *Goldstone v. U.S. Bancorp.,* 811 F. 3d 1133, 1139 (9th Cir. 2015). "Indeed, the legislative history indicates that §541(a) would 'bring anything of value that the debtors have into the estate." *Id.*

v.   Bankruptcy Code "Section 541(a)(1) 'is all-encompassing, and Congress meant for it to be construed commensurately.'" *Russ,* 530 F.Supp 3d at 1079.

w.   "The Bankruptcy Code defines a bankrupt's estate broadly to encompass all kinds of property, including intangibles…." *Russ,* 530 F.Supp 3d at 1080.

17

x.  "Under section 541(a)(1), the debtor's bankruptcy estate is comprised of 'all legal or equitable interests of the debtor in property as of the commencement of the case.' 11 USC §541(a)(1). Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition." *Russ,* 530 F.Supp 3d at 1079-80.

y.  Courts consistently have concluded that contingent interests should be included within the bankruptcy estate." *Denadai,* 272 B.R. at 29 n 5.

z.  Unvested and contingent options are assets of a bankruptcy estate. *Stoebner v Wick (In re Wick),* 276 F.3d 412, 415 (8th Cir 2001).

aa.  "A debtor's property does not shrink by happenstance of bankruptcy…." *Mission Product,* 139 S.Ct at 1663.

bb. "A debtor's failure to list a claim or cause of action 'on a bankruptcy schedule leaves that interest in the bankruptcy estate.'" *Russ,* 530 F.Supp 3d at 1082.

cc. "After the bankruptcy case has been closed, 'property of the estate that is not administered in the bankruptcy proceedings remains the property of the estate.'" *Russ,* 530 F.Supp 3d at 1082.

dd. "Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code." *Russ,* 530 F.Supp 3d at 1082.

ee. "After the bankruptcy case has been closed, 'property of the estate that is not administered in the bankruptcy proceedings remains the property of the estate.'" *Russ,* 530 F.Supp 3d at 1082.

ff. "[T]he bankruptcy code recognizes that only in limited circumstances are non-transferability restrictions to be respected in bankruptcy. 11 U.S.C.§541(c)." *Denadai v Preferred Capital Markets, Inc.,* 272 B.R. 21, 385 (D. Mass. 2001). To be considered for exclusion from becoming an asset of a bankruptcy estate, there must be evidence that Congress intended the statute at issue to serve as a general exemption from creditor process. *Id.* at 40.

gg. "[T]he Bankruptcy Act of 1889… was abrogated by the adoption of the Bankruptcy Code in 1978." *Goldstone,* 811 F.3d at 1140.

hh. "The scope of §541(a) of the Bankruptcy Code is much greater than that of the prior Bankruptcy Act of 1889." *Goldstone,* 811 F.3d at 1139.

ii. Of these 13 factors, five "should be given more weight in the analysis, because they will usually be highly probative of the true nature of the employment relationship." *Horror,* 15 F.4th at 249. These five factors are "(1) the hiring party's right to control the manner and means of creation; (2) the skill required of the hired party; (3) the provision of employee benefits; (4) the tax treatment of the hired party; and (5) whether the hiring party has the right to assign additional projects to the hired party." *Id.* The remaining seven factors are "less significant in the copyright context." *Horror,* 15 F.4th at 255.

jj. "[T]he parties' tax treatment of their relationship is, along with employee benefits, 'highly indicative' of whether a worker should be treated as a conventional employee for copyright purposes." *Horror,* 15 F.4th at 253.

kk. Copyright registrations are insufficient to show if the underlying copyrights were created as works made for hire. *Music v. ATL Recording Corp.,* 2021 US Dist. LEXIS 43980 (S.D. Fla. 2021).

CASE NO.: 1:21-CV-23727-DPG

ll.   "[H]armless errors in a notice that do not materially affect the adequacy of the information required to serve the purposes of 17 U.S.C. § 203 ... shall not render the notice invalid." 37 C.F.R. § 201.10(e)(1).

mm.      The transfer of a copyright in a "work made for hire" is not subject to termination. 17 USC §203(a)("In the case of any work other than a work made for hire…."); *Ennio Morricone Music Inc. v Bixio Music Group Ltd.,* 936 F.3d 69, 73 (2nd Cir. 2019).

9.      **Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections.** The parties' exhibit list is attached hereto as Exhibit A; Lil' Joe's exhibits have the prefix "P" and Defendants' exhibits have the prefix "D." The parties reserve the right to use any exhibit on any other parties' exhibit list and for any necessary impeachment or rebuttal exhibits.

10.      **Each party's numbered list of trial witnesses, with their address, separately identifying those whom the party expects to present and those whom the party may call if the need arises.** Lil' Joe's witness list is attached hereto as Exhibit B; Defendants' witness list is attached hereto as Exhibit C.

**11.      Estimated trial time:**

Plaintiff and Defendants estimate the trial will last 4-5 days.

12.      Where attorney's fees may be awarded to the prevailing party, an estimate of each party as to the maximum amount properly allowable. Defendants will seek to recover their costs and attorneys' fees as provided for by statute, and will establish the amount upon the completion of the case.

April 19, 2023

20

CASE NO.: 1:21-CV-23727-DPG

/s/ Richard C. Wolfe
Richard C. Wolfe
Florida Bar No. 355607
rwolfe@wolfelawmiami.com
Wolfe Law Miami, P.A.
175 SW 7 Street, Suite 2410
Miami, Florida 33130
Telephone (305) 384-7370
Attorney for Lil' Joe Records, Inc.

/s/ *Scott Alan Burroughs*
Scott Alan Burroughs
admitted *pro hac vice*
scott@donigerlawfirm.com
Doniger/Burroughs
237 Water Street, First Floor
New York, New York 10038
Telephone (310) 590-1820

/s/ *Joel B. Rothman*
Joel B. Rothman
Florida Bar No. 98220
joel.rothman@sriplaw.com
SRIP Law
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Telephone (561) 404-4335
Attorneys for Mark Ross, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell

21

CASE NO.: 1:21-CV-23727-DPG

EXHIBIT A – EXHIBIT LIST

The Plaintiffs' exhibits are marked numerically with the letter "P" as a prefix; the Defendants' exhibits are marked numerically with the letter "D" as a prefix

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P1 | Exclusive Recording Agreement dated February 1991 between Luke Records, Inc., and Luther Campbell | | Subject of Defendants' Motion in Limine. Hearsay, unauthenticated, Irrelevant, prejudicial. FRE 403FRE 602, 604, 802, 901, 902, 1005 | | |
| P2 | Exclusive Recording Agreement dated April 1991 between Luke Records, Inc and Chris Wong Won | | Subject of Defendants' Motion in Limine. Hearsay, unauthenticated, Irrelevant, prejudicial. FRE 403FRE 602, 604, 802, 901, 902, 1005 | | |
| P3 | Exclusive Recording Agreement dated April 1991 between Luke Records, Inc., David Hobbs and Mark Ross | | Subject of Defendants' Motion in Limine. Hearsay, unauthenticated, Irrelevant, prejudicial. FRE 403FRE 602, 604, 802, 901, 902, 1005 | | |
| P4 | Letter of Intent re: Joint Plan of Re-Organization (the Plan) of the Luke Records and Luther | | Irrelevant, prejudicial. FRE 403 | | |

22

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Campbell Bankruptcies | | | | |
| P5 | Final Default Judgment as to Lawrence Wong Won and Permanent Injunction dated 10-23-2002 | | Irrelevant, prejudicial. FRE 403 | | |
| P6 | Settlement Agreement dated June 24, 2003 (Wong won) | | Irrelevant, prejudicial. FRE 403 | | |
| P7 | Wong Won General Release and Copyright assignment dated July 12, 2003 along with notice of registration from Copyright office | | Irrelevant, prejudicial. FRE 403 | | |
| P8 | Settlement Agreement dated August 10, 2001 (Ross) | | Irrelevant, prejudicial. FRE 403 | | |
| P9 | Agreed Nondischargeable Final Judgment Against Mark Ross | | Irrelevant, prejudicial. FRE 403 | | |
| P10 | Register of Copyrights dated May 12, 2004 (Ross) Amended Final Judgment and Permanent Injunction | | Irrelevant, prejudicial. FRE 403 | | |
| P11 | Amended Final Judgment and Permanent Injunction dated February 5, 2003 | | Irrelevant, prejudicial. FRE 403 | | |
| P12 | Certificate of Judgment dated April | | Irrelevant, prejudicial. FRE | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | 22, 2003 | | 403 | | |
| P13 | Final Notice of Termination of Copyright Pursuant to 17 USC 203 | | | | |
| P14 | Certificate of Registration What We Are (XR-100) Nasty Version | VAI 129-759 | | | |
| P15 | Certificates of Registration As Nasty as They Wanna Be (XR-107) and as Clean as They Wanna Be XR-108 | VAI 129-779 | | | |
| P16 | Certificate of Registration Banned in the USA (XR-114) Nasty Versions | VAI 141-129 | | | |
| P17 | Certificate of Registration Sports Weekend as Nasty as They Wanna Be Part 2 (XR-116) | VAI 144-201 | | | |
| P18 | Certificate of Registration Shake a Lil' Somethin' (XR-216) Clean Version | VAI 144-230 | | | |
| P19 | Certificate of Registration Goes to the Movies (XR-227) (A Decade of Hits) | VAI 108-305 | | | |
| P20 | Certificate of Registration E-3003 (Explicit | VAI 144-202 | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
|  | Version) Live in Concert |  |  |  |  |
| P21 | copyright registration certificate for registered work *Throw The 'D'* with the registration number PA 379 539 |  |  |  |  |
| P22 | copyright registration certificate for registered work *The Fuck Shop* with the registration number PA 442 892 |  |  |  |  |
| P23 | copyright registration certificate for registered work *Get The Fuck Out Of My House* with the registration number PA 450 580 |  |  |  |  |
| P24 | copyright registration certificate for registered work *Bad Ass Bitch* with the registration number PA 450 515 |  |  |  |  |
| P25 | copyright registration certificate for registered work *Bad Ass Bitch* with the |  |  |  |  |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | registration number PA 528 346 | | | | |
| P26 | copyright registration certificate for registered work *Coolin* with the registration number PA 445 024 | | | | |
| P27 | 2 Live Is What We Are (Album) | SR 360-735 | | | |
| P28 | Move Somethin' (Album) and certificate of registration XR 101 and correspondence | SR 305-983 | | | |
| P29 | Move Somethin' Clean (Album) XR 102 | SR 359-017 | | | |
| P30 | As Nasty As They Wanna Be | SR 353-540 | | | |
| P31 | Move Somethin' supplementary registration | SR 910-134 | | | |
| P32 | As Clean as they Wanna Be | SR 327-784 | | | |
| P33 | Pictures of the condition of the boxes when it was delivered | | Not produced in discovery. Irrelevant, prejudicial. FRE 403 | | |
| P34 | Posted message Roderick Wong Won dated Oct 20, 2018 | | Irrelevant, prejudicial. FRE 403 | | |
| P35 | Book entitled "The Book of Luke" by Luther Campbell | | Irrelevant, prejudicial. FRE 403 | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P36 | General Release executed by Luther Campbell recorded March 18, 2002 | | Irrelevant, prejudicial. FRE 403 | | |
| P37 | Recorded Judgment Jones v Campbell recorded Nov 08, 1994 | | Irrelevant, prejudicial. FRE 403 | | |
| P38 | Doctored version of 1990 contract | 2 Live Crew 001-0023 | Produced in error via ediscovery. The complete and full 1990 Agreement shall be introduced. Irrelevant, prejudicial. FRE 403 | | |
| P39 | Luke Skywalker composite of checks to NCNB bank or IRS for tax withholding in 1988 | | Hearsay, unauthenticated. FRE 602, 604, 802, 901, 902, 1005 | | |
| P40 | Luke Skywalker composite of checks to NCNB bank or IRS for tax withholding in 1989 | | Hearsay, unauthenticated. FRE 602, 604, 802, 901, 902, 1005 | | |
| P41 | Luke Skywalker composite of checks to Luther Campbell for payroll | | Hearsay, unauthenticated. FRE 602, 604, 802, 901, 902, 1005 | | |
| P42 | Luke Skywalker composite of checks to NCNB bank or IRS for tax withholding in 1987 | | Hearsay, unauthenticated. FRE 602, 604, 802, 901, 902, 1005 | | |
| P43 | Order confirming Joint plan of reorganization dated March 22, 1996 | LJ 235-252 | Irrelevant, prejudicial, cumulative FRE 403 | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P44 | Joint Plan Of Reorganization | LJ 090-145 | Irrelevant, prejudicial, cumulative FRE 403 | | |
| P45 | Luke Records Assignment of Masters dated April 8 1996 | LJ 254-285 | Not at issue in this litigation. Irrelevant, prejudicial, cumulative FRE 403 | | |
| P46 | Luke Records Copyright assignment recorded March 6, 1997 | LJ 287- 321 | Not at issue in this litigation. Irrelevant, prejudicial, cumulative FRE 403 | | |
| P47 | Lil Joe Records copyright assignment to Lil Joe Wein Music dated February 24, 1998 | | Not at issue in this litigation. Irrelevant, prejudicial, cumulative FRE 403 | | |
| P48 | Mark Ross copyright assignment to Luke Records dated August 1993 and copyright registration dated February 9, 1999 | | Not at issue in this litigation. Irrelevant, prejudicial, cumulative FRE 403 | | |
| P49 | Luther Campbell voluntary BK Pet. | | Irrelevant, prejudicial. FRE 403 | | |
| P50 | copyright registration certificate for registered work *You Got Larceny* with the registration number PA 445 027 | | | | |

28

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P51 | copyright registration certificate for registered work *City of Boom* with the registration number PA 445 029 | | | | |
| P52 | Mark Ross BK filing schedule and statement of financial affairs | | Irrelevant, prejudicial. FRE 403 | | |
| P53 | Luke Skyy Walker Records composite of checks to Mark Ross for payroll | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P54 | Luke Skyy Walker Records to Christopher Wong Won for payroll | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P55 | Luther Campbell voluntary Bankruptcy Petition | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P56 | Summary of Schedules Posted July 12, 1995 | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P57 | Summary of Schedules Amended August 10, 1995 | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P58 | Luke Records Summary of Bankruptcy Schedules | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P59 | Mark Ross Schedules and Statements of Financial Affairs Bankruptcy | | No foundation. Irrelevant, prejudicial. FRE 403 | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P60 | General Release and Hold Harmless Agreement dated April 8, 1996, by Luke Records, Inc., Luther Campbell joined by Unsecured Creditor's Committee of Luke Records, Inc. bankruptcy estate to Lil' Joe Records, Inc. and Joseph Weinberger | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P61 | General Release dated April 8, 1996, by Luther Campbell to Lil' Joe Records, Inc.., Joseph Weinberger, Richard Wolfe, Peter Jones, Frank Terzo and George Tavares | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P62 | Undated Recording Agreement Hobbs, Ross, Wang Won, Campbell and Skyy Walker Records Inc. | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P63 | You Tube Luther Campbell interview with Biggie | | No foundation. Irrelevant, prejudicial. FRE 403; Hearsay | | |
| P64 | Statement of Financial Affairs U.S. Bankruptcy Court for the Southern District of Florida, *In re: Luke Records, Inc.* Case | | No foundation. Irrelevant, prejudicial. FRE 403 | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Nos. 95-11447-BKC-RAM | | | | |
| P65 | Statement of Financial Affairs U.S. Bankruptcy Court for the Southern District of Florida, *In re: Luther Campbell,* Case No: 95-12785-BKC-RAM | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P66 | Summary of Schedules U.S. Bankruptcy Court for the Southern District of Florida, *In re: Luke Records, Inc.,* Case No. 95-11447-BKC-RAM | | Irrelevant, prejudicial. FRE 403 | | |
| P67 | Docket in U.S. Bankruptcy Court for the Southern District of Florida which were jointly administered, *In re: Luke Records, Inc. & Luther Campbell,* United States Bankruptcy Court, Southern District of Florida Case Nos. 95-11447-BKC-RAM and 95-12794-BKC-RAM | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P68 | Docket in *Lil' Joe Records v. Mark D. Ross (In re: Mark D. Ross)* United States Bankruptcy Court, Northern District of | | No foundation. Irrelevant, prejudicial. FRE 403 | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Alabama Adversary Proceeding No. AP01-40186. | | | | |
| P69 | Articles of Dissolution of Luke Records, Inc. | | No foundation. Irrelevant, prejudicial. FRE 403 | | |
| P70 | Complete record in *Hobbs v. Campbell,* United States District Court, Southern District of Florida Case No. 92-00081-CIV-JWK | | No foundation. Irrelevant, prejudicial. FRE 403<br><br>Not produced in discovery | | |
| P71 | Defendant Luther Campbell's Responses to Plaintiff's First Set of Requests for Admission | | | | |
| P72 | Defendant Mark Ross' Responses to Plaintiff's First Set of Requests for Admission | | | | |
| D1 | 1990 Recording Agreement | 2LiveCrew0222-0244 | | | |
| D2 | Form TCS (Notice of Termination Cover Sheet) | | | | |
| D3 | 2 Live Crew Recording Agreement Effective 1/1/87 file folder cover | Lil Joe Docs 00187 | R, UP | | |
| D4 | 3. A. Second 2 Live Crew Recording Agreement Luther Campbell | Lil Joe Docs 0059 | R, UP | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | 2/91 file folder cover | | | | |
| D4 | 3.C. Second 2 Live Crew Recording Agreement Wong Won 4/91 file folder cover | Lil Joe Docs 00001 | R, UP | | |
| D5 | 3. B. Second 2 Live Crew Recording Agreement Hobbs/Ross 4/91 file folder cover | Lil Joe Docs 00030 | R, UP | | |
| D6 | 2 Live Crew Third Contract 3/16/59 file folder cover | Lil Joe docs 00211 | R, UP | | |
| D7 | Compilation of 2 Live Crew "As Nasty As They Wanna Be" Album Covers | Exhibit 21 to Deposition of Leterius Ray | R, UP | | |
| D8 | Compilation of 2 Live Crew Album covers | Exhibit 22 to Deposition of Leterius Ray | R, UP | | |
| D9 | Defendants Final Notice of Termination of Copyright Pursuant to 17 USC 203 dated November 4, 202 | | | | |
| D10 | copyright registration certificate for registered work 2 Live Is What We Are with the registration number PA 384 | | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | 476 | | | | |
| D11 | In this action copyright registration certificate for registered work *We Want Some P---Y* with the registration number PA 381 437 | | | | |
| D12 | the copyright registration certificate for registered work *Check It Out Yall* with the registration number PA 381 467 | | | | |
| D13 | copyright registration certificate for registered work *Get It Girl* with the registration number PAu 1 144 554 | | | | |
| D14 | copyright registration certificate for registered work *Throw The 'D'* with the registration number PA 379 538 | | | | |
| D15 | copyright registration certificate for registered work | | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | *Cut It Up* with the registration number PA 384 475 | | | | |
| D16 | copyright registration certificate for registered work *Beat Box* with the registration number PA 384 422 | | | | |
| D17 | copyright registration certificate for registered work *Mr. Mixx on the Mixx* with the registration number PA 407 598 | | | | |
| D18 | copyright registration certificate for registered work *Intro* with the registration number PA 892 115 | | | | |
| D19 | copyright registration certificate for registered work *Drop The Bomb* with the registration number PA 364 473 | | | | |
| D20 | copyright registration certificate for | | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | registered work *Move Somethin'* with the registration number PA 364 469 | | | | |
| D21 | copyright registration certificate for registered work *Ghetto Bass II* with the registration number PA 364 570 | | | | |
| D22 | copyright registration certificate for registered work *With Your Bad Self* with the registration number PA 364 479 | | | | |
| D23 | copyright registration certificate for registered work *Pussy Ass Nigga* with the registration number PA 364 478 | | | | |
| D24 | copyright registration certificate for registered work *Head, Booty, and Cock* with the registration number PA 364 | | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | 003 | | | | |
| D25 | copyright registration certificate for registered work *S & M* with the registration number PA 385 053 | | | | |
| D26 | copyright registration certificate for registered work *Do Wah Diddy* with the registration number PA 881 657 | | | | |
| D27 | copyright registration certificate for registered work *Word II* with the registration number PA 364 480 | | | | |
| D28 | copyright registration certificate for registered work *Feel Alright Y'all* with the registration number PA 364 004 | | | | |
| D29 | copyright registration certificate for registered work *One on One* with the registration | | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | number PA 400 849 | | | | |
| D30 | copyright registration certificate for registered work *Mega Mixx II* with the registration number PA 368 870 | | | | |
| D31 | Copyright registration certificate for registered work *Introduction (Clean Version)* with the registration number PA 1 039 530 | | | | |
| D32 | the copyright registration certificate for registered work *Drop The Bomb (Clean Version)* with the registration number PA 1 244 030 | | | | |
| D33 | copyright registration certificate for registered work *Move Somethin' (Clean Version)* with the registration number PA 1 039 535 | | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D34 | the copyright registration certificate for registered work *Move Somethin' (Clean Version)* with the registration number PA 1 039 535 | | | | |
| D35 | copyright registration certificate for registered work *With Your Badself (Clean Version)* with the registration number PA 1 039 534 | | | | |
| D36 | copyright registration certificate for registered work *Do Wah Diddy (Clean Version)* with the registration number PA 928 504 | | | | |
| D37 | copyright registration certificate for registered work *Word II (Clean Version)* with the registration number PA 1 039 533 | | | | |
| D38 | copyright registration | | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | certificate for registered work *Feel Alright Yall (Clean Version)* with the registration number PA 1 039 532 | | | | |
| D39 | copyright registration certificate for registered work *Mega Mixx II (Clean Version)* with the registration number PA 1 244 031 | | | | |
| D40 | copyright registration certificate for registered work *Me So Horny* with the registration number PA 445 026 | | | | |
| D41 | copyright registration certificate for registered work *Put Her In The Buck* with the registration number PA 443 525 | | | | |
| D42 | copyright registration certificate for registered work *Dick Almighty* | | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | with the registration number PA 443 0526 | | | | |
| D43 | copyright registration certificate for registered work *C'mon Babe* with the registration number PA 445 022 | | | | |
| D44 | copyright registration certificate for registered work *Dirty Nursery Rhymes* with the registration number PA 443 527v | | | | |
| D45 | copyright registration certificate for registered work *Break It On Down* with the registration number PA 445 025 | | | | |
| D46 | copyright registration certificate for registered work *2 Live Blues* with the registration number PA 443 528 | | | | |
| D47 | copyright registration | | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | certificate for registered work *I Ain't Bullshittin'* with the registration number PA 443 529 | | | | |
| D48 | copyright registration certificate for registered work *Get Loose Now* with the registration number PA 445 023 | | | | |
| D49 | copyright registration certificate for registered work *The Fuck Shop* with the registration number PA 443 530 | | | | |
| D50 | copyright registration certificate for registered work *If You Believe In Having Sex* with the registration number PA 443 531 | | | | |
| D51 | copyright registration certificate for registered work *My Seven Bizzos* with the registration | | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | number PA 445 028 | | | | |
| D52 | copyright registration certificate for registered work *Get The Fuck Out Of My House* with the registration number PA 443 532 | | | | |
| D53 | copyright registration certificate for registered work *Reggae Joint* with the registration number PA 443 533 | | | | |
| D54 | copyright registration certificate for registered work *Fraternity Record* with the registration number PA 443 534 | | | | |
| D55 | copyright registration certificate for registered work *Bad Ass Bitch* with the registration number PA 443 535 | | | | |
| D56 | copyright registration | | | | |

CASE NO.: 1:21-CV-23727-DPG

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
|  | certificate for registered work *Mega Mixx III* with the registration number PA 445 030 |  |  |  |  |
| D57 | copyright registration certificate for registered work *The Funk Shop (Clean Version)* with the registration number PA 881 627 |  |  |  |  |
| D58 | copyright registration certificate for registered work *C'mon Babe (Clean Version)* with the registration number PA 881 630 |  |  |  |  |
| D59 | copyright registration certificate for registered work *Get Loose Now (Clean Version)* with the registration number PA 881 631 |  |  |  |  |

EXHIBIT B – LIL' JOE'S WITNESS LIST

44

CASE NO.: 1:21-CV-23727-DPG

1. Joseph Weinberger.
2. Mark Ross
3. Christopher Wong Won Jr.
4. Roderick Wong Won
5. Leterius Ray
6. Anissa Wong Won
7. Luther Campbell
8. Herman Moskowitz
9. Allen Jacobi
10. All persons on any other party's exhibit list.
11. All necessary impeachment or rebuttal witnesses.

CASE NO.: 1:21-CV-23727-DPG

EXHIBIT C – DEFENDANTS' WITNESS LIST

1.  Joseph Weinberger.
2.  Mark Ross
3.  Christopher Wong Won Jr.
4.  Roderick Wong Won
5.  Leterius Ray
6.  Anissa Wong Won
7.  Luther Campbell
8.  Stanley Cobble (plaintiff objects to this witness who was not previously disclosed)
9.  All persons on any other party's exhibit list.
10. All necessary impeachment or rebuttal witnesses.