UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

      Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

      Defendants
_____/

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION NO.1**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 1.1 – GENERAL PRELIMINARY INSTRUCTIONS**

<u>Members of the Jury</u>:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

<u>The jury's duty</u>:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it

is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- · the witness's memory;

- · the witness's manner while testifying;

- · any interest the witness has in the outcome of the case;

- · any bias or prejudice the witness may have;

- · any other evidence that contradicts the witness's testimony;

- · the reasonableness of the witness's testimony in light of all the evidence; and

- · any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

The Plaintiff, Lil Joe Records seeks a declaratory judgment as to the validity of a copyright termination notice sent by Defendants, Luther Campbell, Mark Ross, Christopher Wong Won Jr. Roderick Wong Won, Leterius Ray and Anissa Wong Won. The Defendants contend that their termination notice is valid.

*2 Live Crew* was a rap group comprised of 4 members: Luther Campbell, Christopher Wong Won, Mark Ross and David Hobbs. Luther Campbell, Mark Ross and Christopher Wong Won's children, Christopher Wong Won Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won, are the defendants in this case. The members of *2 Live Crew* transferred to Luke Skyywalker Records, Inc. their copyright rights in five albums *2 Live Crew Is What We Are, Move Somthin', Move Somethin' (Clean), As Nasty as They Wanna Be,* and *As Clean as They Wanna Be.* Luke Records, Inc. subsequently obtained theses rights and thereafter went bankrupt, and in its bankruptcy proceedings transferred these copyright rights to *2 Live Crew*'s music to Lil' Joe Records, Inc., which is the plaintiff in this case.

A transfer of a copyright may be terminated by the original authors of a work to reclaim their rights in said work. Luther Campbell, Mark Ross and Christopher Wong Won's children exercised their right terminate the transfer of the copyright rights to *2 Live Crew*'s music in the five identified albums. You will determine whether said termination is valid, which I will explain in greater detail.

Burden of proof:

Lil' Joe Records, Inc. has the burden of proving its case by what the law calls a "preponderance of the evidence." That means Lil' Joe Records, Inc. must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Lil' Joe Records, Inc. and the evidence favoring Mark Ross, Luther Campbell, Christopher Wong Won Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won on opposite sides of balancing scales, Lil' Joe Records, Inc. needs to make the scales tip to its side. If Lil' Joe Records, Inc. fails to meet this burden, you must find in favor of Defendants Mark Ross, Luther Campbell, Christopher Wong Won Jr., Roderick Wong Wong, Leterius Ray and Anissa Wong Won.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Luther Campbell, Mark Ross and Christopher Wong Won's children have also brought claims for relief against Lil' Joe Records called counterclaims, specifically for a finding that their termination notice was and is valid. On that claim, Luther Campbell, Mark Ross and Christopher Wong Won's children have the same burden of proof that Lil' Joe Records, Inc. has for its claim.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites such as Facebook, Instagram, Snapchat, Youtube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device of Internet site, including blogs, chat rooms, social websites, and any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, we will consider the plaintiff's claims. In doing so the plaintiff will present its witnesses and ask them questions. After the plaintiff questions the witness, the defendants may ask the witness questions – this is called "cross-examining" the witness. Then the defendants will present its witnesses, and the plaintiff may cross-examine them. After that we will consider the defendant's claim. In doing so the defendants will present their witnesses and ask them questions. After the defendants question the witness, the plaintiff may cross-examine them. Then the plaintiff will present its witnesses, and the defendants may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 1.1

**PROPOSED JURY INSTRUCTION NO. 2**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS**
**NO. 1.4 – JURY QUESTIONS**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 1.4

**PROPOSED JURY INSTRUCTION NO. 3**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 1.5 – INTERIM STATEMENTS**


At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 1.5

**PROPOSED JURY INSTRUCTION NO. 4**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 2.1 – STIPULATIONS**

       Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 2.1

**PROPOSED JURY INSTRUCTION NO. 5**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 2.2 – USE OF DEPOSITIONS**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 2.2

**PROPOSED JURY INSTRUCTION NO. 6**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS**
**NO. 2.3 – USE OF RECORDED CONVERSATIONS AND TRANSCRIPTS**

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 2.3

**PROPOSED JURY INSTRUCTION NO. 7**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS**
**NO. 2.4 – INTERIM STATEMENTS**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 2.4

**PROPOSED JURY INSTRUCTION NO. 8**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS**
**NO. 2.5 – JUDICIAL NOTICE**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 2.5

**PROPOSED JURY INSTRUCTION NO. 9**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 2.6 – USE OF INTERROGATORIES**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 2.6

**PROPOSED JURY INSTRUCTION NO. 10**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 2.7 – IN-TRIAL INSTRUCTION ON NEWS COVERAGE**

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 2.7

**PROPOSED JURY INSTRUCTION NO. 11**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 2.8 – CIVIL *ALLEN* CHARGE**

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence. It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 2.8

**PROPOSED JURY INSTRUCTION NO. 12**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 3.1 – INTRODUCTION**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.1

**PROPOSED JURY INSTRUCTION NO. 13**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 3.2.2 – THE DUTY TO FOLLOW INSTRUCTIONS – CORPORATE PARTY
INVOLVED**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.2.2

**PROPOSED JURY INSTRUCTION NO. 14**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS**
**NO. 3.3 – CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE;**
**ARGUMENT OF COUNSEL; COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.3

**PROPOSED JURY INSTRUCTION NO. 15**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 3.4 – CREDIBILITY OF WITNESSES**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.4

**PROPOSED JURY INSTRUCTION NO. 16**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 3.5.1 – IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT
STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.5.1

**PROPOSED JURY INSTRUCTION NO. 17**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 3.7.1 – RESPONSIBILITY FOR PROOF – PLAINTIFF'S CLAIM[S], CROSS
CLAIMS, COUNTERCLAIMS – PREPONDERANCE OF THE EVIDENCE**

In this case it is the responsibility of the party bringing any claim to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

There are multiple claims in this case, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claims by a preponderance of the evidence, you should find for the party against whom the claim was asserted as to that claim.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.7.1

**PROPOSED JURY INSTRUCTION NO. 18**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS**
**NO. 9.15 – COPYRIGHT – OWNERSHIP – WORK MADE FOR HIRE**

As a general rule the creator of a song or album is the presumed author and owner of that song's copyrights. Defendants claim that 2 Live Crew created the albums as a group and then transferred their ownership of the albums' copyrights to Luke Skyywalker Records.

But, a company may argue that the song or album was instead a work-for-hire created by the company. Lil Joe claims the five albums at issue were created as works made for hire for Luke Records. To prove that *2 Live Crew*'s five albums at issue were a work for hire for Luke Records, Lil' Joe Records, Inc. must prove the following:

First, that the members of *2 Live Crew (1)* were employees of Luke Records, Inc. at the time they created the five *2 Live Crew* albums; (2) that they created the albums within the scope of their employment; and (3) that 2 Live Crew did not sign a written agreement indicating that the albums were not works for hire.

Or that *(1)* Luke Records, Inc. specifically ordered or commissioned the *2 Live Crew*'s five albums for use as a contribution to a collective work as part of a motion picture or other audio visual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, and Luke Records, Inc. and *(2)* the person who created the work signed a written document confirming that work was to be considered a work made for hire; and *(3)* that this written document was signed before the albums were created.

 If the employment status of the individual who created the work is disputed, you should consider the following factors to determine whether the creator was Luke Record, Inc.'s employee or an independent contractor when the five *2 Live Crew* albums were created:

• Luke Records, Inc.'s right to control the way the work was accomplished. The less control Luke Records, Inc. exercised, the more likely it is that the members of *2 Live Crew* were independent contractors.

• The skill required to create the work.

• The source of the instruments and tools.

• The location of the work.

• The duration of the relationship between the parties.

24

• Whether the supposed employer had the right to assign additional projects to *2 Live Crew*.

• The extent of *2 Live Crew's* discretion over when and how long to work.

• The method of payment.

• The members of *2 Live Crew's* role in hiring and paying assistants.

• Whether the work is part of Luke Records, Inc.'s regular business.

• Whether Luke Records, Inc. is a business.

• The provision of employee benefits.

• The members of *2 Live Crew*'s tax treatment.

• Whether Luke Records and 2 Live Crew considered the albums to be works for hire.

No single factor should be considered conclusive on its own. And some factors may not apply to the circumstances in this case.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 9.15

**PROPOSED JURY INSTRUCTION NO. 19**


**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS**
**NO. 9.16 – COPYRIGHT – OWNERSHIP – TRANSFER**


      A transfer of copyright ownership, other than by operation of law, must be in writing and signed by the owner of the copyright or the owner's authorized agent.

      The writing may be an instrument of conveyance, such as a contract or assignment, or a note of memorandum of the transfer. This "writing" requirement "can be satisfied by an oral assignment later ratified or confirmed by a written memorandum of the transfer." *Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995).

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 9.16; *Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995).

**PROPOSED JURY INSTRUCTION NO. 20**

Defendants assert that they properly terminated the copyright grant. The author of a work, or their heirs, may terminate any copyright transfer or license still in effect after 35 years, provided they exercise that right after 35 and before 40 years have elapsed. 17 U.S.C. § 203(a)(3).

A "termination" shall be effected by serving an advance notice in writing, signed by the number and proportion of owners of termination interests required under clauses (1) and (2) of 17 U.S.C. § 203, of by their duly authorized agents upon the grantee or the grantee's successor in title. 17 U.S.C. § 203(a)(4).

The notice shall state the effective date of the termination, which shall fall within the five-year period specified by clause (3) of 17 U.S.C. § 203, and the notice shall be served not less than two or more than ten years before that date. 17 U.S.C. § 203(a)(4)(A).

The exclusive or nonexclusive grant of a transfer or license of copyright or of any right under a copyright made on or after" January 1, 1978 may be terminated by the "author." 17 U.S.C. § 203(a). If an author is deceased, his or her heirs hold the termination right. *Baldwin v. EMI Feist Catalog, Inc.,* 805 F.3d 18, 32 (2d Cir. 2015), citing 17 U.S.C. § 203(a)(1), (2). "[A] grant executed by two or more authors of a joint work… may be [terminated] by a majority of the authors who executed it" 17 U.S.C. § 203(a)(1).

An incorrect date in a termination notice need not always automatically invalidate it. 37 C.F.R. § 201.10(e). Note that "[h]armless errors in a notice that do not materially affect the adequacy of the information required to serve the purposes of 17 U.S.C. § 203 ... shall not render the notice invalid." As long as the terminating party provides a date of execution that is "as accurate as the ... party is able to ascertain," and "provided in good faith and without any intention to deceive, mislead or conceal relevant information," an incorrect date is a harmless error and § 203 should still provide a relief for terminating parties. *Mtume v. Sony Music Ent.,* 408 F. Supp. 3d 471, 476 (S.D.N.Y. 2019), quoting Gap in Termination Provisions, 76 Fed. Reg. 32316, 32319 (June 6, 2011).

Authorities:  17 U.S.C § 203; *Baldwin v. EMI Feist Catalog, Inc.,* 805 F.3d 18, 32 (2d Cir. 2015).

**PROPOSED JURY INSTRUCTION NO. 21**

**SPECIAL INSTRUCTION – TERMINATION RIGHTS**

Defendants assert that they terminated the transfer of copyrights for the Subject Albums that was memorialized in the 1990 Agreement. They rely on 17 U.S.C. §203 of the Copyright Act to do so. Section 203 is "a provision safeguarding authors against unremunerative transfers," which is "needed because of the unequal bargaining position of authors, resulting in part from the impossibility of determining a work's value until it has been exploited." *Korman v. HBC Fla., Inc.*, 182 F.3d 1291, 1296 (11th Cir. 1999), quoting H.R.Rep. No. 94–1476, at 124 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5740.

The purpose of section 203 is to help authors, not publishers or broadcasters or others who benefit from the work of authors. Id., citing *Mills Music, Inc. v. Snyder*, 469 U.S. 153, 172–73 & n. 39, 105 S.Ct. 638, 649–50 & n. 39, 83 L.Ed.2d 556 (1985)

Under Section 203, Defendants had "an inalienable right to terminate a prior grant of an interest in a copyright." *Baldwin v. EMI Feist Catalog, Inc.*, No. 11-81354-CIV, 2012 WL 13019195, at *2 (S.D. Fla. Dec. 11, 2012), citing, generally Lydia Pallas Loren, Renegotiating the Copyright Deal in the Shadow of the "Inalienable" Right to Terminate, 62 Fla. L. Rev. 1329, 1333-42 (2010).

Authorities: set forth above

**PROPOSED JURY INSTRUCTION NO. 22**

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS
NO. 3.9 – ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM[S]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Authorities:  Eleventh Circuit Civil Pattern Jury Instr. 3.9