UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

      Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

      Defendants
_____/

**DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendants, Mark Ross ("Ross"), Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell ("Campbell") herewith submit their Proposed Findings of Fact and Conclusions of Law.

This case was tried to a jury on _____, 2023 and the following question was decided:

Did Defendants terminate the copyright transfer between 2 Live Crew and Skyywalker Records a/k/a Luke Skyywalker Records that related to five 2 Live Crew albums?

The following findings of fact and conclusions of law are hereby entered:

**I.     Jurisdiction**

The Court has jurisdiction over this matter under the Copyright Act, 17 USC § 101 et seq., and 28 U.S.C. §§ 1331 and 1338(a).

**II.    Findings of Fact**

a. *2 Live Crew* was a rap group comprised of Campbell, Christopher Wong Won ("Chris"), Ross and David Hobbs ("Hobbs").

b. Chris is deceased.

c. Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won are Chris's surviving children and heirs.

d. Campbell was the sole owner of Luke Skyywalker Records and Luke Records.

e. The copyrights subject of the termination notice are for the following five albums: *2 Live Crew Is What We Are, Move Somethin', Move Somethin' (Clean), As Nasty as They Wanna Be,* and *As Clean as They Wanna Be* (collectively, the "Subject Albums").

f. Joseph Weinberger is the sole owner of Lil' Joe.

g. Attached to the Complaint as Exhibit E is a true and correct copy of a notice dated November 4, 2020, by each of the defendants (the "Notice").

h. The members of *2 Live Crew* transferred the copyrights for the Subject Albums to Luke Skyywalker Records via oral agreements that were confirmed in writing by the written contract signed in 1990.

i. Defendants terminated the transfer of copyrights after 35 years and before 40 years had elapsed from the date of that transfer.

j. Defendants served an advance notice in writing of the termination, signed by two of the members of *2 Live Crew* and the heirs of a third member of 2 Live Crew and provided at least two years notice.

k. Defendants' termination Notice properly stated the effective date of the termination.

l. Defendants properly served the termination Notice and it was valid.

m. Defendants were not employees of Luke Skyywalker Records when the recorded the Subject Albums.

n. The members of 2 Live Crew and Luke Skyywalker Records did not sign a written agreement stating that the Subject Albums were works for hire on a date before the albums were created.

o. Defendants did not waive or transfer their termination rights as part of any bankruptcy proceedings.

p. Defendants did not waive or transfer their termination rights as part of any settlement agreements.

q. Defendants terminated the transfer of the copyrights in the Subject Albums.

II. **Conclusions of law**

a. "In the case of a grant executed by two or more authors of a joint work, termination of the grant may be effected by a majority of the authors who executed it…." 17 USC §203 (a)(1).

b. "A 'work made for hire' is … a work prepared by an employee within the scope of his or her employment…." 17 USC §101.

c. "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 USC §201(b).

d. Thirteen non-exclusive factors are considered in determining whether someone is an employee for "work for hire" purposes. *Cmty For Creative Non Violence v Reid,* 490 US 730, 737 (1989); *Horror Inc. v Miller,* 15 F.4th 232 (2nd Cir. 2021).

e. These factors are not to be applied "in a mechanistic fashion" there is "no direction concerning how the factors were to be weighed." *Horror,* 15 F.4th at 248.

f. A notice of termination pursuant to 17 U.S.C. §203 "must include a clear identification of", among other things, "[t]he date of execution of the grant being terminated and, if the grant covered the right of publication of a work, the date of publication of the work under the grant." 37 CFR 201.10(b)(2)(iii). "Clear identification" of this information "requires a complete and unambiguous statement of facts in the notice itself, without incorporation by reference of information in other documents or records." 37 CFR 201.10(b)(3).

g. A Court must "follow the text of the statute", *Unicolors, Inc. v H&M Hennes & Mauritz, L.P.,* 142 S.Ct. 941, 946 (2022), by "examin[ing] the language of the provision itself", *Korman v HBC Florida, Inc.,* 182 F.3d 1291, 1295 (11th Cir. 1999).

h. "When the words of a statute are unambiguous, then the first canon is also the last: 'judicial inquiry is complete.'" *Connecticut Nat'l.*, 503 U.S. at 254.

i. An agreement is a mutual understanding between two parties about their relative rights and duties involving the exchange of consideration. Black's Law Dictionary, 8th Ed., 2004; Corbin on Contracts §1.9.

j. The Copyright Act requires transfers to be in writing except a transfer by operation of law. 17 USC §204(a).

k. This "writing" requirement "can be satisfied by an oral assignment later ratified or confirmed by a written memorandum of the transfer." *Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995).

l. A "copyright 'vests' in the author…." *Rodriguez v Rodriguez,* 218 F.3d 432, 425 (5th Cir. 2000). "'To vest' means to give an immediate, fixed right of present or future enjoyment…." *Id.* at 436.

m. The termination right set forth at 17 U.S.C. § 203 does not "become vested" until "the date the notice of termination has been served[.]" 17 U.S.C.A. § 203 (b)(2). And "regardless of the effective date, under § 203(b)(2)," the "future rights that will revert upon termination of the grant become vested on the date the notice of termination has been served." Baldwin v. EMI Feist Catalog, Inc., No. 11-81354-CIV, 2012 WL 13019195, at *2 (S.D. Fla. Dec. 11, 2012) (emphasis added by Court, internal quotations removed).

n. Under the Copyright Act that a grantor cannot validly "convey more than he owns[.]" *Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007).

o. Section 541(c)(2) of the Bankruptcy Code "places a boundary on property of the estate in accordance with applicable nonbankruptcy law" so that a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." *In re Hilsen*, 405 B.R. 49, 56 (Bankr. E.D.N.Y. 2009)(emphasis added), citing 11 U.S.C. § 541(c)(2), *Taft v. O'Connell (In re Taft)*, 184 B.R. 189, 190 (E.D.N.Y.1995); see also *In re Davis*, 110 B.R. 573, 574–75 (Bankr. M.D. Fla. 1989)("Section 541(c)(2) of the Code requires that the property which is subject to restriction on a transfer of a beneficiary interest of a debtor is a trust which is enforceable under nonbankruptcy law to be recognized and is equally enforceable in a case filed under Title 11.")

p. Per 17 U.S.C.§ 203 (a)(5), "Termination of the grant may be effected notwithstanding any agreement to the contrary, including an agreement to make a will or to make any future grant.").

q. Only an artist or their heir can exercise the termination right. See 17 U.S.C.A. § 203(a)(1).

r. "The 1976 Act requires that the parties agree before the creation of the work that it will be a work made for hire." See *Playboy Enterprises, Inc. v. Dumas*, 53 F.3d 549, 559 (2d Cir. 1995)

s. A work-for-hire agreement must be executed **before** the creation of the work claimed as a work-for-hire. *Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 412-13 (7th Cir. 1992)(adopted a bright-line rule requiring that the parties must sign the work-for-hire agreement before the work is created in order for the agreement to be valid.).

t. "Sound recordings" are not included in the list of works that can be "specially commissioned" works for hire under the plain reading of 17 U.S.C. § 101. *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1097 (N.D. Cal. 2002)

u. Company owners are not necessarily employees. See *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 450 (2003) ("The mere fact that a person has a particular title—such as partner, director, or vice president—should not necessarily be used to determine whether he or she is an employee or a proprietor[.]"); *Solon v. Kaplan*, 398 F.3d 629 (7th Cir. 2005) (owner was as not an employee for purposes of Title VII); *Lemon v. Myers Bigel, P.A.*, No. 19-1380, 2021 WL 161978 (4th Cir. 2021)(same); *von Kaenel v. Armstrong Teasdale, LLP*, 943 F.3d 1139 (8th Cir. 2019) (owners was not an employee for purposes of the ADEA).

v. A "worker can be both an employee and an independent contractor concurrently for one employer." *Leevson v. Aqualife USA Inc.*, 770 F. App'x 577, 582 (2d Cir. 2019)

w. Section 203 of the Copyright Act places a "restriction on the transfer of a beneficial interest of the debtor" and must be enforced. 11 U.S.C. § 541(c)(2). "Applicable nonbankruptcy law" means "precisely what it says: all laws, state and federal, under which a transfer restriction is enforceable." *In re Moore*, 907 F.2d 1476, 1477 (4th Cir. 1990).

x. An incorrect date in a termination notice need not always automatically invalidate it. 37 C.F.R. § 201.10(e). Note that "[h]armless errors in a notice that do not materially affect the adequacy of the information required to serve the purposes of 17 U.S.C. § 203 ... shall not render the notice invalid." 37 C.F.R. § 201.10(e)(1). As long as the terminating party provides a date of execution that is "as accurate as the ... party is able to ascertain," and "provided in good faith and without any intention to deceive, mislead or conceal relevant information," an incorrect date is a harmless error and § 203 should still provide a relief for terminating parties. *Mtume v. Sony Music*

*Ent.*, 408 F. Supp. 3d 471, 476 (S.D.N.Y. 2019), quoting Gap in Termination Provisions, 76 Fed. Reg. 32316, 32319 (June 6, 2011).

SO ORDERED.

Date: _____   By: _____
                                          U.S.D.J.