**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| LIL' JOE RECORDS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:21-CV-23727-DPG |
| | ) |
| MARK ROSS; *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO
VOLUNTARILY DISMISS COUNTS VI-X**

**TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants, Mark Ross, Luther Campbell, Anissa Wong Won, Christopher Wong Won, Jr., Roderick Wong Won, and Leterius Rey respectfully oppose Plaintiff's Motion for Leave to Voluntarily Dismiss Counts VI-X (the "Counts") of its own claims, as follows:

### A.  Procedural Background

Plaintiff filed a number of frivolous copyright and trademark infringement claims against Defendants, specifically Counts II-X of Plaintiff's Complaint. Defendants moved for summary judgment on those claims and Plaintiff failed to respond to Defendants' challenges to Counts II-X it its Opposition. See, e.g., Defendants' Reply, Dkt. No. **62**, pg. 10 ("2 Live Crew's Motion argued that Lil' Joe's second through tenth causes of action for various copyright and trademark infringement claims were meritless. Lil' Joe failed to respond to these arguments, and they are thus deemed conceded.").

After briefing on Defendants' summary judgment motion was completed on January 25, 2023, and Plaintiff had conceded that Counts II-X lacked merit, Plaintiff unilaterally filed a Notice of Voluntary Dismissal Without Prejudice as to Counts II, III, IV, and V. See Dkt. No. **64**. Defendants objected to this filing, which clearly violated Fed.R.Civ.P. 41 because it did not include a stipulation or Court Order, but Plaintiff refused to withdraw the Notice. Defendants were then forced to draft and serve Plaintiff with a Fed.R.Civ.P. 11 Motion addressing the improper filing. Plaintiff failed to withdraw the Notice during the 21-day safe harbor period, so Defendants were forced to file their Rule 11 Motion. See Dkt. No. **79**. Plaintiff failed to justify the filing of the Notice in its Opposition, but claimed that the violation of the Federal Rules was not significant. Defendants' Rule 11 Motion remains pending.

On April 19, 2023, Defendants, without waiving their rights under Rule 11 or to recover costs and attorneys' fees, offered to enter into a stipulation to dismiss Counts II-X and provided a stipulation stating as much to Plaintiff. See Ex. **1**. This stipulation reflected that Counts II-X would be dismissed with prejudice and that Defendants would be deemed the prevailing parties for purposes of seeking cost and fee recovery under the Copyright and Lanham Acts. Plaintiff's counsel, confusingly, first stated that the stipulation was approved for filing but when asked to

confirm withdrew his approval. See Ex. **2**. Plaintiff then brought this Motion.

More confusingly, Plaintiff's Notice of Voluntary Dismissal Without Prejudice, which was never withdrawn despite its violation of the Federal Rules, sought to dismiss Counts II-V while the instant Motion seeks to dismiss Counts VI-X. When the parties conferred over a stipulation to dismiss, that stipulation addressed Counts II-X. See Ex. **1**. Given that the two sets of counts are the same except for the fact that one set addresses claims against Mark Ross claims while the other addresses the claims against the Wong Won heirs, and the fact that the Notice of Voluntary Dismissal remains pending, it is unclear as to whether Plaintiff seeks to dismiss all of its claims other than Count I. To the extent the Court dismisses some or all of Plaintiff's claims II-X, it is respectfully requested that the conditions herein be made applicable.

**B.      Legal Standard**

Plaintiff's Motion cites no authority but Defendants assume that the Motion was brought under Fed. R. Civ. P. 41(a)(2), which applies once a Defendant answers and states that, following an answer, an "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc*., 781 F.2d 855, 856 (11th Cir.1986) (citation and internal quotation marks omitted). In deciding such a Motion, the Court "must consider the crucial question of whether "the defendant [would] lose any substantial right by the dismissal." *Arias v. Cameron*, 776 F.3d 1262, 1268–69 (11th Cir. 2015)(citation omitted). Here, a dismissal without prejudice may deprive Defendants of the right to recover their costs and attorneys' fees under the Copyright Act and Lanham Act, which makes the imposition of conditions necessary.

Finally, "a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect. *McCants*, 781 F.2d at 856, citing *LeCompte v. Mr. Chip, Inc*., 528 F.2d 601, 604 (5th Cir.1976).

**C.      The Motion should be denied or, if granted, done so with conditions**

Defendants offered to stipulate to a "with prejudice" dismissal of Counts II-X. See Exs. **1**, **2**. Plaintiff refused and now requests that the Counts be dismissed "voluntarily" without

3

prejudice. But a "plaintiff ordinarily will **not** be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. *McCants*, 781 F.2d at 860(emphasis added), citing *LeCompte*, 528 F.2d at 603; 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice § 41.06 (2d ed. 1985); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2366 (1971). Here, the parties have fully briefed their summary motions, have met and conferred over their trial documents, trial schedule, and trial exhibits, and have submitted certain trial documents to the Court. Trial-setting is also imminent. As such, the Motion fails.

Should the Court grant the Motion, Plaintiff, as a condition, should be required to compensate Defendants for "all litigation-related expenses incurred by the defendant[s], including reasonable attorneys' fees." Id., citing *American Cyanamid Company v. McGhee*, 317 F.2d 295, 298 (5th Cir.1963); *Bishop v. West American Insurance Co.*, 95 F.R.D. 494, 495 (N.D.Ga.1982). Defendants, who are independent artists, were forced to respond to the frivolous claims in their pleadings, engage in discovery, including depositions, relating to the frivolous claims, and to challenge the frivolous claims in their summary judgment motion. Those fees should be recovered now that Plaintiff concedes that the claims are not viable.

To be sure, "[f]ee awards are often made when a plaintiff dismisses a suit *without prejudice* under Rule 41(a)(2). *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985)(emphasis by Court), citing 5 J. Moore, Moore's Federal Practice, ¶ 41.06, at 41–74 (2d ed. 1948 & Supp.1984); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2366, at 177–80 (1971 & Supp.1984). These fees are proper to "reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him. Id., citing *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir.1965), cert. denied, 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1966); *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 191 (E.D.Pa.1982). Fee recovery is appropriate here.

The other factors to be considered for this motion also favor Defendants. These include "plaintiff's diligence in bringing the motion"; any "undue vexatiousness" on plaintiff's part; the "extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial"; the duplicative expense of relitigation; and the adequacy of plaintiff's

4

explanation for the dismissal. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)(citations omitted).

Plaintiff was not diligent in bringing this Motion and its conduct has been unduly vexatious. The summary judgment briefing, during which Plaintiff failed to defend Counts II-X, concluded way back on January 25, 2023. In March of 2023, Plaintiff filed the improper Notice of Voluntary Dismissal Without Prejudice and then failed to withdraw it even after receiving notice that it violated the Federal Rules. Then, months later, on April 24, 2023, this Motion was filed. This line of conduct is vexatious and far from diligent and these factors favor Defendants.

Moreover, the "suit has progressed" to a great degree, with Defendants engaging in substantial trial preparation, as mentioned above. The parties have fully briefed summary judgment and Rule 11 motions, the former of which alone is sufficient to deny the Motion. *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969) (dismissal without prejudice properly denied where discovery considerably advanced and defendant's motion for summary judgment pending). Indeed, when the Court rules on Defendants' pending summary judgment motion, and given Plaintiff's failure to respond, the Court will likely adjudicate Counts II-X with prejudice in Defendants' favor, which will make Defendants the prevailing parties on those claims.

Further, the parties have already conferred over and submitted their Motions in Limine and pre-trial filings. On May 24, 2023 (a continued date that was set after a request by Plaintiff), the Court will hold the trial-setting conference. This case has progressed nearly to trial and this factor favors Defendants.

The final two factors also favor Defendants. There is a substantial concern regarding relitigation here as Plaintiff has been involved in numerous lawsuits with musicians, including the Defendants to this action. And Plaintiff offers no "explanation" at all for the need to dismiss, only that it now realizes the claims are not worth pursuing.

Under "any test, the motion was made far too late" because "extensive discovery ha[s] taken place," the trial is imminent, and granting the "motion would prejudice the defendants because of the resources they had spent in preparing" for trial. *Zagano*, 900 F.2d at 14. Plaintiff's Motion should be denied or, if granted, conditions should be applied, as set forth below.

### D. The Motion fails

Plaintiff's Motion lacks substance and merit. It should be denied and the Counts should be adjudicated in Defendants' favor as part of the summary judgment proceedings. If the Court is inclined to grant the Motion, it should either:

(1) dismiss the Counts *without* prejudice, conditioned upon Plaintiff paying Defendants' costs and attorneys' fees as incurred in connection with the dismissed claims; or

(2) dismiss the Counts *with* prejudice, with a finding that Defendants are prevailing parties on those claims for purposes of seeking to recover their costs and fees under the Copyright Act[1] and/or Lanham Act.[2]

Defendants respectfully submits that of the two above options, the **second** is more appropriate given that it will result in the claims being adjudicated on the merits. This will introduce finality into the proceedings and preclude additional suits by Plaintiff.

Dated: April 25, 2023                                          Respectfully submitted,

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs
(admitted *pro hac vice*)
DONIGER / BURROUGHS
237 Water Street, First Floor
New York, New York 10038
(310) 590 – 1820
scott@donigerlawfirm.com

and

JOEL B. ROTHMAN
Florida Bar Number: 98220

---

[1] As set forth in 17 U.S.C. § 505. A party that obtains a dismissal with prejudice is a "prevailing party" for purposes of this Section. See *Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir.1986)(dismissal of an action with prejudice "has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action."); see also *Claiborne v. Wisdom,* 414 F.3d 715, 719 (7th Cir.2005) (same). As such, a "with prejudice" dismissal makes a defendant "a prevailing party [that] is entitled to move for an award of attorney's fees." *Ninox Television Ltd. v. Fox Ent. Grp., Inc.,* No. 04 CIV. 7891 (DLC), 2006 WL 1643300, at *2 (S.D.N.Y. June 13, 2006)

[2] As set forth in 15 U.S.C. § 1117(a), under which Defendants are "the prevailing part[ies] in light of [Plaintiff's] voluntary dismissal of this action with prejudice." *Penshurst Trading Inc. v. Zodax L.P.,* 652 F. App'x 10, 11 (2d Cir. 2016)

>joel.rothman@sriplaw.com
>**SRIPLAW, P.A.**
>21301 Powerline Road
>Suite 100
>Boca Raton, FL  33433
>561.404.4350 – Telephone
>561.404.4353 – Facsimile