UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

        Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

        Defendants.
_____/

**REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR**
**LEAVE TO VOLUNTARILY DISMISS COUNTS VI-X**

Plaintiff, Lil' Joe Records, Inc. ("Lil Joe"), hereby files this reply to Defendants' Opposition to Plaintiff's Motion for Leave to Voluntarily Dismiss Counts VI-X [DE 105]("Opposition") as follows:

Defendants argue that dismissal should not be allowed because it would "deprive Defendants of the right to recover their costs and attorneys' fees…." Opposition at p. 3. That is just plain wrong. Lil' Joe explicitly and unequivocally stated in its Motion for Leave to Voluntarily Dismiss Counts VI-X [DE 101](the "Motion") that it "has informed Ross that it would stipulate to his ability to seek [an] award of attorneys' fees arising out of these claims following the trial of this action, and that Ross could defer seeking and consideration of that request until that time." In fact, when Lil' Joe first broached the idea of dismissing Counts VI-X, 4 weeks before filing the Motion, it told defendants' counsel that:

> Lil' Joe has determined that the damages arising from the trademark and copyright infringement claims against Mark Ross (Counts VI-X) do not justify a trial. Would

> your clients be willing to stipulate to the dismissal of Counts VI-X *with the ability to seek an award of fees upon the completion of the trial*? If they are not willing to so stipulate, Lil' Joe will seek leave to do so.
>
> As previously indicated, Lil' Joe is also willing to extend the same stipulation to Counts II-V as to the Wong Won heirs.

March 29, 2023, email attached hereto as Exhibit A (emphasis added). Dismissal of Counts VI-X will not deprive defendants of anything, just eliminate the need to address a relatively minor issue with insignificant damages that does not warrant the time and expense of trial.

Defendants try to mislead this Court into believing that the concept of a stipulated dismissal was their gratuitous idea. Opposition at pp. 2-3 & Opposition Exhibit 2 [DE 105-3]. As part of that effort, Defendants provide this Court with part of the parties' discussions about dismissal of Counts VI-X. Opposition Exhibit 2 [DE 105-3]. Those discussions did not commence on April 19, 2023, where defendants intimate they did, Opposition at p. 2 & Opposition Exhibit 2 [DE 105-3] at p. 4, but three weeks earlier on March 29, 2023. March 29, 2023, email attached hereto as Exhibit A. On April 4, 2023, defendants' counsel asked Lil' Joe to "please forward a proposed stipulation reflecting the terms of the dismissal", which Lil' Joe provided the next day, April 5, 2023. April 4-5, 2023, emails attached hereto as Exhibit A. The stipulation proposed by Lil' Joe provided that "Mark Ross may seek an award of fees as a result of the dismissal of Counts VI-X" and "Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won may seek an award of fees as a result of the dismissal of Counts II-V." Proposed stipulation sent with April 5, 2003, email attached hereto as Exhibit A. Defendants insinuation that this idea was theirs is pure fiction. It is precisely because Lil' Joe offered a stipulation which allowed defendants to pursue fees that defendants provided "*our revisions* to the stipulation to dismiss Counts II-X…." Opposition Exhibit 2 [DE 105-3] at p 4 (April 19, 2023 at 12:32 pm)(emphasis added). It goes without saying that counsel should not mislead a court, *Local 703, I.B. of T. Grocery and Food*

*Employees Welfare Fund v Regions Financial Corp.,* 2012 U.S. Dist. LEXIS *5-10 (N.D. Ala. Dec. 4, 2012), but that is what defendants' counsel has done here. Lil' Joe asks this Court, in the Motion, for exactly what it offered defendants, dismissal with concession that defendants can seek an award of fees and can defer doing so until trial is completed.

Contrary to defendants' contention, Lil' Joe never "conceded that Counts II-X lacked merit." Opposition at p. 2. Nowhere do defendants point out where this concession was purportedly made. What Lil' Joe has consistently said is that it "realiz[ed] that it is a relatively minor issue with relatively small damages, which pale in comparison to the much more substantial issue of the defendants ability to terminate the copyrights at issue…." Motion for Leave to Voluntarily Dismiss Counts VI-X [DE 101] at p. 1; Response to Defendants' Motion for Sanctions [DE 83] at p. 1; March 29, 2023, email attached hereto as Exhibit A.

What defendants sought, and Lil' Joe opposed, was a stipulation that the claims "would be dismissed with prejudice and that Defendants' were the prevailing parties…." Opposition at p. 6 & Opposition Exhibit 1 [DE 105-2]. Lil' Joe never stated that such a stipulation was approved for filing. Opposition at pp. 2-3. Two things were simultaneously occurring on April 19, 2023, when this supposedly occurred, (1) a discussion about dismissing these counts, and (2) completion of and filing the Pretrial Stipulation [DE 97]. The response "yes" to the inquiry "Can we file it? We've begun filing", Opposition Exhibit 2 [DE 105-3] at pp. 3-4 (6:53 & 6:57 pm), was intended to authorize filing the pretrial stipulation. Defendants' counsel knew so, or at least was not sure, so it followed up "Richard- this is the stipulation to dismiss. Do we have your consent to file?" *Id.* at p. 3 (7:00 pm). The response, which shows that prior approval was not given, says "Send it so I know I am looking at the right version." *Id.* at p 3 (7:01 pm). When the draft stipulation was provided, defendants counsel was told "We do not agree." *Id.* at p. 2 (7:24 pm).

3

Defendants' claim confusion over whether granting the Motion would also dismiss Counts II-V for which Lil' Joe filed a Notice of Voluntary Dismissal [DE 64]. Opposition at p. 3. So there is no confusion, and consistent with what Lil' Joe has been saying from the get go, "Lil' Joe is also willing to extend the same stipulation to Counts II-V as to the Wong Won heirs", March 29, 2023, email attached hereto as Exhibit A, so that "Mark Ross may seek an award of fees as a result of the dismissal of Counts VI-X" and "Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won may seek an award of fees as a result of the dismissal of Counts II-V", proposed stipulation sent with April 5, 2003, email attached hereto as Exhibit A. Accordingly, even though not requested in the Motion, but sought in the Notice of Voluntary Dismissal [DE 64], Lil' Joe has no opposition to the dismissal of all of Counts II-X with the reservation of the ability to seek an award of fees.

For the foregoing reason, Lil' Joe requests that this Court enter an order granting it leave to voluntarily dismiss Counts VI-X and grant all other relief this Court deems just and appropriate.

>    WOLFE LAW MIAMI PA
>    175 SW 7th Street, Suite 2410
>    Miami, Florida 33130
>    P: 305.384.7370
>    F: 305.384.7371
>    Email: rwolfe@wolfelawmiami.com
>
>    By:    /s/ Richard C. Wolfe
>           Richard C. Wolfe, Esq.
>           Florida Bar No.: 355607

CERTIFICATE OF SERVICE

I hereby certify that on April __, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

/s/ Richard C. Wolfe
Richard C. Wolfe