UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

    Defendants.
_____/

## MOTION TO STRIKE STANLEY COBBLE AS A WITNESS AND PRECLUDE HIS TESTIMONY

Plaintiff, Lil' Joe Records, Inc. ("Lil Joe"), moves this Court to strike Stanley Cobble as a witness and preclude him from testifying at trial and as grounds therefore states:

Defendants have identified Stanley Cobble as a witness on their witness list contained in the Pretrial Stipulation. Pretrial Stipulation [DE 97] at p. 46[1]. Stanley Cobble was not disclosed in a Fed. R.Civ. P. 26(a)(1) initial disclosure. Pursuant to this Court's Scheduling Order, etc. [DE 17] the parties were required to exchange lists of witnesses intended to be called at trial by August 15, 2022. Stanley Cobble was not disclosed on Defendants Witness List [DE 28]. Pursuant to this Court's Scheduling Order, etc. [DE 17] fact discovery was closed on November 3, 2022. Lil' Joe timely served interrogatories seeking disclosure of people with knowledge about the facts in this case, and Stanley Cobble was not identified by any of the defendants. Responses to Plaintiff's First

---

[1] Lil' Joe noted that it "objects to this witness who was not previously disclosed", Pretrial Stipulation [DE 97] at p. 46, and immediately so informed defendants' counsel.

Set of Interrogatories (interrogatory number 2) and Plaintiff's Second Set of Interrogatories (interrogatory number 2), a copy each of which are collectively attached hereto as **Exhibit A**. Lil' Joe timely deposed the people disclosed who it desired to inquire of – Stanley Cobble was not deposed because he was not disclosed. Stanley Cobble was not mentioned in any of the depositions conducted by any party.

Stanley Cobble was first disclosed as a witness at 5:04 pm on April 19, 2023, the day the Pretrial Stipulation was due. While Lil' Joe had provided an initial draft Pretrial Stipulation to defendants on April 4, 2023, and between then and April 19 a number of drafts and revisions thereto had been exchanged, not a single one of them mentioned Stanley Cobble as a witness until an hour before the Pretrial Stipulation was filed. Regardless of the reason for this late disclosure, whether innocent or calculated, Stanley Cobble may not testify in the trial of this action.

Stanley Cobble must be stricken as a witness and not permitted to testify at trial. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R.Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rest on the non-disclosing party." *Stanley v Tony,* 2022 U.S. Dist. LEXIS 177779 * 12 (S.D. Fla. Sept. 29, 2022)

Like here, *Lawson v Plantation General Hospital, L.P.,* 2010 U.S. Dist. LEXIS 151994 *3 (S.D. Fla. May 3, 2010), also considered a motion to strike a previously undisclosed witness seeking to prevent her from testifying at trial. Like here, the witness was not identified in the initial disclosure, interrogatories or witness list, but first disclosed as a witness in a Fed. R.Civ. P. 26(a)(3) pretrial disclosure (filling the same role as the Pretrial Stipulation here). *Id.* at *3-5. Like here, "the discovery cut-off has long passed and the parties are preparing for a rapidly approaching

trial." *Id.* at * 11-12. If this motion was denied, then Lil' Joe, like the moving party in *Lawson*, "will be faced with the choice of either proceeding blindly at trial by cross-examining a witness whom counsel has not deposed, or agreeing to re-open discovery in order to depose the witness, but taking valuable time away from counsel's trial preparation." "[E]ither of these choices would be unduly prejudicial … and, therefore, … cannot be construed as harmless." *Id.* at * 12. On the same grounds as those present here, the previously undisclosed witness in *Lawson* was stricken and precluded from testifying. *Id.* at * 13-14. The same should be true for Stanley Cobble.

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), Lil Joe's counsel has made reasonable efforts to confer with defendants' counsel in a good faith effort to resolve the issue raised herein by email on April 19, 2023, at 5:41 pm (which additionally offered to confer by telephone/zoom), April 27, 2023, at 9:30 am (again offering "if you would like a call to discuss further please provide proposed times") and April 27, 2023, at 12:42 pm (responding to the inquiry "please provide the basis for the challenge" by stating "He was never disclosed to us as potential witness"), but have been unable to do so.

For the foregoing reason, Lil' Joe requests that this Court enter an order striking Stanley Cobble as a witness and precluding him from testifying at trial and grant all other relief this Court deems just and appropriate.

### Certificate of Meet and Confer

I hereby certify that on May 2, 2023, I met and conferred with counsel for Defendants in an effort to resolve or streamline the issues raised herein, but the parties were unable to do so.

WOLFE LAW MIAMI PA
175 SW 7th Street, Suite 2410
Miami, Florida 33130
P: 305.384.7370
F: 305.384.7371
Email: rwolfe@wolfelawmiami.com

By:   /s/ Richard C. Wolfe
     Richard C. Wolfe, Esq.
     Florida Bar No.: 355607

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

/s/ Richard C. Wolfe
Richard C. Wolfe