**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-CV-23727-DPG**

| | |
|---|---|
| LIL' JOE RECORDS, INC., a Florida Corporation, | |
| Plaintiff, | |
| v. | |
| MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON and LUTHER CAMPBELL, | |
| Defendants. | |

**<u>DEFENDANT LUTHER CAMPBELL'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES</u>**

| | |
|---|---|
| PROPOUNDING PARTY: | LIL' JOE RECORDS, INC. |
| RESPONDING PARTY: | LUTHER CAMPBELL |
| SET: | TWO (2) |

**TO PROPOUNDING PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Luther Campbell ("Defendant") pursuant to Federal Rules of Civil Procedure §34, hereby responds to Plaintiff Lil' Joe Records, Inc. ("Plaintiff") Second Set of Interrogatories as follows:

The responses contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any request for production or interrogatory, Plaintiff

does not concede the relevance or materiality of the request, or the subject matter to which these requests refer. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to, or waiver of, this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that an interrogatory herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

Plaintiff reserves the right to supplement, revise, correct or clarify the information provided in these Responses.

## <u>GENERAL OBJECTIONS</u>

Plaintiff incorporates by reference each of the following General Objections in its Responses below, such that the omission of a general objection in any specific response does not waive that objection to that Interrogatory ("ROG"):

1. Responding Party objects to each of the ROGs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent any ROG seeks information relating to photographs other than the photograph at issue—as those works are not relevant to the claims or defenses asserted in the case.

2. Responding Party objects to each ROG to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

3. Responding Party objects to each ROG to the extent it seeks information within the possession, custody, or control of, and/or are equally available to, Propounding Parties.

4.      Responding Party objects to each ROG as compound and containing multiple subparts.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all people who took part in answering or gathering information and documents necessary to answer any of these interrogatories, respond to the request to produce served contemporaneously herewith or respond to the request for admissions served contemporaneously herewith. For each person, list the interrogatories and requests they assisted with.

### RESPONSE TO INTERROGATORY NO. 1:

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this ROG as compound. Responding Party objects to this request as duplicative.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party and counsel. Right to supplement is reserved.

### INTERROGATORY NO. 2:

Identify all persons who are believed or known by you, your agents, or your attorneys to have knowledge or information concerning any of the issues or facts alleged in the pleadings in this action, or any fact underlying the subject matter of this action, and state, in as much detail as possible, the specific nature and substance of the knowledge that you believe such person may have.

### RESPONSE TO INTERROGATORY NO. 2:

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this ROG as compound. Responding Party objects to this request as duplicative.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell. Right to supplement is reserved. Right to supplement is reserved.

**INTERROGATORY NO. 3:**

State in as much detail as possible all facts upon which you rely in support of the assertion that any of the defendants in this action has a valid legal right to terminate the grant of the Copyrights made to Lil Joe and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion that any of the defendants in this action has a valid legal right to terminate the grant of the Copyrights made to Lil Joe" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Defendant authors and their heirs may terminate grants of copyright ownership upon the opening of the termination window. Responding Party held the right to terminate and on November 4, 2020, Responding Party provided notice of their termination of the copyrights at issue in this litigation. Responding Party had the right to do so as an author under the copyright act and followed all requisite formalities in doing so.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell.

These individuals will all testify to their own authorship of the works in question, their right to terminate the grant of Copyright, and their conduct legally terminating any prior grant of copyright. Right to supplement is reserved.

**INTERROGATORY NO. 4:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your First Affirmative Defense that "Defendants' use constitutes authorized fair use" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your First Affirmative Defense that 'Defendants' use constitutes authorized fair use'" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party will produce relevant, non-privileged documents within its possession, custody, or control, pursuant to Fed. R. Civ. P. 33(d), from which the answer to this ROG may be obtained.

Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell.

These individuals will all testify to their own use of the works, the purpose and character of their use of the work, the nature of the copyrighted work, the amount of the copyrighted work

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

used, and the effect on the market of their use of the work. In addition, they will testify as to their legal ability to perform certain music. Right to supplement is reserved.

**INTERROGATORY NO. 5:**

State in as much detail as possible each action or forbearance from taking action which you believe would have mitigated Lil Joe's damages and, for each such action or forbearance from taking action, state the date it occurred or should have occurred, a description of and the amount of damages which you believe would have been mitigated (including any calculations performed and assumptions made in determining such amount), each communication in which Lil Joe was requested to take action or forbear from taking action to mitigate its damages, and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible each action or forbearance from taking action which you believe would have mitigated Lil Joe's damages and, for each such action or forbearance from taking action, state the date it occurred or should have occurred, a description of and the amount of damages which you believe would have been mitigated (including any calculations performed and assumptions made in determining such amount), each communication in which Lil Joe was requested to take action or forbear from taking action to mitigate its damages, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum seven subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party will produce relevant, non-

privileged documents within its possession, custody, or control, pursuant to Fed. R. Civ. P. 33(d), from which the answer to this ROG may be obtained.

Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell. Right to supplement is reserved.

## INTERROGATORY NO. 6:

State in as much detail as possible all facts upon which you rely in support of the assertion in your Fourth Affirmative Defense that "Plaintiff's right to seek any relief in its Complaint is barred in whole or in part by virtue of the acts and omissions of Plaintiff, its agents, servants, employees, attorneys, and others within Plaintiff's control" including, but not limited to, each action or inaction which you claim constitutes all or a part any bar of any of Lil Joe's claims, how it bars that claim, and, for each such action and inaction, state which claim it pertains to; state as precisely as possible what was done or should have been done, when it was done or should have been done, where it was done or should have been done, who did or should have done it, who was present when it was done or should have been done, and identify all persons who will so testify and state the substance of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 6:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "State in as much detail as possible all facts upon which you rely in support of the assertion in your Fourth Affirmative Defense that "Plaintiff's right to seek any relief in its Complaint is barred in whole or in part by virtue of the acts and omissions of Plaintiff, its agents, servants, employees, attorneys, and others within Plaintiff's control" including, but not limited to, each action or inaction which you claim constitutes all or a part any bar of any of Lil Joe's claims, how it bars that claim, and, for each such action and inaction, state which claim it pertains to; state as precisely as possible what was done or should have been done, when it was done or should have been done, where it was done or should have been done, who did or should have done it, who was present when it was done or should have been done, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding

Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum eight subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 7:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Sixth Affirmative Defense that each of the claims asserted are "barred by the doctrines of laches and/or by the applicable statute of limitations", stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Sixth Affirmative Defense that each of the claims asserted are 'barred by the doctrines of laches and/or by the applicable statute of limitations' stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 8:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Eighth Affirmative Defense that "Plaintiff's purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Eighth Affirmative Defense that 'Plaintiff's purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks' and identify all persons who will so testify and state the substance of their expected testimony" stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum four subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 9:**

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

State in as much detail as possible all facts upon which you rely in support of the assertion in your Ninth Affirmative Defense that "Plaintiff's work does not satisfy the originality requirement necessary to grant it protection under the Copyright Act" and identify all persons who will so testify and state the substance of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 9

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Ninth Affirmative Defense that 'Plaintiff's work does not satisfy the originality requirement necessary to grant it protection under the Copyright Act' and identify all persons who will so testify and state the substance of their expected testimony" stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

## INTERROGATORY NO. 10:

State in as much detail as possible all facts upon which you rely in support of your waiver defense including, but not limited to, each action or inaction which you claim constitutes all or a part any waiver barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to and how it waives that claim, and identify all persons who will so testify and state the substance of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 10:

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of your waiver defense including, but not limited to, each action or inaction which you claim constitutes all or a part any waiver barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to and how it waives that claim, and identify all persons who will so testify and state the substance of their expected testimony" stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 11:**

State in as much detail as possible all facts upon which you rely in support of the estoppel defense including, but not limited to, each action or inaction which you claim constitutes all or a part any estoppel barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to; identify the communication in which a material fact was misrepresented by stating when it was made, where it was made, who made it, who it was made to, who was present when it was made and how it was made (i.e., face to face conversation, telephone conversation, letter, email);state with as much specificity as possible the material fact which you contend was misrepresented and what you believe was misrepresented, identify where and when any of the defendants(identifying which of the defendants) took a different position, state with as much specificity as possible (including, without limitation, identifying all actions

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

taken or which it forbore from taking) how any of the defendants(identifying which of the defendants)relied on the action, failure to act or representation and how that was to any of the defendants'(identifying which of the defendants) detriment, and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the estoppel defense including, but not limited to, each action or inaction which you claim constitutes all or a part any estoppel barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to; identify the communication in which a material fact was misrepresented by stating when it was made, where it was made, who made it, who it was made to, who was present when it was made and how it was made (i.e., face to face conversation, telephone conversation, letter, email);state with as much specificity as possible the material fact which you contend was misrepresented and what you believe was misrepresented, identify where and when any of the defendants(identifying which of the defendants) took a different position, state with as much specificity as possible (including, without limitation, identifying all actions taken or which it forbore from taking) how any of the defendants(identifying which of the defendants)relied on the action, failure to act or representation and how that was to any of the defendants'(identifying which of the defendants) detriment, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum 16 subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 12:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Thirteenth Affirmative Defense that "Plaintiff is not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Thirteenth Affirmative Defense that 'Plaintiff is not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff' and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 13:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Fourteenth Affirmative Defense that there was "fraud and/or other defect(s) in the purported assignment of the copyright and/or trademark registrations alleged in the Complaint" including, but not limited to, as precisely as possible each statement upon which the

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

fraud defense is premised and, for each such statement, identify the date it was made, who made it, who it was made to, who was present when it was made, where it was made, the manner in which it was made (i.e. fact to face conversation, phone conversation, letter, email), what was false, what action was taken in reliance on the statement and by whom, and how anyone(identifying who) was damaged (including calculations performed and assumptions made in determining such amount), and identify all persons who will so testify and state the substance of their expected testimony.

**<u>RESPONSE TO INTERROGATORY NO. 13:</u>**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Fourteenth Affirmative Defense that there was 'fraud and/or other defect(s) in the purported assignment of the copyright and/or trademark registrations alleged in the Complaint' including, but not limited to, as precisely as possible each statement upon which the fraud defense is premised and, for each such statement, identify the date it was made, who made it, who it was made to, who was present when it was made, where it was made, the manner in which it was made (i.e. fact to face conversation, phone conversation, letter, email), what was false, what action was taken in reliance on the statement and by whom, and how anyone(identifying who) was damaged (including calculations performed and assumptions made in determining such amount), and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 14:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Seventeenth Affirmative Defense that "Plaintiff's damages... are barred or reduced by setoff" including, but not limited to, the amount of setoff, how you calculate the amount of setoff (including all calculations performed and assumptions made in determining that amount) and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Seventeenth Affirmative Defense that 'Plaintiff's damages... are barred or reduced by setoff' including, but not limited to, the amount of setoff, how you calculate the amount of setoff (including all calculations performed and assumptions made in determining that amount) and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 15:**

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

State in as much detail as possible all facts upon which you rely in support of the assertion in your Eighteenth Affirmative Defense that "Plaintiff's... trademark and/or copyright registrations are invalid" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Eighteenth Affirmative Defense that 'Plaintiff's... trademark and/or copyright registrations are invalid' and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 16:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Nineteenth Affirmative Defense that "the only trademark use was nominal in nature and/or protected by the First Amendment" (identifying for each fact whether it supports the assertion that the use was nominal, protected by the First Amendment, or both) and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 16:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Nineteenth Affirmative Defense that 'the only trademark use was nominal in nature and/or protected by the First Amendment' (identifying for each fact whether it supports the assertion that the use was nominal, protected by the First Amendment, or both) and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

## INTERROGATORY NO. 17:

State in as much detail as possible all facts upon which you rely in support of the assertion in your Twentieth Affirmative Defense that "Defendants have superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused" and identify all persons who will so testify and state the substance of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 17:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Twentieth Affirmative Defense that 'Defendants have superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused' and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 18:**

State in as much detail as possible a description of the damages sought in the Counterclaim, the date the damage was incurred, each action or failure to act which caused the damage, for each category of damages sought state the amount of damages and how that amount was calculated (including all computations performed and all assumptions made), and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible a description of the damages sought in the Counterclaim, the date the damage was incurred, each action or failure to act which caused the damage, for each category of damages sought state the amount of damages and how that amount was calculated (including all computations performed and all assumptions made), and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum seven subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

Dated: June 30, 2022          By:          */s/ Joel Rothman*
                                              Joel Rothman, Esq.
                                              SRIPLAW
                                              Attorney for Defendants and Counterclaimants

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2022, I caused to be served a true and correct copy of the

foregoing DEFENDANT LUTHER CAMPBELL'S RESPONSES TO PLAINTIFF'S SECOND

SET OF INTERROGATORIES on Defendants' counsel of record via email, as follows:


Richard C. Wolfe

RWolfe@wolfelawmiami.com


WOLFE LAW MIAMI, P.A.

Latitude One Building, Suite 2410

175 SW 7th Street

Miami, Florida 33131


*Attorney for Plaintiff Lil' Joe Records, Inc.*


Date: June 30, 2022          By:     */s/ Frank R. Trechsel*
                                     Frank R. Trechsel, Esq.
                                     Scott Alan Burroughs, Esq.
                                     DONIGER / BURROUGHS
                                     Attorneys for Defendants

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-CV-23727-DPG**

LIL' JOE RECORDS, INC., a Florida
Corporation,

        Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

        Defendants.

---

<u>**DEFENDANT MARK ROSS'S RESPONSES TO PLAINTIFF'S SECOND SET OF
INTERROGATORIES**</u>

PROPOUNDING PARTY:      LIL' JOE RECORDS, INC.

RESPONDING PARTY:      MARK ROSS

SET:                   TWO (2)

**TO PROPOUNDING PARTIES AND THEIR ATTORNEYS OF RECORD:**

      Defendant Mark Ross ("Defendant") pursuant to Federal Rules of Civil Procedure §34,
hereby responds to Plaintiff Lil' Joe Records, Inc. ("Plaintiff") Second Set of Interrogatories as
follows:

      The responses contained herein are given without prejudice to producing at the time of trial
subsequently discovered information or information omitted from said answers due to good faith
oversight.

      In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney
work-product privilege, or any other privilege or immunity from disclosure which may attach to
information called for in, or responsive to, any request for production or interrogatory, Plaintiff

does not concede the relevance or materiality of the request, or the subject matter to which these requests refer. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to, or waiver of, this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that an interrogatory herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

Plaintiff reserves the right to supplement, revise, correct or clarify the information provided in these Responses.

## GENERAL OBJECTIONS

Plaintiff incorporates by reference each of the following General Objections in its Responses below, such that the omission of a general objection in any specific response does not waive that objection to that Interrogatory ("ROG"):

1.      Responding Party objects to each of the ROGs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent any ROG.

2.      Responding Party objects to each ROG to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

3.      Responding Party objects to each ROG to the extent it seeks information within the possession, custody, or control of, and/or are equally available to, Propounding Parties.

4.      Responding Party objects to each ROG as compound and containing multiple subparts.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all people who took part in answering or gathering information and documents necessary to answer any of these interrogatories, respond to the request to produce served contemporaneously herewith or respond to the request for admissions served contemporaneously herewith. For each person, list the interrogatories and requests they assisted with.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this ROG as compound. Responding Party objects to this request as duplicative.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party and counsel. Right to supplement is reserved.

**INTERROGATORY NO. 2:**

Identify all persons who are believed or known by you, your agents, or your attorneys to have knowledge or information concerning any of the issues or facts alleged in the pleadings in this action, or any fact underlying the subject matter of this action, and state, in as much detail as possible, the specific nature and substance of the knowledge that you believe such person may have.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this ROG as compound. Responding Party objects to this request as duplicative.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party, Propounding Party and its

agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell. Right to supplement is reserved. Right to supplement is reserved.

## INTERROGATORY NO. 3:

State in as much detail as possible all facts upon which you rely in support of the assertion that any of the defendants in this action has a valid legal right to terminate the grant of the Copyrights made to Lil Joe and identify all persons who will so testify and state the substance of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 3:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion that any of the defendants in this action has a valid legal right to terminate the grant of the Copyrights made to Lil Joe" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Defendant authors and their heirs may terminate grants of copyright ownership upon the opening of the termination window. Responding Party held the right to terminate and on November 4, 2020, Responding Party provided notice of their termination of the copyrights at issue in this litigation. Responding Party had the right to do so as an author under the copyright act and followed all requisite formalities in doing so.

Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell.

These individuals will all testify to their own authorship of the works in question, their right to terminate the grant of Copyright, and their conduct legally terminating any prior grant of copyright. Right to supplement is reserved.

**INTERROGATORY NO. 4:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your First Affirmative Defense that "Defendants' use constitutes authorized fair use" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your First Affirmative Defense that 'Defendants' use constitutes authorized fair use'" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party will produce relevant, non-privileged documents within its possession, custody, or control, pursuant to Fed. R. Civ. P. 33(d), from which the answer to this ROG may be obtained.

Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell.

These individuals will all testify to their own use of the works, the purpose and character of their use of the work, the nature of the copyrighted work, the amount of the copyrighted work used, and the effect on the market of their use of the work. In addition, they will testify as to their legal ability to perform certain music. Right to supplement is reserved.

**INTERROGATORY NO. 5:**

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

State in as much detail as possible each action or forbearance from taking action which you believe would have mitigated Lil Joe's damages and, for each such action or forbearance from taking action, state the date it occurred or should have occurred, a description of and the amount of damages which you believe would have been mitigated (including any calculations performed and assumptions made in determining such amount), each communication in which Lil Joe was requested to take action or forbear from taking action to mitigate its damages, and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible each action or forbearance from taking action which you believe would have mitigated Lil Joe's damages and, for each such action or forbearance from taking action, state the date it occurred or should have occurred, a description of and the amount of damages which you believe would have been mitigated (including any calculations performed and assumptions made in determining such amount), each communication in which Lil Joe was requested to take action or forbear from taking action to mitigate its damages, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum seven subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party will produce relevant, non-privileged documents within its possession, custody, or control, pursuant to Fed. R. Civ. P. 33(d), from which the answer to this ROG may be obtained.

Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell. Right to supplement is reserved.

**INTERROGATORY NO. 6:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Fourth Affirmative Defense that "Plaintiff's right to seek any relief in its Complaint is barred in whole or in part by virtue of the acts and omissions of Plaintiff, its agents, servants, employees, attorneys, and others within Plaintiff's control" including, but not limited to, each action or inaction which you claim constitutes all or a part any bar of any of Lil Joe's claims, how it bars that claim, and, for each such action and inaction, state which claim it pertains to; state as precisely as possible what was done or should have been done, when it was done or should have been done, where it was done or should have been done, who did or should have done it, who was present when it was done or should have been done, and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "State in as much detail as possible all facts upon which you rely in support of the assertion in your Fourth Affirmative Defense that "Plaintiff's right to seek any relief in its Complaint is barred in whole or in part by virtue of the acts and omissions of Plaintiff, its agents, servants, employees, attorneys, and others within Plaintiff's control" including, but not limited to, each action or inaction which you claim constitutes all or a part any bar of any of Lil Joe's claims, how it bars that claim, and, for each such action and inaction, state which claim it pertains to; state as precisely as possible what was done or should have been done, when it was done or should have been done, where it was done or should have been done, who did or should have done it, who was present when it was done or should have been done, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the

attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum eight subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

## INTERROGATORY NO. 7:

State in as much detail as possible all facts upon which you rely in support of the assertion in your Sixth Affirmative Defense that each of the claims asserted are "barred by the doctrines of laches and/or by the applicable statute of limitations", stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 7:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Sixth Affirmative Defense that each of the claims asserted are 'barred by the doctrines of laches and/or by the applicable statute of limitations' stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 8:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Eighth Affirmative Defense that "Plaintiff's purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Eighth Affirmative Defense that 'Plaintiff's purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks' and identify all persons who will so testify and state the substance of their expected testimony" stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum four subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 9:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Ninth Affirmative Defense that "Plaintiff's work does not satisfy the originality requirement necessary to grant it protection under the Copyright Act" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 9**

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Ninth Affirmative Defense that 'Plaintiff's work does not satisfy the originality requirement necessary to grant it protection under the Copyright Act' and identify all persons who will so testify and state the substance of their expected testimony" stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 10:**

State in as much detail as possible all facts upon which you rely in support of your waiver defense including, but not limited to, each action or inaction which you claim constitutes all or a part any waiver barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to and how it waives that claim, and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of your waiver defense including, but not

limited to, each action or inaction which you claim constitutes all or a part any waiver barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to and how it waives that claim, and identify all persons who will so testify and state the substance of their expected testimony" stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

## INTERROGATORY NO. 11:

State in as much detail as possible all facts upon which you rely in support of the estoppel defense including, but not limited to, each action or inaction which you claim constitutes all or a part any estoppel barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to; identify the communication in which a material fact was misrepresented by stating when it was made, where it was made, who made it, who it was made to, who was present when it was made and how it was made (i.e., face to face conversation, telephone conversation, letter, email);state with as much specificity as possible the material fact which you contend was misrepresented and what you believe was misrepresented, identify where and when any of the defendants(identifying which of the defendants) took a different position, state with as much specificity as possible (including, without limitation, identifying all actions taken or which it forbore from taking) how any of the defendants(identifying which of the defendants)relied on the action, failure to act or representation and how that was to any of the defendants'(identifying which of the defendants) detriment, and identify all persons who will so testify and state the substance of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 11:

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the estoppel defense including, but not limited to, each action or inaction which you claim constitutes all or a part any estoppel barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to; identify the communication in which a material fact was misrepresented by stating when it was made, where it was made, who made it, who it was made to, who was present when it was made and how it was made (i.e., face to face conversation, telephone conversation, letter, email);state with as much specificity as possible the material fact which you contend was misrepresented and what you believe was misrepresented, identify where and when any of the defendants(identifying which of the defendants) took a different position, state with as much specificity as possible (including, without limitation, identifying all actions taken or which it forbore from taking) how any of the defendants(identifying which of the defendants)relied on the action, failure to act or representation and how that was to any of the defendants'(identifying which of the defendants) detriment, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum 16 subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 12:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Thirteenth Affirmative Defense that "Plaintiff is not the rightful owner of the

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff' and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Thirteenth Affirmative Defense that 'Plaintiff is not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff' and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 13:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Fourteenth Affirmative Defense that there was "fraud and/or other defect(s) in the purported assignment of the copyright and/or trademark registrations alleged in the Complaint" including, but not limited to, as precisely as possible each statement upon which the fraud defense is premised and, for each such statement, identify the date it was made, who made it, who it was made to, who was present when it was made, where it was made, the manner in which it was made (i.e. fact to face conversation, phone conversation, letter, email), what was false, what action was taken in reliance on the statement and by whom, and how anyone(identifying who) was damaged (including calculations performed and assumptions made

in determining such amount), and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Fourteenth Affirmative Defense that there was 'fraud and/or other defect(s) in the purported assignment of the copyright and/or trademark registrations alleged in the Complaint' including, but not limited to, as precisely as possible each statement upon which the fraud defense is premised and, for each such statement, identify the date it was made, who made it, who it was made to, who was present when it was made, where it was made, the manner in which it was made (i.e. fact to face conversation, phone conversation, letter, email), what was false, what action was taken in reliance on the statement and by whom, and how anyone(identifying who) was damaged (including calculations performed and assumptions made in determining such amount), and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 14:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Seventeenth Affirmative Defense that "Plaintiff's damages... are barred or

reduced by setoff" including, but not limited to, the amount of setoff, how you calculate the amount of setoff (including all calculations performed and assumptions made in determining that amount) and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Seventeenth Affirmative Defense that 'Plaintiff's damages... are barred or reduced by setoff' including, but not limited to, the amount of setoff, how you calculate the amount of setoff (including all calculations performed and assumptions made in determining that amount) and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 15:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Eighteenth Affirmative Defense that "Plaintiff's... trademark and/or copyright registrations are invalid" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 15:**

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Eighteenth Affirmative Defense that 'Plaintiff's... trademark and/or copyright registrations are invalid' and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

## INTERROGATORY NO. 16:

State in as much detail as possible all facts upon which you rely in support of the assertion in your Nineteenth Affirmative Defense that "the only trademark use was nominal in nature and/or protected by the First Amendment" (identifying for each fact whether it supports the assertion that the use was nominal, protected by the First Amendment, or both) and identify all persons who will so testify and state the substance of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 16:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Nineteenth Affirmative Defense that 'the only trademark use was nominal in nature and/or protected by the First Amendment' (identifying for each fact whether it supports the assertion that the use was

nominal, protected by the First Amendment, or both) and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 17:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Twentieth Affirmative Defense that "Defendants have superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Twentieth Affirmative Defense that 'Defendants have superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused' and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 18:**

State in as much detail as possible a description of the damages sought in the Counterclaim, the date the damage was incurred, each action or failure to act which caused the damage, for each category of damages sought state the amount of damages and how that amount was calculated (including all computations performed and all assumptions made), and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible a description of the damages sought in the Counterclaim, the date the damage was incurred, each action or failure to act which caused the damage, for each category of damages sought state the amount of damages and how that amount was calculated (including all computations performed and all assumptions made), and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum seven subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

Dated: June 30, 2022        By:        */s/ Joel Rothman*
                                       Joel Rothman, Esq.
                                       SRIPLAW
                                       Attorney for Defendants and Counterclaimants

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 30, 2022, I caused to be served a true and correct copy of the foregoing DEFENDANT MARK ROSS'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES on Defendants' counsel of record via email, as follows:

Richard C. Wolfe

RWolfe@wolfelawmiami.com

WOLFE LAW MIAMI, P.A.

Latitude One Building, Suite 2410

175 SW 7th Street

Miami, Florida 33131

*Attorney for Plaintiff Lil' Joe Records, Inc.*

Date: June 30, 2022      By:    */s/ Frank R. Trechsel*
                                      Frank R. Trechsel, Esq.
                                      Scott Alan Burroughs, Esq.
                                      DONIGER / BURROUGHS
                                      Attorneys for Defendants

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC., a Florida
Corporation,

               Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

               Defendants.

---

**DEFENDANT RODERICK WONG WON'S RESPONSES TO PLAINTIFF'S SECOND
SET OF INTERROGATORIES**

PROPOUNDING PARTY:      LIL' JOE RECORDS, INC.

RESPONDING PARTY:       RODERICK WONG WON

SET:                        TWO (2)

**TO PROPOUNDING PARTIES AND THEIR ATTORNEYS OF RECORD:**

       Defendant Roderick Wong Won ("Defendant") pursuant to Federal Rules of Civil
Procedure §34, hereby responds to Plaintiff Lil' Joe Records, Inc. ("Plaintiff") Second Set of
Interrogatories as follows:

       The responses contained herein are given without prejudice to producing at the time of trial
subsequently discovered information or information omitted from said answers due to good faith
oversight.

       In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney
work-product privilege, or any other privilege or immunity from disclosure which may attach to
information called for in, or responsive to, any request for production or interrogatory, Plaintiff

does not concede the relevance or materiality of the request, or the subject matter to which these requests refer. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to, or waiver of, this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that an interrogatory herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

Plaintiff reserves the right to supplement, revise, correct or clarify the information provided in these Responses.

## <u>GENERAL OBJECTIONS</u>

Plaintiff incorporates by reference each of the following General Objections in its Responses below, such that the omission of a general objection in any specific response does not waive that objection to that Interrogatory ("ROG"):

1.      Responding Party objects to each of the ROGs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent any ROG seeks information relating to photographs other than the photograph at issue—as those works are not relevant to the claims or defenses asserted in the case.

2.      Responding Party objects to each ROG to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

3.      Responding Party objects to each ROG to the extent it seeks information within the possession, custody, or control of, and/or are equally available to, Propounding Parties.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

4.      Responding Party objects to each ROG as compound and containing multiple subparts.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all people who took part in answering or gathering information and documents necessary to answer any of these interrogatories, respond to the request to produce served contemporaneously herewith or respond to the request for admissions served contemporaneously herewith. For each person, list the interrogatories and requests they assisted with.

### RESPONSE TO INTERROGATORY NO. 1:

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this ROG as compound. Responding Party objects to this request as duplicative.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party and counsel. Right to supplement is reserved.

### INTERROGATORY NO. 2:

Identify all persons who are believed or known by you, your agents, or your attorneys to have knowledge or information concerning any of the issues or facts alleged in the pleadings in this action, or any fact underlying the subject matter of this action, and state, in as much detail as possible, the specific nature and substance of the knowledge that you believe such person may have.

### RESPONSE TO INTERROGATORY NO. 2:

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this ROG as compound. Responding Party objects to this request as duplicative.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell. Right to supplement is reserved. Right to supplement is reserved.

**INTERROGATORY NO. 3:**

State in as much detail as possible all facts upon which you rely in support of the assertion that any of the defendants in this action has a valid legal right to terminate the grant of the Copyrights made to Lil Joe and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion that any of the defendants in this action has a valid legal right to terminate the grant of the Copyrights made to Lil Joe" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Defendant authors and their heirs may terminate grants of copyright ownership upon the opening of the termination window. Responding Party held the right to terminate and on November 4, 2020, Responding Party provided notice of their termination of the copyrights at issue in this litigation. Responding Party had the right to do so as an author under the copyright act and followed all requisite formalities in doing so.

Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell.

These individuals will all testify to their own authorship of the works in question, their right to terminate the grant of Copyright, and their conduct legally terminating any prior grant of copyright. Right to supplement is reserved.

**INTERROGATORY NO. 4:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your First Affirmative Defense that "Defendants' use constitutes authorized fair use" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your First Affirmative Defense that 'Defendants' use constitutes authorized fair use'" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party will produce relevant, non-privileged documents within its possession, custody, or control, pursuant to Fed. R. Civ. P. 33(d), from which the answer to this ROG may be obtained.

Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell.

These individuals will all testify to their own use of the works, the purpose and character of their use of the work, the nature of the copyrighted work, the amount of the copyrighted work

5

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

used, and the effect on the market of their use of the work. In addition, they will testify as to their legal ability to perform certain music. Right to supplement is reserved.

**INTERROGATORY NO. 5:**

State in as much detail as possible each action or forbearance from taking action which you believe would have mitigated Lil Joe's damages and, for each such action or forbearance from taking action, state the date it occurred or should have occurred, a description of and the amount of damages which you believe would have been mitigated (including any calculations performed and assumptions made in determining such amount), each communication in which Lil Joe was requested to take action or forbear from taking action to mitigate its damages, and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible each action or forbearance from taking action which you believe would have mitigated Lil Joe's damages and, for each such action or forbearance from taking action, state the date it occurred or should have occurred, a description of and the amount of damages which you believe would have been mitigated (including any calculations performed and assumptions made in determining such amount), each communication in which Lil Joe was requested to take action or forbear from taking action to mitigate its damages, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum seven subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party will produce relevant, non-

privileged documents within its possession, custody, or control, pursuant to Fed. R. Civ. P. 33(d), from which the answer to this ROG may be obtained.

Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell. Right to supplement is reserved.

## INTERROGATORY NO. 6:

State in as much detail as possible all facts upon which you rely in support of the assertion in your Fourth Affirmative Defense that "Plaintiff's right to seek any relief in its Complaint is barred in whole or in part by virtue of the acts and omissions of Plaintiff, its agents, servants, employees, attorneys, and others within Plaintiff's control" including, but not limited to, each action or inaction which you claim constitutes all or a part any bar of any of Lil Joe's claims, how it bars that claim, and, for each such action and inaction, state which claim it pertains to; state as precisely as possible what was done or should have been done, when it was done or should have been done, where it was done or should have been done, who did or should have done it, who was present when it was done or should have been done, and identify all persons who will so testify and state the substance of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 6:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "State in as much detail as possible all facts upon which you rely in support of the assertion in your Fourth Affirmative Defense that "Plaintiff's right to seek any relief in its Complaint is barred in whole or in part by virtue of the acts and omissions of Plaintiff, its agents, servants, employees, attorneys, and others within Plaintiff's control" including, but not limited to, each action or inaction which you claim constitutes all or a part any bar of any of Lil Joe's claims, how it bars that claim, and, for each such action and inaction, state which claim it pertains to; state as precisely as possible what was done or should have been done, when it was done or should have been done, where it was done or should have been done, who did or should have done it, who was present when it was done or should have been done, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding

Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum eight subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 7:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Sixth Affirmative Defense that each of the claims asserted are "barred by the doctrines of laches and/or by the applicable statute of limitations", stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Sixth Affirmative Defense that each of the claims asserted are 'barred by the doctrines of laches and/or by the applicable statute of limitations' stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 8:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Eighth Affirmative Defense that "Plaintiff's purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Eighth Affirmative Defense that 'Plaintiff's purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks' and identify all persons who will so testify and state the substance of their expected testimony" stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum four subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 9:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Ninth Affirmative Defense that "Plaintiff's work does not satisfy

the originality requirement necessary to grant it protection under the Copyright Act" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Ninth Affirmative Defense that 'Plaintiff's work does not satisfy the originality requirement necessary to grant it protection under the Copyright Act' and identify all persons who will so testify and state the substance of their expected testimony" stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 10:**

State in as much detail as possible all facts upon which you rely in support of your waiver defense including, but not limited to, each action or inaction which you claim constitutes all or a part any waiver barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to and how it waives that claim, and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party

obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of your waiver defense including, but not limited to, each action or inaction which you claim constitutes all or a part any waiver barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to and how it waives that claim, and identify all persons who will so testify and state the substance of their expected testimony" stating for each fact which claim it pertains to, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

## INTERROGATORY NO. 11:

State in as much detail as possible all facts upon which you rely in support of the estoppel defense including, but not limited to, each action or inaction which you claim constitutes all or a part any estoppel barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to; identify the communication in which a material fact was misrepresented by stating when it was made, where it was made, who made it, who it was made to, who was present when it was made and how it was made (i.e., face to face conversation, telephone conversation, letter, email);state with as much specificity as possible the material fact which you contend was misrepresented and what you believe was misrepresented, identify where and when any of the defendants(identifying which of the defendants) took a different position, state with as much specificity as possible (including, without limitation, identifying all actions taken or which it forbore from taking) how any of the defendants(identifying which of the defendants)relied on the action, failure to act or representation and how that was to any of the

defendants'(identifying which of the defendants) detriment, and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the estoppel defense including, but not limited to, each action or inaction which you claim constitutes all or a part any estoppel barring any of Lil Joe's claims and, for each such action and inaction, state which claim it pertains to; identify the communication in which a material fact was misrepresented by stating when it was made, where it was made, who made it, who it was made to, who was present when it was made and how it was made (i.e., face to face conversation, telephone conversation, letter, email);state with as much specificity as possible the material fact which you contend was misrepresented and what you believe was misrepresented, identify where and when any of the defendants(identifying which of the defendants) took a different position, state with as much specificity as possible (including, without limitation, identifying all actions taken or which it forbore from taking) how any of the defendants(identifying which of the defendants)relied on the action, failure to act or representation and how that was to any of the defendants'(identifying which of the defendants) detriment, and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum 16 subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 12:**

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

State in as much detail as possible all facts upon which you rely in support of the assertion in your Thirteenth Affirmative Defense that "Plaintiff is not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff" and identify all persons who will so testify and state the substance of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 12:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Thirteenth Affirmative Defense that 'Plaintiff is not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff' and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

## INTERROGATORY NO. 13:

State in as much detail as possible all facts upon which you rely in support of the assertion in your Fourteenth Affirmative Defense that there was "fraud and/or other defect(s) in the purported assignment of the copyright and/or trademark registrations alleged in the Complaint" including, but not limited to, as precisely as possible each statement upon which the fraud defense is premised and, for each such statement, identify the date it was made, who made it, who it was made to, who was present when it was made, where it was made, the manner in which it was made (i.e. fact to face conversation, phone conversation, letter, email), what was false, what action was taken in reliance on the statement and by whom, and how

anyone(identifying who) was damaged (including calculations performed and assumptions made in determining such amount), and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Fourteenth Affirmative Defense that there was 'fraud and/or other defect(s) in the purported assignment of the copyright and/or trademark registrations alleged in the Complaint' including, but not limited to, as precisely as possible each statement upon which the fraud defense is premised and, for each such statement, identify the date it was made, who made it, who it was made to, who was present when it was made, where it was made, the manner in which it was made (i.e. fact to face conversation, phone conversation, letter, email), what was false, what action was taken in reliance on the statement and by whom, and how anyone(identifying who) was damaged (including calculations performed and assumptions made in determining such amount), and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 14:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Seventeenth Affirmative Defense that "Plaintiff's damages... are barred or

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

reduced by setoff" including, but not limited to, the amount of setoff, how you calculate the amount of setoff (including all calculations performed and assumptions made in determining that amount) and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Seventeenth Affirmative Defense that 'Plaintiff's damages... are barred or reduced by setoff' including, but not limited to, the amount of setoff, how you calculate the amount of setoff (including all calculations performed and assumptions made in determining that amount) and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 15:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Eighteenth Affirmative Defense that "Plaintiff's... trademark and/or copyright registrations are invalid" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 15:**

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Eighteenth Affirmative Defense that 'Plaintiff's... trademark and/or copyright registrations are invalid' and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

## INTERROGATORY NO. 16:

State in as much detail as possible all facts upon which you rely in support of the assertion in your Nineteenth Affirmative Defense that "the only trademark use was nominal in nature and/or protected by the First Amendment" (identifying for each fact whether it supports the assertion that the use was nominal, protected by the First Amendment, or both) and identify all persons who will so testify and state the substance of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 16:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Nineteenth Affirmative Defense that 'the only trademark use was nominal in nature and/or protected by the First Amendment' (identifying for each fact whether it supports the assertion that the use was

nominal, protected by the First Amendment, or both) and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 17:**

State in as much detail as possible all facts upon which you rely in support of the assertion in your Twentieth Affirmative Defense that "Defendants have superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused" and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible all facts upon which you rely in support of the assertion in your Twentieth Affirmative Defense that 'Defendants have superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused' and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum three subparts.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 18:**

State in as much detail as possible a description of the damages sought in the Counterclaim, the date the damage was incurred, each action or failure to act which caused the damage, for each category of damages sought state the amount of damages and how that amount was calculated (including all computations performed and all assumptions made), and identify all persons who will so testify and state the substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to state "in as much detail as possible a description of the damages sought in the Counterclaim, the date the damage was incurred, each action or failure to act which caused the damage, for each category of damages sought state the amount of damages and how that amount was calculated (including all computations performed and all assumptions made), and identify all persons who will so testify and state the substance of their expected testimony" when Responding Party's investigation in the case remains ongoing. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery. Responding Party objects to this request to the extent it is duplicative. Responding Party objects to this request to the extent it is compound and made up of a minimum seven subparts.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party responds that this Interrogatory exceeds the limits set forth in Federal Rule of Civil Procedure 33.

Dated: June 30, 2022        By:        */s/ Joel Rothman*
Joel Rothman, Esq.
SRIPLAW
Attorney for Defendants and Counterclaimants

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 30, 2022, I caused to be served a true and correct copy of the

foregoing DEFENDANT RODERICK WONG WON'S RESPONSES TO PLAINTIFF'S

SECOND SET OF INTERROGATORIES on Defendants' counsel of record via email, as

follows:

Richard C. Wolfe

RWolfe@wolfelawmiami.com

WOLFE LAW MIAMI, P.A.

Latitude One Building, Suite 2410

175 SW 7ᵗʰ Street

Miami, Florida 33131

*Attorney for Plaintiff Lil' Joe Records, Inc.*

Date: June 30, 2022         By:     <u>*/s/ Frank R. Trechsel*</u>
                                     Frank R. Trechsel, Esq.
                                     Scott Alan Burroughs, Esq.
                                     DONIGER / BURROUGHS
                                     Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-CV-23727-DPG**

LIL' JOE RECORDS, INC., a Florida
Corporation,

               Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

               Defendants.

---

**DEFENDANT ANISSA WONG WON'S RESPONSE TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

PROPOUNDING PARTY:        LIL' JOE RECORDS, INC.

RESPONDING PARTY:         ANISSA WONG WON.

SET:                          ONE (1)

**TO PROPOUNDING PARTIES AND THEIR ATTORNEYS OF RECORD:**

      Defendant Anissa Wong Won ("Defendant") pursuant to Federal Rules of Civil Procedure

§34, hereby responds to Plaintiff Lil' Joe Records, Inc. ("Plaintiff") First Set of Interrogatories as

follows:

      The responses contained herein are given without prejudice to producing at the time of trial

subsequently discovered information or information omitted from said answers due to good faith

oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any request for production or interrogatory, Plaintiff does not concede the relevance or materiality of the request, or the subject matter to which these requests refer. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to, or waiver of, this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that an interrogatory herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

Plaintiff reserves the right to supplement, revise, correct or clarify the information provided in these Responses.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

## GENERAL OBJECTIONS

Plaintiff incorporates by reference each of the following General Objections in its Responses below, such that the omission of a general objection in any specific response does not waive that objection to that Interrogatory ("ROG"):

1.      Responding Party objects to each of the ROGs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent any ROG seeks information relating to photographs other than the photograph at issue—as those works are not relevant to the claims or defenses asserted in the case.

2.      Responding Party objects to each ROG to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

3.      Responding Party objects to each ROG to the extent it seeks information within the possession, custody, or control of, and/or are equally available to, Propounding Parties.

4.      Responding Party objects to each ROG as compound and containing multiple subparts.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Identify all people who took part in answering or gathering information and documents necessary to answer any of these interrogatories, respond to the request to produce served contemporaneously herewith and the request for admissions served contemporaneously herewith. For each person, list the number of the applicable interrogator(ies) and request(s).

## RESPONSE TO INTERROGATORY NO. 1:

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to

the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party and counsel. Right to supplement is reserved.

**INTERROGATORY NO. 2:**

Identify and state the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to identify and state "the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is" when Responding party's investigation in the case remains ongoing. Responding Party objects that this Rog is Compound and contains at least two sub-parts. Responding Party objects to this ROG to the extent the phrase "personal knowledge" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege,

work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Mark Ross, and Luther Campbell. Right to supplement is reserved.

**INTERROGATORY NO. 3:**

Describe your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Authors and their heirs may terminate grants of copyright ownership upon the opening of the termination window. Responding Party held the right to terminate and on November 4, 2020, Responding Party provided notice of their termination of the copyrights at issue in this litigation. Responding Party had the right to do so as an author under the copyright act and followed all requisite formalities in doing so. Right to supplement is reserved.

**INTERROGATORY NO. 4:**

Describe your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's "purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks."

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's 'purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-

product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's copyright and trademark registrations do not allow for the relief sought and the copyright registrations cover works that are the subject of transfers subject to termination. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 5:**

Describe your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work "does not satisfy the originality requirement necessary to grant it protection under the Copyright Act."

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work 'does not satisfy the originality requirement necessary to grant it protection under the Copyright Act.'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the relief sought is not supported by the works at issue. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

## INTERROGATORY NO. 6:

Describe your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is "not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff."

## RESPONSE TO INTERROGATORY NO. 6:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is 'not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's trademark and copyright registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 7:**

With respect to your Fourteenth Affirmative Defense, describe with particularity the "fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint."

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe with particularity "the 'fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the copyright and trademark registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

## INTERROGATORY NO. 8:

With respect to your Twentieth Affirmative Defense, describe all facts and source information upon which you rely in asserting that Defendants have "superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused."

## RESPONSE TO INTERROGATORY NO. 8:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "all facts and source information upon which you rely in asserting that Defendants have 'superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party has rights to enjoy the

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

work at issue that are not in violation of Plaintiff's rights. The complaint does not include

sufficient facts to provide a further response. Right to supplement is reserved.

Dated: May 31, 2022          By:          */s/ Joel Rothman*
                                          Joel Rothman, Esq.
                                          SRIPLAW
                                          Attorney for Defendants and Counterclaimants

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I caused to be served a true and correct copy of the

foregoing DEFENDANT ANISSA WONG WON'S RESPONSE TO PLAINTIFF'S FIRST SET

OF INTERROGATORIES on Defendants' counsel of record via email, as follows:

Richard C. Wolfe

RWolfe@wolfelawmiami.com

WOLFE LAW MIAMI, P.A.

Latitude One Building, Suite 2410

175 SW 7th Street

Miami, Florida 33131

*Attorney for Plaintiff Lil' Joe Records, Inc.*

Date: May 31, 2022          By:      */s/ Frank R. Trechsel*
                                     Frank R. Trechsel, Esq.
                                     Scott Alan Burroughs, Esq.
                                     DONIGER / BURROUGHS
                                     Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-CV-23727-DPG**

LIL' JOE RECORDS, INC., a Florida
Corporation,

               Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

               Defendants.

---

## DEFENDANT CHRISTOPHER WONG WON, JR.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:      LIL' JOE RECORDS, INC.

RESPONDING PARTY:      CHRISTOPHER WONG WON, JR.

SET:                     ONE (1)

**TO PROPOUNDING PARTIES AND THEIR ATTORNEYS OF RECORD:**

      Defendant Christopher Wong Won, Jr. ("Defendant") pursuant to Federal Rules of Civil Procedure §34, hereby responds to Plaintiff Lil' Joe Records, Inc. ("Plaintiff") First Set of Interrogatories as follows:

      The responses contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any request for production or interrogatory, Plaintiff does not concede the relevance or materiality of the request, or the subject matter to which these requests refer. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to, or waiver of, this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that an interrogatory herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

Plaintiff reserves the right to supplement, revise, correct or clarify the information provided in these Responses.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

## GENERAL OBJECTIONS

Plaintiff incorporates by reference each of the following General Objections in its Responses below, such that the omission of a general objection in any specific response does not waive that objection to that Interrogatory ("ROG"):

1.      Responding Party objects to each of the ROGs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent any ROG seeks information relating to photographs other than the photograph at issue—as those works are not relevant to the claims or defenses asserted in the case.

2.      Responding Party objects to each ROG to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

3.      Responding Party objects to each ROG to the extent it seeks information within the possession, custody, or control of, and/or are equally available to, Propounding Parties.

4.      Responding Party objects to each ROG as compound and containing multiple subparts.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all people who took part in answering or gathering information and documents necessary to answer any of these interrogatories, respond to the request to produce served contemporaneously herewith and the request for admissions served contemporaneously herewith. For each person, list the number of the applicable interrogator(ies) and request(s).

### RESPONSE TO INTERROGATORY NO. 1:

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party and counsel. Right to supplement is reserved.

**INTERROGATORY NO. 2:**

Identify and state the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to identify and state "the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is" when Responding party's investigation in the case remains ongoing. Responding Party objects that this Rog is Compound and contains at least two sub-parts. Responding Party objects to this ROG to the extent the phrase "personal knowledge" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege,

work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party, Propounding Party and its agents, Joseph Weinberger, Mark Ross., Roderick Wong Won, Leterius Ray, Anissa Wong Won, and Luther Campbell. Right to supplement is reserved.

**INTERROGATORY NO. 3:**

Describe your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Authors and their heirs may terminate grants of copyright ownership upon the opening of the termination window. Responding Party held the right to terminate and on November 4, 2020, Responding Party provided notice of their termination of the copyrights at issue in this litigation. Responding Party had the right to do so as an author under the copyright act and followed all requisite formalities in doing so. Right to supplement is reserved.

**INTERROGATORY NO. 4:**

Describe your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's "purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks."

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's 'purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-

6
DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's copyright and trademark registrations do not allow for the relief sought and the copyright registrations cover works that are the subject of transfers subject to termination. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 5:**

Describe your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work "does not satisfy the originality requirement necessary to grant it protection under the Copyright Act."

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work 'does not satisfy the originality requirement necessary to grant it protection under the Copyright Act.'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the relief sought is not supported by the works at issue. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 6:**

Describe your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is "not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff."

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is 'not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's trademark and copyright registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 7:**

With respect to your Fourteenth Affirmative Defense, describe with particularity the "fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint."

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe with particularity "the 'fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the copyright and trademark registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 8:**

With respect to your Twentieth Affirmative Defense, describe all facts and source information upon which you rely in asserting that Defendants have "superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused."

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "all facts and source information upon which you rely in asserting that Defendants have 'superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party has rights to enjoy the

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

work at issue that are not in violation of Plaintiff's rights. The complaint does not include

sufficient facts to provide a further response. Right to supplement is reserved.

Dated: May 31, 2022          By:          _/s/ Joel Rothman_
                                          Joel Rothman, Esq.
                                          SRIPLAW
                                          Attorney for Defendants and Counterclaimants

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I caused to be served a true and correct copy of the

foregoing DEFENDANT CHRISTOPHER WONG WON, JR.'S RESPONSE TO PLAINTIFF'S

FIRST SET OF INTERROGATORIES on Defendants' counsel of record via email, as follows:


Richard C. Wolfe

RWolfe@wolfelawmiami.com


WOLFE LAW MIAMI, P.A.

Latitude One Building, Suite 2410

175 SW 7th Street

Miami, Florida 33131


*Attorney for Plaintiff Lil' Joe Records, Inc.*



Date: May 31, 2022          By:     */s/ Frank R. Trechsel*
                                    Frank R. Trechsel, Esq.
                                    Scott Alan Burroughs, Esq.
                                    DONIGER / BURROUGHS
                                    Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC., a Florida
Corporation,

                Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

                Defendants.

---

## DEFENDANT LETERIUS RAY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:      LIL' JOE RECORDS, INC.

RESPONDING PARTY:        LETERIUS RAY

SET:                       ONE (1)

**TO PROPOUNDING PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Leterius Ray ("Defendant") pursuant to Federal Rules of Civil Procedure §34, hereby responds to Plaintiff Lil' Joe Records, Inc. ("Plaintiff") First Set of Interrogatories as follows:

The responses contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any request for production or interrogatory, Plaintiff does not concede the relevance or materiality of the request, or the subject matter to which these requests refer. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to, or waiver of, this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that an interrogatory herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

Plaintiff reserves the right to supplement, revise, correct or clarify the information provided in these Responses.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

## GENERAL OBJECTIONS

Plaintiff incorporates by reference each of the following General Objections in its Responses below, such that the omission of a general objection in any specific response does not waive that objection to that Interrogatory ("ROG"):

1.      Responding Party objects to each of the ROGs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent any ROG seeks information relating to photographs other than the photograph at issue—as those works are not relevant to the claims or defenses asserted in the case.

2.      Responding Party objects to each ROG to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

3.      Responding Party objects to each ROG to the extent it seeks information within the possession, custody, or control of, and/or are equally available to, Propounding Parties.

4.      Responding Party objects to each ROG as compound and containing multiple subparts.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Identify all people who took part in answering or gathering information and documents necessary to answer any of these interrogatories, respond to the request to produce served contemporaneously herewith and the request for admissions served contemporaneously herewith. For each person, list the number of the applicable interrogator(ies) and request(s).

## RESPONSE TO INTERROGATORY NO. 1:

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party and counsel. Right to supplement is reserved.

**INTERROGATORY NO. 2:**

Identify and state the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to identify and state "the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is" when Responding party's investigation in the case remains ongoing. Responding Party objects that this Rog is Compound and contains at least two sub-parts. Responding Party objects to this ROG to the extent the phrase "personal knowledge" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege,

work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Mark Ross, Anissa Wong Won, and Luther Campbell. Right to supplement is reserved.

**INTERROGATORY NO. 3:**

Describe your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Authors and their heirs may terminate grants of copyright ownership upon the opening of the termination window. Responding Party held the right to terminate and on November 4, 2020, Responding Party provided notice of their termination of the copyrights at issue in this litigation. Responding Party had the right to do so as an author under the copyright act and followed all requisite formalities in doing so. Right to supplement is reserved.

**INTERROGATORY NO. 4:**

Describe your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's "purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks."

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's 'purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-

product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's copyright and trademark registrations do not allow for the relief sought and the copyright registrations cover works that are the subject of transfers subject to termination. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 5:**

Describe your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work "does not satisfy the originality requirement necessary to grant it protection under the Copyright Act."

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work 'does not satisfy the originality requirement necessary to grant it protection under the Copyright Act.'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the relief sought is not supported by the works at issue. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 6:**

Describe your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is "not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff."

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is 'not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's trademark and copyright registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 7:**

With respect to your Fourteenth Affirmative Defense, describe with particularity the "fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint."

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe with particularity "the 'fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the copyright and trademark registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

## INTERROGATORY NO. 8:

With respect to your Twentieth Affirmative Defense, describe all facts and source information upon which you rely in asserting that Defendants have "superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused."

## RESPONSE TO INTERROGATORY NO. 8:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "all facts and source information upon which you rely in asserting that Defendants have 'superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party has rights to enjoy the

work at issue that are not in violation of Plaintiff's rights. The complaint does not include

sufficient facts to provide a further response. Right to supplement is reserved.

Dated: May 31, 2022          By:          /s/ Joel Rothman
                                           Joel Rothman, Esq.
                                           SRIPLAW
                                           Attorney for Defendants and Counterclaimants

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2022, I caused to be served a true and correct copy of the foregoing DEFENDANT LETERIUS RAY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES on Defendants' counsel of record via email, as follows:


Richard C. Wolfe

RWolfe@wolfelawmiami.com


WOLFE LAW MIAMI, P.A.

Latitude One Building, Suite 2410

175 SW 7th Street

Miami, Florida 33131


*Attorney for Plaintiff Lil' Joe Records, Inc.*


Date: May 31, 2022          By:     */s/ Frank R. Trechsel*
                                    Frank R. Trechsel, Esq.
                                    Scott Alan Burroughs, Esq.
                                    DONIGER / BURROUGHS
                                    Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC., a Florida
Corporation,

             Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

             Defendants.

_____

**DEFENDANT LUTHER CAMPBELL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

PROPOUNDING PARTY:      LIL' JOE RECORDS, INC.

RESPONDING PARTY:        LUTHER CAMPBELL

SET:                     ONE (1)

**TO PROPOUNDING PARTIES AND THEIR ATTORNEYS OF RECORD:**

    Defendant Luther Campbell ("Defendant") pursuant to Federal Rules of Civil Procedure §34, hereby responds to Plaintiff Lil' Joe Records, Inc. ("Plaintiff") First Set of Interrogatories as follows:

    The responses contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any request for production or interrogatory, Plaintiff does not concede the relevance or materiality of the request, or the subject matter to which these requests refer. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to, or waiver of, this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that an interrogatory herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

Plaintiff reserves the right to supplement, revise, correct or clarify the information provided in these Responses.

## GENERAL OBJECTIONS

Plaintiff incorporates by reference each of the following General Objections in its Responses below, such that the omission of a general objection in any specific response does not waive that objection to that Interrogatory ("ROG"):

1.    Responding Party objects to each of the ROGs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent any ROG seeks information relating to photographs other than the photograph at issue—as those works are not relevant to the claims or defenses asserted in the case.

2.    Responding Party objects to each ROG to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

3.    Responding Party objects to each ROG to the extent it seeks information within the possession, custody, or control of, and/or are equally available to, Propounding Parties.

4.    Responding Party objects to each ROG as compound and containing multiple subparts.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all people who took part in answering or gathering information and documents necessary to answer any of these interrogatories, respond to the request to produce served contemporaneously herewith and the request for admissions served contemporaneously herewith. For each person, list the number of the applicable interrogator(ies) and request(s).

### RESPONSE TO INTERROGATORY NO. 1:

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to

the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party and counsel. Right to supplement is reserved.

**INTERROGATORY NO. 2:**

Identify and state the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to identify and state "the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is" when Responding party's investigation in the case remains ongoing. Responding Party objects that this Rog is Compound and contains at least two sub-parts. Responding Party objects to this ROG to the extent the phrase "personal knowledge" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege,

work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won, and Mark Ross. Right to supplement is reserved.

**INTERROGATORY NO. 3:**

Describe your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Authors and their heirs may terminate grants of copyright ownership upon the opening of the termination window. Responding Party held the right to terminate and on November 4, 2020, Responding Party provided notice of their termination of the copyrights at issue in this litigation. Responding Party had the right to do so as an author under the copyright act and followed all requisite formalities in doing so. Right to supplement is reserved.

**INTERROGATORY NO. 4:**

Describe your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's "purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks."

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's 'purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-

product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's copyright and trademark registrations do not allow for the relief sought and the copyright registrations cover works that are the subject of transfers subject to termination. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 5:**

Describe your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work "does not satisfy the originality requirement necessary to grant it protection under the Copyright Act."

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work 'does not satisfy the originality requirement necessary to grant it protection under the Copyright Act.'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the relief sought is not supported by the works at issue. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 6:**

Describe your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is "not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff."

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is 'not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's trademark and copyright registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 7:**

With respect to your Fourteenth Affirmative Defense, describe with particularity the "fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint."

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe with particularity "the 'fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the copyright and trademark registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 8:**

With respect to your Twentieth Affirmative Defense, describe all facts and source information upon which you rely in asserting that Defendants have "superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused."

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "all facts and source information upon which you rely in asserting that Defendants have 'superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party has rights to enjoy the

work at issue that are not in violation of Plaintiff's rights. The complaint does not include

sufficient facts to provide a further response. Right to supplement is reserved.

Dated: May 31, 2022          By:          _/s/ Joel Rothman_
                                          Joel Rothman, Esq.
                                          SRIPLAW
                                          Attorney for Defendants and Counterclaimants

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I caused to be served a true and correct copy of the

foregoing DEFENDANT LUTHER CAMPBELL'S RESPONSE TO PLAINTIFF'S FIRST SET

OF INTERROGATORIES on Defendants' counsel of record via email, as follows:


Richard C. Wolfe

RWolfe@wolfelawmiami.com


WOLFE LAW MIAMI, P.A.

Latitude One Building, Suite 2410

175 SW 7th Street

Miami, Florida 33131


*Attorney for Plaintiff Lil' Joe Records, Inc.*



Date: May 31, 2022                   By:     */s/ Frank R. Trechsel*
                                             Frank R. Trechsel, Esq.
                                             Scott Alan Burroughs, Esq.
                                             DONIGER / BURROUGHS
                                             Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC., a Florida
Corporation,

          Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

          Defendants.

_____

## DEFENDANT MARK ROSS'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:      LIL' JOE RECORDS, INC.

RESPONDING PARTY:        MARK ROSS

SET:                        ONE (1)

**TO PROPOUNDING PARTIES AND THEIR ATTORNEYS OF RECORD:**

      Defendant Mark Ross ("Defendant") pursuant to Federal Rules of Civil Procedure §34, hereby responds to Plaintiff Lil' Joe Records, Inc. ("Plaintiff") First Set of Interrogatories as follows:

      The responses contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any request for production or interrogatory, Plaintiff does not concede the relevance or materiality of the request, or the subject matter to which these requests refer. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to, or waiver of, this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that an interrogatory herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

Plaintiff reserves the right to supplement, revise, correct or clarify the information provided in these Responses.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**GENERAL OBJECTIONS**

Plaintiff incorporates by reference each of the following General Objections in its Responses below, such that the omission of a general objection in any specific response does not waive that objection to that Interrogatory ("ROG"):

1.       Responding Party objects to each of the ROGs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent any ROG seeks information relating to photographs other than the photograph at issue—as those works are not relevant to the claims or defenses asserted in the case.

2.       Responding Party objects to each ROG to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

3.       Responding Party objects to each ROG to the extent it seeks information within the possession, custody, or control of, and/or are equally available to, Propounding Parties.

4.       Responding Party objects to each ROG as compound and containing multiple subparts.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all people who took part in answering or gathering information and documents necessary to answer any of these interrogatories, respond to the request to produce served contemporaneously herewith and the request for admissions served contemporaneously herewith. For each person, list the number of the applicable interrogator(ies) and request(s).

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party and counsel. Right to supplement is reserved.

**INTERROGATORY NO. 2:**

Identify and state the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to identify and state "the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is" when Responding party's investigation in the case remains ongoing. Responding Party objects that this Rog is Compound and contains at least two sub-parts. Responding Party objects to this ROG to the extent the phrase "personal knowledge" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege,

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won, and Luther Campbell. Right to supplement is reserved.

**INTERROGATORY NO. 3:**

Describe your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Authors and their heirs may terminate grants of copyright ownership upon the opening of the termination window. Responding Party held the right to terminate and on November 4, 2020, Responding Party provided notice of their termination of the copyrights at issue in this litigation. Responding Party had the right to do so as an author under the copyright act and followed all requisite formalities in doing so. Right to supplement is reserved.

**INTERROGATORY NO. 4:**

Describe your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's "purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks."

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's 'purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-

product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's copyright and trademark registrations do not allow for the relief sought and the copyright registrations cover works that are the subject of transfers subject to termination. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 5:**

Describe your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work "does not satisfy the originality requirement necessary to grant it protection under the Copyright Act."

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work 'does not satisfy the originality requirement necessary to grant it protection under the Copyright Act.'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the relief sought is not supported by the works at issue. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 6:**

Describe your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is "not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff."

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is 'not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's trademark and copyright registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

## INTERROGATORY NO. 7:

With respect to your Fourteenth Affirmative Defense, describe with particularity the "fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint."

## RESPONSE TO INTERROGATORY NO. 7:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe with particularity "the 'fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the copyright and trademark registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

## INTERROGATORY NO. 8:

With respect to your Twentieth Affirmative Defense, describe all facts and source information upon which you rely in asserting that Defendants have "superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused."

## RESPONSE TO INTERROGATORY NO. 8:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "all facts and source information upon which you rely in asserting that Defendants have 'superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party has rights to enjoy the

work at issue that are not in violation of Plaintiff's rights. The complaint does not include

sufficient facts to provide a further response. Right to supplement is reserved.

Dated: May 31, 2022          By:          */s/ Joel Rothman*
                                         Joel Rothman, Esq.
                                         SRIPLAW
                                         Attorney for Defendants and Counterclaimants

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I caused to be served a true and correct copy of the

foregoing DEFENDANT MARK ROSS'S RESPONSE TO PLAINTIFF'S FIRST SET OF

INTERROGATORIES on Defendants' counsel of record via email, as follows:


Richard C. Wolfe

RWolfe@wolfelawmiami.com


WOLFE LAW MIAMI, P.A.

Latitude One Building, Suite 2410

175 SW 7th Street

Miami, Florida 33131


*Attorney for Plaintiff Lil' Joe Records, Inc.*


Date: May 31, 2022            By:      */s/ Frank R. Trechsel*
                                       Frank R. Trechsel, Esq.
                                       Scott Alan Burroughs, Esq.
                                       DONIGER / BURROUGHS
                                       Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-CV-23727-DPG**

LIL' JOE RECORDS, INC., a Florida
Corporation,

                  Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

                  Defendants.

---

**DEFENDANT RODERICK WONG WON'S RESPONSE TO PLAINTIFF'S FIRST SET
OF INTERROGATORIES**

PROPOUNDING PARTY:      LIL' JOE RECORDS, INC.

RESPONDING PARTY:       RODERICK WONG WON

SET:                    ONE (1)

**TO PROPOUNDING PARTIES AND THEIR ATTORNEYS OF RECORD:**

    Defendant Roderick Wong Won ("Defendant") pursuant to Federal Rules of Civil
Procedure §34, hereby responds to Plaintiff Lil' Joe Records, Inc. ("Plaintiff") First Set of
Interrogatories as follows:

    The responses contained herein are given without prejudice to producing at the time of trial
subsequently discovered information or information omitted from said answers due to good faith
oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any request for production or interrogatory, Plaintiff does not concede the relevance or materiality of the request, or the subject matter to which these requests refer. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to, or waiver of, this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that an interrogatory herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

Plaintiff reserves the right to supplement, revise, correct or clarify the information provided in these Responses.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**GENERAL OBJECTIONS**

Plaintiff incorporates by reference each of the following General Objections in its Responses below, such that the omission of a general objection in any specific response does not waive that objection to that Interrogatory ("ROG"):

1.      Responding Party objects to each of the ROGs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent any ROG seeks information relating to photographs other than the photograph at issue—as those works are not relevant to the claims or defenses asserted in the case.

2.      Responding Party objects to each ROG to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

3.      Responding Party objects to each ROG to the extent it seeks information within the possession, custody, or control of, and/or are equally available to, Propounding Parties.

4.      Responding Party objects to each ROG as compound and containing multiple subparts.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all people who took part in answering or gathering information and documents necessary to answer any of these interrogatories, respond to the request to produce served contemporaneously herewith and the request for admissions served contemporaneously herewith. For each person, list the number of the applicable interrogator(ies) and request(s).

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party objects to this ROG to the extent the phrase "answering or gathering information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to

the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party and counsel. Right to supplement is reserved.

**INTERROGATORY NO. 2:**

Identify and state the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to identify and state "the full name(s) and, telephone number(s), and address(es) of each individual(s) who has personal knowledge of your defenses and counterclaims in this matter and describe your understanding of what each such knowledge is" when Responding party's investigation in the case remains ongoing. Responding Party objects that this Rog is Compound and contains at least two sub-parts. Responding Party objects to this ROG to the extent the phrase "personal knowledge" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege,

work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party, Propounding Party and its agents, Joseph Weinberger, Christopher Wong Won, Jr., Mark Ross, Leterius Ray, Anissa Wong Won, and Luther Campbell. Right to supplement is reserved.

**INTERROGATORY NO. 3:**

Describe your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts upon which you rely in your assertions that Defendant has a valid legal right to terminate the grant of the Copyrights to made to Plaintiff" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Authors and their heirs may terminate grants of copyright ownership upon the opening of the termination window. Responding Party held the right to terminate and on November 4, 2020, Responding Party provided notice of their termination of the copyrights at issue in this litigation. Responding Party had the right to do so as an author under the copyright act and followed all requisite formalities in doing so. Right to supplement is reserved.

**INTERROGATORY NO. 4:**

Describe your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's "purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks."

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Eighth Affirmative Defense that Plaintiff's 'purported copyright and trademark registrations are invalid and incapable of supporting an action for the relief Plaintiff seeks'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-

6

product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's copyright and trademark registrations do not allow for the relief sought and the copyright registrations cover works that are the subject of transfers subject to termination. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 5:**

Describe your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work "does not satisfy the originality requirement necessary to grant it protection under the Copyright Act."

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Ninth Affirmative Defense that Plaintiff's Work 'does not satisfy the originality requirement necessary to grant it protection under the Copyright Act.'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the relief sought is not supported by the works at issue. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 6:**

Describe your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is "not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff."

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "your source of information and all facts in which you rely upon as to your Thirteenth Affirmative Defense that Plaintiff is 'not the rightful owner of the trademarks and/or copyrights alleged in the Complaint to be owned by Plaintiff'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Plaintiff's trademark and copyright registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

### INTERROGATORY NO. 7:

With respect to your Fourteenth Affirmative Defense, describe with particularity the "fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint."

### RESPONSE TO INTERROGATORY NO. 7:

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe with particularity "the 'fraud and/or other defect(s) in the purported assignment [or chain thereof] of the copyright and/or trademark registrations alleged in the Complaint'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: the copyright and trademark registrations do not support the relief sought. The complaint does not include sufficient facts to provide a further response. Right to supplement is reserved.

**INTERROGATORY NO. 8:**

With respect to your Twentieth Affirmative Defense, describe all facts and source information upon which you rely in asserting that Defendants have "superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused."

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this ROG as unduly burdensome, overbroad, and disproportionate to the needs of the case, and purporting to impose on Responding Party obligations beyond those required under the Federal Rules of Civil Procedure or this Court's Local Rules, to the extent it purports to require Responding Party to describe "all facts and source information upon which you rely in asserting that Defendants have 'superior rights in regard to the intellectual property at issue or its use of same, which is disputed, was excused'" when Responding party's investigation in the case remains ongoing. Responding Party objects to this ROG to the extent the phrase "your source of information" is vague, ambiguous, and/or undefined. Responding Party objects to this ROG that it seeks a legal conclusion. Responding Party objects to this ROG to the extent it seeks, either directly or indirectly, information subject to and protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, or that are otherwise immune from discovery.

Subject to the above general and specific objections, and to the extent this ROG is understood, Responding Party responds as follows: Responding Party has rights to enjoy the

work at issue that are not in violation of Plaintiff's rights. The complaint does not include

sufficient facts to provide a further response. Right to supplement is reserved.

Dated: May 31, 2022          By:          */s/ Joel Rothman*
                                          Joel Rothman, Esq.
                                          SRIPLAW
                                          Attorney for Defendants and Counterclaimants

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I caused to be served a true and correct copy of the

foregoing DEFENDANT RODERICK WONG WON'S RESPONSE TO PLAINTIFF'S FIRST

SET OF INTERROGATORIES on Defendants' counsel of record via email, as follows:


Richard C. Wolfe

RWolfe@wolfelawmiami.com


WOLFE LAW MIAMI, P.A.

Latitude One Building, Suite 2410

175 SW 7th Street

Miami, Florida 33131


*Attorney for Plaintiff Lil' Joe Records, Inc.*


Date: May 31, 2022          By:     */s/ Frank R. Trechsel*
                                    Frank R. Trechsel, Esq.
                                    Scott Alan Burroughs, Esq.
                                    DONIGER / BURROUGHS
                                    Attorneys for Defendants

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES