UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

       Plaintiff,

v.

MARK ROSS, *et al.,*
,

       Defendants.

_____/

## REPLY TO DFEENDANTS' RESPONSE TO MOTION TO STRIKE STANLEY COBBLE

Plaintiff, Lil' Joe Records, Inc. ("Plaintiff"), hereby files this reply to Defendants' Response to Motion to Strike Stanley Cobble as a Witness [DE 109], as follows:

**Stanley Cobble Cannot Testify**

1. Defendants do not dispute that Stanley Cobble was never disclosed but, literally at the last minute, placed him on their witness list. Defendants attempt to excuse this, claiming that Stanley Cobble is only an impeachment witness. That excuse does not work.

2. Defendants were asked in interrogatories to identify all people with knowledge, and Stanley Cobble was not disclosed. Motion to Strike Stanley Cobble as a Witness and Preclude His Testimony Exhibit A [DE 107-1](interrogatory No. 2). While impeachment witnesses need not be identified in a Fed. R.Civ. P. 26(a)(1)(A)(i) initial disclosure, "no impeachment exception exists for interrogatory responses." *Bluestarexpo, Inc. v Enis,* 2022 U.S. Dist. LEXIS 204410 * 25 n 4 (S.D. Fla. Nov. 9, 2022). Therefore, even if Stanley Cobble is only an impeachment witness, defendants' failure to identify him in response to interrogatories preclude them from using him as

a witness (defendants do not even attempt to meet their "burden of establishing that a failure to disclose was substantially justified or harmless…." *Stanley v Tony,* 2022 U.S. Dist. LEXIS 177779 * 12 (S.D. Fla. Sept. 29, 2022)).

3. IF Stanley Cobble is solely an impeachment witness who does not need to be disclosed, as defendants claim, why was he put on the witness list? According to defendants' argument they don't need to disclose him, if he was truly solely an impeachment witness he would not have been added to the list. The answer is patently obvious, Stanley Cobble is not solely an impeachment witness. "Impeachment evidence is evidence that is 'offered to discredit a witness to reduce the effectiveness of her testimony by bringing forth evidence which explains why the jury should not put faith in her or her testimony." *Ewing v Carnival Corp.,* 2022 U.S. Dist. LEXIS 95911 * 32 (S.D. Fla. May 27, 2022). "[I]t is a narrow exception that should be limited to circumstances where the evidence offered by the witness plays no role other than impeachment." *Id.* Where a witness provides testimony germane to the case of the party who calls him, the witness provides substantive testimony beyond impeachment. *Roberta L. Marcus, Inc. v New Cingular Wireless PCS, LLC,* 2013 U.S. Dist. LEXIS 129056 *5-7 (S.D. Fla. Sept. 5, 2013). Defendants do not proffer a single non-substantive thing Stanley Cobble will testify to and they refuse to state whom he will impeach. The only witnesses that could possibly be would be Joseph Weinberger, president of Lil' Joe Records. Stanley Cobble merely served as an outside consultant to Lil' Joe Records, giving advice on radio and retail promotion of certain artists, which has nothing to do with the issues of this case and is not even close to the relevant time period, nor does he have any knowledge of any matters relative to this case, because frankly, he did not work within Lil Joe's offices, but was rather only an outside consultant.

4. Defendants' reliance upon *Roberta L. Marcus v. New Cingular Wireless PCS*, No. 12-20744-CIV, 2013 WL 477170 (S.D. Fla. Sept. 13, 2013) is of no help to Defendants, and it only strengthens Plaintiff's position as to why Stanley Cobble should be excluded. In *Marcus,* the defendant sought to exclude an undisclosed witness. In response, the plaintiff proffered what the witness would testify to and it argued the testimony was solely for impeachment. There, the court considered the 3 factors in *Bearint v. Dorrell,* 389 F. 3d 1339 (11th Cir. 2004), determining that the witness would provide substantive testimony and since she was undisclosed, she was stricken.

**The Meet and Confer Was Completed**

5. Plaintiff's counsel properly met and conferred. Nothing was resolved. Defendants conflate and misrepresent the discussions that took place regarding the meet and confer conference that was NOT completed.

6. Defendants claim that a meet and confer conference is to occur on May 4, 2023 and that Plaintiff's motion pre-dates same. The email exchange between counsel for the parties, which Defendants attach to their response is intentionally misleading, in that Defendants left off counsel's email of April 19, 2023 and he buries the email of May 2, 2023, at 11:38 confirming that the meet and confer was complete. The meet and confer which took place on May 4, 2023 was only with respect to the Plaintiffs' motion to allow additional evidence, arguments, jury instructions and to strike Defendants' claims since Christopher Wong Won (deceased) was married to Robbie Wong Won when he died and there is no evidence of a duly recorded divorce, which bars Defendants' claims since they do not have the proper standing to bring the same. Nonetheless, this issue was discussed and, surprise, the parties continue to disagree.

7.      Attached hereto as Exhibit A is a Declaration of the undersigned counsel which attaches the true and correct email exchange regarding the meet and confer regarding the instant motion. (the emails of April 19 and May 2, 2023).

WHEREFORE for the reasons set forth herein, Plaintiff, Lil Joe Records, Inc. asks this Honorable Court to strike Stanley Cobble as a witness. However, if the Court is not willing to do so, then it asks that Defendants be ordered to proffer the precise and intended subject matter of Stanley Cobbles proposed testimony, so that Lil Joe Records can determine if the testimony is reliable and properly impeachment testimony and such further relief as may be consistent herewith.

**WOLFE LAW MIAMI PA**
175 SW 7th Street, Suite 2410
Miami, Florida 33130
P: 305.384.7370
F: 305.384.7371
Email: rwolfe@wolfelawmiami.com

By:     /s/ Richard C. Wolfe
        Richard C. Wolfe, Esq.
        Florida Bar No.: 355607

CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA

21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

/s/ Richard C. Wolfe
Richard C. Wolfe