UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

       Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

       Defendants.
_____/

## MOTION FOR DECLARATORY JUDGMENT BASED ON LACK OF STANDING

Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), moves this Court for a declaratory judgment based upon lack of standing and as grounds therefore states as follows:

The question posed in this action is whether notice to terminate a copyright transfer by members of the group *2 Live Crew* in accordance with 17 USC §203 was effective. Lil' Joe has raised several reasons why that notice is ineffective, and a new one, which may be raised at any time, has recently arisen: defendants lack standing because the necessary people did not exercise the termination notice.

### A 203 Notice Must Be Effectuated By A Majority Of The Artists

"In the case of a grant executed by two or more authors of a joint work, *termination of the grant may be effected by a majority of the authors who executed it*…." 17 USC §203 (a)(1)(emphasis added). The sound recordings of *2 Live Crew* at issue here were each joint works by its four members: Luther Campbell, Mark Ross, David Hobbs and Christopher Wong Won. Answer and Counterclaim [DE 12] at p. 14, ¶ 10; Defendants' Statement of Material Facts, etc.

[DE 53-1] at p. 2, ¶ 3; Pretrial Stipulation [DE 97] at p. 6, ¶ 5(a). That means 3 of the 4 members of *2 Live Crew* holding valid rights must execute the termination notice. Only 3 of *2 Live Crew*'s members signed the termination notice, Answer and Counterclaim [DE 12] at p. 14, ¶ 12; Pretrial Stipulation [DE 97] at p. 6, ¶ 5(g), so if any of them could not legally do so, the termination notice is ineffective.

Christopher Wong Won is deceased. Defendants' Statement of Material Facts, etc. [DE 53-1] at p. 2, ¶ 2; Pretrial Stipulation [DE 97] at p. 6, ¶ 5(b). Defendants Christopher Wong Won Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won ("Chris' Children") are his surviving children and claim the right to exercise his termination rights. Defendants' Statement of Material Facts, etc. [DE 53-1] at p. 2, ¶ 2; Pretrial Stipulation [DE 97] at p. 6, ¶ 5(c). Chris' Children, however, do not solely possess the ability to terminate the copyright transfer on Christopher Wong Won's behalf **because they comprise less than a majority of his heirs.**

When an author is deceased, like Christopher Wong Won, his termination interest is owned and may be exercised by his surviving children; however, if there is a surviving spouse then the surviving spouse owns one-half of the author's interest and the remaining one-half is divided among the surviving children. 17 USC §203(a)(2). When the termination interests of a deceased author is exercised, the notice must be executed by persons "who constitute more than one-half of that author's termination interest: That author's surviving widow or widower, and all of that author's surviving children…." 37 CFR §201.10 (2)(vii).

Lil' Joe just learned that Christopher Wong Won never divorced, and was in fact survived by a spouse, Robbie Wong Won. As demonstrated by the Marriage Certificate attached hereto as Exhibit A, Christopher and Robbie Wong Won were married in 1991 in Miami-Dade County, Florida. Attached hereto as Exhibits B and C are certifications from the clerks of the courts in both

Broward and Miami-Dade Counties, the two counties where Christopher and Robbie Wong Won lived from the time they were married until Christopher Wong Won died, and therefore the appropriate venue for any divorce proceedings between them, *Kopecky v Kopecka,* 967 So. 2d 1109, 1112 (Fla. 4th DCA 2007), revealing that no divorce proceedings were ever commenced. That means Chris' Children only own one-half of, and may not exercise Christopher Wong Won's termination rights without Chris' surviving spouse joining them, which has not occurred here.

"Establishing standing is of such importance that it can be raised at any time by any party- even by the court on its own." *Organization of Professional Aviculturists, Inc. v Kershner,* 564 F.Supp. 3d 1238, 1251 (S.D. Fla. 2021). "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 USC §2201(a). "The purpose behind the Declaratory Judgment Act is to afford a form of relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Rozier v Hartford Insurance Co. of the Midwest,* 2014 U.S. Dist. LEXIS 166461 * 10 (S.D. Fla. Dec. 1, 2014). Declaratory relief is justified when "it will serve a useful purpose to clarify and settle the parties' rights." *Id.* Because a sufficient number of *2 Live Crew's* members did not sign the termination notice at issue, Lil' Joe is entitled to a declaration that the defendants lack standing to assert their termination notice at issue.

## Certificate of Meet and Confer

Pursuant to S.D. Fla. Local Rule 7.3 (3), Lil Joe's counsel has conferred with defendants' counsel who indicated that defendants oppose the relief sought.

For the reasons set forth herein, Lil Joe Records, Inc. asks this Court for a declaratory judgment that defendants' lack standing to assert their termination notice at issue and grant all other relief this Court deems just and appropriate.

>                    WOLFE LAW MIAMI PA
>                    175 SW 7th Street, Suite 2410
>                    Miami, Florida 33130
>                    P: 305.384.7370
>                    F: 305.384.7371
>                    Email: rwolfe@wolfelawmiami.com
>
>            By:     /s/ Richard C. Wolfe
>                    Richard C. Wolfe, Esq.
>                    Florida Bar No.: 355607

### CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

>                    /s/ Richard C. Wolfe
>                    Richard C. Wolfe