UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

         Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

         Defendants.

_____/

## MOTION FOR LEAVE TO AMEND TO ADD NEWLY DISCOVERED ISSUE

Plaintiff, Lil' Joe Records, Inc. ("Lil Joe"), moves this Court for leave to amend the pretrial stipulation to (i) add three additional exhibits to its exhibit list, and (ii) add an additional issue for resolution at trial, and add an additional proposed jury instruction and verdict interrogatory, in light of its recently discovered issue and as grounds therefore states:

NEW EXHIBITS REGARDING WONG WON'S SURVIVING SPOUSE

Christopher Wong Won (one of 4 members of 2 Live Crew) is deceased. Defendants Christopher Wong Won Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won ("Chris' Children") are his surviving children and claim the right to exercise his termination rights. When an author is deceased, his termination interest is owned and may be exercised by his surviving children; however, if there is a surviving spouse then the surviving spouse owns one-half of the author's interest and the remaining one-half is divided among the surviving children. 17 USC §203(a)(2).

Lil' Joe just learned that Christopher Wong Won never divorced, and was in fact survived by a spouse, Robbie Wong Won. That would mean that Chris' Children do not own and may not exercise Christopher Wong Won's termination rights without Chris' surviving spouse joining them, which has not occurred here. "Establishing standing is of such importance that it can be raised at any time by any party-even by the court on its own." *Organization of Professional Aviculturists, Inc. v Kershner,* 564 F.Supp. 3d 1238, 1251 (S.D. Fla. 2021). When Lil' Joe investigated and learned the truth that in fact there was no divorce,  it confirmed same with the clerks of the courts in both Broward and Miami-Dade Counties, the two counties where Christopher Wong Won and his spouse lived from the time they were married until Christopher Wong Won died, and therefore the appropriate venue for any divorce proceedings between them, *Kopecky v Kopecka,* 967 So. 2d 1109, 1112 (Fla. 4th DCA 2007). Lil' Joe obtained Christopher Wong Won's marriage certificate, a copy of which is attached hereto as Exhibit A, and certifications from the clerks of the courts in both Broward and Miami-Dade Counties, a copy of each of which is attached hereto as Exhibit B and Exhibit C, respectively, which were immediately provided to defendants' counsel.

Based on the foregoing, Lil' Joe desires to amend the pretrial stipulation to add to its exhibit list as follows:

P 73   Affidavit of Non-suit from Clerk of 17th Judicial Circuit Court, Broward County, Florida

P 74   Certificate of No Record from Clerk of 11th Judicial Circuit Court, Miami-Dade County, Florida

P 75   Certificate Marriage from Clerk of Court, Miami-Dade County, Florida

Lil' Joe also wants to amend the pretrial stipulation to add as an issue of fact which remains to be litigated at trial the following:

2

mm.    Was Christopher Wong Won survived by his spouse?

NEW JURY INSTRUCTION REGARDING WONG WON'S MARRAIGE

In light of the foregoing, Lil' Joe desires to add as a proposed jury instruction the following:

When an author is deceased, his termination interest is owned and may be exercised by his surviving children; however, if there is a surviving spouse then the surviving spouse owns one-half of the author's interest and the remaining one-half is divided among the surviving children. Accordingly, you must decide whether Christopher Wong Won was still married when he died. If you find based on the greater weight of the evidence that Christopher Wong Won was still married when he died, then you must indicate that on your verdict form by answering the question "Was Christopher Wong Won still married when he died?" by checking the line next to the word "Yes." If you find based on the greater weight of the evidence that Christopher Wong Won was not still married when he died, then you must indicate that on your verdict form by answering the question "Was Christopher Wong Won still married when he died?" by checking the line next to the word "No."

Authorities:    17 USC §203(a)(2)

Additionally, Lil' Joe wishes to add the following interrogatory to its proposed verdict: "Was Christopher Wong Won still married when he died?" if so, then your verdict must be for Plaintiff.

THE REQUESTED AMENDMENTS ARE APPROPRIATE

"[I]n the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *United States v Varner,* 13 F.3d 1503, 1507 (11th Cir. 1994). "There is a presumption that a pretrial order will be amended in the interest of justice and sound judicial

administration provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court." *Id*. at 1507-08. The exhibits proposed to be added in *Varner* "may establish a critical element of Plaintiff's case…." *Id.* at 1508. Similarly, here the proposed exhibits establish that Chris' Children cannot exercise Christopher Wong Won's termination rights without his spouse joining them. There is no prejudice to defendants, Christopher Wong Won either was or was not divorced when he died. The request in *Varner* was made 3 weeks before trial, *id.* at 1508, just like here. The 11th Circuit in *Varner* held that it was appropriate to permit the amendment there, *id.*, the same should apply here. Here, Defendants failed to disclose Robbie Wong Won as an interested party  as is mandated by fed. rule 26 and Leterius Ray gave false testimony when he testified that Robbie and Christopher were divorced. Such actions should never be allowed to prejudice the opposing party.

Pursuant to S.D. Fla. Local Rule 7.3 (3), Lil Joe's counsel has conferred with defendants' counsel, on May 2 and 4th, who indicated that defendants oppose the relief sought.

For the foregoing reasons, Lil Joe requests that this Court enter an order granting it leave to amend the pretrial stipulation and add an additional proposed jury instruction and verdict interrogatory as set forth above, and grant all other relief this Court deems just and appropriate.

WOLFE LAW MIAMI PA
175 SW 7th Street, Suite 2410
Miami, Florida 33130
P: 305.384.7370
F: 305.384.7371
Email: rwolfe@wolfelawmiami.com

By:      /s/ Richard C. Wolfe
        Richard C. Wolfe, Esq.
        Florida Bar No.: 355607

CERTIFICATE OF SERVICE

4

I hereby certify that on May 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

/s/ Richard C. Wolfe
Richard C. Wolfe