UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

    Defendants.
_____/

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), pursuant to Fed. R.Evid. 201, requests that this Court take judicial notice of the following:

a. Luther Campbell and Luke Records, Inc. became the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida which were jointly administered, *In re: Luke Records, Inc. & Luther Campbell,* United States Bankruptcy Court, Southern District of Florida Case Nos. 95-11447-BKC-RAM and 95-12794-BKC-RAM (the "Luke Bankruptcy"); a copy of the docket of the Luke Bankruptcy is attached hereto as **Exhibit A** ("the "Luke Docket").

b. Pursuant to the court approved Joint Plan of Reorganization in the Luke Bankruptcy, a copy of which is attached hereto as **Exhibit B**, all of the copyright rights to *2 Live Crew*'s music were transferred to Lil' Joe and its owner, Joseph Weinberger ("Weinberger"), "free and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on

any of the masters or compositions" are due to Campbell or Luke Records, and Campbell released, among others, Lil' Joe and Weinberger including "for royalties to be paid in the future" as a result of this transfer.

      c.   Neither Christopher Wong Won, Mark Ross nor David Hobbs filed a claim in the Luke Bankruptcy asserting that they owned or were entitled to any rights to any of the *2 Live Crew* copyrights transferred to Lil' Joe and Weinberger. *See* Luke Docket attached herein as **Exhibit C.**

      d.   The copyright rights to *2 Live Crew*'s music were not abandoned back to Luther Campbell and/or Luke Records, Inc. in the Luke Bankruptcy. *See* Luke Docket.

      e.   Mark Ross, on November 22, 2000, filed a bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama (the "Ross Bankruptcy"), a copy of the docket of the Ross Bankruptcy is attached hereto as **Exhibit D,** ("the "Ross Docket").

      f.   In the Ross Bankruptcy, an adversary proceeding was commenced by Lil' Joe against Mark Ross, *Lil' Joe Records v Mark D. Ross (In re: Mark D. Ross),* United States Bankruptcy Court, Northern District of Alabama Adversary Proceeding No AP01-40186 (the "Ross Adversary"). *See* Ross Docket.

      g.   In a Settlement Agreement in the Ross Adversary, a copy of which is attached hereto as **Exhibit E**, Mark Ross acknowledged that, other than writer's performance rights (which are not relevant to this proceeding), "he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. … and The 2 Live Crew name which were previously owned by Luther Campbell and Luke Records…. Additionally, Debtor [( Mark Ross)] has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc."

      h.   An Amended Final Judgment and Permanent Injunction was entered in the Ross Adversary, a copy of which is attached hereto as **Exhibit F**.

      i. The copyright rights to *2 Live Crew*'s music was not abandoned back to Mark Ross in the Ross Bankruptcy. *See* Ross Docket.

      j. Christopher Wong Won was sued by Lil Joe, *Lil' Joe Records, Inc. v Christopher Wong Won,* United States District Court for the Southern District of Florida Case No. 02-22629-CIV-KING, and a Final Default Judgment as to Lawrence Wong Won and Permanent Injunction, a copy of which is attached hereto as **Exhibit G**, was entered in that action.

      k. Christopher Wong Won was sued by Weinberger, *Weinberger v Christopher Wong Won,* Eleventh Judicial Circuit Court Case No. 02-05481 CA 25 and, in a Settlement Agreement entered in that action, a copy of which is attached hereto as **Exhibit H,** Christopher Wong Won agree that Lil' Joe "own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell", "releases any claims whatsoever to those works", and further agreed that "he has no further claims to any royalties to any of the works owned by" Lil' Joe. As a result of that settlement, Christopher Wong Won further released Lil Joe and Weinberger from, among other things, "[a]ll royalties, profits and other monies or payments at any time, directly or indirectly, due or to become due" and "[a]ll rights to sue for infringements…."

      l. Luke Skyywalker Records, Inc. was renamed Skyywalker Records, Inc. which was then renamed Luke Records, Inc. Attached hereto as **Exhibits I and J** are records from the Florida Department of State showing that Luke Skyywalker Records, Inc., Skyywalker Records, Inc. and Luke Records, Inc. all shared document No. M34847.

      m. Luke Records voluntarily dissolved on December 1, 2010. A copy of Luke Records, Inc.'s Articles of Dissolution is attached hereto as **Exhibit K.**

   n. Christopher Wong Won married to Robbie Cooks as of May 8, 1991.  Marriage license is attached hereto as **Exhibit L**.

   o. Chris Wong won and Robbie Cooks were not divorced in Miami-Dade or Broward County, Affidavits of the clerks of court are attached as hereto as **Exhibit M** and **Exhibit N**.

### Certificate of Meet and Confer

 I hereby certify that on May 4, 2023, the undersigned counsel met and conferred with counsel for Defendants in an effort to resolve or streamline the issue raised herein but was unable to reach an agreement with respect to same.

        **WOLFE LAW MIAMI PA**
        175 SW 7th Street, Suite 2410
        Miami, Florida 33130
        P: 305.384.7370
        F: 305.384.7371
        Email: rwolfe@wolfelawmiami.com

      By: /s/ Richard C. Wolfe
        Richard C. Wolfe, Esq.
        Florida Bar No.: 355607

### CERTIFICATE OF SERVICE

 I hereby certify that on May 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.  
Doniger/Burroughs  
237 Water Street, First Floor  
New York, NY 10038  
scott@donigerlawfirm.com  

                                                               /s/ Richard C. Wolfe  
                                                               Richard C. Wolfe