IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by **VK** D.C.

OCT 23 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

LIL' JOE RECORDS, INC.,

    Plaintiff,

vs.

CHRISTOPHER WONG WON and
LAWRENCE WONG WON,

    Defendants.

Civil Action No. 02-22629-CIV-KING
Magistrate Judge O'Sullivan

## FINAL DEFAULT JUDGMENT AS TO LAWRENCE WONG WON AND PERMANENT INJUNCTION

THIS CAUSE having come on to be heard on the Motion of Lil' Joe Records, Inc. for entry of Default Judgment against Lawrence Wong Won under Rule 55(b)(2) of the Federal Rules of Civil Procedure. After considering the papers submitted in connection with the Application, and the papers on file in this action the Court finds as follows:

1. Default was entered against Lawrence Wong Won on October 10, 2002.

2. Lawrence Wong Won is not a minor, an incompetent person or current member of the military service.

3. Lawrence Wong Won did not appear in this action.

4. Lil' Joe Records, Inc. has established that:

    A. As early as 1985 the musical group "The 2 Live Crew" formed by member David Hobbs, began performing and recording musical compositions.

FTL:950097:1

1     **EXHIBIT "A"**

B.  The Marks "The 2 Live Crew" and "2 Live Crew" developed secondary meaning in the marketplace and became associated with the musical compositions, performances and the sound recordings of that group.

C.  The group developed rights in the Marks as common law trademarks. Further, on October 3, 1988, Luke Skyywalker Records, Inc. filed for United States Trademark in the Mark "2 Live Crew". The Mark was registered under Registration No. 1,541,967.

D.  Although that registration mark was later cancelled by administrative action in December 1995, Luke Skyywalker Records, Inc. and its related companies including Luke Records, Inc. continued to develop and expand the secondary meaning in the Marks through musical publication, performance and recording.

E.  Luke Skyywalker Records, Inc., and its assigns and related companies continued to own all rights to the common law trademarks in the Marks.

F.  In 1995, Luke Records, Inc., and its principal Luther Campbell, filed bankruptcy in the United States Bankruptcy Court, Southern District of Florida, Miami Division, Case Nos. 95-11447-BKC-RAM and 95-12795-BKC-RAM (the "Bankruptcies").

G.  In the Bankruptcies, the Plan of Reorganization was approved by Orders of the Court and, pursuant to those Orders and resulting documents the bankrupt individual and entity, including all of its related entities, transferred all right, title and interest to the trade name and service mark for "The 2 Live Crew" and "2 Live Crew" to Plaintiff Lil' Joe Records, Inc.

H.  All rights in the Marks were transferred to Lil' Joe Records, Inc. free and clear of any interest in those Marks as of April 8, 1996.

FTL:950097:1

I. Thereafter, Plaintiff continued to exploit, develop and protect the good will in the Marks by continuing sale and promotion of musical compositions and recordings of "The 2 Live Crew."

J. On March 16, 1995, Defendant Christopher Wong Won, together with others, entered into an Exclusive Recording Agreement with LJR.

K. The Exclusive Agreement defined this performing group as "The 2 Live Crew" ("ARTISTS").

L. Pursuant to the Exclusive Agreement, Christopher Wong Won agreed *inter alia*:

> That Wong Won granted to LJR "the exclusive right, throughout the world, to use and authorize the use of ARTIST's approved name, portraits, pictures, approved likeness and biographical material, either alone or in conjunction with other elements...".
>
> The exclusive agreement also provided that LJR "shall own all rights to ARTIST's current or other trade name which will be used by ARTIST during the term of this Agreement."

M. LJR has performed all obligations necessary for the institution of this action.

N. Despite the clear terms of the Exclusive Agreement and the transfer of ownership in the Marks by the bankruptcy plan, on November 5, 1996, Christopher Wong Won registered a trademark "The 2 Live Crew" under United States Registration No. 2,013,177 ("Registered Mark").

O. LJR, in accordance with its exclusive right under the Exclusive Agreement, assigned the Registered Mark to LJR and properly recorded that assignment with the United States Patent and Trademark Office, on December 24, 1998 at Reel 1735 Frame 0122.

P. Despite the clear terms of the Exclusive Agreement, and in contravention thereof, Christopher Wong Won wrongfully and fraudulently reassigned the trademark to himself by assignment of trademark dated May 26, 1999 and recorded with the United States Patent and Trademark Office at Reel 001904 Frame 0902. Christopher Wong Won fraudulently represented to the Trademark Office that he was the owner of the Registered Mark.

Q. On the same day, without consideration, and in order to defraud LJR and to deprive LJR of its ownership rights in the trademark, Christopher Wong Won further assigned the trademark to his brother, Lawrence Wong Won, and recorded that assignment with the United States Patent and Trademark Office at Reel 001904 Frame 0903 on May 26, 1999.

R. Christopher Wong Won, despite his obligations under the Exclusive Agreement and his agreement that the trademark was sole property of LJR, and Lawrence Wong Won have infringed upon the Marks and Registered Mark by, *inter alia*, retaining registration of the Registered Mark, producing sound recordings, publishing music and making live performances.

S. Defendant Lawrence Wong Won has deliberately traded upon and misappropriated for himself the vast good will represented and symbolized by the Mark which is owned by Plaintiff.

T. The acts of Defendant complained of herein constitute willful and intentional infringement of Plaintiff's trademark and total disregard of Plaintiff's rights and were commenced in spite of Defendant's knowledge that registration of the Marks and use of the similar trade name designations was and is in direct contravention of Plaintiff's aforementioned rights.

  U. Use by Defendant of the Marks is without consent, license, or permission of the Plaintiff.

  V. Defendant's aforesaid use and registration of the Marks is designed, is calculated and is likely to cause confusion, to cause mistakes, and to deceive customers and prospective customers as to the origin or sponsorship of Defendant's services and to cause them to believe that Defendant's services are those of Plaintiff, or sponsored, licensed, authorized or approved by Plaintiff, all to the detriment of Plaintiff, the trade and the public. Defendants' actions are calculated to injure Plaintiff in Miami-Dade County.

WHEREFORE, IT IS ADJUDGED that:

1. Default Judgment be entered against Defendant Lawrence Wong Won as follows:

  A. That this Court, as empowered by 15 U.S.C. § 1119, declares Plaintiff's ownership of the trademarks "2 Live Crew" and "The 2 Live Crew" ("Marks"), cancel the fraudulent assignment of the Registered Mark No. 2,013,177 made by and for Defendant Lawrence Wong Won, declare Plaintiff's right to registration of the Registered Mark, and order transfer of the Registered Mark on the registry of the Patent and Trademark Office to Plaintiff. This Court's Final Default Judgment is hereby certified by the Court, in accordance with 15 U.S.C. § 1119, to the Director of the Patent and Trademark Office who shall make appropriate entry upon the records of the Patent and Trademark Office; and

  B. The Court adjudges the Plaintiff's Marks have been infringed and diluted as a direct and proximate result of the willful acts of Defendant Lawrence Wong Won, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1125(a), the Florida Antidilution Act, Florida Statute § 495.151 and the common law of the State of Florida; and

FTL:950097:1

5

C. The Court adjudges that the Defendant Lawrence Wong Won competed unfairly with Plaintiff in violation of Plaintiff's rights of common law, and in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1125(a); and

D. That Defendant, and each of his related companies, officers, directors, agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation therewith, be permanently enjoined and restrained:

1). From using any of Plaintiff's aforementioned Marks or any trademark or designation similar thereto in connection with the sale of any unauthorized goods or rendering or any unauthorized services;

2). From using Plaintiff's Marks or any logo, trade name or other trademark which would be calculated to falsely represent or which had the effect of falsely representing that the services were products of Defendant or of any third parties or sponsored by or authorized by or in any way associated with Plaintiff, or vice versa;

3). From infringing upon Plaintiff's Marks;

4). From otherwise unfairly competing with Plaintiff;

5). From diluting the distinctive quality of Plaintiff's Marks within the meaning of Florida Statute § 495.151.

E. That the Defendant be required to deliver the destruction of all goods, boxes, labels, signs, prints, packages, wrappers, receptacles, advertisements, musical compositions, sound recordings or other written, printed or digital material in the possession or control of Defendant which bears the Plaintiff's Marks and designations, or any of them, or any culpable imitations thereof, alone or in combination with any other word or element.

FTL:950097:1

F.  That Defendant be directed to file with this Court to serve upon Plaintiff within thirty (30) days after service of the Injunction issued in this action, a written report under oath, setting forth in detail the matter of compliance with the Injunction issued.

G.  That Plaintiff have and recover its reasonable attorneys' fees incurred in this action.

H.  That Plaintiff have and recover his taxable costs and disbursements.

DONE AND ORDERED in Chambers in the Miami-Dade County, Florida, this 22 day of Oct, 2002.

_____
United States District Court Judge

Copies to:

Kevin J. O'Grady, Esquire, P.O. Box 1900, Fort Lauderdale, Florida 33302; Phone: (954) 527-2487; Fax: (954) 333-4087

Lawrence Wong Won, 3 Filbert Road, Norwalk, Connecticut 06841

Lil' Joe Records, Inc.
6157 NW 167th Street, F-17
Miami, Florida 33015

Lawrence Wong Won
3 Filbert Road
Norwalk, Connecticut 06841
SSAN 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

Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By_____ Deputy Clerk
Date 3/14/2023