JUN-24-2003 TUE 04:53 PM          FAX NO.                              P. 02
JUN-24-2003 15:23  FROM-WAMPLER BUCHANAN WALKER      +3055778546    T-678  P.002/004  F-614

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 02-05481 CA 26

JOSEPH WEINBERGER,

    Plaintiff/Counter Defendant,

vs.

CHRISTOPHER WONG WON, et al.,

    Defendants/Cross Defendants.
_____/

## SETTLEMENT AGREEMENT

Terms of the Settlement Agreement due on June 24, 2003, to be documented and amounts to be paid within fifteen (15) days of today.

1. As between HFC and WEINBERGER, WEINBERGER agrees to pay HFC Two Hundred Thirty Thousand ($230,000.00) Dollars in return for which HFC will assign all right, title and interest in the Promissory Note and Mortgage with the Wong Wons to Weinberger without recourse.

2. As between HFC, Weinberger and the Wong Wons, HFC and Weinberger agree to accept a Deed in Lieu of Foreclosure executed by Mr. and Mrs. Wong Won retaining mortgage, liens on the subject property. The Wong Wons agree to surrender possession of the property upon execution of the Deed in Lieu. There is no tenant in possession. The Wong Wons will commit no waste on its property. HFC and Weinberger agree to seek no personal judgment against the Wong Wons and agree not to report the matter to any credit agency.

3. As between Weinberger and Christopher Wong Won, Lil' Joe Records, Inc.

21363PG3923

RECEIVED  JUN-24-2003  15:07   FROM-305 577 8646    TO-WAMPLER BUCHANAN WAL    PAGE 002
RECEIVED  JUN-24-2003  15:28   FROM-              TO-WAMPLER BUCHANAN WAL    PAGE



JUN-24-2003 TUE 04:54 PM        FAX NO.                              P. 03
JUN-24-2003 15:24  FROM-WAMPLER BUCHANAN WALKER    +3055778545    T-678  P.003/004  F-614

and Lil' Joe Wein Music, Inc. ("Lil' Joe Companies"), these will exchange general releases of any and all claims whatsoever through this date. Wong Won agrees that the Lil' Joe Companies own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell. Christopher Wong Won releases any claims whatsoever to those works and to any works created for the Lil' Joe Companies.

4. Wong Won agrees that there are no royalties owed to him from the Lil' Joe Companies. Wong Won agrees he has no future claims to any royalties to any of the existing works owned by the Lil' Joe Companies.

5. Lil' Joe Records agrees to license the trademark "The 2 Live Crew" to Christopher Wong Won for a period of three (3) years renewable by Wong Won for three (3) year terms thereafter. The license shall be solely for live performances. Wong Won shall have no right to re-record any works of the Lil' Joe Companies under the license. The fees for the license shall be $100.00 per performance payable fourteen (14) days after the performance. An additional condition of the license is that there will be no criminal felony conviction of Mr. Wong Won during its term. The license is cancelable upon default in payment or upon felony conviction.

6. In the event there should be a reunion of the original members of The 2 Live Crew, (Christopher Wong Won, Luther Campbell, David Hobbs and Mark Ross) Mr. Wong Won will have the right of first refusal, exercisable within fifteen (15) days of notice to join on the same terms and conditions as the other performers provided that all four agree to participate. Any notice may be to Douglas Stratton.

7. The Lil' Joe Companies agree they have no claim for any future recording

RECEIVED  JUN-24-2003  15:07    FROM-305 577 8545      TO-WAMPLER BUCHANAN WAL    PAGE
RECEIVED  JUN-24-2003  15:28    FROM-                  TO-WAMPLER BUCHANAN WAL    PAGE

3PG3924

```
JUN-24-2003 TUE 04:54 PM                    FAX NO.                        P. 04
JUN-24-2003  15:24   FROM-WAMPLER BUCHANAN WALKER    +3055778545   T-678  P.004/004  F-614
```

obligation of Christopher Wong Won.

8. This Agreement is confidential and pursuant to Section 44.102 and each party agrees to the application of that Statute.

9. HFC, by telephone conference, authorized S. Alan Stanley, Esquire to execute this Settlement Agreement on its behalf.

10. In the event that Weinberger defaults under the terms of this Settlement Agreement with HFC, he agrees that the Note and Mortgage held by HFC shall be deemed to be held to be superior in all respects to the Note and Mortgage that he holds on the subject real property.

Dated this 24 day of June, 2003.

_____  
JOSEPH WEINBERGER

_____  
CHRISTOPHER WONG WON,  
Individually

Lil' JOE WEIN MUSIC, INC.

By _____  
JOSEPH WEINBERGER, President

_____  
KEVIN O'GRADY, ESQUIRE.  
Attorney for JOSEPH WEINBERGER

HFC

By _____  
S. ALAN STANLEY, Esquire  
on its behalf

_____  
ROBBIE WONG WON, Individually

LIL' JOE RECORDS, INC.

By _____  
JOSEPH WEINBERGER, President

_____  
DOUGLAS D. STRATTON, ESQUIRE  
Attorney for CHRISTOPHER WONG WON  
and ROBBIE WONG WON

21363PG3925

```
** TOTAL PAGE.04 **
RECEIVED  JUN-24-2003  15:07   FROM-305 677 8645   TO-WAMPLER BUCHANAN WAL   PAGE 004

RECEIVED  JUN-24-2003  15:29   FROM-           TO-WAMPLER BUCHANAN WAL   PAGE
```

