**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| LIL' JOE RECORDS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:21-CV-23727-DPG |
| | ) |
| MARK ROSS; *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' <u>CONSOLIDATED</u> OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT AND MOTION FOR LEAVE TO AMEND TO ADD NEWLY DISCOVERED ISSUE**

**[Wong-Won Declaration and Exhibit A submitted herewith]**

**TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Mark Ross, Luther Campbell, Anissa Wong Won, Christopher Wong Won, Jr., Roderick Wong Won, and Leterius Rey respectfully oppose Plaintiff's Motion for Declaratory Judgment and Motion for Leave to Amend to Add Newly Discovered Issue (the "Motions"). The Motions should be denied, as follows:

A. **Plaintiff's argument is raised too late**

While standing arguments may be made late in the proceedings, Plaintiff's argument is not based on standing. The Wong Won heirs clearly have standing to make their argument as they are the heirs of Chris Wong Won, one of the members of 2 Live Crew. The Copyright Act makes clear that an "author's surviving children" own either "the author's entire termination interest" or "one-half of the author's interest" if the author had a widow or widower at the time of passing" is divided among them. See 17 U.S.C. § 203(a)(2)(B). The heirs have standing to make the claims at issue in this matter.

In actuality, Plaintiff's argument is that Defendants cannot meet the statutory requirements of 17 U.S.C. 203(a), which requires the majority of a group that entered into a copyright-transfer to terminate that copyright-transfer. Plaintiff argues that the Wong Won heirs lack rights in their father's estate because their father left a widow at the time of passing. But that is just false, as described below. And even if it wasn't this argument and evidence in support thereof are presented far too late. Indeed, Plaintiff offers *no reason as to why he did not raise this argument* until the eve of trial. Raising this argument at this time should result in Plaintiff waiving its right to challenge the use of any evidence or testimony not proffered in discovery.

B. **Plaintiff's argument fails on the merits**

Even if the Motions were not untimely, they fail because Plaintiff has not shown, and cannot show, that no divorce occurred. And Plaintiff is estopped from arguing as much because Plaintiff has benefitted from and acknowledged that divorce in the past.

The undisputed evidence establishes that the divorce occurred. As set forth in the Declaration of Anissa Wong-Won and confirmed by the evidence attached as **Exhibit A**, which is a true and correct copy of the *Final Judgment and Decree of Divorce*, there is no dispute that the divorce proceedings were in fact completed in 2008. Given that the divorce occurred and is a

matter of public record, there is simply no basis for Plaintiff's Motions.

### C. The Motions should be denied

Given the above, Plaintiff's untimely Motions should be denied.

Dated: May 11, 2023

Respectfully submitted,

By: /s/ Scott Alan Burroughs
Scott Alan Burroughs
(admitted pro hac vice)
DONIGER / BURROUGHS
237 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com

and

Joel B. Rothman
Florida Bar Number: 98220
joel.rothman@sriplaw.com

SRIPLAW, P.A.
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendant Mark Ross, Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won, And Luther Campbell*

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that on May 11, 2023 a true and correct copy of the foregoing document was submitted to the Clerk of Court CM/ECF System to all parties listed on the e-filing Service List, which includes counsel for Plaintiff.

By: /s/ Scott Alan Burroughs
Scott Alan Burroughs