UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LIL' JOE RECORDS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:21-CV-23727-DPG |
| MARK ROSS; *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

**TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Mark Ross, Luther Campbell, Anissa Wong Won, Christopher Wong Won, Jr., Roderick Wong Won, and Leterius Rey respectfully oppose Plaintiff's Request for Judicial Notice (the "Request"). See Dkt. No. 113. The Request seeks the adjudication of a number of facts that are addressed in the parties' pending summary judgment motions and is simply improper. The Request should be denied, as follows:

### A. Plaintiff fails to support the Request with statutory or precedential authority

Plaintiff does not cite to any case law or other authority in support of its request for notice, which, alone, is sufficient to deny the request. "A party's failure to cite legal authority in support of its position 'suggests either that there is no authority to sustain its position or that it expects the court to do its research.' " *Goldberg for Jay Peak, Inc. v. Raymond James Fin., Inc.*, CASE NO. 16-21831-CIV- LENARD/GOODMAN, 2017 WL 7791564, at *7 (S.D. Fla. Mar. 27, 2017) (quoting *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970)). Plaintiff's failure to include any legal argument or citation to legal authority supporting a request for judicial notice is enough for denial of such request. *Alonso Cano v. 245 C & C, LLC*, No. 19-21826-CIV, 2022 WL 4446229, at *7 (S.D. Fla. Aug. 17, 2022), *appeal dismissed sub nom. Cano as next friend of Morejon v. 245 C&C, LLC*, No. 22-13154-HH, 2023 WL 3215334 (11th Cir. Feb. 7, 2023) (citing *Anderton v. Avery Fin. Servs.*, No. 4:10-cv-00392-EJL-CWD, 2011 WL 4584979, at *5 (D. Idaho Aug. 23, 2011) (finding that failure to cite any legal authority in support of an argument "is grounds itself for rejecting the argument") (citing *Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992)). Plaintiff fails entirely to provide any authority in support of its claim that at least 15 facts should be adjudicated.[1] The Request should be rejected.

---

[1] Plaintiff has already admitted that one of the facts that it claims is subject to judicial notice – Fact "o.," which states that Wong Won did not divorce – is wholly false. See Dkt. 16.

2

### B. The Court cannot take judicial notice of the facts from prior bankruptcy or litigation proceedings

Plaintiff requests that the Court take judicial notice of facts that it claims are established in certain documents related to prior legal proceedings, including bankruptcy and civil litigation matters. But, while the Court may take notice of the *existence* of prior proceedings, the Court cannot take notice of the facts contained within the case filings, judgments, or other documents to establish the veracity of the fact.

Under Rule 201 of the Federal Rules of Evidence, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014) (citation omitted). But "the taking of judicial notice of facts is 'a highly limited process [because] the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court.'" *Id.* (citation omitted).

To a limited extent, "[c]ourts may take judicial notice of public records, such as a pleading filed in another court, because such documents are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' " *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016) (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). But "a court may take judicial notice of a document filed in another court **not** for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (emphasis added, internal quotation marks and citations omitted). *See also Hurry Fam. Revocable Tr. v. Frankel*, No. 8:18-CV-2869-CEH-CPT, 2023 WL 23805, at *4 (M.D. Fla. Jan. 3, 2023) (citing *Grayson v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1204, 1225 (11th Cir. 2017); *Medley v. Dish Network, LLC*, 8:16-cv-2534-CEH-CPT, 2022 WL

846132, *2 (M.D. Fla. March 22, 2022) (Honeywell, J.) (taking judicial notice of documents in other litigation and documents filed by the SEC to establish the fact of the litigation and filings, but not for the truth of the matters asserted)). Here, while the Court may be able to take judicial notice of the fact that the legal proceedings referenced by Plaintiff occurred, the Court should not accept the truth of the facts or matters asserted in those proceedings or documents related to those proceedings. The Request thus fails.

Plaintiff is attempting to sidestep required procedures to establish its facts via an improper mechanism. To be sure, "[if] it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous." *Jones*, 29 F.3d at 1553 (citations omitted). *See also Grayson v. Warden, Comm'r, Alabama Doc*, 869 F.3d 1204, 1225 (11th Cir. 2017) (citing *Gen. Elec. Capital v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (explaining "we cannot allow a court to achieve through judicial notice what it cannot achieve through [issue preclusion]"); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (noting that instances where a factual finding from another court could satisfy Rule 201's indisputability requirement for judicial notice would be rare). Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury. *Jones,* 29 F.3d at 1553. *Accord United States v. Aluminum Co. of America*, 148 F.2d 416, 446 (2d Cir. 1945) (L. Hand, J.). Plaintiff's Request improperly seeks to establish facts that are better suited for motion practice or trial. Indeed, Plaintiff and Defendants *both* have pending summary judgment motions that address the facts in the Request. The Request is thus improper and should be denied.

Moreover, the bankruptcy documents relied upon by Plaintiff are of a type that courts

reject in the context of judicial notice. The *Jones* court, relying on *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388–89 (2d Cir. 1992) (citations omitted), concluded that the district court erred in granting summary judgment based on a finding of fact within a bankruptcy court order. *United States v. Jones*, 29 F.3d at 1553. This was appropriate because it is settled that a "court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' " *Liberty Mut. Ins. Co*., at 1388 (citation omitted).

Accordingly, a court may take notice of outside case documents for the limited purpose of recognizing the existence or subject matter of the litigation. *See United States v. Garland*, 991 F.2d 328, 332 (6th Cir. 1993) (citation omitted); *Colonial Leasing Co. v. Logistics Control Group Int'l*, 762 F.2d 454, 459 (5th Cir. 1985);*Patagonia, Inc. v. Worn Out, LLC*, No. 22-CV-23858, 2023 WL 3172530, at *6 (S.D. Fla. May 1, 2023) (court could take notice that the proceedings exist, but cannot accept the facts contained therein as true). Here, while the Court could take judicial notice of the existence of the bankruptcy proceedings and civil matters, it cannot take judicial notice of any of the facts identified in the Request. The Request fails.

      **C.**      **The Court cannot take judicial notice of facts that are inadmissible**

The Request is also deficient because the bankruptcy and civil proceedings that Plaintiff requests this Court to take judicial notice of are irrelevant to this matter. Plaintiff does not even attempt to establish how merely taking notice of existence of the bankruptcy and civil proceedings are relevant to this case. The request should thus be denied.

A district court may take judicial notice of adjudicative facts "that are relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Dist., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (citing Fed. R. Evid. 201). But a party may not use judicial

5

notice to circumvent the rules governing discovery and use of evidence at trial. *AGA & Titan Inc. v. United Specialty Ins. Co.*, No. 2:20-CV-02698-MCS-AS, 2022 WL 3573918, at *2 (C.D. Cal. Apr. 6, 2022) (citing Fed. R. Civ. P. 37(c)(1)).  As such, a  "court may thus refuse to take judicial notice of facts that are irrelevant to the proceeding[.]" *Ballard*, 2014 WL 11970543, at *7 (citation and internal quotation marks omitted; and quoting, *inter alia, Gisclair v. Galliano Marine Serv.*, 2007 WL 1238902, at *2 (E.D. La. April 25, 2007) ("[I]t is generally agreed that courts may not take judicial notice of irrelevant facts[.]")); *see United States v. Falcon*, 957 F. Supp. 1572, 1584-85 (S.D. Fla. 1997) (because the Advisory Committee Notes to Rule 408 "define adjudicative facts as the facts of the particular case ... which relate to the parties[,] ... a court may refuse to take judicial notice of facts that are irrelevant to the proceeding or (in certain contexts) otherwise excludable under the Federal Rules") (citations and internal quotation marks omitted); *Patagonia, Inc.,* No. 22-CV-23858, 2023 WL 3172530, at *3. Plaintiff's failure to establish relevancy dooms its request. *Vallot v. Central Gulf Lines, Inc.*, 641 F.2d 347, 350 (5th Cir.1981) (per curiam) (affirming district court's refusal to judicially notice information in the Federal Register because the movant failed to establish its relevance); *see also Kowalski v. Gagne*, 914 F.2d 299, 305–06 (1st Cir.1990) (applying Rule 403 analysis to facts judicially noticed by the district court); *United States v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982) (affirming refusal to take judicial notice of the amount of a settlement where the information was excludable under Fed. R. Evid. 408). Indeed, Plaintiff has failed entirely to even attempt to establish that the bankruptcy proceedings and civil litigation referenced in the Request have any relevance to this case.

  The Court may thus decline to take judicial notice of  the facts in the Request because Plaintiff failed to "supply the Court with the necessary information to discern their relevance[.]"

*Gilson v. Indaglo, Inc.*, No. 612CV1423ORL18GJK, 2014 WL 12872804, at *2 (M.D. Fla. Jan. 6, 2014) (quoting *Wigfall v. Saint Leo Univ. Inc.*, No. 8:10-CV-02232-T-24-TGW, 2012 WL 717868, at *4 (M.D. Fla. Mar. 6, 2012)).

Even assuming that the facts at issue in the bankruptcy proceedings could be established via judicial notice (and they cannot, as set forth above), those facts are also irrelevant, as follows:

### 1. The bankruptcy proceedings facts are irrelevant

There is no relevancy to the bankruptcy proceedings because they have no impact on the inalienable termination right. As an initial matter, the right to terminate a copyright grant for a work is **personal** because it can only be exercised by the work's "author or, if the author is dead," their heirs. 17 U.S.C.A. § 203(a)(1). And this right is also "elective" because the author or heir can decide if and when to exercise the right. Id. And as an elective personal right it will never pass to a bankruptcy estate. *In re Brand*, 251 B.R. 912, 915 (Bankr. S.D. Fla. 2000). Here, the termination right does not create a property interest until an author (or her heir) elects to exercise the right *and* only the author or heir may exercise the right. As such, the bankruptcy proceedings that occurred well before the termination right was exercised are wholly irrelevant.

The elective right to terminate copyright transfer is personal much like the personal election right that a former spouse has in a deceased spouse's estate: "The right of election is not a property interest arising from the provisions of a will; instead, it is a right to choose to take a share of the decedent's estate against the express provisions of the will. Even though electing to take an elective share interest results in the creation of a property interest of the debtor, the right of election, itself, is not a property interest of the debtor, and thus, not property of the estate. *In re Brand*, 251 B.R. at 915. This right of election does not become a property interest until the

7

right is exercised, and the same result follows for the termination right. Id. at 916 ("Florida case law supports the conclusion that the right of election is personal in nature and can only be exercised by those expressly authorized") (citations omitted); see also *In re McCourt*, 12 B.R. 587, 589 (Bankr. S.D.N.Y. 1981) ("Until the debtor exercises his personal statutory right to the election, no rights in his deceased wife's property are ascribable to the debtor."). And neither Plaintiff nor any bankruptcy court could exercise the termination right on behalf of Defendants. *In re Brand*, 251 B.R. at 915 ("the bankruptcy trustee could not force the debtor to exercise the right of election or exercise the right on behalf of the debtor."). Thus, the termination right never became the property of any bankruptcy estate and the facts related to the bankruptcy proceedings are irrelevant.

  The Copyright Act's text clearly states that the termination right set forth at 17 U.S.C. § 203 does not "become vested" until "the date the notice of termination has been served[.]" 17 U.S.C.A. § 203 (b)(2). And "regardless of the effective date, under § 203(b)(2)," the "future rights that will revert upon termination of the grant become vested *on the date the notice of termination has been served*." *Baldwin v. EMI Feist Catalog, Inc.*, No. 11-81354-CIV, 2012 WL 13019195, at *2 (S.D. Fla. Dec. 11, 2012) (emphasis added by Court, internal quotations removed). The relevant notice of termination was served in 2020, well after the bankruptcy proceedings. As an unvested right, the termination right was not part of any bankruptcy estate and those estates are thus irrelevant.

  Moreover, the termination right can only be "exercised" via the service of a termination notice on a date "after 35 and before 40 years have elapsed" from the date of the original transfer. *Korman v. HBC Fla., Inc.*, 182 F.3d 1291, 1295 (11th Cir. 1999), citing 17 U.S.C. § 203(a)(5) ("Termination of the grant may be effected notwithstanding any agreement to the

8

contrary....") (remaining citations omitted). Here, the exercise window did not open until well after any bankruptcy proceedings and the termination rights thus did not exist at the time of the bankruptcy proceedings. They simply were not part of the bankruptcy estate because the rights can only be "effected by serving an advance notice in writing[.]" 17 U.S.C.A. § 203 (a)(4).

It is settled under the Copyright Act that a grantor cannot validly "convey more than he owns[.]" *Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007). No Defendant exercised termination rights until well after the bankruptcy proceedings and as such could not have conveyed those rights as part of any bankruptcy or civil proceedings. Plaintiff admits as much, conceding that at the time of the Mark Ross bankruptcy Ross had "no rights" in regard to the recordings. See Dkt. 78, ECF pg. 5 (Plaintiff failed to number the pages of this filing). So owing, the facts related to the bankruptcies are irrelevant.

**2.      Section 541(c)(2) of the Bankruptcy Code establishes the irrelevancy**

Plaintiff may attempt to rely on 11 USC §541(c)(1)(A) to argue that the facts are relevant because they relate to Defendants losing their termination rights in bankruptcy, but that argument is terminally flawed. While 11 U.S.C. § 541 "greatly expanded the concept of property entering a bankruptcy estate[,]" it "must be cautiously applied and not expanded into a concept of the creation of property where none existed under state law. While the bankruptcy code defines the interest which becomes property of the estate, the nature and extent of the debtor's *interest* in the property is still determined by non-bankruptcy laws. *In re Polycorp Assocs., Inc.*, 47 B.R. 671, 673 (Bankr. N.D. Cal. 1985)(emphasis by Court), citing COLLIER ON BANKRUPTCY, 15th Ed. (MB), ¶ 541.061. Here, the Copyright Act would establish the "nature and extent" of Defendants' copyright interests and the Copyright Act's express language makes clear that any copyright interests that would be a part of a bankruptcy estate would **not** include the Section 230

9

termination right, which did not exist at the time of the bankruptcy *and* which is inalienable *and* which can only be exercised by an author or their heirs.

Section 541(c)(2) of the Bankruptcy Code "places a boundary on property of the estate in accordance with applicable nonbankruptcy law" so that a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law **is enforceable in a case under this title**." *In re Hilsen*, 405 B.R. 49, 56 (Bankr. E.D.N.Y. 2009)(emphasis added), citing 11 U.S.C. § 541(c)(2), *Taft v. O'Connell (In re Taft)*, 184 B.R. 189, 190 (E.D.N.Y.1995); see also *In re Davis*, 110 B.R. 573, 574–75 (Bankr. M.D. Fla. 1989)("Section 541(c)(2) of the Code requires that the property which is subject to restriction on a transfer of a beneficiary interest of a debtor is a trust which is enforceable under nonbankruptcy law to be recognized and is equally enforceable in a case filed under Title 11.").

Section 203 of the Copyright Act places a "restriction on the transfer of a beneficial interest of the debtor" and must be enforced. 11 U.S.C. § 541(c)(2). "Applicable nonbankruptcy law" means "precisely what it says: all laws, state and federal, under which a transfer restriction is enforceable." *In re Moore*, 907 F.2d 1476, 1477 (4th Cir. 1990). Here, the Copyright Act is the "non-bankruptcy" law that restricts the transfer of Section 230 termination rights and establishes that they cannot be alienated. See 17 U.S.C.§ 203 (a)(5) ("Termination of the grant may be effected notwithstanding any agreement to the contrary, including an agreement to make a will or to make any future grant."). Indeed, to "protect authors from permanently losing the rights to their works before they are able to determine the work's value, Congress created an **inalienable** right to terminate a prior grant of an interest in a copyright." *Baldwin,* 2012 WL 13019195, at *2, citing, generally Lydia Pallas Loren, Renegotiating the Copyright Deal in the Shadow of the "Inalienable" Right to Terminate, 62 Fla. L. Rev. 1329, 1333-42 (2010). As Section 230 rights

cannot be alienated and Defendants' termination rights did not even exist at the time of the bankruptcies, there was no "interest" that could have been transferred to the bankruptcy estates and the bankruptcies are irrelevant.

To the extent that Plaintiff argues that Defendants (or the bankruptcy court) agreed or decided that Defendants' Section 230 termination rights would be included as assets in their respective bankruptcy proceedings, those agreements and decisions constitute "agreements to the contrary" that are ineffective as a matter of law under 17 U.S.C. § 203(a)(5). And this "restriction on the transfer" applies here under 11 U.S.C. § 541(c)(2).

To be sure, "neither § 541(a), nor any other Bankruptcy Code provision, answers the threshold questions of whether a debtor has an interest in a particular item of property and, if so, what the nature of that interest is." *In re FCX, Inc.*, 853 F.2d 1149, 1153 (4th Cir. 1988), citing *In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (9th Cir.1986); see also 4 Collier on Bankruptcy ¶ 541.02, at 541-11 (15th ed. 1985) (The Bankruptcy Code does not "provide[ ] any rules for determining whether the debtor has an interest in property...."). As Section 541 does not dictate whether Defendants had an interest in any Section 230 rights or the nature of that interest, Section 541 actually proves that the termination rights were *not* part of any bankruptcy estate.

Moreover, since the bankruptcy estate under § 541(a) succeeds "only to those interests that the debtor had in property *prior* to commencement of the bankruptcy case[,]" and the Section 230 rights did not vest, accrue, or become effective until long after the bankruptcy filings, those termination rights were not part of any bankruptcy. *In re FCX, Inc.*, 853 F.2d 1149, 1153 (4th Cir. 1988), citing *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 662 (4th Cir.1985); see also *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir.1984) ("[W]hatever rights a debtor has in property at the commencement of the case continue in bankruptcy-no more,

no less."). As no Defendant had any vested termination interest at the time of the bankruptcies, those proceedings are irrelevant to the question of whether the termination right was owned by Defendants at the time it was exercised.

### 3. Termination rights avoid the bankruptcy estate

The bankruptcies are also irrelevant because the text of the Bankruptcy Code direct courts to determine the present value of the asset at the time of the filing, and, if there is no value to the present asset, exclude the asset from the bankruptcy estate. See *In re Satterwhite*, 271 B.R. 378, 382 (Bankr. W. D. Mo. 2002) (survivor benefits not part of the bankruptcy estate because the debtor could not sue on the date of the petition to get a lump sum of those future benefits); *In re Harter*, 10 B.R. 272, 276 (Bankr. N. D. Ind. 1981) (future pension payments is of not part of estate due to the fact that holder had no right to obtain lump sum distribution). Here, there was not only no value to the present asset, but no value to asset *at all*, as only an artist or their heir can exercise the termination right, as discussed above, and Li'l Joe was neither. See 17 U.S.C.A. § 203(a)(1). The bankruptcies are wholly irrelevant.

### 2. The 2002 Wong Won litigation is irrelevant

Plaintiff also seeks to establish that a 2002 case involving Wong Won somehow impacted the Wong Won heirs' ability to terminate the copyright. This is false because, as discussed above, the termination right is inalienable. It is thus irrelevant that Wong Won participated in a prior civil case or entered into a settlement agreement relating to his interest or assets. Here, "to establish that the question of fact that Plaintiffs identify as the purpose of judicial notice exists, the Court would have to consider the statements in the documents filed in other courts for their truth. But it is blackletter law that documents filed in another court may not be considered for that purpose." *McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 1:22-CV-1138-GHW, 2022

12

WL 16555911, at *4 (S.D.N.Y. Oct. 31, 2022), citing, e.g., *Hartmann v. Apple, Inc.*, 2021 WL 4267820, at *4 (S.D.N.Y. Sept. 20, 2021) (Woods, J.) (declining to take notice of allegations of ownership in court-filed documents in another case because judicial notice cannot be taken of filings in other courts for their truth)(remaining citation omitted). The documents from the prior civil action are irrelevant and the facts within the documents are not subject to judicial notice. The Request should be denied.

### D. The name and status of the record label are inappropriate for judicial notice

Plaintiff also asks the Court to establish the various names of the record label once owned by Defendant Campbell and reach conclusions about if, when, and how it was dissolved. But, for the reasons set forth above, Plaintiff fails to establish the relevancy of these facts or how or why the Court should take judicial notice. The documents relied upon appear to be hearsay as well and are not supported by an accompanying Declaration. The Request fails.

### E. At a minimum, the Court should conduct a hearing

It is respectfully submitted that the Request be denied outright. If the Court is inclined to grant any of the requested relief, Defendants note that "a party is entitled to an opportunity to be heard as to the propriety of taking judicial notice" before a fact is judicially noticed. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020), citing *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quotation marks omitted and alteration adopted). Indeed, "Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice. Id, citing Fed. R. Evid. 201(e). Defendants respectfully request such a hearing if the Request is not denied in full.

**E.     The Request should be denied**

Given the above, Plaintiff's Request should be denied.

Dated: May 17, 2023                                  Respectfully submitted,

                                                                 By: */s/ Scott Alan Burroughs*
                                                                 Scott Alan Burroughs
                                                                 (admitted *pro hac vice*)
                                                                 DONIGER / BURROUGHS
                                                                 237 Water Street, First Floor
                                                                 New York, New York 10038
                                                                 (310) 590-1820
                                                                 scott@donigerlawfirm.com

                                                                 and

                                                                 JOEL B. ROTHMAN
                                                                 Florida Bar Number:  98220
                                                                 joel.rothman@sriplaw.com
                                                                 **SRIPLAW, P.A.**
                                                                 21301 Powerline Road
                                                                 Suite 100
                                                                 Boca Raton, FL  33433
                                                                 561.404.4350 – Telephone
                                                                 561.404.4353 – Facsimile


## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on May 16, 2023 a true and correct copy of the foregoing document was submitted to the Clerk of Court CM/ECF System to all parties listed on the e-filing Service List, which includes counsel for Plaintiff.

                                                                 By: */s/ Scott Alan Burroughs*
                                                                 Scott Alan Burroughs