UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

      Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

      Defendants.

_____/

## CORRECTED[1] REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), hereby files this reply to Defendants' Opposition to Plaintiff's Request for Judicial Notice [DE 118] ("Opposition") as follows:

Lil' Joe asks this Court to take judicial notice of the dockets in bankruptcy proceedings and filings therein, a filing in this district court, a filing in the Eleventh Judicial Circuit state court, and filings with the Florida Department of State.[2] Request for Judicial Notice [DE 113]. These are not remote items from a "Galaxy Far Far Away", they are matters which the defendants or their predecessors in interest directly participated in and they directly touch the copyrights at issue. Judicial notice is warranted for the items Lil' Joe identified because they are "not seriously open

---

[1]     Corrected due to a scrivenor's error.

[2]     Lil Joe has provided notice that its Motion for Declaratory Judgment Based on Lack of Standing [DE 111] and Motion for Leave to Amend to Add Newly Discovered Issue [DE 112] are no longer at issue, Reply Regarding Plaintiffs Filing, etc. [DE 116], so it likewise withdraws its request for this Court to take judicial notice of items (n) & (o) of its Request for Judicial Notice [DE 113].

to dispute", *Dippin' Dots, Inc. v Frosty Bites Distribution, LLC,* 369 F.3d 1197, 1204 (11th Cir.

2004), a case cited by defendants, "that only an unreasonable person would insist on disputing",

*United States v Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994), another case cited by defendants.

While defendants do not challenge the propriety of judicial notice of the items identified by Lil'

Joe, and do not raise a single, solitary challenge to the validity of the items identified[3], they still

want to be that "unreasonable person [who] insist on disputing."

---

[3]       While defendants dispute the propriety of judicial notice, they have not disputed
the accuracy of the facts Lil' Joe referenced. Among the facts asserted by Lil' Joe in support of its
motion for summary judgment are:

   4.       In 1995 (years after Luther Campbell, Christopher Wong Won,
Mark Ross and David Hobbs transferred all of their copyright rights to *2 Live
Crew*'s music and trademark rights in *2 Live Crew*'s marks and cover designs to
Luke Records), Luther Campbell and Luke Records became the subject of
bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of
Florida which were jointly administered (the "Luke Bankruptcy"). Affidavit at p.
2, ¶ 6.  Defendants, even Luther Campbell himself, are "without sufficient
information to admit or deny this…." Defendants Responses to Request for
Admissions (Request No. 8).
   5.       Pursuant to the Joint Plan of Reorganization in the Luke
Bankruptcy, all of the copyright rights to *2 Live Crew*'s music and compositions
and trademark rights in *2 Live Crew*'s marks and cover designs were transferred to
Lil' Joe and Joseph Weinberger ("Weinberger") "free and clear of any and all liens,
claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no
royalties, whether as artist, producer, writer, publisher, or in any other capacity, on
any of the masters or compositions" are due to Luther Campbell or Luke Records,
and Luther Campbell released, among others, Lil' Joe and Weinberger, including
"for royalties to be paid in the future" as a result of this transfer. Complaint Ex B
[DE 1-3] (Joint Plan of Reorganization in Luke Bankruptcy), Affidavit at p. 3, ¶ 7.
Defendants are "without sufficient information to admit or deny this…."
Defendants Responses to Request for Admissions (Request Nos. 9, 10 & 11).
   6.       At no time did Christopher Wong Won, Mark Ross or David Hobbs
file a claim in the Luke Bankruptcy asserting that they owned or were entitled to
any rights appurtenant to any of the 2 Live Crew copyrights transferred to Lil' Joe
and Weinberger. Affidavit at p. 3, ¶ 8. Defendants are "without sufficient
information to admit or deny this" as to Christopher Wong Won or Mark Ross.
Defendants Responses to Request for Admissions (Request Nos. 12 & 13).
   7.       The 2 Live Crew copyrights transferred to Lil' Joe and Weinberger
were not abandoned back to Luther Campbell and/or Luke Records. Affidavit at p.

Defendants acknowledge that "[u]nder Rule 201 of the Federal Rules of Evidence, a court … "*must* take judicial notice if a party request it and the court is supplied with the necessary information." *Lodge v Kondaur Capital Corp.,* 750 F.3d 1263, 1272 (11th Cir. 2014)(emphasis in original). "[C]ourts may take judicial notice of public records, such as a pleading filed in another

---

3, ¶ 9.

       8.     In 2002, Weinberger sued Christopher Wong Won. Affidavit at p. 3, ¶ 10. Christopher Wong Won, in settling the claims asserted against him, agreed that Lil' Joe "own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell", "releases any claims whatsoever to those works", and further agreed that "he has no further claims to any royalties to any of the works owned by" Lil' Joe. Affidavit at pp. 3-4, ¶ 10 (Settlement Agreement in *Joseph Weinberger v Christopher Wong Won,* Eleventh Judicial Circuit Court, Miami-Dade County, Florida, Case No 02-05481 CA 25). As a result of that settlement, Christopher Wong Won further released Lil' Joe and Weinberger from, among other things, "[a]ll royalties, profits and other monies or payments at any time, directly or indirectly, due or to become due", "[a]ll rights to sue for infringements", and all rights to terminate. Affidavit at p. 4, ¶ 10 (release filed with U.S. Copyright Office).

       9.     On November 22, 2000, Mark Ross filed a bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama (the "Ross Bankruptcy"). Affidavit at p. 4, ¶ 11. In the Ross Bankruptcy, an adversary proceeding was commenced by Lil' Joe against Mark Ross and, in settling that claim Mark Ross acknowledged that, other than writer's performance rights which are not relevant to this proceeding, "he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. and Lil Joe Wein Music, Inc. and The 2 Live Crew name which were previously owned by Luther Campbell and Luke Records…. Additionally, Debtor [( Mark Ross)] has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc." Affidavit at p. 4, ¶ 11. Defendants, even Mark Ross himself, are "without sufficient information to admit or deny this…." Defendants Responses to Request for Admissions (Request No. 19).

Statement of Material Facts in Support of Motion for Partial Summary Judgment as to Count I, etc. [DE 31] at pp. 4-6, ¶¶ 4-9. Defendants did not dispute the Luther Campbell/Luke Records, Inc. bankruptcy (item 4), the plan and its contents (item 5), that no claim was filed in the Luther Campbell/Luke Records, Inc. bankruptcy (item 6), that no abandonment occurred in the Luther Campbell/Luke Records, Inc. (item 7), the lawsuit against Christopher Wong Won and its settlement (item 8), or the Mark Ross bankruptcy, the adversary proceeding and its settlement (item 9). Defendants … Statement of Material Facts [DE 37] at pp. 2-4, ¶¶ 4-9.

court, because such documents are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Navarro v City of Riviera Beach,* 192 F.Supp. 3d 1353, 1364 (S.D. Fla. 2016), another case cited by defendants. Court dockets, including state court dockets, "constitute judicially noticeable facts under Rule 201." *Paez v Secretary Florida Dept. of Corrections,* 947 F.3d 649, 652 (11th Cir. 2020), yet another case cited by defendants. Defendants want this Court to disregard PACER, a state court docket, and Sunbiz for no reason other than the facts contained therein hurt their cause.

Defendants do not contest that Lil' Joe has supplied this Court with copies of the items it seeks judicial notice. That is the end of the analysis, and this Court, even according to the authorities cited by defendants, *must* take judicial notice. Defendants themselves concede that "the Court may take judicial notice of the *existence* of prior proceedings," Opposition at p. 3, "the Court may be able to take judicial notice of the fact that the legal proceedings referenced by Plaintiff occurred," Opposition at p. 4, and "the Court could take judicial noticer of the existence of the bankruptcy proceedings and civil matters," Opposition at p. 5. That is precisely what Lil' Joe seeks.

After conceding the mandate to take judicial notice, which is all Lil' Joe asks this Court to do, defendants express various arguments to blunt the impact to their cause of the items which must be judicially noticed.

Defendants' contention that judicial notice should be rejected because Lil' Joe's notice "does not cite to case law or other authority", Opposition at p. 2, reveals their desperation. First of all, Lil' Joe cited to Fed. R.Evid. 201. Request for Judicial Notice [DE 113] at p. 1. Again, defendants concede that this authority, and this authority alone, requires this Court take judicial notice of the items identified by Lil' Joe. *Lodge,* 750 F.3d at 1272 ("Under Rule 201 of the Federal Rules of Evidence, a court … "*must* take judicial notice if a party request it and the court is supplied

with the necessary information.")(emphasis in original); *Gibson v Indaglo, Inc.,* 2014 WL 12872804 *2 (M.D. Fla. January 4, 2014)("Judicial notice of adjudicative facts is mandated…."), yet another case cited by defendants. Judicial notice is mandated because the items Lil' Joe identified "are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Navarro,* 192 F.Supp. 3d at 1364. In *Alonso Cano v 245 C&C, LLC,* 2022 WL 4446299 *7 (S.D. Fla. Aug. 17, 2022), judicial notice was not sought of court papers or other filings, but things like "Excerpt, about Wood Chipper Machines", "Excerpt, about (What is the Noise Level for Wood Chippers") and "Excerpt about Mobile Wood Chipper Machines." That is not the situation here.

Defendants' citation to *Jones* for the proposition that "the bankruptcy documents relied upon by Plaintiff are of a type that courts reject in the context of judicial notice", Opposition at pp. 4-5, is sorely misplaced. In *Jones*, a district court judge's observations in another case were sought to be used to establish that "Jones refused to come to work unless he received an increase in salary." 29 F.3d at 1553. Because these observations "do not indisputably establish that Jones refused to work … judicial notice of that fact would be inappropriate." *Id.* That is not even close to the scenario here – the bankruptcy documents Lil' Joe identifies are: (a) the existence of a bankruptcy by defendant Luther Campbell and Luke Records, Inc., who owned the copyrights at issue at that time, (b) a plan of reorganization proposed by defendant Luther Campbell and Luke Records, Inc., (c) the absence of any claim by the remaining members of *2 Live Crew* in the Luther Campbell/Luke Records, Inc. bankruptcy, (d) the absence of an abandonment of the copyrights at issue in the Luther Campbell/Luke Records, Inc. bankruptcy, (e) the existence of a bankruptcy by defendant Mark Ross, (f) the existence of an adversary proceeding by Lil' Joe against defendant Mark Ross in Mark Ross' bankruptcy, (g) a settlement of that adversary proceeding, (h) a judgment

in that adversary proceeding, and (h) the absence of an abandonment of the copyrights at issue in the Mark Ross bankruptcy. These things either happened or they didn't, and the documents Lil' Joe identifies conclusively answer those questions. *Jones* does not even address the scenario presented here.

Defendants' contention that "the bankruptcy and civil proceedings that Plaintiff requests this Court take judicial notice of are irrelevant to this matter", Opposition at p. 5, is preposterous. The parties stipulated that among the issues of law which remain for determination by this Court are:

> a.    The issues set forth in the parties' respective summary judgment motions, which remain pending.
> b.    Did Campbell and Ross divest themselves of termination rights pursuant to 17 U.S.C. §203 in their respective bankruptcy.

Pretrial Stipulation at p. 14, ¶¶ 8(a) & (b). Defendants have sought summary judgment on the basis that Luther Campbell's and Mark Ross' "termination right was not lost through bankruptcy." Defendants' Motion for Summary Judgment [DE 53] at pp. 9-12. Lil' Joe has sought summary judgment on the grounds that Luther Campbell and Mark Ross' lost their termination rights in their bankruptcies. Motion for Partial Summary Judgment as to Count I for Declaratory Relief as to the Validity of the Copyright Termination Notice [DE 30] at pp. 8-10.

In their statement of the case in the Pretrial Stipulation, defendants contend that;

> Skyywalker Records held the copyrights for the Subject Albums per the 1990 Agreement at all relevant times until it, along with Campbell, declared bankruptcy in 1995. Ultimately, through the bankruptcy process, Plaintiff, Lil' Joe, obtained the copyrights in the Subject Albums.
> Lil' Joe did not obtain via bankruptcy or settlement proceedings any interest in Defendants' termination rights.

Pretrial Stipulation [DE 97] at p. 4. The impact of Luther Campbell's and Mark Ross' bankruptcies on their termination rights is a core issue in this case-words right out of defendants' mouth.

Defendants stipulated that, among the fact issues which remain to be litigated are:

b.   Was Luke Records voluntarily dissolved on December 1, 2010.

h.   In 1995 (years after Campbell, Christopher Wong Won, Ross and David Hobbs transferred all of their copyright rights to *2 Live Crew*'s music to Luke Records), did Campbell and Luke Records became the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida which were jointly administered, *In re: Luke Records, Inc. & Luther Campbell,* United States Bankruptcy Court, Southern District of Florida Case Nos. 95-11447-BKC-RAM and 95-12794-BKC-RAM (the "Luke Bankruptcy").

i.   Were, pursuant to the court approved Joint Plan of Reorganization in the Luke Bankruptcy, all of the copyright rights to *2 Live Crew*'s music were transferred to Lil' Joe and its owner, Joseph Weinberger ("Weinberger"), "free and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on any of the masters or compositions" are due to Campbell or Luke Records, and Campbell released, among others, Lil' Joe and Weinberger including "for royalties to be paid in the future" as a result of this transfer.

j.   Did Christopher Wong Won, Ross or David Hobbs file a claim in the Luke Bankruptcy asserting that they owned or were entitled to any rights to any of the *2 Live Crew* copyrights transferred to Lil' Joe and Weinberger.

k.   Were the copyright rights to *2 Live Crew*'s music abandoned back to Campbell and/or Luke Records in the Luke Bankruptcy.

l.   Did Luke Records own the copyrights at issue until the Luke Bankruptcy.

n.   Did Ross, on November 22, 2000, file a bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama (the "Ross Bankruptcy").

o.   In the Ross Bankruptcy, was an adversary proceeding was commenced by Lil' Joe against Ross, *Lil' Joe Records v Mark D. Ross (In re: Mark D. Ross),* United States Bankruptcy Court, Northern District of Alabama Adversary Proceeding No AP01-40186 (the "Ross Adversary").

p.   In a Settlement Agreement in the Ross Adversary, did Ross acknowledged that, other than writer's performance rights (which are not relevant to this proceeding), "he has no rights (master or publishing) to any previous recordings owned by Lil' Joe Records, Inc. … and The 2 Live Crew name which were previously owned by Luther Campbell and Luke Records…. Additionally, Debtor [( Mark Ross)] has no rights (master or publishing) in any other recordings owned by Lil' Joe Records, Inc."

q.   Was an Amended Final Judgment and Permanent Injunction entered in the Ross Adversary.

r.   Were the copyright rights to *2 Live Crew*'s music abandoned back to Ross in the Ross Bankruptcy.

s.   Was Christopher Wong Won was sued by Lil Joe. *Lil' Joe Records, Inc. v Christopher Wong Won,* United States District Court for the Southern District

of Florida Case No. 02-22629-CIV-KING and was a Final Default Judgment as to Lawrence Wong Won and Permanent Injunction entered in that action.

t.   Was Christopher Wong Won was sued by Weinberger. *Weinberger v Christopher Wong Won,* Eleventh Judicial Circuit Court Case No. 02-05481 CA 25 and, in a Settlement Agreement entered in that action, did Christopher Wong Won agree that Lil' Joe "own all right, title and interest to all copyrights and trademarks previously conveyed to them in the bankruptcy of Luke Records and Luther Campbell", "releases any claims whatsoever to those works", and further agreed that "he has no further claims to any royalties to any of the works owned by" Lil' Joe. As a result of that settlement, Christopher Wong Won further released Lil Joe and Weinberger from, among other things, "[a]ll royalties, profits and other monies or payments at any time, directly or indirectly, due or to become due" and "[a]ll rights to sue for infringements…."

u.   Was Luke Skyywalker Records, Inc. renamed Skyywalker Records, Inc. which was then renamed Luke Records, Inc.

z.   Did the bankruptcy proceeding involving Defendants documents include any documents that reference any copyright "termination rights."

Pretrial Stipulation at pp. 7-10, ¶¶ 6(b), (h)-(l), (n)-(u) & (z). The items Lil' Joe seeks judicial notice answer these items precisely. There is no doubt the items identified by Lil' Joe are relevant. *Haney v. Mizell Memorial Hospital,* 744 F.2d 1467, 1475 (11th Cir. 1984)("Relevant evidence is 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"); *Jones v Carnival Corp.,* 2006 WL 5097656 *1 (SD Fla. Jan. 12, 2006)("The standard for finding evidence relevant is thus very broad.").

Defendants end with yet another bizarre, and untrue, argument – that they have not had an opportunity to be heard. Defendants filed their 14 page Opposition, that is their opportunity to be heard. *Paez,* 947 F.3d at 652-53, a case cited by defendants. "[W]e conclude proper safeguards were followed in this case. Mr. Paez had an opportunity to object to the Report and Recommendation after the magistrate judge took judicial notice…." *Id.* at 653. Nothing mandates an actual court hearing, just notice and an opportunity to address the matter. Fed. R.Evid. 201 (Note to Subdivision (e)).

This Court should grant Lil' Joe's Request for Judicial Notice [DE 113].

WOLFE LAW MIAMI PA
175 SW 7th Street, Suite 2410
Miami, Florida 33130
P: 305.384.7370
F: 305.384.7371
Email: rwolfe@wolfelawmiami.com

By:    /s/ Richard C. Wolfe
       Richard C. Wolfe, Esq.
       Florida Bar No.: 355607

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

/s/ Richard C. Wolfe
Richard C. Wolfe