**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON, AND LUTHER CAMPBELL,

    Defendants.

**CASE NO.: 1:21-CV-23727-DPG**

**DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JUNE 30, 2023 ORDER**

## BRIEF IN RESPONSE TO COURT'S JUNE 30, 2023 ORDER

The *Rosell* decision makes clear that Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), violated Federal Rules of Civil Procedure 41 and 11 when it filed its improper Notice of Dismissal and refused to withdraw the Notice after being served with a Rule 11 Motion. See *Rosell v. VMSB, LLC*, 67 F.4th 1141 (11th Cir. 2023).

Federal Rule of Civil Procedure 41 governs the "Dismissal of Actions" in general, and Rule 41(a), "outlines the procedure for voluntary dismissals at the parties' request." *Rosell,* 67 F.4th at 1143. Rule 41(a)(1) sets forth the manner in which a plaintiff can dismiss an action without a court order, and Rule 41(a)(2) specifies when an action can be dismissed at a plaintiff's request only by court order. *Id*. Lil' Joe Records complied with neither section.

In *Rosell*, the plaintiff's complaint alleged three counts, and both sides filed cross-motions for summary judgement. *Id*. at 1143. A magistrate judge recommended granting partial summary judgement for defendant on counts I and II and denying summary judgment on count III. *Id*. While the district court was considering the magistrate judge's report, the parties settled count III. *Id*. Plaintiffs moved the district court to approve settlement and dismiss count III with prejudice. *Id*. The *Rosell* Court held that the dismissal as to count III was improper because is sought to dismiss less than the entire action, and thus, remained pending with the court. *Id*. at 1144.

In reaching its conclusion in *Rosell*, the Court reiterated that that "Rule 41(a) does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *Id*., quoting *In re Esteva*, 60 F.4th 664, 667 (11th Cir. 2023). The Eleventh Circuit further clarified that such rule applies to both Rule 41(a)(1) and 41(a)(2). *Id*. To be abundantly clear, the Eleventh Circuit specifically stated that "Federal Rule Civil Procedure 41(a)(2) provides only for the

dismissal of an entire action." *Rosell*, 67 F.4th at 1143. Indeed, any "attempt to use [Fed. R. Civ. P. 41(a)] to dismiss of a single claim, or anything less than the entire action, will be invalid". *Id.*

Here, Plaintiff, Lil' Joe, attempted to dismiss nine of the ten counts in the present action under Federal Rule 41(a). Specifically, Lil Joe filed a notice of dismissal governed by Rule 41(a)(1) to attempt to dismiss without prejudice as to counts II-V. He also sought leave under Rule 41(a)(2) to dismiss without prejudice counts VI-X.[1] Both requests were improper under Rule 41(a) and the reasoning of *Rosell*. Because Lil Joe is attempting to dismiss less than the entire action – i.e., only nine of the ten claims it filed and litigated for years – Rule 41(a) makes clear that the dismissals are invalid. *Rosell*, 67 F.4th at 1144.

Courts applying *Rosell* have concluded that the Defendants' position – that counts II-X should be adjudicated on summary judgment in favor of Defendants – is the appropriate one. See, e.g., *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2023 WL 4138450, at *1, fn. 3 (N.D. Fla. June 22, 2023)("[…] Rule 41(a)—which governs voluntary dismissals—only permits the dismissal of an entire action, not individual claims."), citing *Rosell v. VMSB, LLC*, 67 F. 4th 1141 (11th Cir. 2023). In *3M*, the court rejected a voluntary dismissal and instead entered summary judgment, holding that the "claims have clearly been abandoned; therefore, summary judgment is granted in favor of Defendant on those claims." Id., citing *Am. S. Homes Holdings, LLC v. Erickson*, No. 4:21cv95, 2023 WL 4032657, at *2, n.1 (M.D. Ga.

---

[1] It is worth noting that that Rule 41(a) may allow a court to dismiss all claims against *a particular defendant*, and where it involves a multi-defendant suit, this may allow for the dismissal of all claims against one defendant while leaving all claims pending against another defendant. *See Rosell*, 67 F.4th at 1144 n.2. This comports with the rule's text because an "action" refers to all the claims against *one party*, not necessarily all the claims in a case involving multiple defendants. *Id*. While multiple defendants are involved in the present case, this would not and cannot apply here because at least one claim – count I – is brought against *all* the defendants, and Lil' Joe has not sought to have that claim dismissed.

June 15, 2023) (granting summary judgment to plaintiff on counterclaim that had "clearly been abandoned" where parties had stipulated to its dismissal but other individual claims remained).

And cases that predate *Rosell* are in accord, "consistently observ[ing] that Rule 41(a) does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *In re Esteva*, 60 F.4th at 677 (internal quotation marks omitted), citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); accord *Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 n.1 (11th Cir. 2010) (citing *Klay*, 376 F.3d at 1106) (same); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016) ("Rule 41 speaks of voluntary dismissal of an action, not a claim. ... A district court cannot dismiss some claims while leaving others pending." (quotation marks and citation omitted)); *Gov't Emps. Ins. Co. v. Glassco, Inc.*, 58 F.4th 1338, 1343 (11th Cir. Feb. 6, 2023) ("[R]ule 41(a)(1) permits voluntary dismissals only of entire actions, not claims." (quotation marks and citation omitted)). To be sure "our cases make clear that a voluntary dismissal purporting to dismiss a single claim is invalid, even if all other claims in the action have already been resolved. Id. at 677-679 (citation omitted).

Lil' Joe violated Rule 41 when purporting to dismiss counts II, III, IV, and V, and these counts remain pending before this Court. *Rosell*, 67 F.4th at 1144 (voluntarily dismissal of less than all the claims in the action is invalid and the court "still must address or otherwise dispose of the claim in some manner") (internal citations and quotations omitted). Lil' Joe also violated Rue 41 through its improper attempt to dismiss counts VI-X and these claims too remain pending. See id.

Lil' Joe's attempts to circumvent the requirements of the Federal Rules should be denied and counts II-X should be adjudicated in Defendants' favor as part of the Court's summary judgment ruling. Moreover, it is respectfully submitted that Rule 11 sanctions should issue, as

the above authority regarding dismissals "has been consistent on this point for almost two decades." Id., citing, e.g., *Klay,* 376 F.3d at 1106; *Campbell,* 605 F.3d at 841, n.1. There was never a doubt that Lil' Joe's attempt to avoid an adverse ruling on its meritless counts was improper and in clear violation of the Federal Rules. Thus, Rule 11 sanctions are appropriate.

Dated: July 6, 2023          Respectfully submitted,

*/s/  Scott Alan Burroughs*
SCOTT ALAN BURROUGHS
(admitted *pro hac vice*)
**DONIGER / BURROUGHS**
237 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com

JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendants*