UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON, AND LUTHER CAMPBELL,

    Defendants.

**CASE NO.: 1:21-CV-23727-DPG**

## DEFENDANTS' NOTICE OF CASE LAW RELIED UPON AT THE JUNE 30, 2023 HEARING AND OTHER RELEVANT MATERIAL AND REQUEST TO FILE A SUPPLEMENTAL BRIEF

## NOTICE OF CASE LAW AND REQUEST TO SUPPLEMENT

TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendants herewith submit a list of case citations that were provided to the court and relied upon at the June 30, 2023 hearing. To the extent those cases are cited below, and to the best of counsel's recollection, as he has not yet had the opportunity to review the transcript, the case names cited during the hearing are underlined.

Given the complicated matters of copyright law and at least one matter of first impression at issue, Defendants also seek leave to include additional authority that provides context and authority relevant to issues that arose during the hearing, as included below, and to submit a supplemental brief. Defendants note that Plaintiff filed a 35-page brief addressing the issues after the hearing, titled, *Notice of Response to Defendants' Motion in Limine*, despite the deadline for that submission having passed months ago. The below authority provides further context and authority relevant to the issues pending before the Court. It is respectfully submitted that the below be considered and that leave to submit a short brief be granted.

**A.  Bankruptcy does not divest an author of the termination right**

**1.  The right is personal and can only be exercised by the author or their heirs and was thus never property of any bankruptcy estate**

\*  "Florida case law supports the conclusion that the right of election is personal in nature and can only be exercised by those expressly authorized under FLA.STAT. § 732.2125." <u>In re Brand</u>, 251 B.R. 912, 916 (Bankr. S.D. Fla. 2000)("it would be improper for the Trustee to exercise the Debtor's personal right of election. As no right of election will be properly exercised, no elective share interest exists in the instant case. Thus, the elective share interest in the estate of Shirley Brand is not property of the bankruptcy estate."), citing *Harmon v. Williams*,

615 So.2d 681, 682 (Fla.1993), aff'g, 596 So.2d 1139 (Fla. 2d DCA 1992); *Smail v. Hutchins*, 491 So.2d 301, 302 (Fla. 3d DCA 1986); *In re Estate of Anderson*, 394 So.2d 1146, 1147 (Fla. 4th DCA 1981).

* "In sum, if the trustee, or a creditor, can neither compel the debtor to exercise the right of election, nor exercise it in his behalf, it necessarily follows that it is not an interest in property within the reach of Code s 541." <u>In re McCourt</u>, 12 B.R. 587, 591 (Bankr. S.D.N.Y. 1981). And "the mandate of Code s 521(2) that the debtor should cooperate with the trustee does not extend to the involuntary exercise of a personal right that does not fall within the category of property interests comprising the debtor's estate as delineated under Code s 541." Id. And a bankruptcy trustee cannot compel the bankruptcy debtor to exercise an elective right because "the unexercised statutory right is not a property interest" but is rather a personal right. Id. at 589.

* "With limited exceptions, § 541 of the Bankruptcy Code provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *In re Miller*, 441 B.R. 154, 156 (Bankr. S.D. Fla. 2010), citing 11 U.S.C. § 541(a)(1). But there is "a distinction between "property", and an unexercised right of election to take property. *In re Whitt*, 534 B.R. 320, 324 (Bankr. N.D. Ohio 2015), citing *In re Jahrling*, 514 B.R. 565, 574–575 (Bankr.N.D.Ill.2014)(remaining citations omitted). Under "Florida law, the right of election is a personal right of the surviving spouse." *In re Miller*, 441 B.R. 154, 156 (Bankr. S.D. Fla. 2010), citing *Harmon v. Williams*, 615 So.2d 681, 682 (Fla.1993). The "right of election, itself, is not a property interest of the debtor, and thus, not property of the estate." Id*.,* citing <u>In re Brand</u>, 251 B.R. 912, 916 (Bankr.S.D.Fla.2000).

* When a right is a "personal right that the surviving spouse may choose to exercise or not, such unexercised right cannot constitute an asset or property of the surviving spouse's estate

3

upon his or her death." *Henry v. Casey*, No. E202200933COAR3CV, 2023 WL 3222703, at *10 (Tenn. Ct. App. May 3, 2023) (citations omitted).

\*         *In re Jahrling,* 514 B.R. 565, 575 (Bankr. N.D. Ill. 2014), *aff'd sub nom. Jahrling v. Est. of Cora*, 530 B.R. 679 (N.D. Ill. 2015), *aff'd sub nom. In re Jahrling*, 816 F.3d 921 (7th Cir. 2016) (holding that because the elective share right is a personal right, until the spouse makes the election, "the property that he could receive cannot be claimed by his creditors or become property of his bankruptcy estate").

\*         Llewellyn Joseph Gibbons, *Then, You Had It, Now It's Gone: Interspousal or Community Property Transfer and Termination of an Illusory Ephemeral State Law Right or Interest in Copyright*, 24 Fordham Intell. Prop. Media & Ent. L.J. 95, 125 (2013) ("Also, a prior voluntary transfer of a copyright that is now part of a bankruptcy estate and is otherwise eligible for termination of the initial transfer could also be terminated under the provisions of § 203(a) because **the bankruptcy code does not trump the 1976 Copyright Act**."), citing 17 U.S.C. § 203(a)(emphasis added).

**2.       The right did not exist at the time of the bankruptcy and was thus not part of the bankruptcy estate**

\*         *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 985 (9th Cir. 2008) ("Thus, only once a copyright grant is terminated and the right has reverted to an author or his statutory heirs may the reverted copyright interest be effectively assigned.")

\*         "It is also evident that an elective share interest does not exist until the statutory right of election is properly exercised." <u>*In re Brand*</u>, 251 B.R. 912, 916 (Bankr. S.D. Fla. 2000), citing *Harmon v. Williams*, 596 So.2d 1139, 1141–42 (ineffective election resulted in forfeiture of elective share), aff'd, 615 So.2d 681 (Fla.1993).

4

\*	An "elective share interest does not exist until the statutory right of election is properly exercised." *In re Miller*, 441 B.R. 154, 156 (Bankr. S.D. Fla. 2010), citing *In re Brand*, 251 B.R. 912, 915-916 (Bankr.S.D.Fla.2000); see also <u>In re McCourt</u>, 12 B.R. 587, 589 (Bankr.S.D.N.Y.1981) ("Until the debtor exercises his personal statutory right to the election, no rights in his deceased wife's property are ascribable to the debtor.").

\*	"Section 541(a)(1) does not apply because the Elective Share did not exist as of the Petition Date. The Trustee's argument that the Debtor was entitled to acquire the Elective Share on the Petition Date simply restates the fact that the Debtor had the personal right of election on the Petition Date. The Debtor's right of election, however, is not a property interest under § 541(a)(1)." *In re Miller*, 441 B.R. 154, 157 (Bankr. S.D. Fla. 2010)

\*	Under § 203(b)(2), "[t]he future rights that will revert upon termination of the grant become vested *on the date the notice of termination has been served*." *Baldwin v. EMI Feist Catalog, Inc.,* No. 11-81354-CIV, 2012 WL 13019195, at \*2 (S.D. Fla. Dec. 11, 2012) (emphasis in original).

3.	**The bankruptcy transfers at issue are "<u>agreements</u>" and thus could not transfer the termination right because such agreements are void under Section 203(a)(5)**

\*	An "agreement" is: "1. A mutual understanding between two or more persons about their relative rights and duties regarding past or future performances; a manifestation of mutual assent by two or more persons. 2. The parties' actual bargain as found in their language or by implication from other circumstances, including course of dealing, usage of trade, and course of performance." AGREEMENT, Black's Law Dictionary (11th ed. 2019), citing UCC § 1-201(b)(3).

\*      "The term 'agreement,' although frequently used as synonymous with the word 'contract,' is really an expression of greater breadth of meaning and less technicality. Every contract is an agreement; but not every agreement is a contract. […] Further, even an agreement which is intended to affect the legal relations of the parties does not necessarily amount to a contract in the strict sense of the term. For instance, a conveyance of land or a gift of a chattel, though involving an agreement, is … not a contract; because its primary legal operation is to effect a transfer of property, and not to create an obligation." 2 AGREEMENT, Black's Law Dictionary (11th ed. 2019), citing Stephen's Commentaries on the Laws of England 5 (L. Crispin Warmington ed., 21st ed. 1950).

\*      "Agreement is in some respects a broader term than contract, or even than bargain or promise. It covers executed sales, gifts, and other transfers of property." AGREEMENT, Black's Law Dictionary (11th ed. 2019), citing 1 Samuel Williston, A Treatise on the Law of Contracts § 2, at 6 (Walter H.E. Jaeger ed., 3d ed. 1957).

\*      A bankruptcy "plan becomes a binding contract between the debtor and the creditors and controls their rights and obligations." *In re Page*, 118 B.R. 456, 460 (Bankr. N.D. Tex. 1990), citing *In re Kentucky Lumber Co.*, 860 F.2d 674 at 679 (6th Cir.1988); see also *Paul v. Monts (In re International Plastics, Inc.)*, 906 F.2d 1468, 1474–76 (10th Cir.1990) (confirmation of a Chapter 11 Plan creates a binding contract which may be enforced in state courts).

\*      The bankruptcy plan "contractually bound" the debtor. *In re Toy King Distributors, Inc.*, 256 B.R. 1, 86 (Bankr. M.D. Fla. 2000), citing *In re Page*, 118 B.R. 456, 460 (Bankr.N.D.Tex.1990) ("In essence, the plan becomes a binding contract between the debtor and the creditors and controls their rights and obligations."); *United States v. Shepherd Oil, Inc. (In*

*re Shepherd Oil, Inc.*), 118 B.R. 741, 751 (Bankr.D.Ariz.1990) ("Certainly a plan of reorganization is a binding contract.").

  **B. An owner of a company for purposes of running the company is not an employee for purposes of creating copyrighted works**

\* <u>Clancy v. Jack Ryan Enterprises, Ltd.</u>, No. CV ELH-17-3371, 2021 WL 488683, at \*26 (D. Md. Feb. 10, 2021)("[I]n cases where the hired party is also an owner or partner of the company asserting ownership, courts have declined to find a work made for hire because of the company's lack of control over the owner.")

\* <u>Woods v. Resnick</u>, 725 F. Supp. 2d 809, 824 (W.D. Wis. 2010)(co-owner of business had "an inherent right to control the business," was not "under control of" the LLC, and therefore the work could not be considered to be made for hire)

\* <u>Brown v. Flowers,</u> 297 F. Supp. 2d 846, 852 (D.N.C. 2003) (plaintiff-owner did not create works on a for-hire basis

\* <u>Donaldson Publishing Co. v. Bregman, Vocco & Conn, Inc</u>., 375 F.2d 639, 643 (2d Cir. 1967) (where author was the dominant person in the corporation, court could not find that his work was done at the "instance" of the corporation), cert. denied, 389 U.S. 1036 (1968)

\* <u>Jules Jordan Video, Inc. v. 144942 Canada Inc.</u>, 617 F.3d 1146, 1156 (9th Cir. 2010) ("Gasper [the plaintiff] was the sole officer, director, and shareholder of JJV, exercised complete control over it, and made all decisions concerning JJV and production of the films. It was all Gasper all the time. JJV as employer and Gasper as employee could certainly agree as to the scope of the employee's employment, and could agree that Gasper should retain all copyrights. Since JJV was Gasper, JJV intended whatever Gasper intended, and if Gasper intended that his creative work be outside the scope of his employment with JJV, there was no one to disagree.")

\*      A "worker can be both an employee and an independent contractor concurrently for one employer." <u>Leevson v. Aqualife USA Inc.</u>, 770 F. App'x 577, 582 (2d Cir. 2019)

### C.      Royalty payments are evidence that an individual did not create a work-for-hire

\*      "[W]here the creator of a work receives royalties as payment, that method of payment generally weighs against finding a work-for-hire relationship." <u>Siegel v. Time Warner Inc.</u>, 496 F. Supp. 2d 1111, 1138 (C.D. Cal. 2007), citing <u>Playboy Enterprises, Inc. v. Dumas</u>, 53 F.3d at 555; see also *Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d at 881 (9th Cir. 2005) abrogated on other grounds, (finding that "expense" requirement met when publisher agreed to pay the author "a lump sum for writing the book, instead of negotiating a royalty deal").

### D.      The statute of limitations for Plaintiff's ability to challenge the labels' ownership and disturb the status quo has expired

\*      <u>Finch v. Casey</u>, No. 22-20144-CIV, 2023 WL 1796450, at \*5 (S.D. Fla. Feb. 7, 2023) ("This is not a case in which Casey can be deemed to be a defendant in an aggressor's posture, trying to use an affirmative defense as a sword rather than a shield to disturb some long-lasting status quo between the parties."), citing *Donald Everly v. Everly*, 536 F. Supp. 3d 276, 283–84 (M.D. Tenn. 2021) (barring affirmative defense that mirrored defendants' ownership counterclaim, where defendants "sought to topple the status quo under which [plaintiff] had been operating since 1980").

### E.      Section 541 of the Bankruptcy Code requires the Court to apply Section 203(a) of the Copyright Act

\*        *In re Putman*, 110 B.R. 783, 787 (Bankr. E.D. Va. 1990)(Under "§ 541(c)(2), if "applicable nonbankruptcy law" enforces restrictions on the transfer of a debtor's interest in a trust, those restrictions are enforceable in bankruptcy and such interest is excluded from the bankruptcy estate.")

\*        *Stewart v. Abend*, 495 U.S. 207, 230, 110 S. Ct. 1750, 1765, 109 L. Ed. 2d 184 (1990)("The 1976 Copyright Act provides a single, fixed term, but provides an inalienable termination right. See 17 U.S.C. §§ 203, 302.")

\*        17 U.S.C.A. § 203(a)(5) ("Termination of the grant may be effected notwithstanding any agreement to the contrary, including an agreement to make a will or to make any future grant.")

\*        *In re Mosley*, 42 B.R. 181, 191 (Bankr.D.N.J.1984) (finding that "[t]he reference of 'applicable nonbankruptcy law' in section 541(c)(2) refer[s] to all law that might normally apply outside of bankruptcy proceedings, including ERISA")

F.        **Section 365(c) of the Bankruptcy Code requires the application of Section 203 of the Copyright Act**

\*        *In re Patient Educ. Media, Inc.*, 210 B.R. 237, 242 (Bankr. S.D.N.Y. 1997)("Section 365(c) is directed to contracts that, regardless of their provisions, would not be assignable under applicable nonbankruptcy law. Hence, the court must look to the "applicable law" and determine whether PEMI can assign the Katzenstein license. Ordinarily, a court will apply state contractual law to disputes concerning the scope of a copyright license. State contractual law will yield, however, to an overriding federal law or policy. The federal policy designed to protect the limited monopoly of copyright owners and restrict unauthorized use constitutes applicable nonbankruptcy law. It prevents the trustee from assigning the nonexclusive license absent the owner's consent.")(all citations omitted).

\*       *In re Golden Books Fam. Ent., Inc.*, 269 B.R. 300, 309 (Bankr. D. Del. 2001) ("The issue under § 365(c) thus becomes a question of copyright law: Does copyright law preclude the free assignment of the licenses at issue?"), citing In *re Patient Educ. Media, Inc.*, 210 B.R. 237 (Bankr.S.D.N.Y.1997); See *Perlman v. Catapult Entm't Inc. (In re Catapult Entm't, Inc.),* 165 F.3d 747 (9th Cir.1999)(remaining citations omitted).

\*       *Integrated Sols., Inc. v. Serv. Support Specialties, Inc.*, 124 F.3d 487, 492 (3d Cir. 1997) ("once a property interest has passed to the estate, it is subject to the same limitations imposed upon the debtor by applicable nonbankruptcy law."), citing *In re American Freight Sys., Inc.*, 179 B.R. 952, 960 (Bankr.D.Kan.1995); see also *In re Transcon Lines*, 58 F.3d 1432, 1438 (9th Cir.1995) (noting that "nonbankruptcy law defines the nature, scope, and extent of the property rights that come into the hands of the bankruptcy estate"), *cert. denied sub nom. Gumport v. Sterling Press, Inc.*, 516 U.S. 1146, 116 S.Ct. 1016, 134 L.Ed.2d 96 (1996); *In re Sanders*, 969 F.2d 591, 593 (7th Cir.1992) ("[A] bankruptcy trustee succeeds only to the title and rights in property that the debtor had at the time she filed the bankruptcy petition.").

\*\*\*

As established at the hearing, this matter concerns complex questions of copyright law and at least one matter of first impression. To the extent allowed by the Court, Defendants respectfully request that the Court consider the above case law and allow the parties the opportunity to file short briefs to address the issues raised during the oral arguments.

DATED: July 17, 2023                         Respectfully submitted,

                                             */s/ Scott Alan Burroughs*
                                             SCOTT ALAN BURROUGHS
                                             (admitted *pro hac vice*)
                                             **DONIGER / BURROUGHS**

237 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com

ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on July 17, 2023 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorneys of record via the CM/ECF system.

*/s/ Scott Alan Burroughs*
Scott Alan Burroughs