UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON, and LUTHER CAMPBELL,

    Defendants.

**DEFENDANTS' EVIDENTIARY OBJECTIONS AND RESPONSE TO PLAINTIFF'S CORRECTED NOTICE OF FILING ADDITIONAL DOCUMENTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants, Mark Ross, Luther Campbell, Anissa Wong Won, Christopher Wong Won, Jr., Roderick Wong Won, and Leterius Rey ("Defendants"), hereby respond and object to, and request to strike all or portions of, the Plaintiff Lil' Joe Records, Inc. ("Lil' Joe") recently filed "additional documents" filed in support of Plaintiff's Motion for Summary Judgment [Dkt 154, 154-1, 155, and 155-1], following evidence offered by Plaintiff Lil' Joe Records, Inc. ("Lil' Joe") in its Opposition to Defendants' Motion for Summary Judgment.

**I.     The documents prove Defendants' position, if anything**

These documents make clear that the albums at issue were not works-for-hire and that the

bankruptcy and other agreements did not divest Defendants of their termination rights.

### A. The music at issue was not a "work-for-hire"

These documents further establish that Defendants were not record-label employees and did not create the albums at issue as works-for-hire. Had Defendants been record-label employees the record label would have owned the albums' copyrights from inception. Where a work is "made for hire," the "employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." *Sterpetti v. E-Brands Acquisition, LLC*, No. 6:04-CV-1843-ORL-3DA, 2006 WL 1046949, at *4 (M.D. Fla. Apr. 20, 2006), quoting 17 U.S.C. § 201(b). Thus, if 2 Live Crew were employees then the record label would *already* own the copyrights and no "recording agreements" [1] or other rights grants would be necessary.

The 1990 and 1991 agreements, signed by all members of 2 Live Crew establish that they were not employees. And Plaintiff now submits *more* evidence of "recording agreements" (Plaintiff has failed to ever provide a single "employment agreement between 2 Live Crew and the label. The 1990 agreement and the 1991 agreement and this "new" evidence all prove the same thing – that 2 Live Crew were not employees of the record label. The recording agreements

---

[1] Commentators agree that recording artists do not tend to be employees of the labels. See, e.g., Scott T. Okamoto, *Musical Sound Recordings as Works Made for Hire: Money For Nothing and Tracks for Free*, 37 U.S.F. L. REV. 783, 801, note 17 (2003); Randy S. Frisch & Matthew J. Fortnow, *Termination of copyrights in sound Recordings: Is There a Leak in the Record Company Vaults?*, 17 COLUM.-VLA J.L. & ARTS 211, 221, note 7 (1993)

between 2 Live Crew and the label would be superfluous[2] if they were employees because the label would be "considered the author" of the albums.[3]

**B.   Plaintiff's claims that the label owned the copyrights violate the statute of limitations**

The records, at Dkt. 155-1 show that Luke Records knew, in 1995, that Wong Won claimed ownership of the copyrights for music that he recorded under his agreement(s) with Luke Records. Yet, Luke Records did not at that time or any time thereafter challenge that ownership. Per this "circuit's discovery accrual rule, claims about the ownership of a copyright are timely if a plaintiff files suit within three years of when the plaintiff knew or reasonably should have known that the defendant violated the plaintiff's ownership rights." *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1327 (11th Cir.), cert. granted in part, 144 S. Ct. 478, 216 L. Ed. 2d 1313 (2023). Here, any claim that Wong Won or any other Defendant did not initially own the copyrights for the music at issue is untimely.

**C.   The documents do not assist Lil' Joe**

The existence of a 1991 agreement has no impact on the termination at issue, which related to the albums transferred under the 1990 agreement. The 1991 agreement did not reference these already recorded albums at all. And the plain language of the 1991 agreement made clear that it was for additional records to be recorded later. And these new documents drive this point home. In Dkt. 155-1, there are specific references to the "Greatest Hits project," "The Chinaman Project," and the "Priority Project (Hootchie Mama"), none of which were part of the

---

[2] As would the publishing agreement previously submitted as Exhibit 67and attached hereto as **Exhibit A**. If any of 2 Live Crew were employees of the record label then none of them would have the right to enter into this publishing agreement granting rights relevant to the albums. Yet, all of 2 Live Crew entered into the agreements because they and not the label were the "authors" of the work.

[3] Lil' Joe recently sued another recording artist that sought to enforce his termination rights against the label. See **Exhibit B**.

1990 agreement or this case and all of which were recorded *after* the 1991 agreement was signed.

## II.    The documents are inadmissible as offered by Lil' Joe

The Court cannot consider inadmissible evidence in reviewing a summary judgment motion. *Long-Hall v. USA Ready Mix*, No. 1:08-CV-1546-CAP-AJB, 2010 WL 11496945, at *6 (N.D. Ga. Feb. 2, 2010), *report and recommendation adopted*, No. 1:08-CV-1546-CAP-AJB, 2010 WL 11507392 (N.D. Ga. Mar. 3, 2010); citing *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999). So owing, information presented in opposition to summary judgment must be substantively admissible, even if the actual form of the information is not. *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.,* 906 F. Supp. 645, 649 (M.D. Fla. 1995). This view is in accord with several other Courts of Appeal. *See Thomas v. International Business Machines*, 48 F.3d 478, 485 (10th Cir.1995) ("the nonmoving party need not produce evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible.")(citing *Winskunas v. Birnbaum,* 23 F.3d 1264, 1267–68 (7th Cir.1994); *Garside v. Osco Drug, Inc*., 895 F.2d 46, 50 (1st Cir.1990) (stating that hearsay testimony that would be inadmissible at trial, may not be included in an affidavit to defeat summary judgment). With this framework in mind, the following evidence should be excluded and stricken:

### A.    Hearsay

"The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Macuba v. Deboer*, 193 F.3d 1316, 1322–23 (11th Cir. 1999). Exhibits based on hearsay or lacking foundation must be disregarded by the Court, and Rule 56 requires that an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or

01168633.2

declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). And Rule 56(e) requires that "affidavits" that support or oppose summary judgment motions "shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." This rule also applies to testimony given on deposition." See also *Randle v. LaSalle Telecomms., Inc.*, 876 F.2d 563, 570 n.4 (7th Cir.1989). Hearsay is an out-of-court statement of someone other than the person who made the statement used to prove the truth of the matter asserted. FED. R. EVID. 801. The documents submitted each contain hearsay statements and should be excluded as set forth in the chart below.

### B.  Lack of personal knowledge

"For a matter to be considered within a witness's personal knowledge, it must be 'derived from the exercise of his own senses, not from the reports of others—in other words, [it] must be founded on personal observation.'" *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 18-21365-CIV, 2019 WL 2013136, at *3 (S.D. Fla. Mar. 7, 2019), quoting, *U.S. v. Evans*, 484 F.2d 1178, 1181 (2nd Cir. 1973), quoting 2 Wigmore, Evidence, 3d ed. 1940, § 657. This means that "where there is a strict statutory requirement that an affidavit be based upon personal knowledge, as in Rule 56(e), then an affidavit based on information and belief is insufficient." *Tingley Sysems v. Bay State HMO Management Inc*., 833 F. Supp. 882, 884 (M.D. Fla. 1993). The documents submitted are not introduced by a witness to authenticate them and testify based on the declarants personal knowledge what the documents are, where they came from, or that they are correct. Each contains statements not within the personal knowledge of the declarant and based on hearsay. These documents are identified in the chart below and should be excluded.

### C.  Information not produced during discovery

Federal Rule of Civil Procedure 37(c)(1) states that, "[i]f a party fails to provide

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.,* 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.,* 233 F.R.D. 687, 697 (N.D. Ga. 2006)); see also *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 160-61 (11th Cir. 2005); *Incardone v. Royal Caribbean Cruises, Ltd.*, No. 16-20924- CIV, 2019 WL 2709810, at *7 (S.D. Fla. June 28, 2019); *Eli Research LLC v. Must Have Info Inc.*, No. 2:13-cv-695, 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015). The additional evidence filed by Plaintiff was not produced during discovery and was not disclosed during any depositions in this case.

In addition to being unauthenticated, lacking personal knowledge, and being hearsay, the additional evidence contains several statements that do not rise to the standards of admissibility under the Federal Rules of Evidence:

| **Evidence** | **Objection** |
|---|---|
| January 9, 1995 Letter of Christopher Wong Won to Luther Campbell: | Lack of foundation or personal knowledge (FRE 602); No authentication (FRE 901); Hearsay (FRE 802); Irrelevant (FRE 403); Not produced during the pendency of discovery FRCP 37. Plaintiff files this letter without any |

6

01168633.2

| | |
|---|---|
| | supporting declaration from someone with personal knowledge as to the letters authenticity. Further, the statements contained in the letter are hearsay as they are out of court statements which presumably Plaintiff is offering for the truth of the matter asserted without any personal knowledge or foundation. The recipients and author of the letter have not been questioned regarding the letter or authenticated it as genuine. It is also irrelevant given it concerns the April 1, 1991 Recording Agreement which did not involve the albums at issue in this case. |
| February 15, 1995 letter from Douglas D. Stratton on behalf of Christopher Wong Won to Luke Records, Inc. | Lack of foundation or personal knowledge (FRE 602); No authentication (FRE 901); Hearsay (FRE 802); Irrelevant (FRE 403); Not produced during the pendency of discovery FRCP 37. Plaintiff files this letter without any |

| | |
|---|---|
| | supporting declaration from someone with personal knowledge as to the letters authenticity. Further, the statements contained in the letter are hearsay as they are out of court statements which presumably Plaintiff is offering for the truth of the matter asserted without any personal knowledge or foundation. The recipients and author of the letter have not been questioned regarding the letter or authenticated it as genuine. It is also irrelevant given it concerns the April 1, 1991 Recording Agreement which did not involve the albums at issue in this case. |

### III. Conclusion

For the foregoing reasons, Defendants respectfully request the identified paragraphs from Plaintiffs' supporting affidavits be disregarded or stricken.

Dated: March 11, 2024

Respectfully submitted,

By: */s/ Joel B. Rothman*
Scott Alan Burroughs, Esq.
(admitted *pro hac vice*)
DONIGER / BURROUGHS
237 Water Street, First Floor

8

New York, New York 10038
(310) 590 – 1820
scott@donigerlawfirm.com

*-with-*

Joel B. Rothman, Esq.
SRIPLAW
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
(561) 404-4350
joel.rothman@sriplaw.com

01168633.2