UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

        Plaintiff,

V.

MARK ROSS, et al.,

        Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANTS' EVIDENTIARY OBJECTIONS**

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants, Mark Ross, Luther Campbell, Anissa Wong Won, Christopher Wong Won, Jr., Roderick Wong Won, and Leterius Rey ("Defendants"), hereby respond to Plaintiff, Lil' Joe Records, Inc.'s ("Lil' Joe"), Reply to Defendants' Objections. See Dkt. No. 157.

Defendants apologize to the Court for this string of supplemental papers but submits that this is the result of Lil' Joe submitting "new" evidence from 1995 months after the oral arguments on the pending motions and well after the close of discovery. Lil' Joe's recent submission includes false statements of fact and law, forcing Defendants to correct the record, as follows:

**I.    The albums at issue are clear**

Contrary to Lil' Joe's position, there is no confusion as to which albums were subject to the 1990 agreement. The termination letter clearly identified albums that were recorded before

1990 and subject to the copyright transfer set forth in the 1990 agreement. Those albums are *The 2 Live Crew is What We Are, Move Somethin'*,[1] *As Nasty as They Wanna Be*, and *As Clean as They Wanna Be* ("Subject Albums"). See Defendants' MSJ, Ex. 3. All of the Subject Albums were recorded before the 1991 agreement was executed.

## II. The 1990 agreement is at issue

Lil' Joe represents, on the second of the unnumbered page of its Reply, that the 1991 agreement is somehow relevant. It is not. It is undisputed that the Subject Albums were recorded before the 1990 agreement was signed and certainly before the 1991 agreement was signed. The 1991 agreement is for recording services to be provided in the *future* and as such could not apply to the Subject Albums. Further, no reference is made to the Subject Albums in the 1991 agreement. This agreement is not at issue here. The 1990 agreement, which memorializes prior oral grants, is at issue and contrary to the assertions in Lil' Joe's assertions, this agreement is clearly identified in Defendants' termination letter.[2] See Defendants' MSJ, Ex. 3.

## III. Work-for-hire cannot be established retroactively

As noted above, it is undisputed that the Subject Albums were recorded before the 1991 agreement was signed. Despite this, Lil' Joe asserts on page three of its brief that the 1991 agreement renders the Subject Albums works-for-hire. This is false, as settled law makes clear that an "employer for hire" relationship cannot be established *after* the work has been created. *Gary Friedrich Enterprises, LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 316 (2d Cir. 2013) ("the Agreement appears to create an "employee for hire" relationship, but the Agreement could

---

[1] A clean version of this albums is also identified in the notice by Copyright Registration No. SR0000359017.

[2] And even if there were issues with the notice, they would be well within the "harmless error" exception set forth at 37 CFR § 201.10(e).

01168633.2

not render Ghost Rider a "work made for hire" *ex post facto,* even if the extrinsic evidence shows the parties had the intent to do so.").

Even if that were not the case, "an agreement made subsequent to a work's creation which retroactively deems it a work for hire constitutes an agreement to the contrary under § 304(c)(5) of the 1976 Act." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 292 (2d Cir.2002), (internal quotation marks omitted). Thus, an employer cannot contractually transform a creator or author of a copyrighted work into an "employee for hire." Id. Otherwise, works not satisfying the "for hire" test could be "coerced by post-facto agreements designating such works to be something they are not: "works for hire."" Id. at 291–92. So, the 1991 agreement cannot convert the previously recorded Subject Albums into "works-for-hire" and even if it could, it would be an "agreement to the contrary" and thus invalid under 17 U.S.C. § 203.

### IV. Discovery malfeasance

Lil' Joe admits on page four of its brief that it has "approximately 300 bankers boxes of Luke Records' business records." This came as a surprise to Defendants, as these documents **were never produced** to Defendants in discovery. It is highly prejudicial for Lil' Joe to be combing through business records relevant to this case after he both refused to produce same to Defendants and failed to review them in connection with Defendants' discovery requests.

This concession also raises a prior dispute between the parties. There was a 1991 litigation between Defendant Ross and Luke Records that involved a contract breach. See **Exhibit C.** Given that the 1991 agreement was only recently signed at the time of this litigation, it is highly likely that this litigation addressed the 1990 agreement and is further proof that it was entered into by the parties.

Richard Wolfe, Esq., counsel for Lil' Joe here, was counsel of record in that 1991 action.

01168633.2

See **Exhibit D**. He initially included the case file for this litigation in the parties' Exhibit List for use at trial in this case. When Defendants objected that the case file had not been produced in discovery and requested the immediate production of a copy, Wolfe claimed to not have a copy of the case file and refused to provide same. This was problematic because the court's official case file is no longer available and Wolfe may have the only remaining copy of the case file. The fact that he has "300 boxes" of related material and has not yet reviewed (and did not review during discovery) this material makes it likely that he has the 1991 litigation case file.

The fact that there is no evidence in these 300 boxes that directly refutes the terms of the 1990 agreement speaks volumes. But, to the extent the court does not grant Defendants' motion, Defendants respectfully request that the Court order Wolfe and Plaintiff to provide Defendants access to those 300 boxes and also produce the 1991 litigation file that Lil' Joe included in the first draft of the Exhibit List for this case.

| | |
|---|---|
| Dated: March 15, 2024 | Respectfully submitted, |

By: */s/ Joel B. Rothman*
JOEL B. ROTHMAN
FL Bar No. 98220
Joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, Florida 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and
Scott Alan Burroughs, Esq.
(admitted *pro hac vice*)
scott@donigerlawfirm.com

**DONIGER / BURROUGHS**
237 Water Street

01168633.2

                                                              First Floor
                                                              New York, New York 10038
                                                              310.590.1820 – Telephone

*Counsel for Defendants*

01168633.2