UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

    Defendants.
_____/

## MOTION TO STRIKE STANLEY COBBLE AS A REBUTTAL WITNESS AND PRECLUDE HIS TESTIMONY

Plaintiff, Lil' Joe Records, Inc. ("Lil Joe"), moves this Court to strike Stanley Cobble as a rebuttal witness and preclude him from testifying at trial and as grounds therefore states:

Defendants have identified Stanley Cobble as a witness on their witness list contained in the Pretrial Stipulation. Pretrial Stipulation [DE 97] at p. 46[1]. Stanley Cobble was not disclosed in a Fed. R.Civ. P. 26(a)(1) initial disclosure. Pursuant to this Court's Scheduling Order, etc. [DE 17] the parties were required to exchange lists of witnesses intended to be called at trial by August 15, 2022. Stanley Cobble was not disclosed on Defendants Witness List [DE 28]. Pursuant to this Court's Scheduling Order, etc. [DE 17] fact discovery was closed on November 3, 2022. Lil' Joe timely served interrogatories seeking disclosure of people with knowledge about the facts in this case, and Stanley Cobble was not identified by any of the defendants. Responses to Plaintiff's First

---

[1] Lil' Joe noted that it "objects to this witness who was not previously disclosed", Pretrial Stipulation [DE 97] at p. 46, and immediately so informed defendants' counsel.

Set of Interrogatories (interrogatory number 2) and Plaintiff's Second Set of Interrogatories (interrogatory number 2), a copy each of which are collectively attached hereto as Exhibit A. Lil' Joe timely deposed the people disclosed who it desired to inquire of – Stanley Cobble was not deposed because he was not disclosed. Stanley Cobble was not mentioned in any of the depositions conducted by any party.

Stanley Cobble was first disclosed as a witness at 5:04 pm on April 19, 2023, the day the Pretrial Stipulation was due. While Lil' Joe had provided an initial draft Pretrial Stipulation to defendants on April 4, 2023, and between then and April 19 a number of drafts and revisions thereto had been exchanged, not a single one of them mentioned Stanley Cobble as a witness until an hour before the Pretrial Stipulation was filed.

As a result of the foregoing, Lil' Joe asked this Court to strike Stanley Cobble as a witness. Motion to Strike Stanley Cobble as a Witness and Preclude His Testimony [DE 144]. This Court ruled that "Defendants may call Mr. Cobble as a rebuttal witness, and his testimony shall be limited as such." Paperless Order [DE 144]

Based on this ruling, Lil' Joe asked defendants to coordinate Mr. Cobble's deposition (since Mr. Cobble was never disclosed, Lil' Joe does not have his address). These requests were made orally and in emails on, among other dates, April 2, 2024, May 28, 2024, June 20 & 25, 2024, and July 1, 11, 15 & 16, 2024). Despite these repeated requests, defendants have not provided either an address for Mr. Cobble or an agreement to accept service of a subpoena on his behalf and proposed dates for his deposition.  Consequently, Stanley Cobble must be stricken as a rebuttal witness and not permitted to testify at trial. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information

or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R.Civ. P. 37(c)(1).

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), Lil Joe's counsel has made reasonable efforts to confer with defendants' counsel in a good faith effort to resolve the issue raised herein by email on April 2, 2024, at 5:23 pm ("Yes, I would like to depose Mr. Cobble"); May 28, 2024, at 12:03 pm ("also please provide a date for this depo."); June 20, 2024, at 2:47 pm ("We have informed you that we want to take Stanley Cobble's deposition, please provide me with a few dates when he is available for deposition."); June 25, 2024, at 4:10 pm ("We told you that we want to take Stanley Cobble's deposition, once again we ask you for a few dates when he is available and either let us know if you will accept a subpoena for him or provide his address."); July 1, 2024, at 10:10 am ("Following up to get … (ii) proposed dates for Stanley Cobble's deposition and either your agreement to accept a subpoena for him or provide his address."); July 11, 2024, at 11:50 am ("This request has been pending for 3 weeks - all we need are … dates for Stanley Cobble's deposition with either your agreement to accept a subpoena for him or his address so we can serve him."); July 15, 2024, at 1:08 pm ("We have been patiently awaiting your response, but we need to move forward in light of the upcoming trial. … Likewise, if we do not receive dates for Stanley Cobble's deposition with either your agreement to accept a subpoena for him or his address so we can serve him, we will file a motion to strike Mr. Cobble as a rebuttal witness. We sincerely hope that you will provide the responses we have been seeking so that these steps will be unnecessary."); and July 16, 2024, at 3:03 pm ("What about Stanley Cobble's deposition?") and 5:41 pm ("You still have not mentioned anything about Cobble's deposition.".)

For the foregoing reason, Lil' Joe requests that this Court enter an order striking Stanley Cobble as a rebuttal witness and precluding him from testifying at trial and grant all other relief this Court deems just and appropriate.

>WOLFE LAW MIAMI PA
>175 SW 7th Street, Suite 2410
>Miami, Florida 33130
>P: 305.384.7370
>F: 305.384.7371
>Email:
>rwolfe@wolfelawmiami.com
>
>By:   /s/ Richard C. Wolfe
>      Richard C. Wolfe, Esq.
>      Florida Bar No.: 355607

CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

>/s/ Richard C. Wolfe
>Richard C. Wolfe