UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON
and LUTHER CAMPBELL,

    Defendants
_____/

## RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE

Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe"), hereby responds to the Motions in Limine [DE 171](the "Motion") filed by Defendants, Mark Ross, Luther Campbell, Anissa Wong Won, Christopher Wong Won, Jr., Roderick Wong Won and Leterius Ray, as follows:

Motion in Limine Standard

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *Gonzalez v Ross Dress For Less, Inc.,* 2022 U.S. Dist. LEXIS 208983 *2 (S.D. Fla. Nov. 17, 2022). "Courts thus grant them 'only if the evidence in question is clearly inadmissible.'" *Government Employees Ins. Co. v Seco,* 2022 U.S. Dist. LEXIS 223576 *10 (S.D. Fla. Dec. 12, 2022). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Gonzalez,* 2022 U.S. Dist. LEXIS 208983 *2. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.*

Because defendants fail to show how the matters they complain of are "inadmissible on any relevant ground", the Motion must be denied.

## The letters

Defendants ask this Court to preclude two letters from Christopher Wong Won to Luther Campbell and his company, Luke Records, Inc., and from Christopher Wong Won's counsel to Luke Records, Inc. (the "Letters"), which Lil' Joe belatedly uncovered and immediately provided to defendants' counsel. No basis exists to preclude this admitted relevant evidence.

The Letters are among numerous materials that were delivered by Luke Records, Inc., owned and controlled by Luther Campbell, to Lil' Joe as part of Lil' Joe's purchase of Luke Records, Inc. assets (the "Luke Records Documents"). The Luke Records Documents were in deplorable condition when delivered to Lil' Joe; attached hereto as **Exhibit 1** are photos of the documents when delivered (among shards of glass and trash). Upon their receipt, decades ago, Lil' Joe incorporated the Luke Records Documents into its own records.

Lil Joe uncovered the Letters in October 2023. The Letters had been misplaced in the file of another artist when they were delivered as part of the Luke Records Documents and remained misplaced in that other artist file when they were incorporated into Lil' Joe's records. In October 2023 Lil' Joe had to go into that other artist's file and uncovered the Letters, which were promptly provided them to defendants' counsel.

Defendants claim prejudice because they cannot "depose case witnesses on their substance." That assertion is disingenuous, at best. Defendants' counsel was told on October 24, 2023, that "Attached are 2 documents which were recently located: (1) February 15, 1995, letter from Douglas D. Stratton, Esq. to Luke Records, Inc., etc., and (ii) January 9, 1995, letter from Christopher Wong Won to Luther Campbell, etc. along with certified mail return receipts. Lil' Joe

2

intends to add these to its exhibit list. Because they were not available when his deposition was conducted, Lil' Joe would make Mr. Weinberger available for deposition, but limited as to these two items." See **Exhibit 2**. Lil' Joe followed up on numerous occasions offering defendants the opportunity to take depositions regarding the Letters including on October 26, 2023 ("if you wish to take a deposition of Joe about these documents, we will make him available, so you cannot claim you have been prejudiced in any manner."), March 18, 2024 ("Since we produced these documents late in the game, I am willing to give the opportunity to depose my witnesses on these 2 documents, so there is no prejudice to you. let me know if you would like to do so."), April 2, 2024 ("Let me know when (if) you wish to depose my guys."),  June 20, 2024 ("You had indicated that you wanted to take Allen Jacobi's deposition - please provide us with proposed dates for that deposition."), June 25, 2024 ("If you want to take Allen Jacobi's deposition, please provide us with proposed dates for that deposition and we will coordinate.") and July 16, 2024 ("Scott, for more than 6 months you have ignored our emails. I invited you to depose Weinberger on these documents. I invited you to depose Jacobi. You have NEVER responded"). The foregoing emails are attached hereto as **Composite Exhibit 3**. Defendants were given ample opportunity to take whatever depositions they desired; any prejudice to defendants by not deposing witnesses about the Letters was caused by defendants' decision not to do so.

S.D. Fla. L.R. 26.1 "shall govern discovery disputes." S.D. Fla. L.R. 26.1 (g)(1). "A party *must* submit any discovery dispute to the Court by service of a motion … within the time periods…." S.D. Fla. L.R. 26.1 (g)(2)(A)(emphasis added). The applicable time period is "twenty-eight (28) days of the date when the issue was first raised with the opposing party." S.D. Fla. L.R. 26.1 (g)(2)(A)(iv). This issue was first raised on October 24, 2023, so the time for defendants to bring it before this Court has long passed.

3

The Letters are from Christopher Wong Won and his counsel to Luther Campbell and his company, Luke Records, Inc. Anissa Wong Won and Christopher Wong Won Jr., as successors to Christopher Wong Won's termination rights, and Luther Campbell, bring this claim and this Motion. Assumedly the Letters were also in their records so they had just as much access to them and, having sent or received them, better knowledge of their existence than Lil' Joe.

While defendants claim that the Letters were not produced in discovery, they do not refer to any discovery in which it was requested. On October 26, 2023, Lil Joe's counsel asked defendants' counsel: "I don't think any of your discovery requests would have covered these documents… but I did not go back and double check. If you think otherwise, please let me know." Defendants counsel never, in the intervening 9 months, identified where the Letters were requested in discovery. But even if they were, the delayed production does not justify their exclusion in evidence as it was both substantially justified and harmless. Fed. R.Civ. P. 37(c)(1). As the saying goes, a picture is worth a thousand words - simply looking at Exhibit 1 hereof, which depicts the condition in which these records were delivered to Lil' Joe, establishes Lil' Joe's justification in its delayed discovery of the Letters. Defendants ability to take depositions concerning the Letters, and failure to do so (despite Lil' Joe repeatedly asking defendants if they want to do so), establishes that the delay was harmless. *Jones v City of Heflin,* 207 F.Supp. 3d 1255, 1281 (N.D. Ala. 2016)(delay harmless when party could have sought to reopen discovery to take a deposition about tardily disclosed information).

Adverse inference instruction

Defendants seek a spoliation adverse inference jury instruction related to (i) counsel's file from a lawsuit that ended in 1992 (the "Litigation File"), and (ii) "300 boxes of potentially relevant evidence that Lil Joe refused to turn over in discovery."

4

Lil' Joe believes the Litigation File pertains to *Hobbs v Campbell*, United States District Court, Southern District of Florida Case No. 92-00081-CIV-JWK, in which Lil' Joe's counsel in this case was counsel for Mark Ross. The *Hobbs* case was closed on December 8, 1992.

Lil' Joe never had the Litigation File, the Motion as to the Litigation File is directed to Lil' Joe's counsel. The Litigation File was destroyed by counsel as part of his regular document retention/destruction protocol. According to counsel's best estimate, this destruction occurred in approximately 2000, decades before this case was commenced or counsel was put on notice that it was contemplated. Nothing sinister occurred, nor is anything untoward alleged-this was simply part of normal law office procedure. Since the Litigation File no longer exists, Lil' Joe's counsel did not have it[1], did not refuse to produce it, and cannot produced what does not exist. Because Lil' Joe never had the Litigation File, it cannot produce it.

Defendants have not identified what the "300 boxes of potentially relevant evidence" refers to. Lil' Joe presumes this refers to the Luke Records Documents. If that is the case, as previously pointed out the Luke Records Documents have not existed in the format which they were delivered to Lil' Joe for a long time before this case existed as they were integrated into Lil' Joe's records. Even though incorporated into Lil' Joe's records, these materials were never destroyed. The Luke Records Documents pertain not only to *2 Live Crew* and its members, but various other artists who have absolutely nothing to do with this case, would not be discoverable let alone relevant and, dispositive of this request, critical to defendants.

---

[1] Contrary to defendants' assertion, Lil Joe's counsel never "represented that he had a copy of the file", to the contrary on May 5, 2023, he told defendants' counsel that he hoped to be able to obtain it but was unsuccessful so he doesn't have it. Not only does this refute defendants' assertion, but in waiting over a year to raise this issue it is untimely. S.D. Fla. L.R. 26.1(g).

The cases cited by defendants in the Motion show why they are not entitled to an adverse inference instruction.

*Point Blank Solutions, Inc. v Toyoro America, Inc.,* 2011 WL 1456029 *1 (S.D. Fla. April 5, 2011), considered a Motion for Determination of Spoilation of Evidence and Appropriate Sanctions based upon the destruction of certain evidence. "In this Circuit, a court cannot give an adverse inference jury instruction-the primary, specific relief sought by Plaintiffs-as a sanction for spoliation of documents or other discovery information, including emails, unless there is evidence of bad faith." *Id.* at *1 & * 28 (""The Eleventh Circuit has stated that 'the key to unlocking a court's inherent power to impose sanctions for discovery abuses is a finding of bad faith.").

> Eleventh Circuit law … requires bad faith, not mere negligence or gross negligence, before imposing an adverse jury instruction. Because Plaintiffs have not established that bad faith is the cause of the allegedly deleted emails and electronically stored information (ESI), the Court cannot order an adverse inference jury instruction at trial.
> But Plaintiffs are not entitled to an adverse inference here for *another* reason beyond the absence of bad faith-their failure to establish that the missing evidence is *crucial* to their ability to prove their prima facie case.

*Id.* at *1 (emphasis in original). Bad faith may be proved circumstantially, but

> [t]o demonstrate that [someone] destroyed evidence on bad faith through circumstantial evidence, [the moving party] must establish all of the following four factors: (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator.

*Id.* at *29.

Bad faith exists when "a party purposely 'tampers with the evidence.'" *Id.* at *9. "[M]ere negligence in losing or destroying records or evidence are insufficient to justify an adverse inference instruction for spoliation." *Id.* at *10. "[E]ven grossly negligent discovery conduct does

6

not justify that type of jury instruction." *Id.* The "300 boxes" were never destroyed. "[I]nformation lost as a result of the routine, good-faith operation of an electronic information system" is no basis to impose discovery sanctions. *Id.* at *10. That is what happened to the Litigation File, it was destroyed in accordance with counsel's file retention policy-no intentional thought was given that it was good or bad for an action that was nowhere near anticipated. Defendants have not established, they have not even tried to establish, bad faith. "[C]ourts deny the requested instruction when no bad faith is shown." *Id.* Having failed to show bad faith, the Motion must be denied.

The plaintiff, as the moving party on a spoliation motion, has the burden of proof. *Id.* at *9. The party seeking spoliation sanctions must prove first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense. *Id.* at *9.

A duty to preserve evidence exists when a lawsuit has been filed or is reasonably anticipated. *Id.* at *11. Lil' Joe never had the Litigation File, so it can't have a duty to preserve something it never had, and it should not be subject to an adverse inference for something it did not do. As to counsel, the Litigation File was routinely destroyed literally decades before this action was commenced, far before anybody could reasonably anticipate this action (yet again, something defendants do not address, let alone meet their burden of proving). Even if the Motion was directed to counsel, and an adverse inference instruction was sought as to counsel, no basis exist because counsel was under no duty to preserve the Litigation File.

"To prevail on its motion for spoliation sanctions, [a party] must demonstrate that it is 'unable to prove its underlying action owing to the unavailability of the allegedly spoliated evidence.'" *Id.* at *27. "In meeting the requirement to demonstrate that the spoliated evidence was

7

crucial to the movant's ability to prove its *prima facie* case or defense, it is not enough that the spoliated evidence would have been relevant to a claim or defense." *Id.* at *8. But that is all defendants claim (they don't even say it is relevant, they refer to it as "potentially relevant evidence" and "it is highly likely" the Litigation File has relevant materials, but that is not enough). The moving party "must also 'demonstrate that the deleted documents had more than 'tangential relevance' to its claims.'" *Id.* "The Court cannot make 'an 'inferential leap' that because some relevant documents are in existence, the deleted documents must have been relevant also.'" *Id.*

Defendants do not show how they were impaired at all, let alone to the level required, where any duty to preserve the Litigation File existed, or that anything in the Litigation File or the "300 boxes" is critical (they actually don't say anything about the contents of the "300 boxes" at all). If a party "cannot show that it is 'sufficiently impaired in its ability to prove its case,' then it cannot show 'entitlement to an adverse inference based on any destruction of documents.'" *Id.*

In *Patrick v Forster and Howell, Inc.,* 681 F.Supp. 3d 1253, 1255 (N.D. Fla. 2023), like here, a party filed a motion for an adverse jury instruction based on destruction of evidence. "Federal law requires the party moving for spoilation sanctions to show that 'the absence of the evidence at issue is predicated on bad faith.'" *Id.*

> Here, Plaintiff does not allege that Defendant acted in bad faith in either losing or destroying the relevant video surveillance footage. Nor does Plaintiff point to any evidence suggesting that Defendant may have acted in bad faith. Indeed, Plaintiff does not even allege how Defendant might have lost or destroyed the relevant video surveillance footage. Plaintiff may be able to show that Defendant was negligent in losing or destroying the relevant video surveillance footage, but "mere negligence" is not enough to support Plaintiff's spoilation argument. …
> Absent direct evidence of bad faith, Plaintiff could also argue that Defendant engaged in an affirmative act that cause the loss of evidence and which necessarily shows bad faith. … Plaintiff, however, makes no such claims and offers no evidence that would allow this Court to find that Defendant acted in bad faith.

8

*Id.* (citations omitted). Accordingly, the motion for an adverse jury instruction was denied. *Id.* Again, all defendants proffer was that the Litigation File was destroyed, not by Lil' Joe, but by counsel, which counse explains was part of counsel's routine file destruction procedure which occurred decades before this action began. That is not, as a matter of law, bad faith, certainly not by Lil' Joe. *Point Blank,* 2011 WL 1456029 at *10.

*Green Leaf Nursery v E.I. DuPont De Nemours and Co.,* 341 F.3d 1292, 1308 (11th Cir. 2003), addresses a cause of action for spoliation, not a motion for spoliation sanctions. Different standards apply to a spoliation cause of action as opposed to a request for an adverse inference due to spoliation. *Id. Green Leaf,* simply adds nothing.

<u>Presenting circumstances surrounding these items to the jury</u>

Defendants ask to be able to "introduce evidence that Wolfe represented Ross in the 1991 litigation, Wolfe claimed to have a copy of the 1991 litigation file at the time the current case was pending, Wolfe refused to produce that 1991 litigation file, and that Lil' Joe refused to provide Defendant access to 300 boxes of potentially relevant evidence." Since Lil' Joe did nothing wrong with these items, in fact much of what defendants propose is false, no basis exist to present this clearly irrelevant evidence.[2]

Defendants base their request on an observation in *Point Blank* which cites as authority to *Managed Care Solutions, Inc. v Essent Healthcare, Inc.,* 736 F.Supp. 2d 1317, 1334 (S.D. Fla. 2010). *Managed Care* says "the district court may determine that the circumstances surrounding the defendant's failure to retain relevant documents after February 2009 are admissible at trial." 736 F.Supp. 2d at 1334. February 2009 was the demarcation point because that was when the

---

[2] In the event that this Court permits defendants to offer any such evidence, then Lil' Joe should be allowed to amend its exhibit list to include evidence, including the emails among counsel referenced herein, showing that defendants' contentions are false.

9

party's duty to preserve documents arose since that is when an attorney letter referencing the claim that was ultimately asserted was sent. *Id.* at 1326. Here the Litigation File was not destroyed by Lil' Joe, so it did not fail to retain relevant documents, and the "300 boxes" were never destroyed. Even if the focus was on counsel's permissible destruction of the Litigation File, it was before any duty to preserve it could arise. *Point Blank* and *Managed* Care do not support what defendants seek.

<u>Reference to bankruptcy</u>

Defendants ask this Court to preclude Lil' Joe from utilizing exhibits from bankruptcy proceedings assuming that they relate to the argument that Luther Campbell and Mark Ross lost their termination rights pursuant to 17 USC §203 as a result of their bankruptcies. Defendants' assumption is wrong, Lil' Joe intends to use these exhibits for another issue that the parties have stipulated this Court will address at trial. Pretrial Stipulation [DE 97] Because defendants have not met their "burden of demonstrating that the evidence is inadmissible on any relevant ground", "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Gonzalez,* 2022 U.S. Dist. LEXIS 208983 at *2.

Additionally, this Court's preliminary rulings on summary judgment do not, at this stage, mandate exclusion of this evidence even on the issue addressed at summary judgment. This Court, in its Paperless Order [DE 166] says "granting in part 53 Defendants' Motion for Summary Judgment as to Counts II - X. Defendants' Motion is otherwise denied. A detailed written order will follow." That detailed written order has not been issued. Lil' Joe filed a Motion for Reconsideration and/or Alternatively Rule 54(B) Certification [DE 164] as to this Paperless Order. Defendants moved to strike that request because "Lil' Joe filed this motion before the Court issued

the written decision that the motion challenges. Thus, it is premature, as the parties have not yet had an opportunity to review the substance and analysis of that decision." Motion to Strike and Response to Plaintiff's Notice of Supplemental Authority (Dkt. No. 163) and Motion for Reconsideration (Dkt. No. 164)[DE 165]. This Court granted defendants' motion, striking Lil' Joe's Motion for Reconsideration as "premature as the Court has not yet issued its detailed written order." [DE 167] Defendants can't have it both ways-if consideration of this Court's oral pronouncement is "premature as the Court has not yet issued its detailed written order" because, in defendants' own words "the parties have not yet had an opportunity to review the substance and analysis of that decision", then defendants, and this Court, cannot at this time evaluate the propriety of any evidence offered at trial based upon a decision this Court has not yet issued.

## Conclusion

For the foregoing reasons, this Court should deny Mark Ross, Christopher Wong Won Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell's Motions in Limine [DE 171].

            WOLFE LAW MIAMI PA
            175 SW 7th Street, Suite 2410
            Miami, Florida 33130
            P: 305.384.7370
            F: 305.384.7371
            Email: rwolfe@wolfelawmiami.com

            By:    /s/ Richard C. Wolfe
                     Richard C. Wolfe
                     Florida Bar No.: 355607

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified,

either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Joel Rothman, Esq.
SRIP LAW PA
21301 Powerline Road, Ste 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

Scott Burroughs, Esq.
Doniger/Burroughs
237 Water Street, First Floor
New York, NY 10038
scott@donigerlawfirm.com

                                                      /s/ Richard C. Wolfe
                                                      Richard C. Wolfe