UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23727-DPG

LIL' JOE RECORDS, INC.,

      Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON, AND LUTHER CAMPBELL,

      Defendants.

## OPPOSITION TO MOTION TO STRIKE

Defendants, Mark Ross,[1] Christopher Wong Won Jr., Roderick Wong Won, Leterius Ray, Anissa Wong Won and Luther Campbell (the "Defendants"), oppose Plaintiff, Lil' Joe Records, Inc.'s ("Lil' Joe") Motion to Strike, Dkt. No. 169. This Motion should be denied for the following reasons:

### A.   The motion is an improper request for reconsideration

Plaintiff's motion is a motion for reconsideration in disguise and must be rejected. Lil' Joe moved to exclude Stanley Cobble's testimony on May 3, 2023 and it was rejected by the Court, who found it to be proper rebuttal testimony. Paperless Order, Dkt. No. 144. This first motion was filed despite the parties meeting and conferring in May of 2023 and Defendants' counsel advising that the testimony would be offered in rebuttal. See Burroughs Decl. ¶1, Ex. 1.

---

[1] Mr. Ross has passed away. His heir will likely be entering an appearance in his stead shortly. See 17 U.S.C. 203(a)(2) (authorizing heir to pursue termination under this Section).

1

Despite this, Lil' Joe filed the first motion, which was rejected, and now files a second motion with the same argument and evidence, again requesting that Mr. Cobble be denied the opportunity to offer rebuttal testimony.

The motion should be denied because reconsideration is only appropriate when there is "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Seff v. Broward Cnty.*, No. 10-61437, 2011 WL 13111723, at *1 (S.D. Fla. Aug. 19, 2011). Lil' Joe has not even attempted to meet any of these grounds. Instead, it merely "ask[s] the Court to rethink what the Court already thought through—rightly or wrongly." *Am. Univ. Of Caribbean, N.V. v. Carital Healthcare, Inc.*, No. 08-20374, 2011 WL 13174780, AT *1 (S.D. Fla. Mar. 17, 2011). This is improper.

Plaintiff seeks to exclude Mr. Cobble as a rebuttal witness despite this Court already ruling that "Defendants may call Mr. Cobble as a rebuttal witness, and his testimony shall be limited as such." Paperless Order, Dkt. No. 144. The motion fails.

**B.     Cobble will testify as a rebuttal witness**

The motion was previously denied because Mr. Cobble's testimony is to be offered for purposes of impeachment. It is settled law that the Federal Rules do not require the disclosure of "the name ... of each individual likely to have discoverable information" when the witness is offered "solely for impeachment." *Peery v. Serenity Behav. Health Sys.*, No. CV106-172, 2009 WL 1393292, at *1, fn. 3 (S.D. Ga. May 18, 2009), quoting Federal Rule of Civil Procedure 26(a)(1)(A)(i). Indeed, if a witness is called "solely" to impeach the testimony of another witness, "the party calling the impeaching witness need not have previously disclosed the identity of the impeaching witness." *Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC*, No. 12-20744-CIV, 2013 WL 4777170, at *1 (S.D. Fla. Sept. 5, 2013), citing *Bearint ex*

*rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1354 (11th Cir.2004). Rule 26(a)(3) exempts witnesses "used solely for impeachment because pretrial disclosure would significantly diminish its impeachment value. *Denty v. CSX Transp.*, 168 F.R.D. 549, 550 (D.Or.2000). Li'l Joe's argument fails because Mr. Cobble's testimony is to "be used for impeachment purposes only." Peery, 2009 WL 1393292, at *1 (rejecting challenge to undisclosed impeachment witness).

Rebuttal witness do not have to be disclosed in discovery, so long as their testimony serves for purposes of impeachment. *Williams v. Consolidated City of Jackson*, 2006 WL 305916, at *3 (M.D. Fla. Feb. 8, 2006)(rejecting motion to exclude rebuttal witnesses identified after close of discovery). Plaintiff (again) argues that Mr. Cobble was not disclosed as a witness in the Fed. RCiv. P. 26(a)(1) initial disclosures but Rule 26(a)(1) exempts Mr. Cobble from being so disclosed. "Rule 26(a) does not require a party to disclose a witness that it intends to use 'solely for impeachment." *Lawson v. Plantation General Hospital*, L.P., 2010 WL 11504835, at *3 (S.D. Fla., 2010). While Plaintiff is free to object at trial to the introduction of certain testimony, his motion is premature and fails because it does not address the fact that Mr. Cobble is being introduced for purposes of impeachment. Mr. Cobble will testify to rebut and likely impeach testimony offered by the Plaintiff. His testimony is admissible on that basis.

C. **There was no "deposition requirement" and discovery was closed when the Court ruled on this motion the first time**

When the Court rejected the motion the first time and ruled that Cobble would be allowed to testify in rebuttal, there was no requirement that he be deposed. Indeed, Lil' Joe cites to no such requirement. And at the time the court rejected Plaintiff's motion to exclude Cobble, discovery was closed and as such further discovery would require leave of court, which was not

sought let alone granted. The parties met and conferred about such a deposition, but that was on the condition that Cobble be allowed to testify in full. Lil' Joe refused that proposal back in May of this year and agreed that there would be no depositions. See Burroughs Decl. ¶2; Ex. 2. In connection with this second motion, Defense counsel advisd Plaintiff's counsel of the above and advised that the parties had addressed this situation both last year in Motion practice and earlier this year, when Plaintiff's counsel's position was "no depositions for anyone." See id. Yet, Plaintiff incredibly now burdens the court and parties with a redundant motion seeking relief that the Court has already found improper.

### D.    The motion should be denied

Plaintiff's motion should be denied as a misguided request for reconsideration.

Dated: August 8, 2024

Respectfully submitted,

/s/ Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar Number: 98220
Joel.rothman@sriplaw.com
SRIPLAW, P.A.
21301 Powerline Road
Suite 100
Boca Raton, FL 33434
561.404.4350 – Telephone

and

/s/ Scott Alan Burroughs
SCOTT ALAN BURROUGHS
(admitted *pro hac vice*)
DONIGER / BURROUGS
237 Water Street, First Floor
New York, New York 10038
(301) 590-1820
scott@donigerlawfirm.com