# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LIL' JOE RECORDS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:21-CV-23727-DPG |
| ) | Trial Date: October 7, 2024 |
| MARK ROSS; et al., ) | Calendar Call: October 2, 2024 |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTIONS IN LIMINE

Defendants Raven Ross, Luther Campbell, Anissa Wong Won, Christopher Wong Won, Jr., Roderick Wong Won, and Leterius Rey (collectively "Defendants"), move this Court for the entry of an order precluding Lil' Joe Records, Inc. ("Lil' Joe") from introducing certain arguments and evidence at trial. Defendants seek to exclude Plaintiff from arguing that (1) Defendants lost their Section 203 rights in bankruptcy; and (2) Defendants lost their Section 203 rights through various settlement agreements. Both arguments were considered and rejected by the Court in its September 30, 2024 ruling on the parties' Motions for Summary Judgment. See Dkt. 210, September 30, 2024 Order ("Order"). Allowing argument evidence in support of said arguments would thus increase the case's burden and cost, waste Court and jury time, introduce unnecessary confusion, and reduce efficiency.

Also, in light of the Order, the Court should review the 1991 agreement[1] proffered by Plaintiff and conclude that said agreement **cannot** support Plaintiff's position that it obtained rights to the albums at issue through the 1991 agreement. Plaintiff should then be precluded from advancing argument or evidence in that regard at trial. The 1991 agreement is attached hereto as **Exhibit A**.

### I. Legal Standard

The purpose of a motion in limine is to "give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). A court should exclude evidence on a motion in limine when "it is clearly inadmissible on all potential grounds." *Ctr. Hill Cts. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-CV-80111, 2020 WL 496065, at *1 (S.D. Fla. Jan. 30, 2020). A district court may exclude even relevant evidence if "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." *Id.* at 2, citing Fed. R. Evid. 403.

### II. Matters to be addressed via motions in limine

#### A. Plaintiff's bankruptcy and settlement-agreement arguments

The Court considered and rejected Lil Joe's argument that Defendants lost their 17 U.S.C. § 203 rights through bankruptcy. Order, pgs. 18-23. The Court also considered and rejected Lil Joe's argument that Defendants lost their 17 U.S.C. § 203 rights through

---

[1] Plaintiff has provided three different versions of the 1991 agreement, with differing dates and signatures. They all incorporate the language set forth herein and all should be excluded to the extent Plaintiff claims they relate to the subject albums.

various settlement agreements entered into over the years. Order, pg. 23 – 27.

These two legal issues were decided in Defendants' favor, with the Court finding "no evidence in the record to support a finding that the Defendants relinquished their termination rights to the Plaintiff during the subject bankruptcies or Settlement Agreements." Order, pg. 27. The Court further found that the bankruptcy and settlement documents never mentioned the Section 203 rights and that even if it was possible to divest an artist of their Section 203 rights there was no evidence of divestiture here. Id.

In an attempt to meet-and-confer per the Local Rules, Defendants by email requested that Lil Joe agree that it would not present argument and evidence in support of the above argument and remove from its Exhibit List the evidence related to that bankruptcy argument. Lil Joe refused. Defendants thus request an order from the Court precluding Lil Joe from advancing any evidence or argument at trial relating to the above two positions. Defendants also request that Lil Joe be precluded from entering the following evidence: **Exhibit Nos. P4-P5, P10-P12, P36, P43, P45-P46, P49, P52, P60-61, P64-69.**[2] The relief sought is reasonable because Lil Joe is attempting to relitigate a settled issue, and without an express preclusion, Lil Joe will waste court, party, and jury time and resources.

B.    The 1991 agreement

The 1991 agreement should also be excluded to the extent Lil Joe is offering it to claim rights in the albums at issue. The 1991 agreement is unambiguous in that it **cannot** apply to the albums at issue. For the Court, when "construing a contract, the initial question is to determine, as a matter of law, whether the contract is ambiguous." *Lassiter v. Covington*, 861 F.2d 680, 683

---

[2] Defendants may introduce one or more of these documents to disprove Plaintiff's argument that 2 Live Crew were record label "employees" and that the subject albums are "works for hire."

- 3 -

(11th Cir. 1988)(citation omitted). Here, the Court should thus review the 1991 agreement and decide whether or not there is an ambiguity for the jury. If "the contract is determined not to be ambiguous, then its interpretation is a **matter of law for the court**, and reference to extrinsic evidence is not required." Id. (citation omitted)(emphasis added).

Here, the 1991 agreement's language is "unambiguous," so "the legal effect of that language is a question of law and, as such, may be declared by the court." *Dear v. Q Club Hotel,* LLC, 933 F.3d 1286, 1298 (11th Cir. 2019), quoting *Maccaferri Gabions, Inc. v. Dynateria Inc*., 91 F.3d 1431, 1439 (11th Cir. 1996). The following language unambiguously establishes that the 1991 agreement cannot apply to the creation or transfer-of-rights for the albums at issue, all of which were recorded and released before 1991.

| Issue: | 1991 Agreement Language: | Unambiguous interpretation: |
|---|---|---|
| The "Term" of the agreement begins in 1991. | "This Agreement made and entered into as of this _____ day of April 1991[.]" (pg. 1)<br><br>"The term of this Agreement shall be for a period of one (1) year commencing on the date hereof ("Initial Term")." (¶2, pg. 1) | The 1991 agreement began in April of 1991. The albums at issue were recorded and released before April of 1991. The Agreement cannot apply to the albums at issue. |
| The agreement is a forward-looking services agreement. | "EXCLUSIVE RECORDING AGREEMENT" (pg. 1)<br><br>"COMPANY hereby engages ARTIST to record for COMPANY masters embodying the performances of ARTIST[.]" | This agreement relates to recording services to be performed by 2 Live Crew that **shall** be performed after April of 1991. The subject albums were all recorded and released before it was signed. |

| | | |
|---|---|---|
| | (¶1(a), pg. 1)<br><br>"ARTIST shall record masters the equivalent in playing time of one Lp." (¶3, pg. 1) | |
| The 1991 agreement acknowledges other agreements. | "As to records not consisting entirely of masters recorded and delivered hereunder, the royalty rate otherwise payable hereunder with respect to sales[…]" (¶10(m) pg. 9) | This expressly refers to "masters" recorded and transferred under other agreements. |
| The 1991 agreement includes an "employer for hire" clause. | "name as employer-for-hire such copyrights" (¶20, pg. 7) | An "employer for hire" clause is enforceable only if it is agreed to **before** a song is created. See *Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 412-13 (7th Cir. 1992); *Gladwell Government Services, Inc. v. County of Marin*, 265 F. App'x 624, 626 (9th Cir. 2008). |
| The 1991 agreement states that no records have been manufactured for the masters to be created thereunder. | "No records have been manufactured from the Masters by ARTIST or any other person, firm or corporation for distribution in the Territory[…]" (¶20(d)(ii) | It is undisputed that the records at issue in this case had already been manufactured as of April 1991. |
| The album covers will be created in the future. | "COMPANY shall prepare the artwork for the album covers used in connection with the releases hereunder […]" (¶23, pg. 22 | The subject albums' covers were created before this agreement was signed. |
| The 1991 agreement has a merger clause. | "This Agreement sets forth the entire agreement between the parties with respect to the subject matter hereof." (¶27, pg. 24) | The agreement can only address albums recorded after April of 1991 or at the very least albums other than the subject albums. |
| The grants in the 1991 agreement are all forward-looking. | "Artist hereby sells, transfers and assigns to COMPANY […]" (¶30(a), pg. 26) | The albums at issue were recorded before this agreement and this agreement covers future recordings. |

- 5 -

The 1991 agreement unambiguously covers albums to be performed after it was signed in 1991. It cannot pertain to the albums at issue, all of which were recorded and released before the 1991 agreement was signed. The 1991 agreement's "Term" begins after the albums at issue were created and recorded, and the agreement is titled "Recording Agreement" and relates to recording services to be provided after its signing. The Court should review the 1991 agreement and conclude that it could not have conveyed any rights in the albums at issue, and to the extent Lil Joe is offering it to claim rights in the albums at issue, the Court should then preclude Lil Joe from advancing such arguments and from entering the following evidence: **Exhibit Nos. P1-P2,** as they will waste time, consume resources, and confuse the jury.

### III. Conclusion

For the reasons set forth herein, Defendants respectfully ask this Honorable Court to grant its Motions in Limine and:

(a) preclude Lil Joe from presenting argument or evidence relating to the bankruptcy or settlement-agreement positions; and

(b) conclude that the 1991 agreement is unambiguous and did not relate in any way to the albums at issue, and preclude Lil Joe from presenting any argument or evidence to the contrary.

Dated: October 1, 2024

Respectfully submitted,

By: */s/ Joel B. Rothman*
Joel B. Rothman, Esq.
SRIP LAW
21301 Powerline Road, Suite 100
Boca Raton, Florida 3343
(561) 404-4350
joel.rothman@sriplaw.com

*-with-*

Scott Alan Burroughs, Esq.
(admitted *pro hac vice*)
DONIGER / BURROUGHS
237 Water Street, First Floor
New York, New York 10038
(310) 590 – 1820
scott@donigerlawfirm.com

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 1, 2024 a true and authentic copy of the foregoing was submitted to the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                     By:     */s/ Joel B. Rothman*

                                                  Joel B. Rothman