UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC., a Florida Corporation,

    Plaintiff,

v.

MARK ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON and LUTHER CAMPBELL,

    Defendants.

### DEFENDANT LUTHER CAMPBELL'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

PROPOUNDING PARTY:    LIL' JOE RECORDS, INC.

RESPONDING PARTY:    LUTHER CAMPBELL.

SET:    ONE (1)

**TO PROPOUNDING PARTIES AND THEIR ATTORNEYS OF RECORD:**

    Defendant Luther Campbell ("Defendant") pursuant to Federal Rules of Civil Procedure §34, hereby responds to Plaintiff Lil' Joe Records, Inc. ("Plaintiff") First Set of Requests for Admission as follows:

    The responses contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

    In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any request for production or interrogatory, Plaintiff

1

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

does not concede the relevance or materiality of the request, or the subject matter to which these requests refer.

These responses are submitted by Plaintiff subject to, and without in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving:

(1) All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the documents referred to on responses given or the subject matter thereof, in any subsequent proceeding in, or the trial of, this action or any other action or proceeding;

(2) The right to object to other discovery procedure involving or related to the subject matter of the requests herein responded to including any Request for Production of Documents specifically identified herein; and,

(3) The right at any time to revise, correct, add to, or clarify any of the answers set forth herein, or documents produced or referred to herein.

## **GENERAL OBJECTIONS**

Plaintiff incorporates by reference each of the following General Objections in its Responses below, such that the omission of a general objection in any specific response does not waive that objection to that Request for Admission ("RFA"):

1. Responding Party objects to each of the RFAs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent any RFA.

2. Responding Party objects to each RFA to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

3. Responding Party objects to each RFA to the extent it seeks information within the possession, custody, or control of, and/or are equally available to, Propounding Parties.

4. Responding Party objects to each RFA as compound and containing multiple subparts.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

## RESPONSE TO REQUEST FOR PRODUCTION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Christopher Wong Won, Jr., Roderick Wong Won, Leterius Ray and Anissa Wong Won are Chris Wong Won's surviving children or grandchildren.

**RESPONSE TO REQUEST NO. 1:**

Respondent is without sufficient information to respond to this request and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 2:**

Admit that prior to 1991, Chris Wong Won, Mark Ross and David Hobbs were engaged as songwriters and musical producers at the instance and expense of Luke Records, Inc. ("Luke Records").

**RESPONSE TO REQUEST NO. 2:**

Objection, this request is vague, ambiguous and unintelligible with respect to the phrases "engaged as songwriters and musical producers" and "the instance [sic] and expense of Luke Records, Inc.." Objection, the request seeks a legal conclusion. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Luke Records had the right to exercise creative control over the creations of Chris Wong Won, Mark Ross and David Hobbs.

**RESPONSE TO REQUEST NO. 3:**

Objection, this request is vague, ambiguous and unintelligible with respect to the phrase "exercise creative control." Objection, the request seeks a legal conclusion. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without

sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Chris Wong Won, Mark Ross and David Hobbs did not obtain any ownership interest in their contributions or copyrights created and owned by Luke Records.

**RESPONSE TO REQUEST NO. 4:**

Objection, this request is vague, ambiguous and unintelligible with respect to the phrase "obtain ownership interest." Objection, the request seeks a legal conclusion. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 5:**

Admit that in or about 1991, Chris Wong Won, Mark Ross and David Hobbs transferred all of their copyright rights to 2 Live Crew's music and trademark rights in 2 Live Crew's marks and cover designs to Luke Records.

**RESPONSE TO REQUEST NO. 5:**

Objection, this request is vague, ambiguous and unintelligible with respect to the term "transferred." Objection, the request seeks a legal conclusion. Objection, that this request is compound seeking information related to both copyrights and trademarks. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Luther Campbell owed Luke Records.

**RESPONSE TO REQUEST NO. 6:**

Objection, this request is vague, ambiguous and unintelligible with respect to the term "owed [sic]." Objection, the request seeks a legal conclusion. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Luther Campbell was an employee of Luke Records.

**RESPONSE TO REQUEST NO. 7:**

Objection, this request is vague, ambiguous and unintelligible with respect to the term "employee [sic]." Objection, the request seeks a legal conclusion. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 8:**

Admit that in or about 1995 Luther Campbell and Luke Records became the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida which were jointly administered (the "Bankruptcy").

**RESPONSE TO REQUEST NO. 8:**

Objection, this request is vague, ambiguous and unintelligible with respect to the phrase "subject of." Objection, the request seeks a legal conclusion. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the document attached to the Complaint as Exhibit B is a true and correct copy of the Joint Plan of Reorganization in the Bankruptcy.

5
DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

**RESPONSE TO REQUEST NO. 9:**

Objection, the request seeks a legal conclusion. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the document a copy of which is attached hereto as Exhibit 1 is a true and correct copy of the Order Confirming Joint Plan of Reorganization in the Bankruptcy.

**RESPONSE TO REQUEST NO. 10:**

Objection, this request is vague, ambiguous and unintelligible because no "Exhibit 1" accompanied or was attached to the Propounding Party's requests. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 11:**

Admit that pursuant to the Joint Plan of Reorganization in the Bankruptcy, all of the copyright rights to 2 Live Crew's music, compositions and trademark rights in 2 Live Crew's marks and cover designs were transferred to Lil' Joe and its owner, Joe Weinberger, "free and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind" and thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on any of the masters or compositions" would be due to Luther Campbell or Luke Records.

**RESPONSE TO REQUEST NO. 11:**

Objection, this request is vague, ambiguous and unintelligible because no "Joint Plan of Reorganization in the Bankruptcy" is provided. Objection, this request seeks a legal conclusion. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds:

Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Christopher Wong Won did not file anything in the Bankruptcy claiming that he owned or had any interest in any of the copyright or trademark at issue.

**RESPONSE TO REQUEST NO. 12:**

Objection, this request is vague, ambiguous and unintelligible with respect to the phrase "file anything." Objection, the request seeks a legal conclusion. Objection, that this request is compound seeking information related to both copyrights and trademarks. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Mark Ross did not file anything in the Bankruptcy claiming that he owned or had any interest in any of the copyright or trademark at issue.

**RESPONSE TO REQUEST NO. 13:**

Objection, this request is vague, ambiguous and unintelligible with respect to the phrase "file anything." Objection, the request seeks a legal conclusion. Objection, that this request is compound seeking information related to both copyrights and trademarks. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Luther Campbell did not file anything in the Bankruptcy claiming that he owned or had any interest in any of the copyright or trademark at issue.

**RESPONSE TO REQUEST NO. 14:**

Objection, this request is vague, ambiguous and unintelligible with respect to the phrase "file anything." Objection, the request seeks a legal conclusion. Objection, that this request is compound seeking information related to both copyrights and trademarks. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 15:**

Admit that since 1996 Lil' Joe Records, Inc. has exclusively owned and exploited all of the copyright rights to 2 Live Crew's music and compositions.

**RESPONSE TO REQUEST NO. 15:**

Objection, this request is vague, ambiguous and unintelligible with respect to the phrase "exclusively owned and exploited." Objection, the request seeks a legal conclusion. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 16:**

Admit that since 1996 Lil' Joe Records, Inc. has exclusively owned and exploited all of the trademark rights to 2 Live Crew's marks and cover designs.

**RESPONSE TO REQUEST NO. 16:**

Objection, this request is vague, ambiguous and unintelligible with respect to the phrase "exclusively owned and exploited." Objection, the request seeks a legal conclusion. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the document attached to the Complaint as Exhibit D is a true and correct copy of a Settlement Agreement dated June 24, 2003, between Joseph Weinberger, HFC, Christopher Wong Won, Robbie Wong Won, Lil' Joe Music, Inc. and Lil' Joe Records, Inc. in *Joseph Weinberger v Christopher Wong Won*, Eleventh Judicial Circuit Court Case No. 02-05481 CA 25.

**RESPONSE TO REQUEST NO. 17:**

Objection, the request seeks a legal conclusion. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the document attached hereto as Exhibit 2 is a true and correct copy of a release by Robbie Wong Won and Christopher Wong Won of Joseph Weinberger, Lil' Joe Records, Inc. and Lil' Joe Wein Music, Inc. which was recorded on August 16, 2004, with the United States Copyright Office in volume 3514, document 948.

**RESPONSE TO REQUEST NO. 18:**

Objection, this request is vague, ambiguous and unintelligible because no "Exhibit 2" accompanied or was attached to the Propounding Party's requests. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the document attached to the Complaint as Exhibit E is a true and correct copy of a Settlement Agreement dated August 10, 2001, between Lil' Joe Records, Inc. and Mark

Ross *in Lil' Joe Records, Inc. v Mark D. Ross (In re Mark D. Ross)*, United States Bankruptcy Court Northern District of Alabama Adv. Proc. No. AP01-40186 (the "Ross Adversary Proceeding") which was recorded on May 12, 2004, with the United States Copyright Office in volume 3510, document 288.

**RESPONSE TO REQUEST NO. 19:**

Objection, the request seeks a legal conclusion. Objection, the request seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the document a copy of which is attached hereto as Exhibit 3 is a true and correct copy of a Consent Judgment in the Ross Adversary Proceeding.

**RESPONSE TO REQUEST NO. 20:**

Objection, this request is vague, ambiguous and unintelligible because no "Exhibit 3" accompanied or was attached to the Propounding Party's requests. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 21:**

Admit that on or about March 25, 1995 and April 17, 2017, United States Trademark Registration Nos.: 74653484 and 5178535 for the mark "2 Live Crew" (the "Trademark") was legally and duly issued and renewed to Lil' Joe Records, Inc

**RESPONSE TO REQUEST NO. 21:**

Objection, this request is vague, ambiguous and unintelligible. Objection, this request seeks a legal conclusion. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this

request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Mark Ross is using the Trademark or any reproduction, counterfeit, copy or colorable imitation of the Trademark in commerce in connection with his personal performances.

**RESPONSE TO REQUEST NO. 22:**

Objection, this request is vague, ambiguous and unintelligible as to the phrases "using the Trademark," "reproduction, counterfeit, copy or colorable imitation of the Trademark," "in commerce," "in connection with", and "personal performances." Objection, this request is compound. Objection, this request seeks a legal conclusion. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Christopher Wong Won, Jr. is using the Trademark or any reproduction, counterfeit, copy or colorable imitation of the Trademark in commerce in connection with his personal performances.

**RESPONSE TO REQUEST NO. 23:**

Objection, this request is vague, ambiguous and unintelligible as to the phrases "using the Trademark," "reproduction, counterfeit, copy or colorable imitation of the Trademark," "in commerce," "in connection with", and "personal performances." Objection, this request is compound. Objection, this request seeks a legal conclusion. Without waiving the foregoing objection and as responding party understands this request, it believes it is without sufficient information to admit or deny this request and therefore responds: Respondent is without sufficient information to respond and denies on that basis. Discovery is ongoing; right to supplement reserved.

Dated: June 30, 2022        By:        /s/ Joel Rothman
                                       Joel Rothman, Esq.
                                       SRIPLAW
                                       Attorney for Defendants and Counterclaimants

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2022, I caused to be served a true and correct copy of the foregoing DEFENDANT LUTHER CAMPBELL'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION on Defendants' counsel of record via email, as follows:

Richard C. Wolfe

RWolfe@wolfelawmiami.com

WOLFE LAW MIAMI, P.A.

Latitude One Building, Suite 2410

175 SW 7th Street

Miami, Florida 33131

*Attorney for Plaintiff Lil' Joe Records, Inc.*

Date: June 30, 2022          By:   */s/ Frank R. Trechsel*
                                    Frank R. Trechsel, Esq.
                                    Scott Alan Burroughs, Esq.
                                    DONIGER / BURROUGHS
                                    Attorneys for Defendants