# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

_____

| | |
|---|---|
| LIL' JOE RECORDS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:21-CV-23727-DPG |
| | ) |
| MARK ROSS; et al., | ) |
| | ) |
| Defendants. | ) |

_____ )

**DEFENDANTS' PROPOSED ADDITIONAL JURY INSTRUCTIONS**

Dated: October 15, 2024                   Respectfully submitted,

                                                              */s/ Angela M. Nieves*
                                                              ANGELA M. NIEVES
                                                              Bar Number: 1032760
                                                              angela.nieves@sriplaw.com

                                                              **SRIPLAW, P. A.**
                                                              21301 Powerline Road
                                                              Suite 100
                                                              Boca Raton, FL 33433
                                                              786.788.6020 – Telephone
                                                              561.404.4353 – Facsimile

                                                              *Counsel for Defendants*

**TABLE OF CONTENTS**

**9.15 Ownership - Work Made for Hire**

**9.28 Defenses - Affirmative Defense - Copyright Estoppel (Advisory Jury)**

**9.29 Defenses - Affirmative Defense - Statute of Limitations**

**SPECIAL INSTRUCTIONS**

**Standing, Work For Hire Dispute**

**Standing, for Section 204 Requirements**

**Standing, Section 204 Requirements for Signed Writing**

**Interpretation of Errors or Typos in Contracts**

**Copyright – Exemption of Sound Recordings from Specially Commissioned "Work-for-hire" Consideration**

**9.15 Copyright – Ownership – Work Made for Hire**

Lil' Joe Records, Inc. claims ownership of *The 2 Live Crew is What We Are*, *Move Somethin'*, *As Nasty as They Wanna Be*, *Move Somethin' (Clean)*, and *As Clean as They Wanna Be*, based on the creation of the work for Skyywalker Records, Inc. as a work made for hire. If the work is a work made for hire, Skyywalker Records, Inc. is presumed the author and the copyright's owner. That presumption can be overcome, however, by evidence of a contrary agreement, either written or oral.

To prove ownership of a work for hire, Lil' Joe Records, Inc. must prove one of the following:

First, that Skyywalker Records, Inc.'s employees created *The 2 Live Crew is What We Are*, *Move Somethin'*, *As Nasty as They Wanna Be*, *Move Somethin' (Clean)*, and *As Clean as They Wanna Be* within the scope of the employees' employment.

Or second, that Skyywalker Records, Inc. specifically ordered or commissioned *The 2 Live Crew is What We Are*, *Move Somethin'*, *As Nasty as They Wanna Be*, *Move Somethin' (Clean)*, and *As Clean as They Wanna Be* for use, this agreement was made before the creation of the works, and Skyywalker Records, Inc. and the persons who created the works signed a written document confirming that the works were to be considered a work made for hire.

If the employment status of the individual who created the work is disputed, you should consider the following factors to determine whether the creator was Skyywalker Records, Inc.'s employee or an independent contractor when *The 2 Live Crew is What We Are*, *Move Somethin'*, *As Nasty as They Wanna Be*, *Move Somethin' (Clean)*, and *As Clean as They Wanna Be* were created:

- Skyywalker Records, Inc.'s right to control the way the work was accomplished. The less control Skyywalker Records, Inc. exercised, the more likely it is that the creator was an independent contractor.

- The skill required to create the work. The more skills required of the creator, the more likely it is that the creator was an independent contractor.

- The source of the instruments and tools. The more the creator was required to use his or her own tools and instruments to create the work, the more likely it is that the creator was an independent contractor.

- The location of the work. The more the creator worked at Skyywalker Records, Inc.'s facilities, the more likely it is that the creator was an employee.

- The duration of the relationship between the parties. The longer the creator worked for Skyywalker Records, Inc., the more likely it is that the creator was an employee.

- Whether Skyywalker Records, Inc. has the right to assign additional projects to the creator. The more ability the creator had to refuse additional work from Skyywalker Records, Inc., the more likely it is that the creator was an independent contractor.

- The extent of the creator's discretion over when and how long to work. The more control the creator had over his or her working

schedule, the more likely it is that the creator was an independent contractor.

- The method of payment. The more the creator worked for one-time project fees or on commission, the more likely it is that the creator was an independent contractor.

- The creator's role in hiring and paying assistants. The more the creator hired and paid for his or her own assistants, the more likely it is that the creator was an independent contractor.

- Whether the work is part of Skyywalker Records, Inc.'s regular business. The more the creation of the work was a regular part of Skyywalker Records, Inc.'s business, the more likely it is that the creator was an employee.

- Whether Skyywalker Records, Inc. was a business. If Skyywalker Records, Inc. was not a business, the creator was more likely an independent contractor.

- The provision of employee benefits. The more the creator participated in benefit plans Skyywalker Records, Inc. provided (such as pensions or insurance), the more likely it is that the creator was an employee.

- The creator's tax treatment. If Skyywalker Records, Inc. didn't withhold taxes from payments to the creator or didn't issue a Form 1099 to the creator, the creator was more likely an independent contractor.

No single factor should be considered conclusive on its own. And some factors may not apply to the circumstances in this case.

**Authority**: Eleventh Circuit Civil Pattern Jury Instr. 9.15; *Playboy Enters. v. Dumas*, 53 F.3d 549, 554 (2d Cir. 1995) (citing *Roth v. Pritikin*, 710 F.2d 934,

937 n. 3 (2d Cir.), cert. denied, 464 U.S. 961, 104 S.Ct. 394, 78 L.Ed.2d 337 (1983) ("Once it is established that a work is made for hire, the hiring party is presumed to be the author of the work. That presumption can be overcome, however, by evidence of a contrary agreement, either written or oral."); *Looney Ricks Kiss Architects, Inc. v. Bryan*, No. 07-572, 2010 U.S. Dist. LEXIS 110100, at *22-23 (W.D. La. Oct. 14, 2010) (finding work-for-hire memorandum valid in part because it communicated the parties' agreement prior to the creation of the copyrighted works that they would be works for hire).

**9.28 Copyright – Defenses – Affirmative Defense – Copyright Estoppel**

Raven Ross, Luther Campbell, Anissa Wong Won, Christopher Wong Won, Jr., Roderick Wong Won, and Leterius Ray (collectively, "Defendants") claim that Lil' Joe Records, Inc. is barred from asserting its declaratory judgment claim against Defendants by the doctrine of estoppel. To establish estoppel, Defendants must prove each of the following elements by a preponderance of the evidence:

First, you must find that Lil' Joe Records, Inc. knew the facts of Defendants' conduct transferring ownership of the copyrights in *The 2 Live Crew is What We Are*, *Move Somethin'*, *As Nasty as They Wanna Be*, *Move Somethin' (Clean)*, and *As Clean as They Wanna Be* to Skyywalker Records, Inc.

Second, you must find that Lil' Joe Records, Inc.'s statement or conduct (either action or inaction) caused Defendants to believe that Lil' Joe Records, Inc. wouldn't pursue a claim for a declaratory judgment invalidating the Defendants' termination rights in the copyrights for the works.

Third, you must find that Lil' Joe Records, Inc. intended for Defendants to act on its statement or conduct, or Defendants had a right to believe Lil' Joe Records, Inc. so intended.

Fourth, you must find that Defendants didn't reasonably believe that Lil' Joe Records, Inc. would pursue a claim for a declaratory judgment against them.

And fifth, you must find that Defendants were injured as a result of their reliance on Lil' Joe Records, Inc.'s statement or conduct.

If you find that Defendants have proved these elements by a preponderance of the evidence, your verdict must be for them on the claim for a declaratory judgment.

**Authority**: Eleventh Circuit Civil Pattern Jury Instr. 9.28.

**9.29 Copyright – Defenses – Affirmative Defense – Statute of Limitations**

Defendants claim that Lil' Joe Records, Inc.'s copyright claim is barred by the statute of limitations, which is a time limit for bringing a claim.

To establish that the statute of limitations bars Lil' Joe Records, Inc.'s copyright claim, Defendants must prove by a preponderance of the evidence that Lil' Joe Records, Inc. failed to file its lawsuit within three years after it knew or, in the exercise of reasonable diligence, should have known that Defendants were violating Lil' Joe Records, Inc.'s ownership rights.

The statute of limitations prevents Lil' Joe Records, Inc. from recovering remedies for infringing acts that occurred more than three years before Lil' Joe Records, Inc. filed its lawsuit.

Authorities: Eleventh Circuit Civil Pattern Jury Instr. 9.29; *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1327 (11th Cir. 2023).

**9.30 Copyright – Damages – General Charge**

If you find that 2 Live Crew proved by a preponderance of evidence that it reclaimed the copyrights for the abums at issue, you must enter a verdict establishing that 2 Live Crew owns the copyrights for those albums and has enjoyed that ownership since the date established by the Section 203 reclamation notice.

**Special Instruction – Standing, Work for Hire Dispute**

The work-for-hire doctrine under 17 USC § 101(2) is designed to establish ownership of a work as between a commissioning party or employer on the one hand and the commissioned party or employee on the other. Therefore, the typical work for hire dispute involves a disagreement between the commissioning party or employer and the commissioned party or employee over who owns the copyright.

In this case, the only parties to the 1990 Skyywalker Agreement and the 1991 Agreements are Skyywalker Records, Inc. and the Defendants. Therefore, they are the only parties with any possible claim to ownership to the copyrights in the albums *The 2 Live Crew is What We Are*, *Move Somethin'*, *As Nasty as They Wanna Be*, *Move Somethin' (Clean)*, and *As Clean as They Wanna Be*.

Lil' Joe Records, Inc. is a third party to both the 1990 Skyywalker Agreement and the 1991 Agreements, and as such may not challenge the transfer of the copyrights in either agreement.

**Authority**: *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1157 (9th Cir. 2010) (the "reasoning of Imperial Residential Design is nonetheless applicable [because the work-for-hire doctrine] is designed to

establish ownership of a work as between a commissioning party or employer on the one hand and the commissioned party or employee on the other").

**Special Instruction – Standing for Section 204 Requirements**

The chief purposes of section 204(a) are to resolve disputes between copyright owners and transferees, and to protect copyright holders from persons mistakenly or fraudulently claiming oral licenses or copyright ownership.

17 U.S.C. § 204(a) provides: "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."

Lil' Joe Records, Inc. asserts that Defendants did not transfer the copyrights in *The 2 Live Crew is What We Are*, *Move Somethin'*, *As Nasty as They Wanna Be*, *Move Somethin' (Clean)*, and *As Clean as They Wanna Be* to Skyywalker Records in the 1990 Skyywalker Agreement.

The Defendants' contention concerning the status of the copyrights in *The 2 Live Crew is What We Are*, *Move Somethin'*, *As Nasty as They Wanna Be*, *Move Somethin' (Clean Version)*, and *As Clean as They Wanna Be* is that they were transferred in the 1990 Skyywalker Agreement to Skyywalker Records.

Lil' Joe Records, Inc. is a third party to the 1990 Skyywalker Agreement, and as such may not invoke section 204(a) requirements to challenge the transfer of the copyrights in the 1990 Skyywalker Agreement.

**Authority**: *Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995) ("Therefore, we agree that, where there is no dispute between the copyright owner and the transferee about the status of the copyright, it would be unusual and unwarranted to permit a third-party infringer to invoke section 204(a) to avoid suit for copyright infringement."); *Billy-Bob Teeth v. Novelty, Inc.*, 329 F.3d 586, 592 (7th Cir. 2003) ("[Third-party to the transfer agreement] simply does not having standing under § 204. The statute is in the nature of a statute of frauds and is designed to resolve disputes among copyright owners and transferees.").

14

**Special Instruction – Section 204 Requirements for Signed Writing**

Under U.S. Copyright laws, 17 U.S.C. § 204(a) provides:

> A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.

This means that for the members of 2 Live Crew to transfer their copyrights in *The 2 Live Crew is What We Are*, *Move Somethin'*, *As Nasty as They Wanna Be*, *Move Somethin' (Clean)*, and *As Clean as They Wanna Be* to either Skyywalker Records, Inc. or Lil' Joe Records, Inc., there needed to be a written agreement signed by all four members of 2 Live Crew. When copyrights are transferred by an oral agreement, that oral transfer of copyrights may be later confirmed by a written memorandum of the transfer. Either way, a writing transferring the copyrights is required under 17 U.S.C. § 204(a).

Defendants contend the 1990 Skyywalker Agreement is the written memorandum that memorialized the oral agreement where the members of 2 Live Crew transferred their copyrights in the subject albums. Lil' Joe contends that the 1991 Agreements are the documents that transfer the copyrights in the subject albums to the record label.

**Authority**: *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1532-1533 (11th Cir. 1994); *CBS Broad. Inc. v. Echostar Communs. Corp.*, No. 98-2651-CIV-DIMITROULEAS, 2003 U.S. Dist. LEXIS 29780, at *28-29 (S.D. Fla. Mar. 31, 2003).

**Special Instructions – Interpretation of Errors or Typos in Contracts**

When a contract contains a typographical error, and both parties to the contract agree on the mistake, the error in the contract is interpreted to mean the parties' original intentions.

If the error renders the contract language ambiguous, then other evidence of the surrounding circumstances may be considered to determine the parties' original intentions, such as testimony by the parties and evidence of the parties' conduct in compliance with respect to the language of the agreement at issue.

Furthermore, a contract is to be construed holistically, which means that all the provisions should align with the parties' intentions.

**Authority**: Courts will interpret the contract based on the parties' original intentions. Courts prioritize the intent behind the agreement, correcting obvious errors when necessary, as seen in cases like *Eldridge v. Poirier*, 50 S.W.2d 888 (Tex. Civ. App. 1932) and *Esanbock v. Weyerhaeuser Co.*, 367 F. Supp. 3d 925 (D. Minn. 2019).  If the contract's language is clear, it will be given its plain meaning; if ambiguous, courts may consider extrinsic evidence, as the Eleventh Circuit noted in *Cypress Prop., Ltd. Liab. Co. v. JP Morgan Chase Bank NA*, No. 21-11989, 2022 U.S. App. LEXIS 8385, at *6-7 (11th Cir. Mar. 30, 2022).
[B]ecause an ambiguous or uncertain writing sometimes can only be understood upon consideration of the surrounding circumstances, extrinsic evidence will be allowed to interpret an ambiguous clause." *JKB Sols. & Servs., LLC v. United States*, 170 Fed. Cl. 241, 249 (2024)

Courts also interpret contracts holistically, ensuring all provisions align with the intended agreement. *Dealerwing LLC v. Lerner*, 21-CV-6429 (KMK) (S.D.N.Y. Jun. 14, 2024). Contractual provisions are construed in the context of the entire agreement. *Retreat at Port of the Islands, Ltd. Liab. Co. v. Port of the Islands Resort Hotel Condo. Ass'n*, 181 So. 3d 531, 533 (Fla. Dist. Ct. App. 2015).

### Copyright – Exemption of Sound Recordings from Specially Commissioned "Work-for-hire" Consideration

Under U.S. Copyright laws, a sound recording can only be considered a "work made for hire" when it is prepared by an employee within the scope of his or her employment. 17 USC § 101(2) states:

A "work made for hire" is—

(1) a work prepared by an employee within the scope of his or her employment; or

(2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas . . . .

A sound recording is not among the categories of works listed in 17 USC § 101(2) that can be designated as a work-for-hire. Therefore, a sound recording cannot be deemed a work-for-hire due to it being specially ordered or commissioned by someone.

In order for the albums *The 2 Live Crew is What We Are*, *Move Somethin'*, *As Nasty as They Wanna Be*, *Move Somethin' (Clean)*, and *As Clean as They Wanna Be* to be considered works for hire, the members of 2 Live Crew must have been, at the time of each album's creation, employees of the record label who created the sound recordings within the scope of their

19

employment. That is the only way the sound recordings can be deemed works-for-hire.

**Authority**: 17 U.S.C. § 101(2); *Bucciarelli-Tieger v. Victory Recs., Inc.*, 488 F. Supp. 2d 702, 709 (N.D. Ill. 2007); *In re Napster, Inc. Copyright Litig., Nos. MDL 00-1369 MHP, C 99-5183 MHP*, 2004 U.S. Dist. LEXIS 7236, at *23-24 (N.D. Cal. Feb. 22, 2004); *Staggers v. Real Authentic Sound*, 77 F. Supp. 2d 57, 64 (D.D.C. 1999); *Lulirama Ltd. v. Axcess Broad. Servs., Inc.*, 128 F.3d 872, 878 (5th Cir. 1997).