**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-CV-23727-DPG**

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

RAVEN ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON AND LUTHER CAMPBELL,

    Defendants.

_____/

**LIL' JOE RECORDS, INC., PLAINTIFF'S NOTICE OF ADDITIONAL PROPOSED JURY INSTRUCTION ON INTEGRATION CLAUSE IN CONTRACT FOR APPELLATE PRESERVATION**

    Respectfully submitted,

| | |
|---|---|
| WOLFE LAW MIAMI, P.A. | EASLEY APPELLATE PRACTICE PLLC |
| *Counsel for Plaintiff* | *Appellate Counsel for Plaintiff* |
| Latitude One Building | 1200 Brickell Avenue, Ste. 1950 |
| 175 SW 7th Street, Ste. 2410 | Miami, Florida 33131 |
| Miami, Florida 33131 | T: (305) 444-1599; 800-216-6185 |
| T: 305-384-7370 | FLORIDA BAR DESIGNATED e-MAILS: |
| E: rwolfe@wolfelawmiami.com | administration@easleyappellate.com |
| | admin2@easleyappellate.com |
| /s/ Richard Wolfe | /s/ Dorothy F. Easley |
| RICHARD WOLFE, ESQ. | DOROTHY F. EASLEY, MS, JD, BCS APPEALS |
| FLA. BAR NO. 355607 | FLA. BAR NO. 0015891 |

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on the ___16th___ day of October 2024, I electronically filed the foregoing document, with the Clerk of the Court, by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record, listed on the attached service list. I also

certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    /s/ Dorothy F. Easley
DOROTHY F. EASLEY, MS, JD, BCS APPEALS

### SERVICE LIST
*Lil' Joe Records v. Raven Ross et al.*
CASE NO. 1:21-CV-23727-DPG
U.S. District Court, Southern District of Florida

RICHARD WOLFE, ESQ.
WOLFE LAW MIAMI, P.A.
Latitude One Building
175 SW 7th Street, Ste. 2410
Miami, Florida 33131
T: 305-384-7370
E: rwolfe@wolfelawmiami.com
*Counsel for Plaintiff*

DOROTHY F. EASLEY, MS, JD, BCS APPEALS
EASLEY APPELLATE PRACTICE PLLC
1200 Brickell Avenue, Ste. 1950
Miami, Florida 33131
T: (305) 444-1599; 800-216-6185
FLORIDA BAR DESIGNATED E-MAILS:
administration@easleyappellate.com
admin2@easleyappellate.com
Upload URL for secure e-service:
https://www.hightail.com/u/Easley-Appellate-Practice-PLLC
\*\* *Appellate Counsel for Plaintiff*

JOEL B. ROTHMAN, ESQ.
SRIP LAW P.A.
21301 Powerline Road, Ste. 100
Boca Raton, Florida 33343
T: 561-404-4350
E: joel.rothman@sriplaw.com
*Counsel for Defendants*

SCOTT A. BURROUGHS, ESQ. (*pro hac vice*)
DONIGER / BURROUGHS
237 Water Street, First Floor
New York, New York 10038
T: 310-590-1820
E: scott@donigerlawfirm.com
*Counsel for Defendants*

## PROPOSED JURY INSTRUCTION NO. ___

### 416.15 INTERPRETATION — MEANING OF ORDINARY WORDS[1]

You should assume that the parties intended the disputed term(s) in their contract to have their plain and ordinary meaning, unless you decide that the parties intended the disputed term(s) to have another meaning.

COURT  REJECTED

**Authorities**: Fla. Stand. Jury Instr. in Contract in Business Cases 416.15; *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (11th Cir. 2005) (holding it was reversible error that required a new trial for district court to give jury instruction it crafted from the Restatement of Torts after rejecting as "inappropriate" Plaintiff's requested Florida Standard Jury Instruction on design defects, because it could not be said "that the [given] jury instruction sufficiently instructed the jury so that the jurors understood the issues and were not misled"); *Jamerson v. Secretary for Dept of Corrections*, 410 F.3d 682, 690 (11th Cir. 2005) (holding that where the district court's answers to the jury's questions could have been clearer, "[i]t is also undisputed that the trial court gave the standard [Florida] jury instruction then in effect on the law of principals"; thus, "[b]ecause the instructions fairly and correctly stated the law, they did not violate due process" ); *Duty Free Ams., Inc. v. Estée Lauder Cos.*, 797 F.3d 1248, 1280 n.9 (11th Cir. 2015) ("Florida's Standard Jury Instructions, though merely persuasive, also confirm our understanding of Florida law.").

---

[1] Plaintiff respects the Court's ruling rejecting this Instruction. This Merger Clause in **Contract** Instruction is submitted in writing to ensure appellate preservation.