UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

RAVEN ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON AND LUTHER CAMPBELL,

    Defendants.

_____/

# COURT'S JURY INSTRUCTIONS

1

## Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

## The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of witnesses has been presented to you by video or by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case, it is the responsibility of the party bringing any claim to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claims by a preponderance of the evidence, you should find for the party against whom the claim was asserted as to that claim.

**Responsibility for Proof – Affirmative Defense Preponderance of the Evidence**

In this case, there are cross-claims. Even if one party bringing the claim proves their claim[s] by a preponderance of the evidence, the other can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

I caution you that the party challenging a claim does not have to disprove the claim[s], but if that party raises an affirmative defense, the only way it can prevail on that specific defense is if the party proves that defense by a preponderance of the evidence.

## Overview of Copyrights

This case involves a dispute relating to copyrights. To help you understand the evidence in this case, I will explain some of the legal concepts and terms you may have heard during the trial.

Copyright law reflects a balance between society's interest in encouraging the creation of original works by rewarding authors on the one hand, and society's competing interest in the free flow of ideas and information on the other hand. The goal of copyright law attempts to strike a balance between protecting an author's particular expression, while also protecting the right of others to use the same concepts, ideas, or facts.

Copyright protects original works of authorship that are expressed in a form that can be perceived, reproduced, or communicated.

Works of authorship can include literary works, musical works, dramatic works, pantomimes, choreographic works, pictorial works, graphic works, sculptural works, motion pictures, audiovisual works, sound recordings, or architectural works.

Copyright protection, however, does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in the work.

To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works) and that it possesses at least some minimal degree of creativity. A work may be original even though it closely resembles other works so long as the similarity is not the result of copying. To illustrate, assume that two poets, each unaware of the other, compose identical poems. Both poems may be considered original.

The owner of a copyright has the exclusive right to reproduce, or copy, distribute copies

of, and prepare derivative works based on the copyrighted work for a specific period of time.

## Copyright – Ownership – General Charge

2 Live Crew must prove ownership of a copyright in the albums by a preponderance of the evidence. Defendants can prove ownership by evidence showing that 2 Live Crew members were the authors of the albums at issue.

## Copyright – Ownership – Work Made for Hire

Lil' Joe claims that the albums at issue were created by the members of 2 Live Crew as works made for hire. If the works were made for hire, Luke/Skyywalker Records is considered the author and the copyright's original owner. To prove ownership of a work for hire, Lil' Joe must prove the following:

That Luke/Skyywalker Record's employees Luther Campbell, and/or Christopher Wong Won, and/or Mark Ross created the albums at issue within the scope of the employees' employment.

If the employment status of the individual who created the work is disputed, you should consider the following factors to determine whether the creator was a Luke/Skyywalker Record's employee or an independent contractor when the albums at issue were created:

- Luke/Skyywalker Records' right to control the way the work was accomplished. The less control Luke/Skyywalker Records exercised, the more likely it is that the creator was an independent contractor.

- The skill required to create the work. The more skills required of the creator, the more likely it is that the creator was an independent contractor.

- The source of the instruments and tools. The more the creator was required to use his or her own tools and instruments to create the work, the more likely it is that the creator was an independent contractor.

- The location of the work. The more the creator worked at Luke/Skyywalker Records' offices, the more likely it is that the creator was an employee.

- The duration of the relationship between the parties. The longer the creator worked for Luke/Skyywalker Records the more likely it is that the creator was an employee.

- Whether Luke/Skyywalker Records has the right to assign additional projects to the creator. The more ability the creator had to refuse additional work from Luke/Skyywalker Records, the more likely it is that the creator was an independent contractor.

- The extent of the creator's discretion over when and how long to work. The more control the creator had over his or her working schedule, the more likely it is that the creator was an independent contractor.

- The method of payment. The more the creator worked for one-time project fees or on commission, the more likely it is that the creator was an independent contractor.

- The creator's role in hiring and paying assistants. The more the creator hired and paid for his or her own assistants, the more likely it is that the creator was an independent contractor.

- Whether the work is part of Luke/Skyywalker Records' regular business. The more the creation of the work was a regular part of Luke/Skyywalker Records' business, the more likely it is that the creator was an employee.

- Whether Luke/Skyywalker Records is a business. If Luke/Skyywalker Records was not a business, the creator was more likely an independent contractor.

- The provision of employee benefits. The more the creator participated in benefit plans Luke/Skyywalker Records provided (such as pensions or insurance), the more likely it is that the creator was an employee.

- The creator's tax treatment. If Luke/Skyywalker Records didn't withhold taxes from payments to the creator or didn't issue a Form 1099 to the creator, the creator was more likely an independent contractor.

No single factor should be considered conclusive on its own. And some factors may not apply to the circumstances in this case.

## Copyright – Ownership – Transfer

A transfer of copyright ownership, other than by operation of law, must be in writing and signed by the owner of the copyright or the owner's authorized agent. The writing may be an instrument of conveyance, such as a contract or assignment, or a note of memorandum of the transfer. Oral agreements may later be confirmed or memorialized in writing.

**17 U.S.C. § 203 – Termination of transfers and licenses granted by the author**

Other than a work for hire, a transfer of a copyright may be terminated by the authors after thirty-five years pursuant to a written termination notice. For a termination notice to be legally compliant, it must show the signatures from a majority of the grantors or their heirs and specifically list all works.

The termination notice must include the date when the original transfer of rights was executed and a brief statement reasonably identifying the grant to which the notice of termination applies.

If there is an error in the notice of termination, the notice is invalid unless the error does not materially affect the adequacy of the information required.

An error is material if it fails to give the assignee a reasonable opportunity to identify the affected grant of rights from the information given in the notice.

**Duty to Deliberate**

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.