UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-cv-23727-DPG

**LIL' JOE RECORDS, INC.,**

    Plaintiff,

v.

**RAVEN ROSS,
CHRISTOPHER WONG WON, JR.,
RODERICK WONG WON,
LETERIUS RAY,
ANISSA WONG WON,
and LUTHER CAMPBELL,**

    Defendants/Counterclaimants.

_____/

## FINAL JUDGMENT

**THIS CAUSE** came before the Court for a jury trial that commenced on October 7, 2024. Over the course of two weeks, the Court and the jury heard testimony from Plaintiff and Defendants/Counterclaimants, reviewed exhibits, and considered argument from counsel. On October 16, 2024, the jury entered a verdict, [ECF No. 255], in Defendants/Counterclaimants' favor as follows:

    (1)    Luther Campbell, Christopher Wong Won, and Mark Ross did not create the sound recordings at issue within the scope of their employment as works for hire; and,

    (2)    The sound recording copyrights for the albums at issue, *2 Live Crew is What We Are*, *Move Somethin'*, *Move Somethin' (Clean Version)*, *As Nasty as They Wanna Be*, and *As Clean as They Wanna Be* ("Subject Albums"), were transferred by *2 Live Crew's* members to Campbell's record label pursuant to the Recording

Agreement between Skyywalker Records, Inc., Luther Campbell, David Hobbs, Chris Wong Won, and Marquis Ross (Trial Exhibit D50, [ECF No. 250-1]).

On October 16, 2024, in accordance with the jury's findings, this Court found valid and effective the Copyright Termination Notice served under 17 U.S.C. § 203 in November of 2020 by Defendants/Counterclaimants Luther Campbell, Raven Ross, Leterius Ray, Christopher Wong Won Jr., Anissa Wong Won, and Roderick Wong Won's, and accordingly ruled against Plaintiff Lil' Joe Records, Inc. on Count I of the Complaint and in Defendants/Counterclaimants' favor on their First Claim for Relief in their Counterclaim and their Declaratory Judgment request.

Accordingly, the Court **HEREBY ENTERS JUDGMENT AS FOLLOWS**:

1. Defendants/Counterclaimants' request for declaratory judgment pursuant to 17 U.S.C. § 203 is GRANTED, such that:

    a. The Notice of Termination served in November of 2020 by Luther Campbell, Mark Ross, Christopher Wong Won Jr., Anissa Wong Won, and Leterius Ray, and identified as **Exhibit A** to Defendants' Answer and Counterclaim [ECF No. 12-1] ("Notice") was valid, effective, and in conformity with the statute and its attendant regulations;

    b. On account of that Notice, Defendants/Counterclaimants have validly terminated the assignments and transfers for the Subject Albums as referenced in the Notice, effective as of the dates referenced therein;

    c. The assignments and transfers referenced in the Notice are terminated, and Plaintiff owns no copyrights for the Subject Albums;

    d. As of the dates set forth in the Notice, Defendants/Counterclaimants are the owners of all previously transferred interests in and to the copyrights for

the Subject Albums; and

  e. Plaintiff shall not exploit or attempt to exploit any such interests described herein as of the dates of termination referenced in the Notice.

2. To the extent that Plaintiff collects (or has collected) any income or revenue related to the Subject Albums after the dates of termination referenced in the Notice, those funds belong to and are claimable by Defendants/Counterclaimants; and Plaintiff shall provide to Defendants/Counterclaimants a full accounting of such monies, and payment of those monies, upon entry of this judgment, or within 30 days of said entry.

3. Judgment is entered in Defendants/Counterclaimants' favor on Counts I - X[1] of Plaintiff's Complaint, [ECF No. 1], and on Defendants/Counterclaimants' First Claim for Relief as set forth in their Counterclaim, [ECF No. 12].

4. This action shall be **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of November 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] The Court previously adjudged Plaintiff's Counts II-IX in Defendants/Counterclaimants' favor at the summary judgment stage. *See* [ECF No. 210].