# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  1:21-CV-23727-DPG

LIL' JOE RECORDS, INC.,

        Plaintiff,

v.

RAVEN ROSS, CHRISTOPHER WONG
WON, JR., RODERICK WONG WON,
LETERIUS RAY, ANISSA WONG WON,
AND LUTHER CAMPBELL,

        Defendants.

_____

## <u>DEFENDANTS' MEMORANDUM IN SUPPORT OF BILL OF COSTS</u>

Defendants RAVEN ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG
WON, LETERIUS RAY, ANISSA WONG WON, AND LUTHER CAMPBELL, pursuant to
Local Rule 7.03(c), submit this Memorandum in Support of Plaintiff's Bill of Costs and state the
following:

On November 1, 2024, the Court entered final judgment in favor of Defendants against
Plaintiff, Lil' Joe Records, Inc. ("Lil' Joe" or "Plaintiff") in this trademark and copyright action
(ECF No. 272). Defendants are therefore the prevailing party, and under Rule 54(d)(1), costs
"should be allowed to the prevailing party." A presumption exists in favor of awarding costs.
*Manor Healthcare Corp v. Lomelo,* 929 F.2d 633, 639 (11th Cir. 1991). The Copyright Act also
permits a court to award the "recovery of full costs by or against any party." 17 U.S.C. § 505.

28 U.S.C. § 1920 "defines the term 'costs' as used in Rule 54(d) and enumerates
expenses that a federal court may tax as costs under the discretionary authority found

in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987).  Here, Defendants seek the costs of the materials necessarily obtained for the case.

**A. Defendants Are Entitled to Recover Costs Incurred Pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 7.3(c)**

Pursuant to Fed. R. Civ. P. 54(d), the prevailing party to an action is entitled to recover its costs. *United States EEOC v. W&O Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Defendants are entitled to recover their taxable costs. The attached documentation supports the following requested costs totaling $5,955.79:

a. $4,907.05 for the costs associated with depositions of Joseph Weinberger, Mark Ross, Leterius Ray, and Luther Campbell.[1] Such costs are authorized by § 1920(2). *United States EEOC v. W&O Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). "Whether deposition costs are taxable depends on the factual question of whether the deposition was 'necessarily obtained for use in the case.'" *Id.* at 621 (quoting *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir.1981)). Weinberger's company is the plaintiff and his deposition was necessarily obtained for summary judgment and trial. Copies of the transcripts of the Ross, Ray, and Campbell depositions were also necessarily obtained for Defendants' opposition to plaintiff's summary judgment motion, and trial.

b. $1.048.79 for the cost of printing and creating trial and exhibit books for use at trial, comprised of $1,006.26 in printing expense and $42.53 in materials. Such cost is taxable under 28 U.S.C. § 1920(4).

Defendants respectfully submit that the costs are well-supported and a full award of the costs is appropriate here.

---

[1] There are two invoices for transcripts of Campbell's deposition, one for $449.00 and another for $515.50, because Campbell was deposed in two separate sessions.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

### B.  Defendants Are Entitled to Interest Flowing from the Date of the Final Judgment

Pursuant to 28 U.S. Code § 1961, Defendants are entitled to interest flowing from the date of the Court's Final Judgment – November 1, 2024 – on any and all costs taxed by the Court. *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794,799 (11th Cir. 1988) (holding that "[w]e conclude that when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment"). The applicable rate is 4.28%.

### C.  Conclusion

This Court should enter a judgment awarding Defendants their costs in the amount of $5,955.79 plus post-judgment interest at 4.28%.

Pursuant to S.D. Fla. Local Rule 7.3(b), Defendants' counsel has conferred with Plaintiff's counsel on November 25, 2024 in a good faith effort to resolve the issue raised herein by agreement. Plaintiff's counsel opposes the requested $1.048.79 in printing costs but does not oppose the requested $4,907.45 in deposition costs.

Dated:  December 4, 2024

*/s/ Angela M. Nieves*
ANGELA M. NIEVES
Bar Number: 1032760
angela.nieves@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone

3

561.404.4353 – Facsimile

and

SCOTT ALAN BURROUGHS
*Pro Hac Vice*
scott@donigerlawfirm.com
**DONIGER / BURROUGHS**
247 Water Street, First Floor
New York, NY 10038

*Counsel for Defendants*