UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LIL' JOE RECORDS, INC.,

    Plaintiff,

v.

RAVEN ROSS, CHRISTOPHER WONG WON, JR., RODERICK WONG WON, LETERIUS RAY, ANISSA WONG WON, AND LUTHER CAMPBELL,

    Defendants.

CASE NO.: 1:21-CV-23727-DPG

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR STAY PENDING POST TRIAL MOTIONS AND APPEAL AND TO ALTER OR AMEND JUDGMENT**

i

**TABLE OF CONTENTS**

I.   INTRODUCTION..................................................................................................1

II.  LEGAL STANDARD..........................................................................................1

III. NO STAY OR MODIFICATION OF THE JUDGMENT IS WARRANTED..................2

A.  The Court did not deny Joe any required stay and otherwise had discretion to order compliance with the judgment on any timetable......................................................................2

B.  Joe's self-serving claims about its internal practices do not justify

      a stay on the ordered accounting......................................................................3

C.  Joe fails to establish any of the perquisites for a stay...........................................................3

IV. THE MOTION SHOULD BE DENIED..............................................................9

# TABLE OF AUTHORITIES

**Cases:**                                                                                                                      **Page(s):**

*Avirgan v. Hull*,
   125 F.R.D. 185 (S.D.Fla.1989) ............................................................................... 3

*C.B. Fleet Co. v. Unico Holdings, Inc.*,
   510 F. Supp. 2d 1078 (S.D. Fla. 2007) ................................................................... 8

*Cornell Rest. Ventures, LLC v. City of Oakland Park*,
   2016 WL 8943944 (S.D. Fla. Nov. 22, 2016) ........................................................ 1

*Cunningham v. Ariel's Gas & Food, Corp.*,
   2007 WL 3274451 (S.D. Fla. Nov. 5, 2007) .......................................................... 3

*EGI-VSR, LLC v. Mitjans*,
   2021 WL 5695501 (S.D. Fla. Oct. 27, 2021) ......................................................... 5

*Garcia-Mir v. Meese*,
   781 F.2d 1450 (11th Cir. 1986) .......................................................................... 2, 6

*Hilton v. Braunskill*,
   481 U.S. 770 (1987) ............................................................................................. 5

*Jaffe v. Bank of Am.*, N.A.,
   667 F. Supp. 2d 1299 (S.D. Fla. 2009) .................................................................. 1

*Liles v. Stuart Weitzman LLC*,
   2010 WL 4668812 (S.D. Fla. Nov. 9, 2010) .......................................................... 2

*Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*,
   896 F.2d 1283 (11th Cir. 1990) ............................................................................. 7

*Prudential Ins. Co. of Am. v. Boyd*,
   781 F.2d 1494 (11th Cir. 1986) ............................................................................. 4

*Snider-Hancox v. NCL (Bahamas) Ltd.*,
   2021 WL 12314821 (S.D. Fla. Dec. 8, 2021) ................................................ 1, 5, 7

Rules

Fed.R.Civ.P. 62(a) ........................................................................................................ 2
Fed.R.Civ.P. 62(c) .................................................................................................... 1, 6
Rule 62 ..................................................................................................................... 2, 3
Rule 62(c) and (d) ........................................................................................................ 2
Rule 62(d) .................................................................................................................... 3

**MEMORANDUM OF LAW**

I.  **INTRODUCTION**

Plaintiff, Lil' Joe Records, Inc. ("Joe") waged a scorched earth legal campaign against the group 2 Live Crew and its families for over four years. Now, despite losing unanimously on all issues, it has filed motion to stay the final judgment to further delay and frustrate the imposition of justice.

Joe's motion to stay the enforcement of this Court's order and judgment both misapplies the relevant law and fails to establish that Joe meets any of the requirements for the extraordinary relief of granting such a stay. Furthermore, Joe undercuts its own request by simultaneously opining that it is incapable of providing a proper and timely accounting of the relevant revenues and yet justifying a stay by offering to hold those revenues in escrow. Joe's motion is deficient, meritless, and should be denied.

II.  **LEGAL STANDARD**

Rule 62 dictates that "[u]nless the court orders otherwise," stay of a "final judgment in an action for an injunction" is "not stayed after being entered, even if an appeal is taken" unless the court orders otherwise. Fed.R.Civ.P. 62(c).

Accordingly, courts of this district have repeatedly recognized that "[a] motion pursuant to Rule 62(c) seeking to stay an injunction pending appeal is 'extraordinary relief' for which the moving party bears a 'heavy burden.'" *Cornell Rest. Ventures, LLC v. City of Oakland Park*, No. 15-62315-CIV, 2016 WL 8943944, at *1 (S.D. Fla. Nov. 22, 2016), citing *Jaffe v. Bank of Am.*, N.A., 667 F. Supp. 2d 1299, 1323 (S.D. Fla. 2009); see also *Snider-Hancox v. NCL (Bahamas) Ltd.*, No. 16-CV-20942, 2021 WL 12314821, at *1–2 (S.D. Fla. Dec. 8, 2021)("First and foremost, it should be noted that a stay pending an appeal is an extraordinary remedy."); see also

1

*Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) ("Such motions are disfavored and granted only in exceptional circumstances.") No such exceptional circumstances exist here, and Joe does not and cannot justify a stay of the Court's final judgment in this matter.

### III. NO STAY OR MODIFICATION OF THE JUDGMENT IS WARRANTED

#### A. The Court did not deny Joe any required stay and otherwise had discretion to order compliance with the judgment on any timetable

Joe first claims that this Court failed to grant it a required automatic stay of the final judgment under Rule 62 by ordering a full accounting of the revenues from the albums at issue within 30 days of the judgment's entry. But Rule 62 does not mandate an automatic stay, as the plain text of the statute states "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, **unless the court orders otherwise**." Fed.R.Civ.P. 62(a)(emphasis added); see also *Liles v. Stuart Weitzman LLC*, No. 09-61448-CIV, 2010 WL 4668812, at *1 (S.D. Fla. Nov. 9, 2010)(noting that the district court has "discretion to vary the length of the stay.") Here, the Court ordered Joe to provide "a full accounting of those monies, and payment of those monies, upon entry of this judgment, or within 30 days of said entry." Dkt. No. 272. Notably, Joe did not specifically object to this term of the judgment, instead filing a general objection and alternate proposed-judgment.

Not only does this order plainly *not* require the provision of the accounting or the payment until 30 days from judgment, exactly as the automatic stay would allow, but even if the order somehow conflicted with a 30-day automatic stay it is clearly within the Court's discretion to order otherwise. The Court thus did not deny Joe any required automatic stay, and the motion should be denied.

2

B.   **Joe's self-serving claims about its internal practices do not justify a stay on the ordered accounting**

Joe next argues that it cannot practically provide the ordered accounting within 30 days but fails to provide any legal or factual support for why its self-serving claims justify the extraordinary remedy of a stay. Joe's only proffered support for a stay of the accounting is that it allegedly has extremely poor internal accounting practices and fails to take such basic steps as using a computer of any kind to track its revenues. These claims are entirely unsubstantiated and beggar belief, and regardless Joe fails to provide any legal authority indicating that its own failure to properly maintain its business records justifies the extraordinary remedy of staying enforcement of the judgment. Joe's flimsy basis to stay the order that it provide a full accounting based on nothing but its own self-serving statements must be denied.

C.   **Joe fails to establish any of the perquisites for a stay**

Joe asks the Court to stay the final judgment pending its appeal and post-judgment motions based on offering to place the relevant revenues in escrow, or in the alternative that it posts a supersedeas bond. However, not only does Joe fail to establish that it has met any of the requirements for such a stay pending appeal, but its own assertions also betray any notion of its ability to reliably place the revenues in escrow or a post supersedeas bond.

At the outset, placing the revenues in escrow cannot support a stay because it is both insufficient under Rule 62 and at minimum impractical where Joe claims it cannot provide an accounting of the revenues. "Rule 62(d) suggests that a court can only issue a stay of execution pending appeal when the judgment debtor posts a supersedeas bond." *Cunningham v. Ariel's Gas & Food, Corp.*, No. 06-21459-CIV, 2007 WL 3274451, at *1 (S.D. Fla. Nov. 5, 2007), citing *Avirgan v. Hull*, 125 F.R.D. 185, 186 (S.D.Fla.1989). Thus, even if this Court is inclined to grant

3

any stay, which it should not, it would run contrary to Rule 26 to do so while only requiring Joe to place the revenues in escrow without also posting a supersedeas bond.

Joe relies on *Prudential Ins. Co. of Am. v. Boyd* to argue that simply placing the relevant revenues in escrow is sufficient, but that case is inapposite. Indeed, in *Prudential* the court **did not** hold any monies in escrow or otherwise retain them pending appeal and denied the appellant's request to stay judgment even for a supersedeas bond and instead disbursed the funds despite the pendency of an appeal, and the court of appeals affirmed this decision. *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986). *Prudential* thus lends no support to Joe's motion.

And even if the Court saw fit to only require placement of the revenues in escrow it is unclear how this could be accomplished where Joe pleads inability to account for those revenues. At present, Joe opines that it has such poor internal accounting practices that it does not know what the relevant revenues are and that it cannot find out within 30 days, while providing no indication of how long it would actually need to provide an accurate accounting. Granting a stay premised on placing the revenues in escrow would thus force both Defendants and the Court to simply take Joe's word on what the appropriately escrowed amount should be, which is untenable particularly given the hostility Joe has consistently displayed toward Defendants. This cannot be allowed.

Joe's claimed inability to timely provide an accounting also prevents posting a reasonable supersedeas bond. The local rules dictate that "[a] supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay." Id. at 2, quoting S.D. Florida L.R. 62.1.  While the present case is not one for a money judgment, the local rules raise the relevant issue of how to

4

determine the appropriate amount of a supersedeas bond sufficient to secure Defendants' interests where Joe claims it cannot confirm the amount of the revenues it has been ordered to pay to Defendants. Joe thus cannot simultaneously plead that it cannot provide an accurate accounting of the relevant revenues while also asking for judgment to be stayed based on the escrowing of those revenues or posting a bond meant to secure Defendants' ability to recover same. The motion should be denied.

But even assuming *arguendo* that a Court believes that a sufficient escrowed amount or bond can be determined and secured, Joe still fails to establish any of the necessary factors for a stay. To determine if the extraordinary remedy of a stay pending appeal is warranted, courts generally consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Snider-Hancox v. NCL (Bahamas) Ltd.*, No. 16-CV-20942, 2021 WL 12314821, at *1–2 (S.D. Fla. Dec. 8, 2021), citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These four factors are only met under "extraordinary circumstances." Id. at 2. Joe fails to establish the extraordinary circumstances necessary to meet any of these factors.

Joe makes no strong showing that it is likely to succeed on the merits of its appeal. Importantly, the relevant inquiry is not "simply that there is a 'possibility' that" the Joe will succeed, but rather Joe can show a strong likelihood of its success. *EGI-VSR, LLC v. Mitjans*, No. 15-20098-CIV, 2021 WL 5695501, at *3 (S.D. Fla. Oct. 27, 2021), report and recommendation adopted sub nom. *EGI-VSR, LLC v. Coderch*, No. 15-20098-CIV, 2021 WL 5632518 (S.D. Fla. Dec. 1, 2021). And where there has already been a "detailed and exhaustive

analysis of the[] issues," courts are disinclined to find that movant has a substantial likelihood of success on the merits. Id. Just so here. The Court already conducted a detailed and exhaustive analysis of the bankruptcy issue on summary judgment and found for the Defendants. And all other issues in this case were reviewed over the course of a five-day trial that ended in a unanimous verdict in favor of the Defendants on all issues. Indeed, Joe itself repeatedly told the jury that deciding this case would be among the "easiest decisions" of their lives just before losing on all issues after a few short hours of deliberation. Joe cannot show any strong likelihood of success on the merits in the face of such resounding defeats.

Joe fails to even argue that it is likely to succeed on the merits of its appeal, instead imploring the Court to use a lesser standard looking only for a "substantial case on the merits of the appeal." Joe fails to justify such a drastic departure from the proper standard. Joe cites *Garcia-Mir v. Meese* for this proposition, but that case is inapposite as it concerned the granting of an emergency stay in an ongoing matter. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). And even if *Garcia-Mir* were applicable, it held that the substantial case standard is only appropriate where "the balance of equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." Id. Here, each of the other Rule 62(c) factors weigh in favor of Defendants, and at a minimum Joe cannot establish that they each weigh heavily in favor of granting the extraordinary remedy of a stay. Indeed, Joe fails to even argue that two of the relevant three factors weigh in its favor at all.

Joe likewise fails to establish it will suffer any irreparable injury absent a stay. To be sure, Joe does not even argue this point or attempt to identify any irreparable injury it would suffer. The only possible injury regardless would be Joe's loss of revenues and the work required to account for same, but it is well established that "[m]ere injuries, however substantial, in terms

6

of money, time and energy necessarily expended in the absence of a stay, are not enough." *Snider-Hancox v. NCL (Bahamas) Ltd.*, No. 16-CV-20942, 2021 WL 12314821, at *2 (S.D. Fla. Dec. 8, 2021), citing *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). Joe thus does not and cannot establish any irreparable harm sufficient to justify a stay.

In contrast, the issuance of a stay will substantially injure the Defendants. While Joe argues that a stay is appropriate by baldly asserting that a stay would "completely secure defendants' position" and nobody would lose anything, this is far from the truth. This Court and the jury found that Defendants properly terminated the prior transfer of rights in the relevant 2 Live Crew albums in November of 2020, and Defendants have been kept from properly recovering their intellectual property, the revenues from same, and their ability to lawfully benefit from 2 Live Crew's own creative efforts for over four years now by Joe's improper refusal to comply with the law. And Defendants have expended four years' worth of attorney's fees, costs, time, and energy both attempting to reclaim their rights and combatting Joe's litany of attempts to preclude them doing so, including its baseless claims for trademark and copyright infringement. Defendants have thus lost a tremendous amount from Joe's extended failure to comply with the Copyright Act and will continue to suffer substantial harm if the judgment ordering that Joe cease exploiting the copyrights that are rightfully Defendants', acknowledge Defendants' ownership and right to exploit same, and provide to Defendants the four years' worth of revenues that are rightfully theirs is not enforced. The third factor weighs heavily against granting a stay.

This is particularly true given that a stay would not only prevent Defendants from recovering the revenues already owed to them but stop them from rightfully benefiting from the

7

albums at issue throughout the pendency of the appeal. The Court's final judgment confirmed Defendants' ownership of the sound recording copyrights for the albums at issue and thus permits Defendants to start using and profiting from those albums. A stay would thus cost the Defendants potentially years' worth of revenue and the ability to establish themselves as the lawful source of those albums for no reason beyond Joe's filing of an appeal. Joe has already unilaterally delayed Defendants' rightful ability to benefit from their and their families' work for four years, it should not be permitted to continue doing so simply because it filed an appeal.

Finally, the public interest lies in properly enforcing the judgment. Joe again makes no argument that the public interest would be served by staying the judgment, presumably because any such argument would be nonsensical. This is because it is settled that "[t]he public interest can only be served by upholding copyright protection and preventing the misappropriation of protected works." *C.B. Fleet Co. v. Unico Holdings, Inc.*, 510 F. Supp. 2d 1078, 1084 (S.D. Fla. 2007)(other citations omitted). This includes granting injunctive relief that will prevent an opposing party "from continuing to misappropriate the skills, creative energies, and resources" of the copyright owner. Id. Again, the jury and this Court have determined that Defendants are the proper copyright owners of the albums at issue as the remaining members and heirs of 2 Live Crew, and enforcement of the judgment would serve the public interest by preventing Joe from continuing to misappropriate the skills, creative energies, and resources that 2 Live Crew put into creating those albums when the benefits right belong with Defendants.

Because Joe fails to carry its heavy burden of establishing that its appeal is likely to succeed on the merits, that it will suffer any irreparable harm absent a stay, that Defendants would not suffer substantial injury from a stay, and that the public interest lies in staying the Court's final judgment, its motion must be denied.

## IV.     THE MOTION SHOULD BE DENIED

Filing an appeal does not entitle a losing party to stay the effects of the judgment against them. To the contrary, such a stay is an extreme form of relief only granted in the most exceptional of circumstances. Despite this, Joe essentially seeks a stay based on the mere fact that it has filed a notice of appeal and has poor accounting practices.

Joe fails to even address two of the four factors for granting a stay, asking the Court to forego the normal consideration of whether there's any likelihood that its appeal will succeed, proffering that its escrowing of the relevant revenues or posting of a bond is sufficient. But it simultaneously claims that it is incapable of accounting for those revenues for no other reason than its troubling claim that it has failed to maintain its accounting records. Joe thus fails to establish that any exceptional circumstances warrant a stay of the Court's final judgment, and this motion must be denied.

DATED: December 20, 2024                    Respectfully submitted,

*/s/  Angela M. Nieves*
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*and*

DAVID M.S. JENKINS
(admitted *pro hac vice*)

9

        SCOTT ALAN BURROUGHS
        (admitted *pro hac vice*)
        **DONIGER / BURROUGHS**
        237 Water Street, First Floor
        New York, New York 10038
        (310) 590-1820
        djenkins@donigerlawfirm.com
        scott@donigerlawfirm.com

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that on December 12, 2024, a true and correct copy of the foregoing document was submitted to the Clerk of Court CM/ECF System to all parties listed below on the Service List.

                                          */s/ Joel B. Rothman*
                                          Joel B. Rothman