**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| LIL' JOE RECORDS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-CV-23727-DPG |
| | ) | |
| MARK ROSS; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' NOTICE OF PENDING, REFILED, RELATED, OR SIMILAR ACTIONS**

Pursuant to Local Rule 3.8 of the United States District Court for the Southern District of Florida, Defendants hereby give notice of the following pending and previously terminated actions and proceedings related to this action: *In re Mark D. Ross*, Case No. 00-43637-JJR (Bankr. N.D. Ala., Eastern Division). This Chapter 7 bankruptcy case was filed by Defendant Mark D. Ross in 2001 and closed in 2007. It is now once again active in the United States Bankruptcy Court for the Northern District of Alabama, Eastern Division and is a related case.

Mr. Ross passed away while the instant case was pending and before the Eleventh Circuit decided that Mr. Ross's inalienable rights under 17 U.S.C. § 203 were transferred to, and remained in, the bankruptcy estate he opened in 2001. Specifically, the Eleventh Circuit found that "[b]ecause no one scheduled, administered, formally abandoned, or mentioned those interests, they remained part of Ross's bankruptcy estate when he signed the notice." *Lil' Joe Recs., Inc. v. Ross*, 177 F.4th 1170, 1176–77 (11th Cir. 2026), citing 11 U.S.C. § 554(d). The Court "conclude[d] that Ross's termination interests were property of the bankruptcy estate at the time he purported to exercise them," but noted that its "decision is limited. We do not address how termination interests should be treated in bankruptcy. And we do not decide today what Ross's heirs need to do to exercise those interests in the light of his bankruptcy. *Lil' Joe Recs., Inc. v. Ross*, 177 F.4th 1170, 1177 (11th Cir. 2026).

The Eleventh Circuit, in providing express notice of the narrow scope of its ruling, invited the reopening of the Ross bankruptcy estate or at the very least left open the possibility of its cabined ruling being addressed by such a course of action. Indeed, the Eleventh Circuit noted not once but *twice* in its opinion that its findings were subject to 11 U.S.C. § 554(d), which states that an unscheduled asset remains in a bankruptcy estate "[u]nless the [bankruptcy] court orders

otherwise." *Lil' Joe Recs., Inc. v. Ross,* 177 F.4th 1170, 1176 (11th Cir. 2026)(first bracket in original, second bracket added), quoting 11 U.S.C. § 554(c), (d); see also 177 F.4th at 1173 (same).

The bankruptcy court has now been asked to "order otherwise." In September 2026, Raven Ross, Mr. Ross's daughter and sole heir, filed motions to reopen the case and compel the abandonment of Mr. Ross's § 203 termination right. A copy of those motions is attached hereto as **Exhibit 1**. A hearing on those motions is set for October 8, 2026 in Birmingham, Alabama.

The bankruptcy court's disposition of that motion bears directly on the copyright-ownership issue in this case, as abandonment of a bankruptcy asset occurs on a *nunc pro tunc* basis and "restores title to the debtor as if no bankruptcy petition had been filed." *Failla v. Citibank, N.A.*, 542 B.R. 606, 612 (S.D. Fla. 2015)(emphasis omitted), *aff'd sub nom. In re Failla*, 838 F.3d 1170 (11th Cir. 2016); see also *Moses v. Howard University Hospital*, 606 F.3d 789, 795 (D.C. Cir. 2010) ("In other words, when property of the bankrupt is abandoned, the title reverts to the bankrupt, *nunc pro tunc*, so that he is treated as having owned it continuously.").

Should Ross's § 203 rights be abandoned *nunc pro tunc* as of 2001, the technical issue that anchored the Eleventh Circuit's decision will be addressed and the § 203 termination notice at issue will be validated. This should allow the jury verdict and subsequent judgment to remain intact. Defendants thus provide notice of the above-referenced proceedings.

Dated: September 23, 2026

Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 212
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

DAVID M.S. JENKINS
(admitted *pro hac vice*)
SCOTT ALAN BURROUGHS
(admitted *pro hac vice*)
**DONIGER / BURROUGHS**
237 Water Street, First Floor
New York, New York 10038
(310) 590-1820
djenkins@donigerlawfirm.com
scott@donigerlawfirm.com

*Counsel for Defendants*